UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAN-SPEC TRUCK SERVICE INC., D/B/A TRUCK SERVICE ) ) ) ) Plaintiff, ) ) v. ) ) CATERPILLAR INC. ) ) Defendant. ) ) | CIVIL ACTION NO. _____ <br><br> **04 - 11836 RCL** <br><br> MAGISTRATE JUDGE *Alexander* |

## COMPLAINT AND JURY CLAIM

The plaintiff, Tran-Spec Truck Service Inc., d/b/a Truck Service, by and through their undersigned counsel, files this Complaint against the defendant, Caterpillar Inc., and alleges the following:

## THE PARTIES

1.     Plaintiff, Tran-Spec Truck Service Inc., d/b/a Truck Service ("Tran-Spec"), is a duly organized Massachusetts corporation with its principal place of business located at 7 Cristo Lane Millbury, Massachusetts 01527.

2.     Defendant, Caterpillar Inc. ("Caterpillar"), is a duly organized foreign corporation with its principal place of business located at 100 N.E. Adams, Peoria, Illinois 61629.

## JURISDICTION AND VENUE

3.     Plaintiff, Tran-Spec., is a duly organized Massachusetts corporation with its principal place of business located at 7 Cristo Lane, Millbury, Massachusetts 01527.

4.     Caterpillar is a duly organized foreign corporation with a principal place of business at 100 N.E. Adams, Peoria Illinois 61629. Caterpillar is in the business of manufacturing and selling heavy equipment and heavy-duty engines throughout the United States and conducts business in the Commonwealth of Massachusetts. Caterpillar is engaged in trade or commerce as defined by Mass. Gen. L. ch. 93A. Caterpillar's agent for service in Massachusetts is CT Corporation System, 101 Federal Street, Boston, Massachusetts, 02210

5.      The jurisdiction of this Court is invoked and is proper pursuant to 28 USC §1331, on the basis of the existence of a federal question and pursuant to 28 U.S.C. Sec. 1332(a), on the basis of diversity of the parties.

6.      The amount in controversy in this matter exceeds $75,000.

7.      Venue in this Court is proper pursuant to 28 USC §1391(b) and the Local Rules of the United States District Court for the District of Massachusetts.

## FACTS

8.      On or about March 23, 1999, Tran-Spec and Sterling Truck Corporation ("Sterling") prepared a specification proposal for Tran-Spec's anticipated purchase of twenty-two heavy-duty, custom-built trucks to be used by Tran-Spec's oil delivery service and dump trailer operations. This March 23, 1999 specification proposal contemplated the installation of a C-12 model engine, manufactured by Caterpillar, in each of the trucks. See Specification Proposal, attached as Exhibit A.

9.      An officer of Tran-Spec, Joseph M. Howard, Jr. ("Howard"), met with Caterpillar representative Harry Calderbank and Sterling representative Bob Kerrick at the Sterling facility at St. Thomas, Ontario, Canada, to discuss the exact specifications and intended use for the trucks Tran-Spec planned to have custom-built.

10.     Following this meeting, the parties signed off on a line ticket which delineated the final components to be included in the trucks.

11.     Caterpillar shipped completely-assembled C-12 model engines to Sterling, and the engines were then incorporated into the trucks pursuant to the line ticket.

12.     Tran-Spec accepted delivery of the trucks in or around December 1999 and January 2000.

13.     Each truck cost Tran-Spec $74,500.00 plus a $5,200.00 set-up charge.

14.     By 2001, serious problems with the trucks began to manifest themselves. Specifically, flywheel housings began loosening from the Caterpillar engines. Caterpillar reimbursed Sterling for its repairs to a total of six Tran-Spec trucks that experienced this flywheel housing failure in 2001 and 2002.

15.     When a seventh truck became inoperable due to engine difficulties, Caterpillar refused to pay for any more repairs to trucks of the Tran-Spec fleet. This includes two trucks that are now permanently disabled because their engine blocks are completely broken.

16.    Since that time, on average, six Tran-Spec trucks have been down at any given time due to Caterpillar engine-related issues, costing Tran-Spec a loss of $425.00 per day per truck. In June 2004, for example, ten trucks were out of service and as of August 23, 2004, eight out of twenty-two trucks are out of service with major engine problems. Tran-Spec's business requires that it operate all of its trucks six days a week. Trucks of the specification Tran-Spec was using cannot be rented for temporary use.

17.    The major design defect in the Caterpillar C-12 engine block that is giving rise to the engine difficulties is its propensity to crack due to the added torque generated by its increased horsepower. For examples, see the photographs of cracked C-12 engine blocks, formerly in Tran-Spec's trucks, attached as Exhibit B. Caterpillar knew or should have known of this design defect in its C-12 engine block and Caterpillar has had full opportunity to inspect and examine the engines in question as well as to repair them pursuant to their warranty. Caterpillar has, however, failed to take adequate and appropriate remedial steps to address the problems once it became aware of them.

18.    Upon Caterpillar's demand, in January 2004, Sterling agreed to supply transmission mounts to be installed in all the trucks in an effort to provide additional support and prevent torque-related breakages.

19.    Sterling did not fully supply the transmission mounts until April 2004. They were installed into all the trucks to no effect. For example, a mount replaced on June 4, 2004 has recently failed.

20.    As of May 2004, Tran-Spec has also had to perform in-house repairs, with Caterpillar's knowledge and assent, on the flywheel housings of sixteen trucks at a cost in parts of $5,323.40; additional labor of between fifteen to twenty-five hours at $68.50 per hour; and down time of two to four weeks per truck in order to make the necessary repairs.

21.    In some instances, this same repair procedure had to be performed multiple times. For example, one truck has had its flywheel housing replaced four times.

22.    The problems described above fell under the Caterpillar warranty and should have been rectified by Caterpillar. See Warranty, attached as Exhibit C. Caterpillar's failure to do so forced Tran-Spec to take this action.

23.    These engine problems have resulted in several of the trucks leaking oil, a violation of environmental laws. In some instances, the oil leakage began while the truck was at a job site. This caused friction between Tran-Spec and some of its customers and even a loss of some business.

24.    In keeping with its traditional practice of maintaining a relatively new truck fleet, Tran-Spec originally planned to trade in these twenty-two trucks in June 2004 so as to purchase

new vehicles. If working properly, the trucks could be sold for $45,000 per unit. Tran-Spec was unable to do so, however, in light of the faulty engines.

25.     The industry standard involves a company such as Tran-Spec employing one mechanic per twenty-two trucks. As a result of the constant and continual breakdowns among the twenty-two trucks in question, Tran-Spec has had to employ three more mechanics than it otherwise would have at a cost of $35 per hour per mechanic working a minimum of fifty-five hours a week.

26.     On June 9, 2004, a meeting was held as to Tran-Spec's difficulties with the Caterpillar engines. Howard and Robert Barton ("Barton") represented Tran-Spec, Troy N. Guidotti and Al Cardoza represented Caterpillar, Edward Blake and Michael Bumpus represented Sterling, and William Wicher represented Minuteman Trucks Inc. (the dealer through which Tran-Spec purchased the trucks in 1999).

27.     At this June 9, 2004 meeting, Caterpillar said that it would repair all of the engine breakdowns pursuant to its warranty, thus acknowledging that the engine problems were Caterpillar's responsibility.

28.     In August 2004, Howard and Barton met with Steve W. Schoening, Caterpillar's Northeast Region Manager, who reiterated that Caterpillar needed to address Tran-Spec's situation and assured that it was not Tran-Spec's fault.

29.     Caterpillar's delay in making this acknowledgement pursuant to its warranty, however, has gravely damaged Tran-Spec. Furthermore, even Caterpillar's offer to continually replace the engine blocks does not provide a permanent solution to Tran-Spec's costly problem. Repeated breakdowns will continue to cause down time, oil leakage, the need for increased truck and maintenance staff, an inadequate service to Tran-Spec's customers, resulting in a loss of its business – a significant and crippling financial burden on Tran-Spec.

30.     The precarious position in which Caterpillar has placed Tran-Spec is not confined to Tran-Spec's financial health. Tran-Spec transports approximately 85% of the heating oil supplied to the Commonwealth of Massachusetts. As Tran-Spec is responsible for transporting oil to, among other clients, hospitals and police and fire departments across Massachusetts, the CSX and Amtrak rail lines, most of the power plants in Massachusetts, the Massachusetts Bay Transportation Authority, the University of Massachusetts, Massachusetts Institute of Technology, schools in the Brookline Co-op system, Department of Public Works projects across the entire Commonwealth, and various municipalities and state parks, in addition to clients in New York and Connecticut, it must have its truck fleet operating at one hundred percent efficiency by November 15, 2004, the commencement of the winter heating season, or these entities will be without the oil necessary to heat their facilities.

31.    If Tran-Spec does not have a fully operational truck fleet by that date, grave and dangerous repercussions across New England will result.  Simply put, the transportation of heating oil in this Commonwealth would be crippled.

## COUNT I

### Breaches of Warranties of Merchantability and Fitness and Express Warranties

32.    Plaintiff repeats and realleges the contents of paragraphs 1 through 31 as if set forth in full herein.

33.    Defendant Caterpillar is a designer, manufacturer, distributor and marketer of goods and therefore has extended express and implied warranties concerning the product at issue in this action.

34.    From 2001 to the present, serious defects in the engines, specifically their crankshaft seals, flywheel housings, and cylinder block casting, supplied by Caterpillar have caused continual, long-term breakdowns among the twenty-two trucks.

35.    Caterpillar knew or should have known of the design defects in its C-12 engine block and its propensity to crack due to the added torque generated by its increased horsepower.

36.    As a result of the engine defects, Caterpillar has breached several warranties under Massachusetts law.

37.    Caterpillar made expressed and/or implied warranties of merchantability, safety and fitness for ordinary purposes, pursuant to Mass. Gen. L. ch. 106, §§ 2-313; 2-314; and 2-315, for which the trucks were to be used, and made further warranties that the trucks would be fit for the particular purpose for which they were to be used.   All of these warranties were relied upon by Plaintiff.

38.    Caterpillar made express warranties, pursuant to 15 USC § 2301 *et seq.* that the engines, and specifically their crankshaft seals, flywheel housings, and cylinder block casting, were to be covered for repair or replacement.  Caterpillar drafted these warranties.  All of these warranties were relied upon by Plaintiff.

39.    Said warranties were breached by Caterpillar and the engines were not merchantable, not fit for the ordinary purposes for which they are used, not fit for the particular purposes for which they are used at the time of the accident, and not repaired when they broke.

40.    Timely notification of said breach was given by Plaintiff and Caterpillar had full opportunity to inspect or examine its engines as well as to repair them pursuant to their warranty.

Caterpillar has failed to take adequate and appropriate remedial steps to address the problems once they became known to it.

41.    The injuries sustained by the Plaintiff were the direct and proximate result of the negligence and breaches of warranties by Caterpillar.

42.    The damages accrued by the Plaintiff to date now exceeds $ 2.5 million, and includes, without limitation, direct, incidental and consequential damages, costs of repair, loss of use, costs for additional service employees who would not otherwise have been necessary, as well as attorneys' fees and court costs.

43.    Plaintiff seeks recovery with interest thereon as available at law.

WHEREFORE, Plaintiff, Tran-Spec Truck Service Inc., d/b/a Truck Service, hereby demands judgment by this Court against Defendant, Caterpillar, Inc., in an amount which is adequate to compensate them for their damages together with interest, costs and attorneys' fees.

## COUNT II

### Violation of Mass. Gen. L. ch. 93A

44.    Plaintiff repeats and realleges the contents of paragraphs 1 through 43 as if set forth in full herein.

45.    At all relevant times, Caterpillar was engaged in trade or commerce within the meaning of Mass. Gen. L. ch. 93A, § 1(b).

46.    The conduct of Caterpillar constituted a violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A, § 11, causing Tran-Spec substantial loss and injury in excess of $ 2.5 million.

47.    The conduct of Caterpillar complained of herein occurred primarily and substantially in the Commonwealth of Massachusetts.

48.    Caterpillar breached its warranties under Massachusetts and federal law, statute and regulation, and therefore, is guilty of violation of Mass. Gen. L. ch. 93A, §§ 2 and 11 by its breaches of warranties and duties pursuant to the statutes and regulations.

49.    Caterpillar's violations of the Massachusetts Consumer Protection Act were willful and/or knowing violations of said statute, entitling Plaintiff to recovery of multiple damages pursuant to Mass. Gen. L. ch. 93A, § 11.

50.     As a direct and proximate result of Caterpillar's unfair and deceptive acts and practices and violations of Mass. Gen. L. ch. 93A, Plaintiff has been seriously injured and significantly damaged, suffering, without limitation, direct, incidental and consequential damages, costs of repair, loss of use, costs for additional service employees who would not otherwise have been necessary, as well as attorneys' fees and court costs.

WHEREFORE, Plaintiff, Tran-Spec Truck Service Inc., d/b/a Truck Service, hereby demands judgment by this Court against Defendant, Caterpillar, Inc., in an amount which is adequate to compensate them for their damages, trebled pursuant to G.L. c. 93A § 11, together with interest, costs and attorneys' fees.

## COUNT III

### Declaratory Relief

51.     Plaintiff repeats and realleges the contents of paragraphs 1 through 50 as if set forth in full herein.

52.     Tran-Spec brings this count pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 *et seq.* because an actual, substantial, and immediate controversy exists between the parties concerning the rights and obligations of the parties under Caterpillar's warranty.

53.     As it is responsible for transporting oil to, among other clients, hospitals and police and fire departments across Massachusetts, the Massachusetts Bay Transportation Authority, the University of Massachusetts, Massachusetts Institute of Technology, schools in the Brookline Co-op system, Department of Public Works projects across the entire Commonwealth, and various municipalities and state parks, Tran-Spec – and likely, the other entities and projects named in this paragraph – will suffer irreparable harm if the difficulties resulting from the flawed Caterpillar engines result in Tran-Spec's inability to operate its truck fleet at one hundred percent efficiency by November 15, 2004.

WHEREFORE, Plaintiff, Tran-Spec Truck Service Inc., d/b/a/ Truck Service, hereby demands that this Court issue a preliminary injunction and order that Caterpillar, Inc. must replace the twenty-two trucks at issue before November 15, 2004, award Tran-Spec its costs and attorneys' fees, and grant such other relief that the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tran-Spec Truck Service Inc., d/b/a Truck Service, demands that this Court:

1.     Issue a preliminary injunction and order that Caterpillar must replace the twenty-two trucks at issue by November 15, 2004;

2.    Award money damages to the Plaintiff in an amount to be determined at trial, in excess of $2.5 million, exclusive of interest, and treble the damages pursuant to G.L. c. 93A § 11;

3.    Award multiple, consequential and punitive damages;

4.    Award exemplary damages pursuant to Mass. Gen. L. ch. 93A;

5.    Award interest;

6.    Award attorneys' fees, costs and disbursements of this action; and,

7.    Order such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff, Tran-Spec Truck Service Inc., d/b/a Truck Service, requests a jury trial.

Plaintiff,
TRAN-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE
By their attorneys

Nancy Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date:  August 23, 2004

00855453

8

## CERTIFICATE OF SERVICE

I, Nancy M. Reimer, hereby certify that on this 23rd day of August, 2004 I caused a copy of the foregoing **Complaint and Jury Claim** to be mailed, postage prepaid to:

Caterpillar, Inc.
100 N.E. Adams
Peoria, Illinois  61629

CT Corporation System
101 Federal Street
Boston, MA  02210

00855453

Nancy M. Reimer

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Tran-Spec Truck Service, Inc. d/b/a Truck Service

## DEFENDANTS

Caterpillar, Inc.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nancy M. Reimer, Esq.
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

04-11836 RCL

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☒ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This case concerns breach of warranties and violations of M.G.L. c. 93A committed by defendant, Caterpillar, in regards 22 defective, heavy duty, custom built trucks to be used by Tran-Spec's oil delivery and dump trailer operations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND P/I – and +2.5 Million
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE                    DOCKET NUMBER

DATE 8/23/04

SIGNATURE OF ATTORNEY OF RECORD    Nancy M R

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Tran-Spec Truck Service, Inc., d/b/a Truck Service v. Caterpillar, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [✔] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.  150, 152, 153.

04 - 11836 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?    YES [ ]  NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)    YES [ ]  NO [✔]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?    YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?    YES [ ]  NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).    YES [✔]  NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?
Eastern Division [ ]   Central Division [✔]   Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Nancy M. Reimer
ADDRESS Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210
TELEPHONE NO. (617) 406-4500

(Coversheetlocal.wpd - 10/17/02)