UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAN-SPEC TRUCK SERVICE INC., <br> D/B/A TRUCK SERVICE <br><br> Plaintiff, <br> v. <br><br> CATERPILLAR INC. <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> 04-11836 RCL |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff, Tran-Spec Truck Service ("Tran-Spec"), hereby moves this Court pursuant to Fed. R. Civ. P. 65 for the issuance of a Preliminary Injunction in the form attached hereto as Exhibit A.

As grounds for this motion, the Plaintiff states, as set forth in its Complaint, this case concerns breaches of warranties and violations of Mass. Gen. L. ch. 93A committed by Defendant Caterpillar Inc. ("Caterpillar") in regards to twenty-two defective, heavy-duty, custom built trucks to be used by Tran-Spec's oil delivery and dump trailer operations. In March 1999, Tran-Spec contracted for the installation of a C-12 model engine, manufactured by Caterpillar, in each of the trucks. Tran-Spec accepted delivery of the trucks, with the C-12 engines, in or around December 1999 and January 2000.

By 2001, however, serious problems with the engines began to manifest themselves due to a major design defect in the Caterpillar C-12 engine block. This resulted in a catastrophic level of engine failures in Tran-Spec's truck fleet. Since that time, on average, six Tran-Spec trucks have been down at any given time due to Caterpillar engine-related issues. In June 2004,

1

for example, ten trucks were out of service and as of August 23, 2004, eight out of twenty-two trucks are out of service with major engine problems with four more showing signs of impending breakdown. Tran-Spec's business requires that it operate all of its trucks six days a week, and trucks of the specification Tran-Spec uses cannot be rented for temporary use.

Although Caterpillar knew or should have known of this design defect in its C-12 engine block and **Caterpillar has had a full opportunity to inspect and examine the engines** in question **as well as to repair them pursuant to their warranty**, see Exhibit B, Caterpillar has failed to take adequate and appropriate remedial steps to address this problem once it became aware of it.

Now, after months of failed negotiations, Caterpillar's failure to remedy this situation threatens to create a devastating situation across the Commonwealth of Massachusetts and the gravity of its predicament has forced Tran-Spec to seek the unusual, affirmative relief requested in this Motion. Tran-Spec transports approximately 85% of the heating oil supplied to the Commonwealth of Massachusetts. As Tran-Spec is responsible for transporting oil to, among other clients, hospitals and police and fire departments across Massachusetts, the CSX and Amtrak rail lines, most of the power plants in Massachusetts, the Massachusetts Bay Transportation Authority, the University of Massachusetts, Massachusetts Institute of Technology, schools in the Brookline Co-op system, Department of Public Works projects across the entire Commonwealth, and various municipalities and state parks, in addition to clients in New York and Connecticut, it must have its truck fleet operating at one hundred percent efficiency by November 15, 2004 – the commencement of the winter heating season – or these entities will be without the oil necessary to heat their facilities. Absent an order mandating that Caterpillar replace the twenty-two trucks before November 15, 2004, immediate, irreparable, and

permanent harm will descend upon both Tran-Spec and entities throughout this state. Only through the Court's issuance of the requested preliminary injunction can this disaster be averted.

When considering whether to grant a preliminary injunction, the trial court must "mull four elements: the probability of the movant's success on the merits, the prospect of irreparable harm absent the injunction, the balance of the relevant equities (focusing upon the hardship to the movant if an injunction does not issue as contrasted with the hardship to the nonmovant if it does), and the effect of the court's action on the public interest." *Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 221 (2003); see also *Matrix Group Ltd. v. Rawlings Sporting Goods Co.*, 2004 U.S. App. LEXIS 16259, * 8-9.

Here, Tran-Spec can demonstrate a strong likelihood of success on the merits pursuant to its Complaint. Even more importantly, however, is the fact that granting the Preliminary Injunction is the only method available to safeguard the Commonwealth's and the public's interests from immediate and irreparable harm. The damage that would be wrought in the absence of this Preliminary Injunction transcends simple monetary harm to Tran-Spec. It would cause Tran-Spec to default on oil shipments to entities across New England as well as force the complete demise of a twenty-three year old business. If, in the absence of an injunction, Tran-Spec's truck fleet remains inoperable due to the failure of the Caterpillar C-12 engines, clients such as The Commonwealth of Massachusetts, hospitals and police and fire departments across Massachusetts, the CSX and Amtrak rail lines, most of the power plants in Massachusetts, the Massachusetts Bay Transportation Authority, the University of Massachusetts, Massachusetts Institute of Technology, schools in the Brookline Co-op system, Department of Public Works projects across the entire Commonwealth, and various municipalities and state parks, in addition to clients in New York and Connecticut, will be without heating oil this winter. The balance of

3

equities thus requires that this Court grant the Preliminary Injunction not only because Tran-Spec individually meets the necessary standard for relief but because this is the sole vehicle that exists to protect the public interest. A contrary result will have a chilling effect upon safety, education, and commerce within this Commonwealth.

## CONCLUSION

As set forth above, this Court should issue a preliminary injunction to order that Caterpillar replace the twenty-two because the Plaintiffs is likely to succeed on the merits, would be irreparably harmed in the absence of the injunction, and because it is necessitated by the public interest and the Commonwealth.

## REQUEST FOR ORAL ARUGMENT

Tran-Spec Truck Service, Inc., d/b/a Truck Service, respectfully requests an oral argument on its Motion for Preliminary Injunction on **Wednesday, September 1, 2004 at 2:00 p.m.**

                                            Plaintiff,
                                            TRAN-SPEC TRUCK SERVICE INC.,
                                            D/B/A TRUCK SERVICE
                                            By their attorneys

                                            */s/ Nancy Reimer*
                                            Nancy Reimer, Esq., BBO#555373
                                            Christian G. Samito, Esq., BBO#639825
                                            Donovan Hatem, LLP
                                            Two Seaport Lane
                                            Boston, MA 02210
                                            (617) 406-4500

Date: August 23, 2004

00856594

## CERTIFICATE OF SERVICE

I, Nancy M. Reimer, hereby certify that on this 23rd day of August, 2004 I caused a copy of the foregoing **Plaintiff's Motion for Preliminary Injunction** to be mailed, postage prepaid to:

Caterpillar, Inc.
100 N.E. Adams
Peoria, Illinois  61629

CT Corporation System
101 Federal Street
Boston, MA  02210


_____
Nancy M. Reimer

00856594