UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. D/B/A TRUCK SERVICE <br><br> Plaintiff, <br><br> v. <br><br> CATERPILLAR INC. <br><br> Defendant. | C.A. NO.: 04-11836RCL |

## CATERPILLAR INC.'S ANSWWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Defendant Caterpillar Inc. ("Caterpillar") responds as follows to Trans-Spec Truck Services, Inc. d/b/a/ Truck Services' ("Trans-Spec") Amended Complaint:

### THE PARTIES

1. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint.

2. Caterpillar admits that it is a duly organized foreign corporation with it principal place of business located at 100 N.E. Adams, Peoria, Illinois 61629.

### JURISDICTION AND VENUE

3. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint.

4. Caterpillar admits that it is a duly organized foreign corporation with it principal place of business located at 100 N.E. Adams, Peoria, Illinois 61629. Caterpillar admits that it manufactures and sells engines throughout the United States and conducts business within the

Commonwealth of Massachusetts. Caterpillar's agent for service of process in Massachusetts is CT Corporation, 101 Federal Street, Boston, MA, 02210. Caterpillar states that the remaining allegations contained in Paragraph 4 of the Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. Caterpillar states that Paragraph 5 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. Caterpillar states that Paragraph 7 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies the allegations contained in Paragraph 7 of the Amended Complaint.

## **FACTS**

8. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Amended Complaint.

9. Caterpillar states that it does not now and has never employed a person by the name of Harry Calderbank. Caterpillar lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Caterpillar admits that it sold C-12 engines to Sterling Truck Corporation ("Sterling"). Caterpillar denies that its employees participated in the design, manufacture, assembly, or sale of the trucks the plaintiff purchased from Sterling. Caterpillar denies the remaining allegation contained in Paragraph 11 of the Amended Complaint.

12.     Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Caterpillar admits that it paid for the repair work performed on some of the C-12 engine flywheel housings contained in Trans-Spec's truck fleet. Caterpillar lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.     Caterpillar denies that it has refused to pay for certain repairs to the C-12 engine flywheel housings contained in the Trans-Spec's truck fleet.  Caterpillar states that it has honored its warranty obligations to the plaintiff to date.  Caterpillar lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.     Caterpillar denies Trans-Spec's allegation that trucks with similar specifications to those used by Trans-Spec cannot be rented for temporary use.  Caterpillar lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 16 of the Amended Complaint.

17.     Caterpillar denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Caterpillar admits that repairs were made to the C-12 flywheel housings of certain trucks in Trans-Spec's fleet. Caterpillar lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Caterpillar states that the warranties it provided the plaintiff speak for themselves. Caterpillar denies that it has failed to honor its warranty obligations to the plaintiff.

23. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Amended Complaint. To the extent that Paragraph 23 alleges any breach or other wrongdoing on Caterpillar's part, such allegations are denied.

24. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Caterpillar admits that Troy N. Guidotti and Al Cardoza attended a meeting held on June 9, 2004, but denies that Mr. Cardoza is employed by Caterpillar. Caterpillar lacks sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 26 of the Amended Complaint.

27. Caterpillar admits that it has honored its warranty obligations to the plaintiff. Caterpillar denies the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of the Amended Complaint.]

29. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Amended Complaint. To the extent that Paragraph 29 alleges any breach or other wrongdoing on Caterpillar's part, such allegations are denied.

30. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Amended Complaint. To the extent that Paragraph 30 alleges any breach or other wrongdoing on Caterpillar's part, such allegations are denied.

31. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Amended Complaint. To the extent that Paragraph 29 alleges any breach or other wrongdoing on Caterpillar's part, such allegations are denied.

**COUNT I**
**(Breach of Warranties of Merchantability**
**and Fitness and Express Warranties)**

32. Caterpillar repeats its responses to Paragraph 1 through 31 of the Amended Complaint as if specifically set forth herein.

33. Caterpillar admits that it designs, manufactures and sells truck engines, including the C-12 diesel engine. Caterpillar admits that each C-12 engine it sells is accompanied by a written, limited express warranty. Caterpillar denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

5

34. Caterpillar denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Caterpillar denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. Caterpillar states that Paragraph 36 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies that it breached any express or implied warranties to the plaintiff.

37. Caterpillar states that Paragraph 37 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies that it breached any express or implied warranties to the plaintiff.

38. Caterpillar states that Paragraph 38 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies that it breached any express or implied warranties to the plaintiff.

39. Caterpillar denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Caterpillar denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Caterpillar denies the allegations contained in Paragraph 41 of the Amended Complaint. To the extent that the allegations contained in Paragraph 41 state conclusions of law no response is required.

42. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. Caterpillar lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of the Amended Complaint.

WHEREFORE, Caterpillar requests that this Count be dismissed with prejudice and that all costs and expenses be assessed against the plaintiff.

## COUNT II
### (Violation of Mass. Gen. L. ch. 93A)

44. Caterpillar repeats its responses to Paragraph 1 through 43 of the Amended Complaint as if specifically set forth herein.

45. Caterpillar states that Paragraph 45 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

46. Caterpillar states that Paragraph 46 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

47. Caterpillar states that Paragraph 47 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

48. Caterpillar states that Paragraph 48 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

49. Caterpillar states that Paragraph 49 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

50. Caterpillar states that Paragraph 50 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

WHEREFORE, Caterpillar requests that this Count be dismissed with prejudice and that all costs and expenses be assessed against the plaintiff.

## COUNT III
**(Declaratory Relief)**

51. Caterpillar repeats its responses to Paragraph 1 through 50 of the Amended Complaint as if specifically set forth herein.

52. Caterpillar states that Paragraph 52 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

53. Caterpillar states that Paragraph 53 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Caterpillar denies such allegations.

WHEREFORE, Caterpillar requests that this Count be dismissed with prejudice and that all costs and expenses be assessed against the plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Caterpillar on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Caterpillar on any theory of breach of warranty because it failed to provide timely notice of the alleged breach and Caterpillar has been prejudiced by that failure.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering damages for breach of implied warranties that were part of a valid disclaimer by Caterpillar.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's breach of warranty claims are barred because Caterpillar disclaimed all warranties, express or implied.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Caterpillar because its alleged damages were due to misuse of the subject engines.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Caterpillar because its alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Caterpillar is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is not the real party in interest.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Caterpillar because its alleged damages were caused by the acts or omissions of third persons over whom Caterpillar exercised no control and for whose conduct Caterpillar bears no responsibility.

### NINTH AFFIRMATIVE DEFENSE

If the subject engine is defective (which Caterpillar specifically denies), the plaintiff is barred from any recovery because it was aware of the alleged defect and nonetheless voluntarily and unreasonably chose to encounter the known dangers created by the alleged defect.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from any recovery against Caterpillar because its conduct, considered alone or in conjunction with that of third parties, was the sole proximate cause of the plaintiff's alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovery against Caterpillar because it failed to mitigate its alleged injuries and damages.

**TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the spoliation of evidence, including but not limited to, the alteration, repair or destruction of the flywheel housing components of the C-12 engines, by plaintiff or those acting on behalf of plaintiff, before Caterpillar had an opportunity to inspect the component parts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The subject engines were modified, altered or changed after they left Caterpillar's possession, custody, and/or control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The plaintiff cannot state a claim for breach of M.G.L. c. 93A because Caterpillar's actions were not unfair or deceptive and its products met or exceeded all applicable warranties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Even if the plaintiff could state a claim for breach of M.G.L. c. 93A, which Caterpillar specifically denies, Caterpillar's actions were not willful or knowing breaches and, therefore, the plaintiff is not entitled to multiple damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The plaintiff is barred from recovery against Caterpillar pursuant to M.G.L. c. 93A to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is <u>ultra</u> <u>vires</u> of the Attorney General's authority under M.G.L. c. 93A Section 2.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for treble damages against Caterpillar is barred because any award of treble damages would violate Caterpillar's rights as secured by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Articles 12, 1 and 26 of the Massachusetts Declaration of Rights, in that the claim for treble damages is for the purpose of punishing Caterpillar and is tantamount to the imposition of a criminal fine based upon conduct and a mental state which is not defined with sufficient precision to notify Caterpillar in advance of that conduct which will give rise to imposition of punishment in the form of treble damages, the amount of penalty that may be imposed is indeterminate, and there are not definite standards governing the discretion of the fact-finder in determining the severity of punishment to be inflicted, all of which violate Caterpillar's rights to both procedural and substantive dues process as secured by both the Federal and Massachusetts Constitutions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claim for relief pursuant to G.L. c. 93A is barred because the conduct alleged to constitute a violation of that statute was specifically permitted by laws as administered by regulatory boards and officers acting under statutory authority of the commonwealth and of the United States.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim for relief pursuant to G.L. c. 93A may be barred to the extent it unreasonably prevented Caterpillar from conducting an adequate pre-suit investigation of the facts of its claim.

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff's claim to recover multiple damages pursuant to G.L. c. 93A may be barred insofar as that claim may be based on Caterpillar's decision regarding settlement of its claims before it commenced suit.  The plaintiff's failure to provide Caterpillar with relevant information within its control, coupled with Massachusetts statutory, regulatory and common law that caused or contributed to cause Caterpillar's inability to obtain such information through its own efforts, deprived Caterpillar of information reasonably necessary to make an informed assessment of the plaintiff's claim.  Imposition of multiple damages under these circumstances would violate Caterpillar's rights to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution, Articles 1 and 12 of the Massachusetts Declaration of Rights, as amended by Article 106 of the Amendments.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff's claim to recover multiple damages pursuant to G.L. c. 93A may be barred insofar as that claim may be based on Caterpillar's decision regarding settlement of its claims before it commenced suit.  The plaintiff's failure to provide Caterpillar with relevant information within its control, coupled with Massachusetts statutory, regulatory and common law that caused or contributed to cause Caterpillar 's inability to obtain such information through its own efforts, deprived Caterpillar of information reasonably necessary to make an informed assessment of the plaintiff's claims.  Imposition of multiple damages under these circumstances would constitute

an excessive fine proscribed by the Eighth Amendment to the United States Constitution and Article 26 of the Massachusetts Declaration of Rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recover because it failed to file its action within the relevant Statute of limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Caterpillar Inc. for punitive damages and would violate Caterpillar Inc.'s privileges and immunities, due process and equal protection rights guaranteed by the Constitutions of the United States and the Commonwealth of Massachusetts, and would constitute violations of both state common law and public policy, to the extent that it seeks such relief.  Plaintiff's punitive damages claim is unconstitutional as an extraterritorial reach of Massachusetts law being applied to punish conduct with, in accordance with plaintiff's allegation, allegedly occurred outside of Massachusetts.

### RESERVATION AND NON-WAIVER

Caterpillar specifically reserves the right to assert additional affirmative defenses as they become known to it.

WHEREFORE, Caterpillar respectfully requests that this Court:

A. Enter judgment in favor of Caterpillar on Counts I and II of the Amended Complaint;

B. Enter judgment in favor on Caterpillar on Count III, the declaratory judgment count against Caterpillar, in the Amended Complaint;

C. Award Caterpillar its attorneys fees and costs in defending this matter; and

D. For all other relief as the Court deems necessary and just.

## JURY DEMAND

Caterpillar demands a trial by jury on all counts so triable.

>Respectfully submitted,
>
>CATERPILLAR INC.
>
>By its Attorneys,
>
>CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
>
>/s/ Christopher R. Howe
>_____
>Richard P. Campbell, Esquire, BBO#071600
>Christopher R. Howe, Esquire, BBO #652445
>Sabrina DeFabritiis, Esquire, BBO #654402
>One Constitution Plaza, 3rd Floor
>Boston, MA 02129
>(617) 241-3000

Dated: September 20, 2004

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for the defendant, Caterpillar Inc, hereby certify that on September 20, 2004, I served a true copy of the above document by causing a copy to be mailed, by first class mail, postage prepaid, to the following:

Nancy Reimer, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA  02210

>/s/ Christopher R. Howe
>_____
>Christopher R. Howe