UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. <br> d/b/a TRUCK SERVICE, <br><br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-11836-RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

**CATERPILLAR INC.'S OPPOSITION TO TRANS-SPEC'S MOTION FOR LEAVE TO FILE A REPLY TO CATERPILLAR INC.'S OPPOSITION TO THE MOTION OF TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICE TO COMPEL ANSWERS TO ITS FIRST SET OF INTERROGATORIES AND FIRST <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

The defendant Caterpillar Inc. opposes Trans-Spec's request for leave to file a reply brief with respect to Trans-Spec's motion to compel further responses to discovery.

First, the proposed reply, like Trans-Spec's initial filing, is replete with "factual" assertions (some incorrect) that are not supported by affidavits or other evidential material supporting the statements. The court cannot properly evaluate such assertions, and Caterpillar cannot properly respond to them, when they are unsubstantiated by evidential material. It is simply unfair for Trans-Spec to put the court in the position of having to decide whether or not to believe an attorney's unsubstantiated assertions on matters of fact; and it is unfair to put defense counsel in the position of having to question the veracity of things an opposing counsel says. That is why Local Rule 7.1(B) requires "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based" to be filed with the motion, at least to the extent

1

such facts are disputed, material, and not apparent upon the record already on file with the court. The court should not exercise its discretion to permit filing of a reply brief that does not comply with the local rules governing such filings and which, because of its non-compliance, substantially handicaps Caterpillar in responding to it. The court should require Trans-Spec at least to comply with applicable procedural rules when Trans-Spec wants the court to exercise discretion in its favor.

Second, the proposed 10-page reply brief is for the most part not really a "reply" at all. To the extent it contains substantive argument rather than invective, for the most part it either just repeats matter already contained in Trans-Spec's initial brief or raises arguments that could readily have been contained in that brief if they are appropriate to make at all. Caterpillar's opposition to Trans-Spec's motion to compel contained nothing surprising. Local Rule 37.1 does not contemplate that a party will save its "real" arguments for a reply brief.

If Trans-Spec is permitted to file its proposed "reply," then Caterpillar will have to ask leave to file a "response" to the reply so that it can address the inaccurate factual assertions contained in the "reply" and address the newly raised arguments. This is just a discovery motion. The court should not encourage Trans-Spec to turn every procedural dispute into World War III. The court should deny Trans-Spec leave to file the proposed reply.

## CONCLUSION

Trans-Spec's request for leave to file a reply to Caterpillar's opposition to its motion to compel further discovery should be denied.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A. K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

### CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on April 11, 2005, I served the within Opposition by causing a copy to be mailed, by first class mail, postage prepaid, to Christian G. Samito, Esquire, Donovan Hatem LLP, World Trade Center East, Two Seaport Lane, Boston, MA  02210.

_____
John A. K. Grunert