UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

### AFFIDAVIT OF JOHN A. K. GRUNERT

I, John A. K. Grunert, of full age, on my oath depose and say as follows:

1. I am an attorney, a shareholder in the law firm of Campbell Campbell Edwards & Conroy, P.C., and a member in good standing of the bar of this court and of all other jurisdictions where I have been admitted. I have represented the defendant Caterpillar Inc. in this matter at all relevant times.

2. My office first received discovery requests from the plaintiff Trans-Spec Truck Service, Inc. in mid-December, 2004. The discovery requests -- interrogatories and Rule 34 requests -- stated in their certificates of service that they had been served by mail on December 16, 2004, and they arrived a few days after that date under cover of a letter dated December 16, 2004. No discovery requests had been served by Trans-Spec before then.

3. I myself had served interrogatories and Rule 34 requests on Trans-Spec on December 1, 2004. Copies of them are attached to this affidavit. Under Rules 6, 33, and 34, Trans-Spec's responses to those discovery requests were due on January 4, 2005. My associate Christopher Howe, however, received a request from Trans-Spec's attorney for an enlargement of time to

January 14, 2005, to serve the responses, and he agreed to the request. I felt that if Trans-Spec was going to have additional time to respond to my discovery requests that it was fair that Caterpillar also be given additional time to respond. This was because I had served my discovery more than two weeks before Trans-Spec served its discovery and my discovery requests were considerably more limited in number, more narrowly drafted, and much less burdensome than the discovery Trans-Spec had served. Trans-Spec's counsel was agreeable, so we filed a joint motion to enlarge the time for each side to respond to the other's discovery. The date specified for Caterpillar's responses was January 28, 2005, and they were served that day.

4. At around 3:30 on Friday afternoon, February 11, 2005, a seven-page single-spaced letter addressed to me from Trans-Spec's counsel Christian Samito arrived by fax in my office. I did not actually see the fax until that Saturday or Sunday. The letter expressed dissatisfaction with most or all of Caterpillar's discovery responses and stated that Mr. Samito would call me within the next few days to discuss his dissatisfaction.

5. On Tuesday, February 15, 2005, I had to pick a jury in a serious products liability case in Suffolk County Superior Court. The jury did not return its defense verdict until March 22, 2005. Because I was tied up with that trial, I delegated to my associate Christopher Howe and my partner Richard Campbell the conference with Mr. Samito concerning his dissatisfaction with Caterpillar's discovery responses. My understanding is that Messrs. Howe and Campbell conducted that conference by telephone on March 4, 2005. On this subject, however, I refer the court to Mr. Howe's affidavit which accompanies this one.

6. I personally drafted the interrogatories and Rule 34 requests that I served on December 1, 2004. I did not understand Trans-Spec to make any negligence claim in this case, and therefore I did not draft any discovery requests designed to elicit information of types specific to a

negligence claim. My office has, to date, served no discovery of any type that is designed to elicit information that might define the scope of a negligence claim or that might enable me to determine the extent, if any, to which such a claim can be supported by evidence.

7.  The documents attached as Exhibit C to Caterpillar Inc.'s Opposition to the Plaintiff's Motion to Amend the Complaint are evidentiary-type documents that appear to substantiate two instances of flywheel housing failures in 2001 and two instances of flywheel housing failures in 2002. I have not seen evidentiary-type documents appearing to substantiate other instances of flywheel housing failures in those years.

8.  The documents attached as Exhibit D to Caterpillar Inc.'s Opposition to the Plaintiff's Motion to Amend the Complaint are evidentiary-type documents I have seen from the year 2004 that are, in my judgment, illustrative of the mileage that was on all of the twenty-two trucks involved in this case.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF APRIL, 2005.

JOHN A. K. GRUNERT (BBO: 213820)
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

On this 12th day of April, 2005, before me, the undersigned notary public, personally appeared John A. K. Grunert, who is personally well-known to me to be the person whose name is signed on this affidavit, and who swore or affirmed to me that the contents of the affidavit are truthful and accurate to the best of his knowledge.

Notary Public
My Commission Expires: 1/31/11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICE, ) ) ) ) Plaintiff ) ) ) vs. ) ) CATERPILLAR INC., ) ) ) Defendant ) ) | CIVIL ACTION NO. 04-11836-RCL |

CATERPILLAR INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
BY THE PLAINTIFF

The defendant Caterpillar Inc. ("Caterpillar") requests pursuant to Fed. R. Civ. P. 34(a) that the plaintiff Trans-Spec Truck Service Inc. produce all of the following documents for inspection and copying on January 5, 2005, at the offices of Campbell Campbell Edwards & Conroy, P.C., One Constitution Plaza, Boston, Massachusetts.

DEFINITIONS

A.  "Trans-Spec" means the plaintiff Trans-Spec Truck Service Inc. and its officers, directors, employees, and representatives.

B.  "Sterling" means Sterling Truck Corporation and its officers, directors, employees, and representatives.

C.  The "trucks" means the trucks referenced in ¶12 of the amended complaint.

D.  The "engines" means the Caterpillar C-12 engines that were incorporated into the trucks.

E.  "Southworth" means Southworth-Milton, Inc., now known as MiltonCat.

1

## REQUESTED DOCUMENTS

### REQUEST NO. 1

The documents identified in ¶¶1, 2, 3, 4 and 6 of the section of Trans-Spec's automatic disclosure headed "Disclosure Pursuant to Rule 26(a)(1)(B)."

### REQUEST NO. 2

All correspondence (including both paper and electronic correspondence) between Trans-Spec and Sterling with respect to the trucks, the engines, or any of them.

### REQUEST NO. 3

All correspondence (both paper and electronic) between Trans-Spec and Sterling generated in the course of the negotiations between Trans-Spec and Sterling that preceded Trans-Spec's purchase of the trucks.

### REQUEST NO. 4

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with the negotiations between Trans-Spec and Sterling that preceded Trans-Spec's purchase of the trucks.

### REQUEST NO. 5

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Caterpillar concerning the trucks, the engines, or any of them.

### REQUEST NO. 6

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Southworth concerning the trucks, the engines, or any of them.

### REQUEST NO. 7

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Sterling concerning the trucks, the engines, or any of them.

REQUEST NO. 8

All correspondence (both paper and electronic) generated by Trans-Spec in connection with efforts it made to rent vehicles [as to which *see* ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

REQUEST NO. 9

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to rent vehicles [as to which *see* ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

REQUEST NO. 10

All correspondence (both paper and electronic) generated or received by Trans-Spec in connection with efforts it made to trade in the trucks [as to which *see* ¶24 of the amended complaint] or any of them.

REQUEST NO. 11

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to trade in the trucks [as to which *see* ¶24 of the amended complaint] or any of them.

REQUEST NO. 12

All of Trans-Spec's balance sheets, profit and loss statements, revenue statements, and other financial statements and reports pertaining to the calendar years 1998 through 2004 or to any part of any such year.

REQUEST NO. 13

All express warranties given to Trans-Spec by Sterling with respect to the trucks or any of the trucks.

REQUEST NO. 14

Every express warranty Trans-Spec claims Caterpillar gave with respect to the engines or any of them.

REQUEST NO. 15

All reports, correspondence, memoranda, estimates, work orders, and job tickets (both paper and electronic) relative to any of the trucks generated by persons or companies that have inspected or serviced them.

CATERPILLAR INC.

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on December 1, 2004, I served the within requests by causing them to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Two Seaport Lane, Boston, MA 02210.

_____
John A.K. Grunert

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>　　　　　Defendant | CIVIL ACTION NO. 04-11836-RCL |

### CATERPILLAR INC.'S FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

The defendant Caterpillar Inc. ("Caterpillar") propounds the following interrogatories to the plaintiff, Trans-Spec Truck Service, Inc., pursuant to Fed. R. Civ. P. 33(a).

### DEFINITIONS

A.　"Sterling" means Sterling Truck Corporation and its officers, directors, employees, and representatives.

B.　The "trucks" means the trucks referenced in ¶12 of the amended complaint.

C.　The "engines" means the Caterpillar C-12 engines that were incorporated into the trucks.

D.　A request for identification of a person or company shall be understood to seek the person's or company's full name and address.

### INTERROGATORIES

INTERROGATORY NO. 1

　　Identify every person whom you expect to offer expert testimony on your behalf at trial and, as to each such person, state the subject matters on which he or she will testify, state

1

the substance of the facts and opinions to which he or she will testify, and summarize the grounds for each opinion to which he or she will testify.

INTERROGATORY NO. 2

Identify every officer, director, employee, and representative of Trans-Spec who participated in negotiations with Sterling with respect to Trans-Spec's purchase of the trucks.

INTERROGATORY NO. 3

Identify every officer, director, employee, and representative of Sterling who participated in negotiations with Trans-Spec with respect to Trans-Spec's purchase of the trucks.

INTERROGATORY NO. 4

State with respect to every oral warranty you allege Caterpillar gave concerning the engines (a) the specific words that were spoken by Caterpillar, (b) the identity of the individual(s) who spoke the words, (c) the date(s) on which the words were spoken, (d) whether the conversation in which the words were spoken was in person or via telephone, (e) where the conversation occurred if it was in person, and (f) whether any memorandum was made by Trans-Spec of the conversation.

INTERROGATORY NO. 5

Set forth each and every fact on which you rely to support your contention in ¶9 of the amended complaint that Harry Calderbank was a "Caterpillar representative" at the meeting described in that paragraph.

INTERROGATORY NO. 6

Set forth comprehensively and in detail the factual basis for your contention that the problems Trans-Spec has had with the engines are caused by design or manufacturing defects in them rather than by improper installation of the engines by Sterling.

INTERROGATORY NO. 7

Set forth comprehensively and in detail the factual basis for your contention that the problems Trans-Spec has had with the engines are caused by design or manufacturing defects in them rather than by characteristics of the trucks for which Trans-Spec and/or Sterling selected them.

INTERROGATORY NO. 8

Describe comprehensively and in detail all efforts Trans-Spec has made to rent vehicles for temporary use as substitutes for trucks when they were out of service, including in

your description the identities of all Trans-Spec officers, directors, employees and representatives who participated in such efforts, when the efforts were made, what the efforts were, and the identities of the persons and companies that were contacted in connection with such efforts.

## INTERROGATORY NO. 9

Describe comprehensively and in detail all efforts Trans-Spec has made to trade in any of the trucks, including in your description the identities of all Trans-Spec officers, directors, employees and representatives who participated in such efforts, when the efforts were made, what the efforts were, and the identities of the persons and companies that were contacted in connection with such efforts.

## INTERROGATORY NO. 10

Describe comprehensively and in detail the basis for your contention that Trans-Spec's purported claim to recover incidental and consequential damages, damages for loss of use, and costs of additional service employees [as to which *see* ¶42 of the amended complaint] is not barred by the exclusion of incidental and consequential damages contained in the written warranties Caterpillar gave with respect to the engines and in the extended service contract of which a copy is attached as Exhibit C to the amended complaint.

## INTERROGATORY NO. 11

Describe comprehensively and in detail the basis for your contention that Trans-Spec's purported claim for alleged breaches of implied warranties are not barred by the disclaimers of all implied warranties contained in the written warranties Caterpillar gave with respect to the engines and in the extended service contract of which a copy is attached as Exhibit C to the amended complaint.

## INTERROGATORY NO. 12

Describe with specificity the "particular purpose" for which you allege Caterpillar impliedly warranted the engines would be suitable, and describe comprehensively and in detail all documents and other information Caterpillar had when it contracted with Sterling to sell Sterling the engines that (a) gave it reason to know of that particular purpose and (b) gave it reason to know Sterling was relying on Caterpillar's skill or judgment to select or furnish engines that were suitable for that particular purpose.

## INTERROGATORY NO. 13

Identify with specificity the documents containing express warranties you claim Caterpillar has breached.

INTERROGATORY NO. 14

State separately with respect to each of the trucks all dates on which the truck was out of service as a result of engine problems and, as to each date, the nature of the engine problem that caused it to be out of service and the mileage on the truck at the time.

INTERROGATORY NO. 15

Describe with specificity every respect in which the engines were defective when they left Caterpillar's hands.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on December 1, 2004, I served the within interrogatories by causing them to be mailed, by first class mail, postage prepaid, to Nancy Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A.K. Grunert

4