UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
    Plaintiff )
 )
vs. )
 )
CATERPILLAR INC. )
    Defendant )

### AFFIDAVIT OF CHRISTIAN G. SAMITO, ESQ.
### IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND

I, Christian G. Samito, state:

1. I represent Trans-Spec Truck Service, d/b/a Truck Service ("Trans-Spec") and am knowledgeable about its claims in the above-captioned matter.

2. Trans-Spec first objected to Caterpillar Inc.'s ("Caterpillar") discovery responses by letter on February 11, 2005.

3. Trans-Spec's counsel, Christian G. Samito and Nancy M. Reimer, called Caterpillar's counsel to discuss the issues raised in its February 11, 2005 letter on February 14, 23, 28, and March 1, 2005.

4. During the March 1, 2005 telephone call, Caterpillar's counsel, Attorney John A.K. Grunert, expressed surprise that no one had returned the voice mails Trans-Spec's counsel had been leaving.

5. Attorney Grunert explained that he had no time to discuss the matter as he was in the middle of preparing for a trial in another matter.



6. Finally, on March 4, 2005, Attorneys Richard P. Campbell and Christopher R. Howe, representing Caterpillar, participated in a scheduled telephone conference with Attorneys Christian G. Samito and Nancy M. Reimer, representing Trans-Spec.

7. This March 4, 2005 conference, which addressed the issues raised in the February 11, 2005 letter, lasted only twenty minutes due to other commitments by Caterpillar's counsel.

8. Caterpillar's counsel has misrepresented the existence and capabilities of Caterpillar's database.

9. Caterpillar's counsel denied the existence of the database during a telephone conference between Attorney John A.K. Grunert for Caterpillar and Attorneys Christian G. Samito and Nancy M. Reimer for Trans-Spec on January 28, 2005.

10. Trans-Spec seeks information into the history of the C-12 engine, as well as discovery regarding the 3126, 3176, C-10 and C-13 engines for its comparative value as well as its ability to show the capabilities, performance, and defects unique to the C-12.

11 Trans-Spec intended to rely on the information sought from Caterpillar's database as well as regarding the C-12 engine and related models in order to assess and, if appropriate, assert its negligence claim.

12. Anticipating that it would file a negligence count against Caterpillar, Trans-Spec drafted discovery requests to elicit specific information to support such a claim.

13. Trans-Spec sought to rely on anticipated discovery from Caterpillar to support its negligence claim.

14. Caterpillar's dilatoriness, however, prevented it from being able to do so.

15. Trans-Spec hoped that its Motion to Compel and subsequent pleadings, including those evidencing its knowledge of the disavowed database, would have forced Caterpillar to act appropriately.

- 3 -

16. Caterpillar's refusal to do so forced Trans-Spec to file its late Motion to Amend.

7. Trans-Spec's good cause for filing in this manner stems from Caterpillar's own action – or lack thereof – in not producing discoverable documents to Trans-Spec.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 20th DAY OF APRIL, 2005.

*[signature]*
Christian G. Samito

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 20th day of April, 2005, I served a copy of the foregoing, by mail, postage prepaid to:

John A. K. Grunert, Esq.
Christopher Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129

                                                        Christian G. Samito, Esq.

00911308

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRANS-SPEC TRUCK SERVICE INC., )
d/b/a Truck Service, )
  )
       Plaintiff )
  )
vs. ) CIVIL ACTION NO. 04-11836RCL
  )
CATERPILLAR INC., )
  )
       Defendant )

### CATERPILLAR INC.'S RESPONSE TO TRANS-SPEC TRUCK SERVICE INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant Caterpillar Inc. ("Caterpillar") hereby responds pursuant to Fed. R. Civ. P. 34(b) to Trans-Spec Truck Service Inc.'s First Request for Production of Documents to the Defendant, Caterpillar Inc.

### GENERAL OBJECTIONS

Caterpillar objects to the time specified by Trans-Spec for production of documents because it is contrary to Fed. R. Civ. P. 6 and 34 and applicable law. Caterpillar will produce documents tendered in this response on a date reasonably soon after the date on which this written response was due under the governing rules and stipulations.

Caterpillar objects to the place specified by Trans-Spec for production of documents. Caterpillar will produce documents tendered in this response at one or more reasonably convenient locations, including if appropriate locations at or near the usual place of keeping of the documents.


EXHIBIT G

Caterpillar objects to this request because as drafted it includes within its scope (a) confidential communications concerning the trucks' histories between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the trucks' histories between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the trucks' histories and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, (d) confidential file memoranda concerning the trucks' histories and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense; (e) witness statements concerning the trucks' histories prepared or obtained for purposes of this litigation by Caterpillar's counsel of record and by Caterpillar's in-house counsel. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.

Caterpillar objects to this request as unduly burdensome insofar as it includes within its scope documents served upon Trans-Spec's counsel in the course of this litigation.

REQUEST NO. 3

All documents concerning the specifications, performance curves, engine retardation, performance data and records, and any notices regarding actual or potential service issues or defects sent out to dealers or distributors, concerning Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

RESPONSE

Notwithstanding the following objections, but subject to them, Caterpillar refers Plaintiff to Exhibit "A" which contains the Service Letters applicable to the subject engines, Product Support for Replacing the Cylinder Head Gasket After a Failure Has Occurred on Certain C-10 and C-12 Truck Engines (SEBE7398-07), Product Support Program for Installing a Wastegate Cover Kit on Certain 3406E, C-15, C-16, and C-12 Engines (SEBE7447-00), Product Support Program for Replacing the Fuel Injector Only After an Injector Tip Failure in Certain C-10, C-12, C-15, C-16, and 3406E Truck Engines (SEBE7834-03), and Product Support Program for Replacing the Turbocharger on Certain C-12 Truck Engines (SEBE8471-02). Caterpillar notes that the document Bates stamped 000016 to 000017, which Caterpillar has already produced in connection with its automatic disclosure, appears to be responsive to this request but will not be re-produced unless Trans-Spec specifically asks for it.

Caterpillar objects to this request as too ambiguous to permit any adequate response. Caterpillar further objects to it as failing, insofar as it refers to "[a]ll documents concerning" the various described subject matters, to identify with adequate particularity any category of documents to be produced and as overbroad and unduly burdensome. Caterpillar further objects to it as overbroad and unduly burdensome insofar as it seeks documents concerning 3126, 3176, C-10 and C-13 engines, none of which is a type of

engine involved in this case. Caterpillar further objects to it as overbroad and unduly burdensome insofar as it seeks documents concerning generations of C-12 engines not involved in this case.

Caterpillar objects to this request as too ambiguous to permit any adequate response, and as failing to specify with adequate particularity any category of documents to be produced, insofar as it refers to notices regarding "potential" service issues or defects.

Caterpillar objects to this request because the language "[a]ll documents concerning" causes it to include within its scope (a) confidential communications concerning the engines between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the engines between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the engines and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, (d) confidential file memoranda concerning the engines and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense; (e) witness statements concerning the engines prepared or obtained for purposes of this litigation by Caterpillar's counsel of record and by Caterpillar's in-house counsel. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.

## REQUEST NO. 4

All documents concerning defects, service issues, and returns for service concerning flywheel housings, flywheel bolts, front structures, intake and exhaust valves, injectors, turbo chargers, or cylinder heads for Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

## RESPONSE

Notwithstanding the following objections, but subject to them, Caterpillar refers Plaintiff to Exhibit "B" which contains the CPI Charter and update for 49183 (subject to a protective order) and Technical Information Bulletins applicable to C-12 truck engines, with serial number prefix 2KS, and responsive to this request, ET2004B Problem Reading Injector Trim Files (TIBU4427-00), Low Idle Engine Speeds Affecting Alternator Charging Performance (TIBU3790-00), New O-Ring Seal Used Between the Front Crankshaft Seal and the Front Housing (TIBU3755-00), Belt Squeal (TIBU3520-00), Engine Oil Dilution by Fuel (TIBU3521-00), and Inspection of the Unit Injector Lifter Assembly (TIBUE3179-00). Caterpillar further refers Plaintiff to Exhibit "A". In addition, Caterpillar notes that many of the documents Bates stamped 000018 through 000225 which it produced in connection with its automatic disclosure, and many of the documents produced to it by Trans-Spec in connection with Trans-Spec's automatic disclosure, appear to be responsive to this request but will not be re-produced unless Trans-Spec specifically asks for them.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., )<br>D/B/A TRUCK SERVICE )<br> )<br>Plaintiff, )<br>v. )<br> )<br>CATERPILLAR INC )<br> )<br>Defendant | CIVIL ACTION NO. 04-11836RCL |

## TRANS-SPEC TRUCK SERVICE INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, CATERPILLAR INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff, Trans-Spec Truck Service Inc ("Trans-Spec"), requests that the defendant, Caterpillar Inc. ("Caterpillar"), produce for inspection and copying the following documents at the offices of Donovan Hatem, LLP, Two Seaport Lane, Boston, MA, 02210, within thirty (30) days of service hereof.

## DEFINITIONS

The following terms used in these document requests have the following meanings:

1   The term 'communication' means all oral conversations, discussions, correspondence, letters, electronic communications, telegrams, telex, messages, memoranda, meetings, conferences, discussions, notes, internal memoranda, email, voicemail, facsimile, and any transmission of information in any form, both oral and written.

2   The term "concerning" means referring to, relating to, describing, evidencing, or constituting

3   The term "date" means the exact date, month and year if ascertainable, or if not, the best approximation thereof.



4.   The term "document" means, without limitation, all items printed, recorded, reproduced by any mechanical process, written or produced by hand, including, but not limited to: legal documents, daily reports, logs, photographs, tapes, agreements, drafts of agreements, business records, interoffice communications, correspondence, telegrams, internal or other memoranda, summaries or records of telephone conversation, telegrams, diaries, graphs, films, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, letters, invoices, and data stored electronically, including, but not limited to, email, voicemail, floppy disks, hard drives, CD-ROM, and deleted and erased computer records, which are in the possession or control of the answering party.

5.   The phrase "Trans-Spec's C-12 engines" refers to the twenty-two Caterpillar C-12 engines at issue in this lawsuit and which have the following Engine Numbers: 2KS27780; 2KS27897; 2KS27878; 2KS27936; 2KS27904; 2KS27955; 2KS28378; 2KS27844; 2KS27905; 2KS27999; 2KS27877; 2KS28368; 2KS27861; 2KS27956; 2KS27857; 2KS28276; 2KS27914; 2KS27953; 2KS27893; 2KS27931; 2KS27835; 2KS27791

6.   The phrase "Trans-Spec's trucks" refers to the twenty-two trucks containing Caterpillar C-12 engines with the Engine Numbers given in the preceding paragraph.

## INSTRUCTIONS

The following instructions shall be used in these document requests:

Caterpillar is requested to produce all documents and communications in its possession, custody or control, including all documents and communications that are in the

custody of its employees, officers, directors, servants, attorneys, consultants, accountants or agents or other persons acting on his behalf, regardless of the location of such documents

2      If Caterpillar objects to any of the document requests set forth below, or redacts any document produced pursuant to any of the document requests set forth below, please state the precise grounds for the objection(s) with particularity. If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

3      With respect to each document withheld from the production or redacted on any basis whatsoever, please state or identify: (a) the date of the document; (b) the document's author(s) or originator(s) and any persons involved in creating the document; (c) the title and duties of the author(s) or originator(s) and all persons involved in creating the document; (e) the subject matter(s) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with regard to the document

4      If any document responsive to a Request was, but no longer is, in Caterpillar's possession, custody or control, please identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

## DOCUMENTS REQUESTED

### REQUEST NO. 1

All documents concerning the histories of Trans-Spec's C-12 engines, from the time of their fabrication to the present, including but not limited to any and all service claims, reports, or correspondence, whether internal or between Caterpillar and any other person or entity, including but not limited to Southworth-Milton, Inc. a/k/a Milton CAT, Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

## REQUEST NO. 2

All documents concerning the specifications and histories of Trans-Spec's trucks from the time of their fabrication to the present, including but not limited to any and all service claims, reports, or correspondence, whether internal or between Caterpillar and any other person or entity, including but not limited to Southworth-Milton, Inc. a/k/a Milton CAT, Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

## REQUEST NO. 3

All documents concerning the specifications, performance curves, engine retardation, performance data and records, and any notices regarding actual or potential service issues or defects sent out to dealers or distributors, concerning Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

## REQUEST NO. 4

All documents concerning defects, service issues, and returns for service concerning flywheel housings, flywheel bolts, front structures, intake and exhaust valves, injectors, turbo chargers, or cylinder heads for Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

## REQUEST NO. 5

All documents concerning Trans-Spec, Trans-Spec's trucks, Trans-Spec's C-12 engines, Trans-Spec's personnel, Trans-Spec's business operations, and Trans-Spec's claims, whether internal or between Caterpillar and any other person or entity, including but not limited to Southworth-Milton, Inc. a/k/a Milton CAT, Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

## REQUEST NO. 6

All documents concerning Caterpillar's policies and procedures regarding claims pursuant to its service coverage for the C-12 engine.

## REQUEST NO. 7

All documents concerning Caterpillar's handling of any and all claims regarding Trans-Spec's C-12 engines.

## REQUEST NO. 8

All documents concerning Caterpillar's business relationship with Southworth-Milton, Inc. a/k/a Milton CAT, including but not limited to subsidies and money exchanges between the entities, contracts and agreements concerning Southworth-Milton, Inc. a/k/a Milton CAT's distribution of Caterpillar products, and policies regarding approval for warranty claims on Caterpillar engines.

## REQUEST NO. 9

All marketing or other promotional literature concerning Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

## REQUEST NO. 10

All documents concerning the cost of flywheel housings for Caterpillar's C-12 engine from its inception to the present.

## REQUEST NO. 11

All documents concerning any communication or negotiation between Caterpillar and Trans-Spec and/or Sterling Truck Corporation preceding Trans-Spec's purchase of Trans-Spec's trucks.

## REQUEST NO. 12

All documents concerning any efforts Caterpillar made, or considered making, to provide rental assistance for temporary use in substitution for Trans-Spec's trucks that were out of service.

## REQUEST NO. 13

All warranties concerning Trans-Spec's C-12 engines.

## REQUEST NO. 14

All documents concerning Caterpillar's claim that trucks with specifications suitable for use in Trans-Spec's type of business can be rented for temporary use.

## REQUEST NO. 15

All documents concerning Caterpillar's claim that Trans-Spec failed to provide timely notice of the breaches of warranty and that Caterpillar has been prejudiced by that failure.

## REQUEST NO. 16

All documents concerning Caterpillar's claim that its breaches of implied warranties were part of a valid disclaimer by Caterpillar.

## REQUEST NO. 17

All documents concerning Caterpillar's claim that Caterpillar disclaimed all warranties, express or implied.

## REQUEST NO. 18

All documents concerning Caterpillar's claim that Trans-Spec's damages were due to misuse of Trans-Spec's C-12 engines.

## REQUEST NO. 19

All documents concerning Caterpillar's claim that Trans-Spec's losses were caused by the intervening, superseding misconduct of persons or the acts or omissions of third persons over whom Caterpillar exercised no control and for whose conduct Caterpillar is not responsible.

## REQUEST NO. 20

All documents concerning Caterpillar's claim that Trans-Spec is not the real party in interest

## REQUEST NO. 21

All documents concerning Caterpillar's claim that Trans-Spec was aware of the alleged defects in its C-12 engines but voluntarily and unreasonably chose to encounter the known dangers created by the alleged defect.

## REQUEST NO. 22

All documents concerning Caterpillar's claim that Trans-Spec's conduct was the sole proximate cause of its damages.

## REQUEST NO. 23

All documents concerning Caterpillar's claim that Trans-Spec failed to mitigate its injuries and damages.

## REQUEST NO. 24

All documents concerning Caterpillar's claim that Trans-Spec committed spoliation of evidence and/or prevented Caterpillar from conducting an adequate pre-suit investigation of the facts of its claim.

## REQUEST NO. 25

All documents concerning Caterpillar's claim that Trans-Spec's C-12 engines were modified, altered or changed after they left Caterpillar's possession, custody, and/or control.

6

**REQUEST NO. 26**

All documents concerning Caterpillar's claim that Trans-Spec's C-12 engines met or exceeded all applicable warranties.

**REQUEST NO. 27**

All documents concerning Caterpillar's claim that the problems with Trans-Spec's C-12 engines were caused by improper installation of the engines by Sterling Truck Corporation.

**REQUEST NO. 28**

All documents concerning Caterpillar's claim that Trans-Spec's C-12 engines were not suited for the characteristics of Trans-Spec's trucks or Trans-Spec's use of Trans-Spec's trucks.

**REQUEST NO. 29**

All documents concerning Caterpillar's business relations with Trans-Spec from 1990 to the present, including but not limited to those concerning any meetings or conversations between any officer, director, employee, representative or agent of Caterpillar and Trans-Spec, any prior purchases of any Caterpillar product by Trans-Spec, any visits by Jay Howard or any other Trans-Spec employee to the Caterpillar facilities in Peoria, Illinois, and attendance by Andrew Lind or any other Trans-Spec employee to the introduction of the C-12 engine in Orlando, Florida.

**REQUEST NO. 30**

All documents concerning Trans-Spec's purchase and use of the first FLD12 Freightliner truck that had a Caterpillar 3176 engine integrated into it, including but not limited to documents concerning performance and other testing conducted in or around 1990-1993 on this truck by Caterpillar as part of its research for future development and Al Cardoza's and Harry Calderbank's attendance at these tests.

Plaintiff,

TRANS-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE

By its attorneys

*[signature]*

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: December 16, 2004
00878185

8

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 16th day of December 2004, I caused a copy of the foregoing to be mailed, postage prepaid to all counsel of record.

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02129

_____
Christian G. Samito