UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE INC., D/B/A TRUCK SERVICE | ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-11836RCL |
| v. | ) ) | |
| CATERPILLAR INC | ) ) | |
| Defendant. | ) | |

### TRANS-SPEC TRUCK SERVICE INC.'S FIRST SET OF INTERROGATORIES PROPOUNDED TO THE DEFENDANT, CATERPILLAR INC.

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the plaintiff, Trans-Spec Truck Service Inc. ("Trans-Spec"), propounds the following interrogatories to the defendant Caterpillar Inc. ("Caterpillar").

### DEFINITIONS

The following terms used in these document requests have the following meanings·

1.      The term 'communication' means all oral conversations, discussions, correspondence, letters, electronic communications, telegrams, telex, messages, memoranda, meetings, conferences, discussions, notes, internal memoranda, email, voicemail, facsimile, and any transmission of information in any form, both oral and written

2      The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

3.      The term "date" means the exact date, month and year if ascertainable, or if not, the best approximation thereof.

4      The term "document" means, without limitation, all items printed, recorded, reproduced by any mechanical process, written or produced by hand, including, but not limited

to: legal documents, daily reports, logs, photographs, tapes, agreements, drafts of agreements, business records, interoffice communications, correspondence, telegrams internal or other memoranda, summaries or records of telephone conversation, telegrams, diaries, graphs, films, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, letters, invoices, and data stored electronically, including, but not limited to, email, voicemail, floppy disks, hard drives, CD-ROM, and deleted and erased computer records, which are in the possession or control of the answering party

    5      The phrase "Trans-Spec's C-12 engines" refers to the twenty-two Caterpillar C-12 engines at issue in this lawsuit and which have the following Engine Numbers: 2KS27780; 2KS27897; 2KS27878; 2KS27936; 2KS27904; 2KS27955; 2KS28378; 2KS27844; 2KS27905; 2KS27999; 2KS27877; 2KS28368; 2KS27861; 2KS27956; 2KS27857; 2KS28276; 2KS27914; 2KS27953; 2KS27893; 2KS27931; 2KS27835; 2KS27791

    6.      The phrase "Trans-Spec's trucks" refers to the twenty-two trucks containing Caterpillar C-12 engines with the Engine Numbers given in the preceding paragraph

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify every person whom you expect to offer testimony on Caterpillar's behalf at trial and, as to each person, state the subject matters on which he or she will testify, the substance of the facts and opinions to which he or she will testify, and the grounds for each opinion to which he or she will testify.

### INTERROGATORY NO. 2

Identify every officer, director, employee, agent, or representative of Caterpillar and/or Southworth-Milton, Inc. a/k/a Milton CAT ("Milton CAT"), who participated in Trans-Spec's negotiations regarding the fabrication and/or purchase of Trans-Spec's trucks.

## INTERROGATORY NO. 3

Identify every officer, director, employee, agent, or representative of Caterpillar and/or Milton CAT who participated in any meeting, telephone call, or wrote any memorandum or communication, whether written or electronic, concerning Trans-Spec, Trans-Spec's C-12 engines, Trans-Spec's trucks, Trans-Spec's personnel, Trans-Spec's business operations, and Trans-Spec's claims, whether internal or between Caterpillar, Milton CAT and/or any other person or entity, including but not limited to Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

## INTERROGATORY NO. 4

Identify every officer, director, employee, agent, or representative of Caterpillar or any other entity who participated in the designs of Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

## INTERROGATORY NO. 5

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that trucks with similar specifications to those used by Trans-Spec can be rented for temporary use and the details of any plan or consideration on Caterpillar's or Milton CAT's part to provide rental assistance for temporary use in substitution for Trans-Spec's trucks that were out of service.

## INTERROGATORY NO. 6

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec failed to provide timely notice of the breaches of warranty and that Caterpillar has been prejudiced by that failure.

## INTERROGATORY NO. 7

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that its breaches of implied warranties were part of a valid disclaimer by Caterpillar.

## INTERROGATORY NO. 8

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Caterpillar disclaimed all warranties, express or implied.

## INTERROGATORY NO. 9

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec's damages were due to misuse of Trans-Spec's C-12 engines.

**INTERROGATORY NO. 10**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec's losses were caused by the intervening, superseding misconduct of persons or the acts or omissions of third persons over whom Caterpillar exercised no control and for whose conduct Caterpillar is not responsible.

**INTERROGATORY NO. 11**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec is not the real party in interest.

**INTERROGATORY NO. 12**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec was aware of the alleged defects in its C-12 engines but voluntarily and unreasonably chose to encounter the known dangers created by the alleged defect.

**INTERROGATORY NO. 13**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec's conduct was the sole proximate cause of its damages.

**INTERROGATORY NO. 14**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec failed to mitigate its injuries and damages.

**INTERROGATORY NO. 15**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec committed spoliation of evidence and/or prevented Caterpillar from conducting an adequate pre-suit investigation of the facts of its claim.

**INTERROGATORY NO. 16**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec's C-12 engines were modified, altered or changed after they left Caterpillar's possession, custody, and/or control.

**INTERROGATORY NO. 17**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec's C-12 engines met or exceeded all applicable warranties.

**INTERROGATORY NO. 18**

Set forth comprehensively and in detail the factual basis for Caterpillar's claim that Trans-Spec's C-12 engines were not suited for the characteristics of Trans-Spec's trucks or Trans-Spec's use of Trans-Spec's trucks.

**INTERROGATORY NO. 19**

For every detail in which Caterpillar claims Trans-Spec's trucks were not suited for Trans-Spec's use of them, set forth comprehensively and in detail what specifications were necessary to make the trucks suitable for Trans-Spec's use of them.

**INTERROGATORY NO. 20**

Set forth comprehensively and in detail the history of Caterpillar's business relations with Trans-Spec from 1990 to the present, including but not limited to any meetings or conversations between any officer, director, employee, representative or agent of Caterpillar and Trans-Spec, any prior purchases of any Caterpillar product by Trans-Spec, any visits by Jay Howard or any other Trans-Spec employee to the Caterpillar facilities in Peoria, Illinois, and attendance by Andrew Lynn or any other Trans-Spec employee to the introduction of the C-12 engine in Orlando, Florida.

Plaintiff,
TRANS-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE

By its attorneys

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: December 16, 2004
00878185

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 16th day of December 2004, I caused a copy of the foregoing to be mailed, postage prepaid to all counsel of record.

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02129

Christian G. Samito