UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, | ) ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 04-11836-RCL |
| CATERPILLAR INC. | ) ) ) | |
| Defendant | ) ) | |

### CATERPILLAR INC.'S OPPOSITION TO TRANS-SPEC'S MOTION FOR LEAVE TO FILE A REPLY TO CATERPILLAR'S OPPOSITION TO ITS MOTION TO AMEND THE COMPLAINT

The defendant Caterpillar Inc. opposes the Motion for Leave to Reply to Caterpillar Inc.'s Opposition to the Plaintiff's Motion to Amend the Complaint and Request for Oral Argument. There are multiple reasons for this opposition.[1]

The proposed reply (which, without counting its nine attachments, is equal in length to the original motion) is not a "reply" at all: it is an effort to present matter that could have and should have been presented, if at all, with the principal motion, so that Caterpillar could have addressed it in its opposition to the motion. It is now apparent that this is the preferred approach of these particular attorneys. See the pending Motion for Leave to File a Reply to Caterpillar Inc.'s Opposition to the Motion of Trans-Spec Truck Service, d/b/a Truck Service, to Compel Answers to its First Set of Interrogatories and First Request for Production of Documents Propounded to Defendant Caterpillar Inc., and Request for Oral Argument (filed on or about

---

[1] Defense counsel can state that, except for this and an earlier instance in this case, he cannot remember a time during his 24+ years of practice when he opposed a request for leave to file a reply memorandum. It is uncommon, in defense counsel's experience and probably in the Court's as well, for Local Rule 7.1(B)(3) and its state cognates to be abused as Trans-Spec is trying to abuse it in this case.

1

April 5, 2005) and Caterpillar's opposition to it (filed on or about April 11, 2005). Fed. R. Civ. P. 7(b)(1) contemplates -- indeed, mandates -- that a party who files a motion "state with particularity" in the initial filing the grounds assertedly warranting its allowance. Local Rule 7.1(B)(1) similarly contemplates -- indeed, mandates -- that a party filing a motion "*at the same time* file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted" (emphasis supplied). Local Rule 7.1(B)(1) similarly mandates that affidavits and other documents evidencing facts on which the motion is based "shall be filed *with the motion*" (emphasis supplied). Neither rule contemplates that a moving party will file a perfunctory motion accompanied by perfunctory supporting materials and then, after the opposition has been filed, submit by way of "reply" the "real" argument, authorities, and evidential materials. Permitting moving parties to do that inevitably multiplies the papers that will be filed and that the Court must devote time to reading and delays disposition of the motion; because an opposing party is certainly entitled to respond to the "real" argument once it has finally been made. The very best way, and probably the only effective way, to make Trans-Spec's counsel comply with Fed. R. Civ. P. 7(b) and Local Rule 7.1(B)(1) is simply to deny its improper requests for leave to file "replies." Once that has happened, Trans-Spec's counsel will quickly adopt the approach to motion practice contemplated by the rules.

The present request for leave to file a "reply," however, poses additional problems specific to this particular request.

The "reply" is accompanied by two "affidavits" that contain incompetent material.[2] If the Court grants Trans-Spec leave to file the proposed "reply" and its attachments, then Caterpillar will have to file not only a "response" to the substance of the "reply" but also motions to strike

---

[2] Neither "affidavit" is notarized and, therefore, neither is really an affidavit. This, however, is not the significant problem with them.

the two affidavits, or at least portions of them. To those motions there will, undoubtedly, be responses from Trans-Spec. This is a good example of how the approach favored by Trans-Spec's counsel (and disfavored by the rules) causes the "papering" of a file to spiral out of control.

Moreover, the "reply" is accompanied by selected pages of a transcript of a man named Kevin Holmes. Trans-Spec's counsel noticed Mr. Holmes's deposition for April 11, 2005, at 9:00 AM. He questioned Mr. Holmes (who is a "friendly" witness to him) until approximately 11:10 AM, whereupon Trans-Spec's counsel announced (a) that he was done with his examination but (b) that Mr. Holmes was available for cross-examination only until 11:30 AM. Mr. Holmes confirmed this stated fact and, moreover, stated that he was leaving the Commonwealth and would be unavailable for further examination for about two weeks.[3] So defense counsel has had no meaningful opportunity to cross-examine Mr. Holmes, an opportunity which in this instance is much needed and likely to offer Mr. Holmes an opportunity to make clearer what he really meant in answer to some of the questions he was asked by Trans-Spec's counsel. Fed. R. Civ. P. 32(a) says a deposition transcript may be used "[a]t the trial *or upon the hearing of a motion*" (emphasis supplied) only to the extent it would be admissible under the rules of evidence if the witness were then present and testifying. Testimony as to which there is no reasonable opportunity for cross-examination is inadmissible under the rules of evidence, so no part of the transcript appended to Trans-Spec's proposed "reply" may be considered by the Court at all if Caterpillar objects to it (which Caterpillar hereby does and

---

[3] The notice of taking Mr. Holmes's deposition stated falsely that the deposition would continue "day to day until completed," misleading defense counsel into thinking the deposition would continue until completed. Otherwise, defense counsel would have objected to the April 11 date.

No date for completion of Mr. Holmes's deposition has be selected. The expectation is that it will be convened in early May on a date reasonably convenient to him and that such a reasonably convenient date will be chosen after he returns to work and sorts out his schedule.

which defense counsel made explicitly clear, when the deposition was abruptly pretermitted, would be done.)  If Trans-Spec is permitted to file its "reply," Caterpillar will need to file a motion to strike the transcript in its entirety and all portions of the "reply" which purport to rely on it.  More collateral litigation generated by Trans-Spec's attempted abuse of the "reply" provision in Local Rule 7.1(B)(3).

Moreover, Trans-Spec's counsel did, frankly, a poor job questioning Mr. Holmes.  He was generally unwilling or unable to ask non-leading questions to a friendly and cooperative witness on direct examination, *see* Fed. R. Evid. 611(c), or to limit himself to questions about matters of which the witness seemingly had personal knowledge, *see* Fed. R. Evid. 602, or to avoid questions designed to elicit opinions and conjecture, *see* Fed. R. Evid. 701, or to avoid compound and ambiguous questions.  Because of the unskillfulness with which the examination was conducted, defense counsel had to object repeatedly to the form of questions or to the competency of the witness and, if Trans-Spec is permitted to file its "reply," Caterpillar will have to file a motion to strike all of the testimony given in response to the improper questions (as well as unresponsive answers the witness sometimes gave).  Trans-Spec undoubtedly will oppose that motion, and the Court will then be confronted with the necessity for ruling on lots of contested *evidentiary* objections before it even gets to the subject of whether anything in the testimony has any bearing on the subject that should be at hand, to wit, whether Trans-Spec has demonstrated good cause, as that phrase is defined in the governing Court of Appeals decisions, for filing its proposed belated amended complaint.

And, fundamentally, the proposed "reply" does not even address the core issues raised in Caterpillar's opposition to the motion to amend.  Caterpillar does not intend, in this opposition, to address the lack of merit of what is said in the "reply": it will be time to do that if and when the

Court grants Trans-Spec leave to file the "reply." Suffice it to say that much of what is said in the "reply" and in items attached to it is either irrelevant to the issue at hand, outright untrue as a factual matter, materially and misleadingly incomplete, or all of the above. If the "reply" is permitted, a "response" addressing these matters will be needed and Caterpillar will file it. All in all, however, the better course would be to avoid the need for such a response, deny leave to file the "reply," and tell Trans-Spec that in the future it should proceed in accordance with Fed. R. Civ. P. 7 and Local Rule 7.1(B)(1).

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on April 21, 2005, I served the within opposition by causing it to be transmitted electronically to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert