UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>        Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>        Defendant | CIVIL ACTION NO. 04-11836-RCL |

## JOINT STATEMENT WITH RESPECT TO DISCOVERY DISPUTES

The plaintiff Trans-Spec Truck Service, Inc. d/b/a Truck Service ("Trans-Spec") and the defendant Caterpillar Inc. ("Caterpillar") submit this Joint Statement with Respect to Discovery Disputes in accordance with the Court's order of April 27, 2005.

The parties have resolved by agreement all but one of the items addressed in their respective motions to compel further discovery. As to some items, the responding party has agreed to provide voluntary supplemental responses; as to some, the moving party has decided not to pursue the matter; as to some (primarily so-called "contention" discovery) the moving party has determined it is more appropriate to serve a formal request for voluntary supplementation at a later time than to pursue of motion to compel now.

The sole issue which the parties have been unable to resolve by agreement concerns the manner in which Trans-Spec should produce certain voluminous business records which it has tendered in response to some of Caterpillar's discovery requests. It is Trans-Spec's position that Caterpillar must inspect and copy the documents at their usual place of keeping on Trans-Spec's

1

business premises; it is Caterpillar's position that it should be allowed, at its own expense, to transport the documents to a professional copy house to have copies made of them and then return the documents to Trans-Spec.

One of the several factors that bears upon the appropriate resolution of this issue is what Trans-Spec is or is not required to do by certain federal regulations that apply to truck maintenance records maintained by motor carriers like Trans-Spec. The parties disagree as to the correct interpretation of those regulations. Trans-Spec's counsel (as well as Caterpillar's counsel) has been in communication with a local official of the Federal Motor Carrier Safety Administration to obtain his input. (The relevant regulations provide for waiver by the Administration of certain regulatory requirements in "unusual" situations, a provision that might render moot the parties' disagreement about the correct interpretation of the regulations.) Trans-Spec's counsel expects to receive a letter from that official shortly. That letter may enable the parties to resolve this remaining part of their dispute by agreement. If it does not enable them to resolve it by agreement, it may at least help frame the issue clearly.

Rather than ask the Court to extend the time for filing the Joint Statement that it ordered at the April 27 hearing, the parties have elected to file this Joint Statement today to notify the Court that nearly all of the disputes raised by their respective motions to compel have been resolved and will not require the Court's attention. If they are unable to resolve their one remaining dispute after hearing from the Federal Motor Carrier Safety Administration, or if (as sometimes happens) the Federal Motor Carrier Safety Administration is unduly delayed in providing its response to Trans-Spec's counsel's inquiry, the parties will submit a further Joint Statement setting forth concisely their respective positions on that one issue so that the Court can efficiently resolve it for them.

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. | CATERPILLAR INC. |
| By its attorneys, | By its attorneys, |
| DONOVAN HATEM, L.L.P. | CAMPBELL CAMPBELL EDWARDS & CONROY, P.C. |

*/s/ Christian G. Samito*
Christian G. Samito (BBO: 639825)
2 Seaport Lane
Boston, MA 02210
(617) 406-4500

*/s/ John A. K. Grunert*
John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

3