UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-CV-11836-RCL

TRANS-SPEC TRUCK SERVICE, INC.,
d/b/a TRUCK SERVICE
Plaintiff

V.

CATERPILLAR, INC.
Defendant

**ORDER ON**

**MOTION TO AMEND COMPLAINT AND
LOCAL RULE 7.1 CERTIFICATE AND
REQUEST FOR ORAL ARGUMENT
(Docket # 36)**

**and**

**MOTION FOR LEAVE TO REPLY TO
CATERPILLAR INC.'S OPPOSITION TO THE
PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT AND REQUEST FOR ORAL ARGUMENT
(Docket # 43)**

ALEXANDER, M.J.

On March 31, 2005, approximately one week after the March 23, 2005,

deadline for filing Fed. R. Civ. P. 15 amendments to pleadings, plaintiff Trans-

Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), filed a motion to

amend its complaint. The defendant, Caterpillar, Inc., objects, on two grounds:

first, that the motion was not timely filed, and second, that the count that Trans-Spec seeks to add to the complaint fails as a matter of law. For the reasons explained more fully below, the Court ALLOWS Trans-Spec's motion to amend its complaint but DENIES Trans-Spec's motion to file a reply to Caterpillar's opposition to that motion to amend.

**Relevant Background**

Trans-Spec's claims against Caterpillar emanate from problems that Trans-Spec, which operates an oil delivery service and maintains dump trailer operations, experienced with the engines of its fleet of twenty-two trucks. Although Trans-Spec purchased the trucks from Sterling Corporation ("Sterling"), the truck's engines, referred to as C-12 engines, were manufactured specifically for Trans-Spec by Caterpillar. Trans-Spec alleges that the C-12 engines contained a design defect in the engine blocks. According to Trans-Spec, after the problems with the engines started, six of its twenty-two trucks, on average, were inoperable at any given time. In addition to partially immobilizing Trans-Spec's business operations, the engine problems have allegedly resulted in oil leaks, sometimes occurring while the trucks were at job sites, in violation of environmental laws. Although Caterpillar has paid for some related repairs and has offered to replace the engine blocks, Trans-Spec alleges that this does not provide a permanent

2

solution because, *inter alia*, breakdowns, and the loss of business that accompanies them, will continue to occur.

Trans-Spec's first amended complaint[1] alleges that Caterpillar breached warranties of merchantability and fitness and express warranties and violated Massachusetts' Consumer Protection Act, Mass. Gen. L. c. 93A. In its proposed second amended complaint, Trans-Spec seeks to add a claim of negligence. Trans-Spec has also seeks leave to file a reply to Caterpillar's opposition to Trans-Spec's motion to amend its complaint.

**Analysis**

**I.      Trans-Spec's Motion to Amend Its Complaint**

      **A.      The Timing of Trans-Spec's Motion**

Fed. R. Civ. P. 15 states that when a party seeks leave of court to amend a pleading, "leave shall be freely given when justice so requires." If a motion to amend a pleading is filed after a deadline for such motions, however, Rule 15, and its "freely given" standard, gives way to Fed. R. Civ. P. 16(b). O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) (Rule 16(b), rather than Rule 15, governs motions to amend filed after scheduling order deadline). Rule

---

[1] Trans-Spec filed its original complaint on August 23, 2004, and an amended complaint on August 26, 2004.

16(b) requires the District Court to set a scheduling order for certain events in a civil proceeding, and states, as well, that "[a] schedule shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b).

Pursuant to the scheduling order set by the District Judge in this case on October 27, 2004, all Rule 15 motions to amend the pleadings were to be filed by March 23, 2005. Trans-Spec, however, did not file its motion until March 31, 2005, eight days after the deadline. Caterpillar asserts, therefore, that Trans-Spec must demonstrate "good cause," pursuant to Rule 16(b), to modify the scheduling order to allow the filing of its second amended complaint.

Although Caterpillar is correct that the Rule 15 standard should give way to the Rule 16 standard if a motion to amend is not timely filed, the authority upon which Caterpillar relies generally involves the application of Rule 16 to motions filed more than just eight days after a deadline. In O'Connell, for example, the plaintiffs' motion to amend their complaint was filed approximately five months after the scheduling order deadline for doing so had passed. Id. 357 F.3d at 154-55. In upholding the District Court's denial of the motion to amend, the First Circuit stated that the "unexplained delay vindicates the district court's conclusion that plaintiffs were not diligently pursuing th[e] litigation." Id. at 155.

4

Similarly, the cases upon which <u>O'Connell</u> itself relies involve circumstances more extreme than filing a motion to amend a complaint eight days late.  <u>See, e.g.</u>, <u>Leary v. Daeschner</u>, 349 F.3d 888, (6th Cir. 2003) (upholding District Court's denial of plaintiffs' motion to amend complaint filed eighteen months after deadline and after partial summary judgment on other claims had already been granted); <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1419 (11th Cir.1998) (upholding denial of motion to amend complaint filed six months after scheduling order deadline).

Although Trans-Spec acknowledges that it filed its motion to amend after the March 23 deadline, it avers that problems that have arisen during the course of discovery led to the late filing.[2]  Caterpillar asserts that this does not explain why Trans-Spec could not have filed the motion to amend one week earlier and before the filing deadline.  This Court does not generally condone filing documents out of time, but given the on-going discovery dispute and the fact that Trans-Spec filed its motion to amend only eight days late, the Court can not say that Trans-Spec has not been assiduously pursuing its claims.  The Court will not deny the motion to amend on the basis that it was filed too late.

---

[2]Motions related to the parties' discovery dispute are also pending before this Court, although the parties are, as of this date, working toward resolving that dispute without further Court intervention.

5

### B.    The Sufficiency of Trans-Spec's Proposed
Second Amended Complaint

_____Caterpillar also objects to the motion to amend on the basis that the

proposed additional claim that Trans-Spec seeks to add – the negligence claim –

fails as a matter of law.  The claims fails, according to Caterpillar, for two reasons:

first, because Caterpillar's limited warranty expressly disclaims liability for

negligence in connection with the manufacture, sale or servicing of its engines;

and second, because the "economic loss" doctrine bars the claim.  The Court

addresses the second contention first.

_____"[A] district court need not grant every request to amend, come what

may. . . . Where an amendment would be futile or would serve no legitimate

purpose, the district court should not needlessly prolong matters."  Correa-

Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (overruled on other

grounds by Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61 (1st

Cir. 2004)).  The "yardstick" by which "futility" is measured in a case where, as

here, discovery is not yet complete and no summary judgment motions have been

filed, is that of Fed. R. Civ. P. 12(b)(6).  Hatch v. Dep't for Children, Youth &

Their Families, 274 F.3d 12, 19 (1st Cir. 2001).  Trans-Spec's proposed amended

complaint, therefore, need only set forth a "general scenario which, if proven,

would entitle [it] to relief against the defendant on some cognizable theory." Id.

(citations omitted).  The Court finds that Trans-Spec has met this burden.

Under Massachusetts law,

> [i]n the absence of personal injury or physical damage to
> property, the negligent supplier of a defective product is
> not ordinarily liable in tort for simple economic loss.

Berish v. Bornstein, 437 Mass. 252, 267 (2002).  See also, Arthur D. Little Int'l,

Inc., v. Dooyang Corp., 928 F. Supp. 1189, 1202 (D. Mass. 1996).  Economic loss,

in turn, includes

> "damages for inadequate value, costs of repair and
> replacement of the defective product or consequent loss
> of profits without any claim of personal injury or damage
> to other property."

Id. (quoting Marcil v. John Deere Indus. Equip. Co., 9 Mass. App. Ct. 625, 630 n.

3)).

Trans-Spec states in its proposed amended complaint that the problems with

the C-12 engines have resulted in oil leaks, in violation of environmental laws, in

some of its trucks.  Additionally, in its motion to amend the complaint, although

not within the proposed amended complaint itself, Trans-Spec asserts that the

defective engines caused property damage to the trucks beyond just the engine

problems and that the oil leaks caused damage to Trans-Spec's property as well as

the property of its customers. Trans-Spec contends, therefore, that the economic loss doctrine does not preclude its proposed negligence claim because "other property" has been damaged.

As Caterpillar points out, Trans-Spec does not state on the face of its proposed amended complaint that the oil leaks caused property damage. Trans-Spec does, however, assert that the engines caused oil leaks. The Court can not, at this stage of the proceedings – and despite Caterpillar's cogent assertions regarding the economic loss doctrine – determine whether the asserted oil leaks constitute damage to "other" property sufficient to meet the requirements of the economic loss doctrine.

Similarly, although Caterpillar's contentions regarding its warranty might ultimately prove successful, the Court can not now say that Trans-Spec has not set forth a "cognizable theory" that would, if proven, entitle it to relief. The Court therefore ALLOWS Trans-Spec's motion to amend its complaint.

## II.    Trans-Spec's Motion to Reply to Caterpillar's Opposition

The Court DENIES, however, Trans-Spec's Motion for Leave to Reply to Caterpillar Inc.'s Opposition to the Plaintiff's Motion to Amend the Complaint. The Reply is unnecessary, and the Court will not sanction the filing of limitless replies and responses in this case.[3]

**Conclusion**

For the reasons set forth above, Trans-Spec's motion to amend its complaint is ALLOWED and its motion to file a reply to Caterpillar's opposition to that motion is DENIED.

SO ORDERED.


<u>5/20/05</u>                                    <u>/S/ Joyce London Alexander</u>
Date                                         United States Magistrate Judge

---

[3]The Court also cautions all counsel to cease using papers filed with this Court as vehicles for criticizing opposing counsels' work.  Such activities do a disservice to both counsel and their clients.