UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., )<br>d/b/a TRUCK SERVICE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CATERPILLAR INC., )<br>)<br>Defendant )<br>) | CIVIL ACTION NO. 04-11836-RCL |

### CATERILLAR INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(6)

The defendant Caterpillar Inc. ("Caterpillar") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing with prejudice the plaintiff Trans-Spec Truck Service Inc.'s recently-filed Second Amended Complaint.

In support of its motion, Caterpillar states (as more fully set forth in the accompanying memorandum) that even if every factual averment in the Second Amended Complaint is accepted as true, the Second Amended Complaint fails to state a claim on which relief can be granted for the following reasons:

- Trans-Spec's claim for alleged breaches of express and implied warranties (Count I) is barred by the applicable statute of limitation, G.L. c. 106, §2-725, because Trans-Spec avers it took delivery of the allegedly defective products no later than January, 2000, but did not commence this action until August, 2004;

- Trans-Spec's claim for alleged breaches of implied warranties (contained in Count I) is barred by the conspicuous disclaimer of all implied warranties contained in the document attached to the Second Amended Complaint as Exhibit C and which Trans-Spec avers is the applicable express warranty;

- Trans-Spec's claim for alleged violation of the Magnusson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, (contained in Count I) fails because that statute applies only to warranties of consumer goods, which the goods involved in this case admittedly were not;

- Trans-Spec's claim under G.L. c. 93A, §§2 and 11, (Count II) fails because Trans-Spec avers that it arises from the alleged breach of warranties, it is merely an alternative theory of recovery under the warranties, and therefore it is subject to the same untimeliness and disclaimer defenses as are the breach of warranty claims;

- Trans-Spec's negligence claim (Count III) fails by virtue of the so-called economic loss rule because the Second Amended Complaint contains no averment that the alleged negligence caused personal injury or damage to property of Trans-Spec other than the allegedly defective engines themselves.

WHEREFORE, Caterpillar requests the Court to enter its order dismissing the Second Amended Complaint in its entirety and directing that judgment in Caterpillar's favor, with costs, be entered forthwith.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.,

John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on May 25, 2005, I served the within motion by causing a copy to be mailed, by first class mail, postage prepaid, to Nancy Reimer, Esquire, Donovan Hatem, LLP, 2 Seaport Lane, Boston, MA 02210.

John A. K. Grunert

2