UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC.<br>d/b/a TRUCK SERVICE,<br><br>　　　　　　Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 04-11836-RCL |

### CATERPILLAR INC.'S MOTION TO STRIKE  ATTACHMENTS TO PLAINTIFF'S OPPOSITION TO CATERPILLAR'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE PORTIONS OF THE OPPOSITION ITSELF, AND CERTIFICATE OF LOCAL RULE 7.1 CONFERENCE

The defendant Caterpillar Inc. hereby moves for an order striking Exhibits A through K to the plaintiff Trans-Spec's Opposition to Caterpillar Inc.'s Motion to Dismiss Second Amended Complaint and Request for Oral Argument and striking pages 8 to 13 of the Opposition itself.

Caterpillar moved to dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) because that pleading fails on its face to state any legally cognizable claim.  While the Court, upon adequate notice to the parties, has discretion to convert a Rule 12(b)(6) motion into a motion for summary judgment and to consider matter outside the pleadings, courts typically do so "only in situations in which the materials extrinsic to the pleadings are incontrovertible and pose discrete and dispositive issues."  2 Moore's Federal Practice, §12.34[3-[a] at 12-72.2 (Matthew Bender 3rd ed.).  That is plainly not the case here.

The attachments to Trans-Spec's Opposition are a mish-mash of incompetent and/or otherwise inadmissible matter.  If the Court does not strike them now, the Court will be required

1

under applicable law to afford Caterpillar full opportunity to respond to them, that is to say, to file motions challenging their compliance with Fed. R. Civ. P. 56(e), to file additional evidentiary materials of a type that may be considered on summary judgment motions, and to file a reply brief addressing all of the extraneous issues the attachments raise. Rather than straightforward and easily-decided issues of substantive law of the type presented by Caterpillar's Rule 12(b)(6) motion, the Court will be confronted with extensive ancillary procedural litigation before it can reach the legal merits. That is not what the provision in Rule 12(b)(6) granting the court discretion to consider matters outside the pleadings was intended to accomplish. Moreover, it is simply unfair to Caterpillar. If Trans-Spec had a legally cognizable claim against Caterpillar, Caterpillar was entitled to have it set forth concisely in a pleading. Caterpillar should not have to rummage through opportunistic, constantly-shifting, affidavits and deposition testimony of doubtful competence to try to discern what the elements of the claim against it are. Caterpillar should not have to try to hit a constantly moving target. Caterpillar, like other defendants, is entitled to have the elements of the claim against it -- if there is such a claim -- stated in the complaint. If they are not, Caterpillar is entitled to a dismissal.

Caterpillar brought its motion under Rule 12(b)(6) motion and the Court should evaluate it under that rule.

WHEREFORE, Caterpillar requests the Court to strike from the record Exhibits A through K to Trans-Spec's Opposition to Caterpillar Inc.'s Motion to Dismiss Second Amended Complaint and Request for Oral Argument and to strike pages 8 through 13 of the Opposition itself because those pages reference and rely on the improperly attached Exhibits.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF CONFERENCE

I, John A. K. Grunert, hereby certify pursuant to Local Rule 7.1 that on June 3, 2005, I conferred with Nancy M. Reimer, Esquire, one of the counsel of record for the plaintiff Trans-Spec Truck Service Inc., in a good faith effort to resolve or narrow the issues raised by this motion.  We were unable to resolve or narrow the issues.

John A. K. Grunert

## CERTIICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on June 3, 2005, I served the within motion by causing it to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem LLP, 2 Seaport Lane, Boston, MA 02210.

John A. K. Grunert

3