UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, Plaintiff | ) ) ) ) ) |
| vs. | ` ) |
| CATERPILLAR INC. Defendant | ) ) ) |

**OPPOSITION TO CATERPILLAR INC.'S MOTION TO STRIKE ATTACHMENTS TO PLAINTIFF'S OPPOSITION TO CATERPILLAR'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE PORTIONS OF THE OPPOSITION ITSELF AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby opposes Defendant Caterpillar Inc.'s ("Caterpillar") *Motion To Strike Attachments To Plaintiff's Opposition To Caterpillar's Motion To Dismiss The Complaint And To Strike Portions Of The Opposition Itself* ("Motion to Strike").

Caterpillar attempts to cast aspersion on the attachments to Trans-Spec's Opposition by calling them a "mish-mash of incompetent and/or otherwise inadmissible matter," and "opportunistic, constantly-shifting, affidavits and deposition testimony of doubtful competence[.]" (Motion to Strike, p. 1, 2). Nonetheless, Caterpillar fails to identify a single instance in which one of Trans-Spec's affidavits has contradicted any of its predecessors. Furthermore, Caterpillar attacks the quality of the deposition testimony in this matter thus far, offered under oath and with opportunity for cross-examination, because this testimony has been predominantly unfavorable to Caterpillar. As shown in Trans-Spec's underlying Opposition, a

Caterpillar agent and representative, Albert Cardoza ("Cardoza") (a) confirmed that Caterpillar refused coverage on Trans-Spec's flywheel housings and flywheel housing bolts for a significant period of time beginning in September 2002; (b) confirmed that no reliable or permanent fix exists for the type of engine problems Trans-Spec has suffered; (c) confirmed that the flywheel houses that Caterpillar used on the C-12s purchased by Trans-Spec were of the same design and construction as those used on engines which generate much less horsepower and torque; and, (d) confirmed his participation in discussions with a Trans-Spec representative concerning the capabilities of the C-12 engine prior to Trans-Spec's purchase. (Opposition, pp. 7-11). It is disingenuous for Caterpillar to try to characterize Cardoza's testimony, coming from someone hostile to Trans-Spec, as "opportunistic" and incompetent because the testimony confirmed basic facts underlying Trans-Spec's claims.[2]

Moreover, in opposing a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), Trans-Spec has a right to present to the Court materials outside its pleading even though this may cause the Court, in its discretion, to convert Caterpillar's Motion to Dismiss to one for summary judgment.[3] Fed. R. Civ. P. 12(b); *Berner v. Delahanty*, 129 F.3d 20, 25 footnote 3 (1st Cir. 1997); *Garita Hotel Ltd. Pshp. v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir. 1992) ("We think the proper approach to Rule 12(b)(6) conversion is functional rather than mechanical. A motion to dismiss is not automatically transformed into a motion for summary judgment simply

---

[1] Cardoza is employed by Southworth-Milton, Inc. ("SMI"), Caterpillar's sole distributor in the New England region and its agent and representative. Trans-Spec has sued SMI in state court and Caterpillar's counsel represents SMI in that action. During his deposition, Cardoza testified to the extensive training Caterpillar provided him, the myriad of Caterpillar training seminars he has taught in his own right, and that, "[t]o a TEPS [truck engine product support] dealer, Southworth-Milton is Caterpillar in many cases, in their eyes. When they're a Caterpillar dealer, they do not call Peoria Illinois, they call directly to us and I'm Mr. Caterpillar." (Cardoza depo., 11.6-13.9, 205.14-18, attached as Exhibit A).
[2] Caterpillar inappropriately seeks to cast aspersion on the testimony of other non-Trans-Spec deponents such as Donald Medbery ("Medbery"), the salesman involved in Trans-Spec's purchase. Caterpillar deposed Medbery.
[3] According to the cases cited herein, this Court has substantial discretion to convert a motion to dismiss to one for summary judgment, and more than Caterpillar's isolated citation to Moore's *Federal Practice* implies.

because matters outside the pleadings are filed with, and not expressly rejected by, the district court. If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs."); *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir. 1990) (district court acted within its discretion in converting a Rule 12(c) motion to a 12(b)(6) motion to dismiss and in treating a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment); 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1366 (3d ed. 2004) at p. 148 ("[S]ince the promulgation of the federal rules most federal courts have allowed the parties to go beyond the question of the complaint's formal sufficiency and to introduce affidavits and other matters in conjunction with the Rule 12(b)(6) motion to ascertain whether there is any merit to the claim."). Furthermore, the First Circuit has "treated any error in failing to give express notice [of the District Court's conversion of a Rule 12(b)(6) motion into one for summary judgment] as harmless when the opponent has received the affidavit and materials, has had an opportunity to respond to them, and has not controverted their accuracy." *Whiting*, 921 F.2d at 6. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" Fed. R. Civ. P. 56 (c). In this case, whether the Court treats Caterpillar's Motion to Dismiss as one under Rule 12(b)(6) or Rule 56, the outcome remains the same: denial.[4]

---

[4] In its Motion to Strike, Caterpillar can at most ask this Court to strike Exhibits A through K and corresponding references within Trans-Spec's underlying Opposition. It is inappropriate, however, for Caterpillar to ask that pages 8 through 13 of the Opposition be stricken in their entirety insofar as these pages contain legal arguments bolstered by references to the Second Amended Complaint. Trans-Spec further notes that the Court may be in a position to rule on Caterpillar's Motion to Dismiss without needing to reach the arguments discussed on pages 8 through 13 of the Opposition. As it is, the Court must deny Caterpillar's Motion to Dismiss for the reasons discussed on pages 1 through 7 of Trans-Spec's Opposition as well as in following the liberal Rule 12(b)(6) standard that "[t]he court may only dismiss plaintiff's complaint if 'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kucher v. Levin*, 1986 U.S. Dist. LEXIS 27895, *1 footnote 1 (D. Mass. 1986), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, Caterpillar filed its Motion to Dismiss despite this Court's finding, in its May 20, 2005 Order, that Trans-Spec's Complaint withstood Rule 12(b)(6)

- 4 -

WHEREFORE, Trans-Spec respectfully requests that this Court deny Caterpillar's

Motion to Strike for the foregoing reasons and deny Caterpillar's underlying Motion to Dismiss

whether it is considered under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56.

Respectfully submitted,
TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE
By its Attorneys,

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
Date: June 6, 2005                              (617) 406-4500

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on its *Opposition To Caterpillar Inc.'s Motion To Strike Attachments To Plaintiff's Opposition To Caterpillar's Motion To Dismiss The Complaint And To Strike Portions Of The Opposition Itself.*

---

scrutiny. In that Order, the Court also expressly rejected Caterpillar's argument that the economic loss doctrine and its purported warranty disclaimer barred portions of Trans-Spec's claims at this point. Pages 8 through 13 of Trans-Spec's Opposition to the Motion to Dismiss deal with these two issues.

- 5 -

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 6th day of June, 2005, I served a copy of the foregoing, by mail, postage prepaid to:

John A. K. Grunert, Esq.
Christopher Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129

Christian G. Samito, Esq.

00923097