UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, | ) ) ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-11836-RCL |
| | ) | |
| CATERPILLAR INC. | ) | |
| | ) | |
| Defendant | ) | |

## CATERPILLAR INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND CERTIFICATE OF CONFERENCE OF COUNSEL

The defendant Caterpillar Inc. ("Caterpillar") moves pursuant to Fed. R. Civ. P. 34 and 37 for an order, in the form attached to this motion, compelling the plaintiff Trans-Spec Truck Service, Inc. to produce, within ten (10) days of entry of the order, all of the documents described in ¶15 of Caterpillar Inc.'s First Request for Production of Documents and Tangible Things by the Plaintiff. Copies of Caterpillar's Inc.'s First Request for Production of Documents and Tangible Things and Trans-Spec's initial and amended Rule 34(b) responses to it are attached to this motion. In particular, Caterpillar asks the Court either to order production of copies of those documents at the location specified for their production in Caterpillar's request (to wit, the Boston office of Caterpillar's counsel) or to permit Caterpillar's counsel, at Caterpillar's expense, to transport the responsive documents from their current place of keeping to a professional copyhouse, have them copied at Caterpillar's expense, and then return them at Caterpillar's expense to their current place of keeping.

In support of its motion, Caterpillar states (as more fully set forth in the accompanying memorandum) that the documents requested by ¶15 are of undisputed relevance and are not subject to any claim of privilege.  They are, however, extremely voluminous and are stored in cardboard boxes at a location that is unequipped with copying facilities adequate to the task of copying them.  Trans-Spec has refused without good cause either to have copies of the documents made for Caterpillar (at Caterpillar's expense) or to permit Caterpillar to transport the documents to a professional copyhouse were they can be copied quickly and economically at Caterpillar's expense.  By that refusal Trans-Spec has effectively prevented Caterpillar from making use of the documents to analyze issues that are central to this case, including the likely cause of the flywheel housing failures Trans-Spec has experienced, the manner in which Trans-Spec has used and maintained the trucks involved in the case, damage sustained by the trucks and engines involved in the case, the frequency with which Trans-Spec has repaired flywheel housings on the engines at its own expense, and the causes and amounts of downtime experienced by Trans-Spec's trucks.

WHEREFORE, Caterpillar requests the Court to order Trans-Spec to produce the requested documents in accordance with the attached form of order.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A. K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF CONFERENCE OF COUNSEL

I, John A. K. Grunert, hereby certify pursuant to Rules 7.1 and 37.1 of the Local Rules for the United States District Court for the District of Massachusetts that on May 4, 2005, I conferred in person with Nancy M. Reimer, Esquire, and Christian Samito, Esquire, both of the firm of Donovan Hatem, LLP, counsel for the plaintiff Trans-Spec Truck Service, Inc., for approximately two-and-a-half hours at my office at One Constitution Plaza, Boston, Massachusetts. The conference addressed a variety of outstanding discovery issues, including the one that is the subject of this motion. All then-outstanding issues were resolved except for the one addressed herein. Both I and my associate, Christopher Howe, Esquire, have also discussed the issue addressed herein on multiple other occasions with plaintiff's counsel Christina Samito, Esquire. Our efforts to resolve the issue by agreement, however, have all failed.

_____
John A. K. Grunert (BBO: 213820)

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on June 21, 2005, I served the within motion by causing a copy to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert

\

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC.<br>d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 04-11836-RCL<br>)<br>)<br>)<br>)<br>) |

## ORDER COMPELLING PRODUCTION OF DOCUMENTS

Upon motion of the defendant Caterpillar Inc., it is hereby ORDERED as follows:

1.  The plaintiff Trans-Spec Truck Service, Inc. ("Trans-Spec") shall, within ten (10) days after the date of this order, produce all of the documents requested in ¶15 of Caterpillar Inc.'s First Request for Production of Documents by the Plaintiff. Such production shall be made in accordance with the following paragraphs of this order.

2.  Trans-Spec may, at its option, transport the requested records (omitting any that Caterpillar may tell Trans-Spec in writing may be omitted) to a professional copyhouse for copying, have legible copies made there, provide one set of such copies to counsel for Caterpillar at his Boston office, and bill Caterpillar for the actual copyhouse charge for making the copies supplied to Caterpillar's counsel. Caterpillar shall promptly reimburse Trans-Spec for the actual copyhouse charge for making the copies supplied to it or, in the event the copyhouse bills defense counsel directly for the copying, shall promptly pay the bill.

3.  Alternatively, Trans-Spec may, at its option, make the requested records available to Caterpillar's representatives and permit Caterpillar's representatives to transport the records (at Caterpillar's expense) to a professional copyhouse for copying, to have them copied at that copyhouse (at Caterpillar's expense), and to return the original records promptly upon completion of the copying to the location(s) on Trans-Spec's premises from which they were taken. Caterpillar shall make suitable arrangements with the copyhouse to have the original records returned to Trans-Spec in materially the same order and condition as they were found.

4.    If Trans-Spec chooses the option set forth in ¶3 of this order, Trans-Spec may, if it chooses and at its own expense, have one or more of its employees or representatives accompany the documents produced in accordance with that paragraph as they are transported to and from the copyhouse by Caterpillar.

5.    If Trans-Spec receives a request to inspect documents subject to this order from a special agent or authorized representative of the Federal Motor Carrier Safety Administration, and if the documents are in the possession of Caterpillar or the copyhouse selected by it at the time the request is received, Caterpillar shall return the original documents within 48 hours after being notified of the request by Trans-Spec (excluding Saturdays, Sundays, and federal holidays in computation of the 48 hours) to Trans-Spec's principal place of business at 7 Cristo Lane, Millbury, Massachusetts, or to such other location as may be specified by the special agent or authorized representative. *Provided, however,* that the 48 hour period specified in this paragraph may be enlarged if the date and time specified by the special agent or other authorized representative for his or her inspection of the records is more than 48 hours after the date and time the request is made, so long as the records are available for inspection by the special agent or other representative at the date and time requested. *Provided further* that Trans-Spec shall promptly inform Caterpillar's counsel in writing of the location to which the records are to be returned.

BY THE COURT,

_____

DATED:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICE,<br><br>            Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.,<br><br>            Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION NO. 04-11836-RCL |

## CATERPILLAR INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF

The defendant Caterpillar Inc. ("Caterpillar") requests pursuant to Fed. R. Civ. P. 34(a) that the plaintiff Trans-Spec Truck Service Inc. produce all of the following documents for inspection and copying on January 5, 2005, at the offices of Campbell Campbell Edwards & Conroy, P.C., One Constitution Plaza, Boston, Massachusetts.

### DEFINITIONS

A.     "Trans-Spec" means the plaintiff Trans-Spec Truck Service Inc. and its officers, directors, employees, and representatives.

B.     "Sterling" means Sterling Truck Corporation and its officers, directors, employees, and representatives.

C.     The "trucks" means the trucks referenced in ¶12 of the amended complaint.

D.     The "engines" means the Caterpillar C-12 engines that were incorporated into the trucks.

E.     "Southworth" means Southworth-Milton, Inc., now known as MiltonCat.

1

## REQUESTED DOCUMENTS

### REQUEST NO. 1

The documents identified in ¶¶1, 2, 3, 4 and 6 of the section of Trans-Spec's automatic disclosure headed "Disclosure Pursuant to Rule 26(a)(1)(B)."

### REQUEST NO. 2

All correspondence (including both paper and electronic correspondence) between Trans-Spec and Sterling with respect to the trucks, the engines, or any of them.

### REQUEST NO. 3

All correspondence (both paper and electronic) between Trans-Spec and Sterling generated in the course of the negotiations between Trans-Spec and Sterling that preceded Trans-Spec's purchase of the trucks.

### REQUEST NO. 4

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with the negotiations between Trans-Spec and Sterling that preceded Trans-Spec's purchase of the trucks.

### REQUEST NO. 5

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Caterpillar concerning the trucks, the engines, or any of them.

### REQUEST NO. 6

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Southworth concerning the trucks, the engines, or any of them.

### REQUEST NO. 7

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Sterling concerning the trucks, the engines, or any of them.

REQUEST NO. 8

All correspondence (both paper and electronic) generated by Trans-Spec in connection with efforts it made to rent vehicles [as to which *see* ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

REQUEST NO. 9

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to rent vehicles [as to which *see* ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

REQUEST NO. 10

All correspondence (both paper and electronic) generated or received by Trans-Spec in connection with efforts it made to trade in the trucks [as to which *see* ¶24 of the amended complaint] or any of them.

REQUEST NO. 11

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to trade in the trucks [as to which *see* ¶24 of the amended complaint] or any of them.

REQUEST NO. 12

All of Trans-Spec's balance sheets, profit and loss statements, revenue statements, and other financial statements and reports pertaining to the calendar years 1998 through 2004 or to any part of any such year.

REQUEST NO. 13

All express warranties given to Trans-Spec by Sterling with respect to the trucks or any of the trucks.

REQUEST NO. 14

Every express warranty Trans-Spec claims Caterpillar gave with respect to the engines or any of them.

REQUEST NO. 15

All reports, correspondence, memoranda, estimates, work orders, and job tickets (both paper and electronic) relative to any of the trucks generated by persons or companies that have inspected or serviced them.

CATERPILLAR INC.

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert   (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

    I, John A.K. Grunert, hereby certify that on December 1, 2004, I served the within requests by causing them to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Two Seaport Lane, Boston, MA  02210.

John A.K. Grunert

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICE, <br>     Plaintiff <br><br> vs. <br><br> CATERPILLAR INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE'S RESPONSES TO CATERPILLAR INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff, Trans-Spec Truck Service, Inc. ("Trans-Spec") hereby answers defendant Caterpillar Inc.'s ("Caterpillar") requests as follows:

### GENERAL OBJECTIONS OF SPECIFIC APPLICABLITY

1.      Trans-Spec objects to each request to the extent that it seeks information beyond the proper scope of discovery because of the attorney/client relationship, or because it was prepared in anticipation of litigation or trial, or because it constitutes attorney work product, or which is privileged.

2.      The production of documents in response to the document requests is qualified by the objections, whether general or specific, asserted herein, and the production of any document does not constitute a waiver of any objection asserted.

3.      Trans-Spec objects to each request that seeks information beyond the scope of discovery permitted by Fed. R. Civ. P. 26.

4.     Trans-Spec objects to the requests to the extent that they seek information outside the time frame relevant to this action or the scope of this action.

5.     Trans-Spec reserves the right to supplement these responses in a timely manner.

## REQUESTED DOCUMENTS

**REQUEST NO. 1**

The documents identified in ¶¶ 1, 2,3,4 and 6 of the section of Trans- Spec's automatic disclosure headed "Disclosure Pursuant to Rule 26(a)(1)(B)."

**RESPONSE NO. 1**

Trans-Spec produced these documents on November 10, 2004 as part of its Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 2**

All correspondence (including both paper and electronic correspondence) between TransSpec and Sterling with respect to the trucks, the engines, or any of them.

**RESPONSE NO. 2**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 3**

All correspondence (both paper and electronic) between Trans-Spec and Sterling generated in the course of the negotiations between Trans-Spec and Sterling that preceded Trans-Spec's purchase of the trucks.

**RESPONSE NO. 3**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 4**

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with the negotiations between Trans-Spec and Sterling that preceded TransSpec's purchase of the trucks.

**RESPONSE NO. 4**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 5**

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Caterpillar concerning the trucks, the engines, or any of them.

**RESPONSE NO. 5**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 6**

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Southworth concerning the trucks, the engines, or any of them.

**RESPONSE NO. 6**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 7**

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Sterling concerning the trucks, the engines, or any of them.

**RESPONSE NO. 7**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 8**

All correspondence (both paper and electronic) generated by Trans-Spec in connection with efforts it made to rent vehicles [as to which see ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

**RESPONSE NO. 8**

Trans-Spec responds that all efforts to rent vehicles were conducted over the telephone or in person and further refers to Answer No. 8 of its Answers to Caterpillar Inc.'s First Set of Interrogatories.

**REQUEST NO. 9**

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to rent vehicles [as to which see ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

**RESPONSE NO. 9**

Trans-Spec responds that all efforts to rent vehicles were conducted over the telephone or in person and further refers to Answer No. 8 of its Answers to Caterpillar Inc.'s First Set of Interrogatories.

**REQUEST NO. 10**

All correspondence (both paper and electronic) generated or received by Trans-Spec in connection with efforts it made to trade in the trucks [as to which see ¶24 of the amended complaint] or any of them.

**RESPONSE NO. 10**

Trans-Spec responds that all efforts to trade in the trucks were conducted over the telephone and further refers to Answer No. 9 of its Answers to Caterpillar Inc.'s First Set of Interrogatories.

**REQUEST NO. 11**

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to trade in the trucks [as to which see ¶24 of the amended complaint] or any of them.

**RESPONSE NO. 11**

Trans-Spec responds that all efforts to trade in the trucks were conducted over the telephone and further refers to Answer No. 9 of its Answers to Caterpillar Inc.'s First Set of Interrogatories.

**REQUEST NO. 12**

All of Trans-Spec's balance sheets, profit and loss statements, revenue statements, and other financial statements and reports pertaining to the calendar years 1998 through 2004 or to any part of any such year.

**RESPONSE NO. 12**

Trans-Spec produced all documents responsive to this request for the years 2001, 2002, and 2003 pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure. Trans-Spec will produce all documents responsive to this request for the years 1998, 1999, 2000, and, as soon as available, 2004.

**REQUEST NO. 13**

All express warranties given to Trans-Spec by Sterling with respect to the trucks or any of the trucks.

**RESPONSE NO. 13**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 14**

Every express warranty Trans-Spec claims Caterpillar gave with respect to the engines or any of them.

**RESPONSE NO. 14**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 15**

All reports, correspondence, memoranda, estimates, work orders, and job tickets (both paper and electronic) relative to any of the trucks generated by persons or companies that have inspected or serviced them.

**RESPONSE NO. 15**

Trans-Spec responds that entities not under its control have possession, custody, or control of all documents responsive to this request.

TRANS-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE

By its attorneys

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: January 14, 2004

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 14th day of January, 2005, I served a copy of the foregoing TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE'S RESPONSES TO CATERPILLAR INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, to be mailed, postage prepaid to:

Richard P. Campbell, Esq.
Christopher Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129


_____
Christian G. Samito, Esq.


00881484

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

TRANS-SPEC TRUCK SERVICE INC., )
d/b/a TRUCK SERVICE, )
     Plaintiff )
)
vs. )
)
CATERPILLAR INC., )
     Defendant. )

**TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE'S AMENDED
RESPONSES TO CATERPILLAR INC.'S FIRST REQUEST FOR
<u>PRODUCTION OF DOCUMENTS</u>**

     The plaintiff, Trans-Spec Truck Service, Inc. ("Trans-Spec") hereby answers defendant

Caterpillar Inc.'s ("Caterpillar") requests as follows:

<u>**GENERAL OBJECTIONS OF SPECIFIC APPLICABLITY**</u>

     1.     The production of documents in response to the document requests is qualified by

the objections asserted specifically herein and the production of any document does not

constitute a waiver of any objection asserted.

     2.     Trans-Spec reserves the right to supplement these responses in a timely manner.

<u>**REQUESTED DOCUMENTS**</u>

**REQUEST NO. 1**

The documents identified in ¶¶ 1, 2,3,4 and 6 of the section of Trans- Spec's automatic disclosure
headed "Disclosure Pursuant to Rule 26(a)(1)(B)."

**RESPONSE NO. 1**

Trans-Spec produced these documents on November 10, 2004 as part of its Local Rule 26.2 and
Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 2**

All correspondence (including both paper and electronic correspondence) between TransSpec and Sterling with respect to the trucks, the engines, or any of them.

**RESPONSE NO. 2**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 3**

All correspondence (both paper and electronic) between Trans-Spec and Sterling generated in the course of the negotiations between Trans-Spec and Sterling that preceded Trans-Spec's purchase of the trucks.

**RESPONSE NO. 3**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 4**

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with the negotiations between Trans-Spec and Sterling that preceded TransSpec's purchase of the trucks.

**RESPONSE NO. 4**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 5**

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Caterpillar concerning the trucks, the engines, or any of them.

**RESPONSE NO. 5**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 6**

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Southworth concerning the trucks, the engines, or any of them.

**RESPONSE NO. 6**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 7**

All notes and memoranda (both paper and electronic) generated by Trans-Spec which, in whole or in part, report or summarize communications with Sterling concerning the trucks, the engines, or any of them.

**RESPONSE NO. 7**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure.

**REQUEST NO. 8**

All correspondence (both paper and electronic) generated by Trans-Spec in connection with efforts it made to rent vehicles [as to which see ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

**RESPONSE NO. 8**

Trans-Spec responds that all efforts to rent vehicles were conducted over the telephone or in person and further refers to Answer No. 8 of its Amended Answers to Caterpillar Inc.'s First Set of Interrogatories.  Trans-Spec generated no correspondence regarding the efforts it made to rent vehicles for temporary use in substitution for trucks that were out of service.

**REQUEST NO. 9**

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to rent vehicles [as to which see ¶16 of the amended complaint] for temporary use in substitution for trucks that were out of service.

**RESPONSE NO. 9**

Trans-Spec responds that all efforts to rent vehicles were conducted over the telephone or in person and further refers to Amended Answer No. 8 of its Answers to Caterpillar Inc.'s First Set of Interrogatories. Trans-Spec generated no notes or memoranda in connection with the efforts it made, or considered making, to rent vehicles for temporary use in substitution for trucks that were out of service.

**REQUEST NO. 10**

All correspondence (both paper and electronic) generated or received by Trans-Spec in connection with efforts it made to trade in the trucks [as to which see ¶24 of the amended complaint] or any of them.

**RESPONSE NO. 10**

Trans-Spec responds that all efforts to trade in the trucks were conducted over the telephone and further refers to Amended Answer No. 9 of its Answers to Caterpillar Inc.'s First Set of Interrogatories. Trans-Spec generated no correspondence, nor did it receive any correspondence, in connection with efforts it made to trade in the trucks.

**REQUEST NO. 11**

All notes and memoranda (both paper and electronic) generated by Trans-Spec in connection with efforts it made, or considered making, to trade in the trucks [as to which see ¶24 of the amended complaint] or any of them.

**RESPONSE NO. 11**

Trans-Spec responds that all efforts to trade in the trucks were conducted over the telephone and further refers to Amended Answer No. 9 of its Answers to Caterpillar Inc.'s First Set of Interrogatories. Trans-Spec generated no notes or memoranda in connections with efforts it made, or considered making, to trade in the trucks.

**REQUEST NO. 12**

All of Trans-Spec's balance sheets, profit and loss statements, revenue statements, and other financial statements and reports pertaining to the calendar years 1998 through 2004 or to any part of any such year.

**RESPONSE NO. 12**

Trans-Spec produced all documents responsive to this request for the years 2001, 2002, and 2003 pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure. Trans-Spec will produce all documents responsive to this request for the years 1998, 1999, 2000, and, as soon as available, 2004.

**REQUEST NO. 13**

All express warranties given to Trans-Spec by Sterling with respect to the trucks or any of the trucks.

**RESPONSE NO. 13**

Trans-Spec has no responsive documents in its possession, custody, or control. Sterling warrantied only the cab and mainframe of the vehicles for a two year period. As that period has long expired, Trans-Spec no longer has this paperwork.

**REQUEST NO. 14**

Every express warranty Trans-Spec claims Caterpillar gave with respect to the engines or any of them.

**RESPONSE NO. 14**

To the extent they exist, Trans-Spec produced all responsive documents in its possession, custody, or control pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosure. These will be produced again pursuant to Caterpillar's request.

**REQUEST NO. 15**

All reports, correspondence, memoranda, estimates, work orders, and job tickets (both paper and electronic) relative to any of the trucks generated by persons or companies that have inspected or serviced them.

**RESPONSE NO. 15**

Trans-Spec responds that it will permit Caterpillar to inspect these documents at its offices at a mutually convenient time. Trans-Spec further responds that Department of Transportation regulations mandate that these documents cannot be removed offsite. Trans-Spec also states that entities not under its control have possession, custody, or control of documents responsive to this request.

TRANS-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE
By its attorneys

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: March 21, 2005

- 6 -

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 21st day of March, 2005, I served a copy of the foregoing TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE'S AMENDED RESPONSES TO CATERPILLAR INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, to be mailed, postage prepaid to:

Richard P. Campbell, Esq.
Christopher Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129


Christian G. Samito, Esq.


00891200