UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
TRANS-SPEC TRUCK SERVICE, INC.  )
d/b/a TRUCK SERVICE,            )
                                )
              Plaintiff         )
                                )
vs.                             )   CIVIL ACTION NO. 04-11836-RCL
                                )
CATERPILLAR INC.                )
                                )
              Defendant         )
_____)

NOTICE OF TAKING DEPOSITION

TO:   Nancy M. Reimer, Esquire
      Donovan Hatem, L.L.P.
      Two Seaport Lane
      Boston, MA 02210

PLEASE TAKE NOTICE that the defendant Caterpillar Inc. will take the deposition pursuant to Fed. R. Civ. P. 30(b)(6) of the plaintiff Trans-Spec Truck Service, Inc. ("Trans-Spec"), by and through its designated officer, director, managing agent, or other person who consents to testify on its behalf and to provide all information known or available to the corporation on the following subject matters:

   1.   What documents Trans-Spec has routinely generated in its business (at any time since January 1, 2000) in connection with repair, servicing, maintenance, or inspection of its trucks, as well as the identities of persons who generate such documents, the manner in which the documents are generated, the manner and locations in which such documents are kept, the identities of persons with custody of them, and where such documents presently are to be found.

2. What documents Trans-Spec officers, directors, employees, and representatives generated or received in connection with Trans-Spec's negotiations with Sterling Truck Corporation for the purchase of the trucks involved in this litigation, as well as the identities of the persons who generated or received such documents, the manner in which such documents were generated or received, the manner and locations in which such documents are kept, the identities of persons with custody of them, and where such documents presently are to be found.

3. What written warranties Trans-Spec received with respect to the trucks involved in this case, when the warranties were received, where the warranties are kept, and the identities of persons with custody of the warranties.

4. What written warranties Trans-Spec received with respect to the engines involved in this case, when the warranties were received, where the warranties were kept, and the identities of the persons with custody of the warranties.

5. What documents, other than warranties, Trans-Spec received with the trucks involved in this case, where such documents are kept, and the identities of persons with custody of them.

6. What written or electronic communications Trans-Spec has had with Sterling concerning the trucks involved in this case since its purchase of them (including, without limitation, communications on the subject of warranty claims), as well as the identities of the persons who generated or received such communications, the manner in which the communications were generated and transmitted, the manner and locations in which the communications are kept by Trans-Spec, the identities of persons with custody of them, and where the communications are presently to be found.

7. What documents Trans-Spec officers, directors, employees, and representatives have generated concerning communications with Caterpillar Inc. or Southworth-Milton, Inc. (now known as MiltonCAT) concerning the trucks involved in this case or their engines, as well as the identities of the persons who generated such documents, the manner in which such documents were generated, the manner and locations in which such documents are kept, the identities of persons with custody of them, and where such documents presently are to be found.

8. What documents Trans-Spec officers, directors, employees, and representatives have generated or received in connection with efforts to rent substitutes for any of the trucks involved in this case, as well as the identities of the persons who generated such documents, the manner in which such documents were generated, the manner and locations in which such documents are kept, the identities of persons with custody of them, and where such documents presently are to be found.

9. What documents Trans-Spec officers, directors, employees, and representatives have generated or received in connection with efforts to sell or trade any of the trucks involved in this case, as well as the identities of the persons who generated such documents, the manner in which such documents were generated, the manner and locations in which such documents are kept, the identities of persons with custody of them, and where such documents presently are to be found.

10. What documents Trans-Spec has received concerning any of the trucks involved in this case from persons and entities that have performed repair, servicing, or maintenance work on them or have inspected them, as well as the identities of the persons or entities from which the documents were received, when they were received, who received them, the manner and locations in which they have been kept, the identities of persons having custody of them, and where the documents can now be found.

11  What types of documents Trans-Spec has, since January 1, 2000, typically generated in connection with warranty claims pertaining to its trucks, how those documents are typically generated by Trans-Spec, who generates them, what records of them are kept by Trans-Spec, how such records are maintained, where they are maintained, and who has custody of them.

12. With respect to any documents of the types described in ¶¶1 to 11 of this notice, the dates when any such documents that were in Trans-Spec's custody or control were destroyed or delivered to other persons.

13. Trans-Spec's document retention polices with respect to documents of types described in ¶¶1 to 11 of this notice.

14. What Trans-Spec's policies have been since January 1, 2000, with respect to generation and retention of repair, servicing, and maintenance records with respect to its trucks.

The deposition will be taken before an officer authorized by law to administer oaths commencing at 9:30 AM on Monday, February 7, 2005, at the offices of Campbell Campbell Edwards & Conroy, P.C, One Constitution Plaza, Boston, Massachusetts. It will continue from day to day until completed.

You are invited to attend the deposition and cross-examine the witness in accordance with the applicable rules.

3

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on January 21, 2005, I served the within notice by causing it to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA  02210.

_____
John A.K. Grunert