# DONOVAN HATEM LLP
*counselors at law*

**Christian G. Samito**
617-406-4592 direct
csamito@donovanhatem.com

January 28, 2005

**BY FACSIMILE (617-241-5115)
AND FIRST CLASS MAIL**

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re:  Trans-Spec Truck Service Inc., d/b/a/ Truck Service v. Caterpillar, Inc.
     Civil Action No. 04-11836-RCL

Dear Attorney Grunert:

This is to confirm our January 28, 2005 telephone conference regarding your January 21, 2005 letter addressing discovery issues. We reached the following agreement:

To the extent that they are in Trans-Spec Truck Service Inc.'s ("Trans-Spec"), possession, custody, or control, Trans-Spec will make available for inspection at its office all reports, correspondence, memoranda, estimates, work orders, and job tickets relative to any of the trucks generated by persons or companies that have inspected or serviced them. Please advise as to dates when you are available to perform this inspection. We agree with your suggestion that the inspection of documents within Trans-Spec's office should take place after 3:00 p.m., by which time most of Trans-Spec's employees will have left. As to documents stored in Trans-Spec's onsite trailer, however, inspection can begin as early in the morning as you would like. We understand, and expect, that this inspection will take several days.

Pursuant to the above tender of documents, we agree that the Rule 30(b)(6) deposition scheduled for February 7, 2005 is cancelled.

As to the General Objections of Specific Applicability in both Trans-Spec's document responses and answers to interrogatories, we will incorporate the relevant objections within each response. We will, however, reserve our right to supplement all responses in a timely manner if and when additional responsive information becomes available.

Trans-Spec has produced all responsive documents in its possession, custody, or control for document request numbers 4 and 5. These are generally in the form of handwritten, informal notes written by officers or employees of Trans-Spec on copies of Sterling or Caterpillar documents. Thus, neither responses need to be amended.



World Trade Center East    617 406 4500  main
Two Seaport Lane           617 406 4501  fax
Boston, MA 02210           www.donovanhatem.com

John A.K. Grunert, Esq.
January 28, 2005
Page 2

As to request numbers 9 and 11, we will amend the responses to indicate that no notes or memoranda were generated by Trans-Spec in connection with efforts it made, or considered making, to rent vehicles for temporary use or to trade in the trucks.

As to request number 13, we will amend the response to indicate that Trans-Spec no longer has the Sterling warranties in its possession, custody, or control. It seems that Trans-Spec discarded these warranties when they expired. Sterling warrantied only the cab and mainframe of the trucks for a period of two years after delivery.

We apologize for the copying error in responding to request number 14 and we will send double-sided, complete copies of responsive documents.

We will amend interrogatory answer number 4 to reflect the location where all responsive conversations took place as well as to indicate whether any memorandum was made by Trans-Spec of any conversation.

Our objection to interrogatory number 6 stands. We will, however, try to provide a more specific factual answer for Trans-Spec's contention that the engine problems are a result of design or manufacturing defects rather than improper installation. We will likely have to supplement any initial answer, as this question contemplates technical information that may require expert assistance. Similarly, we will likely have to supplement any answer to interrogatory number 7 for the same reason. As you pointed out, both interrogatory numbers 6 and 7 are closely related. While we will amend the answer to interrogatory 15 to more simply identify the defects Trans-Spec alleges were in the C-12 engines when they left Caterpillar's hands, this response, too, will likely require supplementation after the involvement of expert assistance.

As to interrogatory numbers 10 and 11, our initial objection stands at this point, though we will review this matter further and get back to you in a timely manner regarding amended answers. It is likely that we will be able to amend the answers so that Caterpillar will not need to consider a motion to compel.

We will amend our answer to interrogatory number 12 to describe with greater specificity the "particular purpose" for which Trans-Spec alleges Caterpillar impliedly warranted the engines would be suitable.

Trans-Spec has answered interrogatory number 13 in accordance with the requirements of Fed. R. Civ. P. 33(d) through the records produced pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosures. Trans-Spec will not, at this time, amend its response.

Similarly, Trans-Spec has answered interrogatory number 14 in accordance with the requirements of Fed. R. Civ. P. 33(d) through the records produced pursuant to Trans-Spec's Local Rule 26.2 and Fed. R. Civ. P. 26(a)(1) Automatic Disclosures. Additional responsive information, however, might be located during the pending onsite document inspection, tendered here pursuant to Fed. R. Civ. P. 33(d) as well as document request number 15.

John A.K. Grunert, Esq.
January 28, 2005
Page 3

Trans-Spec further notes that much of the above-information is in Caterpillar's files, pursuant to its ability to enter specific engine numbers into its computer database and generate complete and detailed records for any and all repairs and claims for that engine since the time the engine left the factory. Similarly, Trans-Spec notes that Caterpillar can globally search for problems relevant to specific engine parts for particular engine models. We expect to see all responsive files included in the document response due from Caterpillar by the end of business today, so as to obviate the need for Trans-Spec to file a motion to compel.

Finally, we thank you for your courtesy regarding the health of Mr. Howard's wife and the potential impact this might have on the tracking order presently in effect in this case. We will review that tracking order and discuss with you shortly the possible need to jointly request that Judge Lindsay make appropriate modifications.

**Thank you for your attention to this matter.**

Very truly yours,

*[signature]*

Christian G. Samito


cc: Nancy M. Reimer, Esq.

00892122

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2005-00387-A

TRANS-SPEC TRUCK SERVICE INC.,   )
D/B/A TRUCK SERVICE              )

    Plaintiff,

v

MILTON CAT F/K/A                 )
SOUTHWORTH-MILTON, INC.          )

    Defendant.

### AFFIDAVIT OF JOSEPH M. HOWARD, JR., IN OPPOSITION TO MILTONCAT'S MOTION TO DISMISS

I, Joseph M. Howard, Jr., state:

1. I am the President of Trans-Spec Truck Service, d/b/a Truck Service ("Trans-Spec").

2. In the past, when government officials have reviewed Trans-Spec's records, they have performed their inspection onsite at Trans-Spec's facility.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 28th DAY OF JUNE, 2005.

                                                Joseph M. Howard, Jr.

00928195


EXHIBIT B

# Rental Information



## Power where you need it, when you need it!

To satisfy all of your temporary and emergency power requirements, Southworth-Milton has the largest genera tor rental fleet in the Northeast. Sound-attenuated units ranging from 20kw to 2000kw are ready to roll 24 hours a day, 7 days a week.

Whatever your application, construction site or crushing plant, special event in a tent, or a plant shutdown, we have what you need to make it work.

We also rent Cable, Load Banks, Temperature Control Equipment, and Transformers. Contact us to receive more information about our products and services.

©1999 Southworth-Milton, Inc. All rights reserved.



# DONOVAN HATEM LLP
*counselors at law*

**Christian G. Samito**
617-406-4592 direct
csamito@donovanhatem.com

March 4, 2005

**BY FACSIMILE (617-241-5115)
AND FIRST CLASS MAIL**

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re:   Trans-Spec Truck Service Inc., d/b/a/ Truck Service v. Caterpillar Inc.
         **Civil Action No. 04-11836-RCL**

Dear Christopher:

I am writing to partially respond to several of the issues raised during our telephone conference earlier today.

I spoke with my client regarding Caterpillar's objections to Trans-Spec's producing its business records in its file trailer, as they are kept in the ordinary course of business. Trans-Spec is prepared to bring the file trailer into its garage so that your work space will be heated. Furthermore, Trans-Spec will run an extension cord into the trailer so that you can put a light inside as well as operate your scanning equipment. That should eliminate your objections as to this matter.

As to Caterpillar's search for documents regarding its business history with Trans-Spec, including but not limited to those regarding testing done in or around 1990-1993 on a FLD12 Freightliner truck that had a Caterpillar 3175 engine integrated into it, please be advised that Trans-Spec was known as Flynn's Truck Service, Inc., before it changed its name to its present form. I have learned that this name was in use during Trans-Spec's early years. This fact might facilitate your search and I wanted to bring it to your attention as soon as I learned it.

Finally, Trans-Spec gave you permission to photograph the file trailer and its contents during your recent onsite inspection of documents. I have since learned that you also took photographs of others parts of Trans-Spec's facility. I ask that you send me a copy of all the pictures that you took. Also, as I did not understand your visit to be a Fed. R. Civ. P. 34 inspection, I would ask that any such inspection be performed pursuant to the Rules and not in an unofficial and unsanctioned manner.



World Trade Center East    617 406 4500 main
Two Seaport Lane              617 406 4501 fax
Boston, MA 02210              www.donovanhatem.com

Christopher R. Howe, Esq.
March 4, 2005
Page 2

Thank you for your attention to this matter. Please advise as soon as possible as to how you wish to proceed.

Very truly yours,

*[signature]*

Christian G. Samito

cc: Nancy M. Reimer, Esq.
00900891