**CAMPBELL CAMPBELL EDWARDS & CONROY**
PROFESSIONAL CORPORATION



ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

CHRISTOPHER R. HOWE
(617) 241-3029
chowe@campbell-trial-lawyers.com

March 10, 2005

<u>VIA FACSIMILE AND REGULAR MAIL</u>

Christian G. Samito, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Re: <u>Trans-Spec Truck Service, Inc. v. Caterpillar Inc.</u>
<u>U.S.D.C., Civil Action No. 04-11836-RCL</u>

Dear Mr. Samito:

Please accept this letter in response to your correspondence of March 4, 2005 regarding the pending onsite document inspection. You state that you spoke with your client and Trans-Spec is now willing to bring the file trailer into its garage so that electricity and heat can be used for the inspection. We are willing to continue the inspection under these conditions if your client agrees to cease performing repairs on its trucks while the inspection is ongoing. As your paralegal can attest, the exhaust fumes from the repair bay make working in the office difficult; I can only imagine how intolerable the conditions would be working in the bay itself. If your client agrees to cease performing repairs on its trucks while the inspection is ongoing, we are glad to continue the inspection in the trailer.

Please advise how your client wishes to proceed as we would like to get these repair documents copied as soon as possible. I look forward to hearing from you shortly.

Very truly yours,

Christopher R. Howe

CRH;bko

cc: Richard P. Campbell, Esquire



EXHIBIT E

CONNECTICUT • MAINE • MASSACHUSETTS • NEW HAMPSHIRE • NEW JERSEY • PENNSYLVANIA • RHODE ISLAND

# DONOVAN HATEM LLP
*counselors at law*

**Christian G. Samito**
617-406-4592 direct
csamito@donovanhatem.com

March 10, 2005

**BY FACSIMILE (617-241-5115)
AND FIRST CLASS MAIL**

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re:    Trans-Spec Truck Service Inc., d/b/a/ Truck Service v. Caterpillar Inc.
       <u>Civil Action No. 04-11836-RCL</u>

Dear Attorney Howe

I am writing in response to your letter of earlier today. Due to the nature of Trans-Spec's business, its garage is in use almost twenty-four hours a day and the welding bay is in use twelve hours a day. Accordingly, Trans-Spec can make the following offers to you regarding your review of Trans-Spec's business records in its file trailer:

1) Trans-Spec is prepared to bring the file trailer into its garage so that the work space will be heated. Trans-Spec will run an extension cord into the trailer so that you can put a light inside as well as operate your scanning equipment. The level of exhaust fumes are the same whether in the upstairs office or the garage bay, and my paralegal has informed me that while she did notice the faint smell of fumes in the office, the level was certainly tolerable;

2) Pursuant to option number 1, your review can be accomplished any time during the day. In the alternative, Trans-Spec offers that it can, with difficulty, shut down its garage from 1:00 – 4:00 a.m., or shut down its welding bay from 9:00 p.m. to 6:00 a.m., bring its file trailer into the respective location during those times, and allow you to review the documents while no repair work is being performed on Trans-Spec's trucks;

3) If Caterpillar would like to review the documents while the file trailer is either in the garage or welding bay with no repair work being performed and during times other than those listed in option number 2, Caterpillar can agree to pay for the cost of repairs to Trans-Spec's trucks performed offsite during Caterpillar's document inspection; or,

4) Caterpillar can rent a generator to power a heat source, light source, and its electrical equipment, and review the documents in the file trailer in its present location.

World Trade Center East    617 406 4500 main
Two Seaport Lane           617 406 4501 fax
Boston, MA 02210           www.donovanhatem.com


EXHIBIT F

Christopher R. Howe, Esq.
March 10, 2005
Page 2

As we have discussed numerous times, Trans-Spec cannot allow its documents offsite for inspection or photocopying due to Department of Transportation regulations. When the Department of Transportation needs to review any of Trans-Spec's documents, it sends its inspectors to Trans-Spec's location.

Furthermore, Trans-Spec is making every effort to accommodate Caterpillar's discovery needs, to the point where it will sacrifice its normal business operations. In light of the shocking paucity of Caterpillar's own discovery responses, it is ironic and inappropriate that Caterpillar even asks for additional considerations beyond that offered in our March 4, 2005 letter.

In response to Caterpillar's comments regarding Trans-Spec's responses to Caterpillar's discovery requests, I can inform you that once Mr. Howard returns a signed copy of Trans-Spec's amended answers to interrogatories to us, I will send to you that document as well as Trans-Spec's amended responses to document requests. I hope to be able to send both to you by early next week.

Finally, I notice that you decline to address the issue of the photographs that you took during your earlier document inspection. Trans-Spec gave you permission to photograph the file trailer and its contents during your recent onsite inspection of documents, not other parts of Trans-Spec's facility. Your taking photographs other then the file trailer and its contents was both unauthorized and inappropriate because your visit was not a Fed. R. Civ. P. 34 inspection. I ask that you send me a copy of all the pictures that you took and remind that any such inspection must be performed pursuant to the Rules and not in the unofficial and unsanctioned manner which Caterpillar chose to implement.

Thank you for your attention to this matter. Please advise as soon as possible as to how you wish to proceed.

Very truly yours,

*[signature]*

Christian G. Samito

cc: Nancy M. Reimer, Esq
00902453

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE,           )
    Plaintiff                  )
                               )
vs.                            )
                               )
CATERPILLAR INC.               )
    Defendant                  )

### AFFIDAVIT OF CHRISTIAN G. SAMITO, ESQ.

I, Christian G. Samito, state:

1. I represent Trans-Spec Truck Service, d/b/a Truck Service ("Trans-Spec").

2. Following receipt of my March 10, 2005 letter to its counsel, Attorney Christopher Howe ("Attorney Howe") at Campbell Campbell Edwards and Conroy, P.C., Caterpillar originally refused to conduct its inspection of Trans-Spec's documents at Trans-Spec's facility.

3. In a subsequent telephone conference, Attorney Howe verbally indicated that Caterpillar would be willing to perform its inspection onsite at Trans-Spec's facility.

4. After that telephone conference, I wrote to Attorney Howe twice, on April 19, 2005 and April 25, 2005, in an effort to select dates for Caterpillar's document inspection.

5. On April 25, 2005, Caterpillar declined to inspect Trans-Spec's documents at Trans-Spec's facility.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 28th DAY OF JUNE, 2005.

Christian G. Samito

00928212



EXHIBIT G

# DONOVAN HATEM LLP
*counselors at law*

Christian G. Samito
617-406-4592 direct
csamito@donovanhatem.com

April 19, 2005

**BY FACSIMILE AND
FIRST CLASS MAIL**

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re:  **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
     Civil Action No. 04-11836-RCL**

Dear Attorney Howe:

    Trans-Spec will make available for your inspection the documents maintained in its file trailer on Wednesday, April 27, 2005 and, if needed, Thursday, April 28, 2005 and Friday, April 29, 2005. In light of the increasingly warm weather, Trans-Spec proposes that Caterpillar inspect the documents in the trailer in its usual location, rather than tie up a bay in its garage and further disrupt its normal business activities. Trans-Spec will provide an extension cord so that Caterpillar may scan the documents. Please let me know if this is acceptable.

    Also, as per our conversation, I understand that Caterpillar's inspection of the trucks Trans-Spec plans to sell will consist only of photographing them. You may do so during the document review referenced above.

Thank you for your attention to this matter.

Very truly yours,

Christian G. Samito

cc: Nancy M. Reimer, Esq.
00911767



EXHIBIT H

World Trade Center East    617 406 4500 main
Two Seaport Lane    617 406 4501 fax
Boston, MA 02210    www.donovanhatem

# DONOVAN HATEM LLP

*counselors at law*

**Christian G. Samito**
617-406-4592 direct
csamito@donovanhatem.com

April 25, 2005

**BY FACSIMILE AND
FIRST CLASS MAIL**

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re: Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
    Civil Action No. 04-11836-RCL

Dear Attorney Howe:

Pursuant to my letter of April 19, 2005, please advise immediately as to whether or not Caterpillar will continue its inspection of documents at the Trans-Spec facility on Wednesday, April 27, 2005 and, if needed, Thursday, April 28, 2005 and Friday, April 29, 2005. You may photograph the trucks Trans-Spec plans to sell during the document review.

Thank you for your attention to this matter.

Very truly yours,

Christian G. Samito

cc: Nancy M. Reimer, Esq.
00913516



World Trade Center East    617 406 4500 main
Two Seaport Lane           617 406 4501 fax
Boston, MA 02210           www.donovanhatem.com