# DONOVAN HATEM LLP
*counselors at law*

**Christian G. Samito**
617-406-4592 direct
csamito@donovanhatem.com

May 13, 2005

Mr. Richard R. Bates
State Director
Federal Motor Carrier Safety Administration
55 Broadway, Room I-35
Cambridge, MA 02142

      Re:    **Trans-Spec Truck Service, Inc.**

Dear Mr. Bates:

      Pursuant to our conversation earlier today, I represent Trans-Spec Truck Service, Inc. ("Trans-Spec"). An adverse party in an ongoing litigation, Caterpillar Inc. ("Caterpillar"), wishes to remove Trans-Spec's records and reproduce them at an off-site facility not maintained or controlled by Trans-Spec. I am writing to request a letter from you detailing Trans-Spec's responsibilities and potential liabilities in the event that any of its documents are lost or misfiled during this proposed reproduction at an offsite facility. Thank you in advance for your attention to this matter.

                Very truly yours,

                Christian G. Samito

00918208



EXHIBIT L

World Trade Center East   617 406 4500 main
Two Seaport Lane   617 406 4501 fax
Boston, MA 02210   www.donovanhatem.com

U. S. DEPARTMENT OF TRANSPORTATION
FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION
55 Broadway, Rm 135
Cambridge, Massachusetts 02142
(617) 494-2770
June 6, 2005

IN REPLY REFER TO:
MC-EFE-MA

Mr. Christian G. Samito
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210

Dear Mr. Samito:

I am writing in regards to letter dated May 13, 2005 concerning the record retention requirements of the Federal Motor Carrier Safety Regulations (FMCSR). The specific regulation concerning location of records or documents is found in 49 CFR 390.29 which states:

> (a) A motor carrier with multiple offices or terminals may maintain the records and documents required by this subchapter at its principal place of business, a regional office, or driver work-reporting location unless otherwise specified in this subchapter.

> (b) All records and documents required by this subchapter which are maintained at a regional office or driver work-reporting location shall be made available for inspection upon request by a special agent or authorized representative of the Federal Motor Carrier Safety Administration at the motor carrier's principal place of business or other location specified by the agent or representative within 48 hours after a request is made. Saturdays, Sundays, and Federal holidays are excluded from the computation of the 48-hour period of time.

All records and documents required to be maintained under this subchapter must be preserved in their original form for the periods specified, unless the records and documents are suitably photographed and the microfilm is retained in lieu of the original record for the required retention period. If the required records are not maintained or made available upon request the company would be in violation and subject to penalties as prescribed in 49 CFR 386.

Should you have any additional questions please feel free to contact this office.

Sincerely yours,

Richard R. Bates
Division Administrator



# DONOVAN HATEM LLP
*counselors at law*

Christian G. Samito
617-406-4592 direct
csamito@donovanhatem.com

June 8, 2005

**BY FACSIMILE AND
FIRST CLASS MAIL**

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

> **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
> Civil Action No. 04-11836-RCL**

Dear Attorney Grunert:

Enclosed please find a letter from Richard R. Bates dated June 6, 2005. In light of this letter, as well as Trans-Spec Truck Service, Inc.'s ("Trans-Spec") continuing concerns about potential liability if its records are permitted offsite, I renew Trans-Spec's offer for Caterpillar to inspect the subject records at Trans-Spec's facility.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Christian G. Samito

cl.

cc: Nancy M. Reimer, Esq.
00923933


EXHIBIT N

World Trade Center East   617 406 4500 main
Two Seaport Lane         617 406 4501 fax
Boston, MA 02210         www.donovanhatem.com

Federal Motor Carrier Safety Administration

U.S. Department of Transportation

- U.S. DOT
- Español

| Home | Registration & Licensing | Forms | Rules & Regulations | Safety & Security | Cross Border | Facts & Resea |

Home > Rules & Regulations > Regulations

## Regulations

**Overview**

**Federal Regulations**
All Safety Regulations
Who Must Comply?

**New and Proposed Rules**
Rulemakings and Notices

**Truck Rules**
Driver
Vehicle
Company
Hazardous Materials

**Bus/Motorcoach Rules**
Driver
Vehicle
Company

Rela
- F

**Appendix B to Part 386 -- Penalty Schedule; Violations and Maximum Monetary Penalties**

The Debt Collection Improvement Act of 1996 [Public Law 104-134, title III, chapter 10, Sec. 31001, par. (s), 110 Stat. 1321-373] amended the Federal Civil Penalties Inflation Adjustment Act of 1990 to require agencies to adjust for inflation "each civil monetary penalty provided by law within the jurisdiction of the Federal agency * Federal Register. Pursuant to that authority, the inflation-adjusted civil penalties listed in paragraphs (a) through (g) of this appendix supersede the corresponding civil penalty amounts listed in title 49, United States Code. *" and to publish that regulation in the Federal Register. Pursuant to that authority, the inflation-adjusted civil penalties listed in paragraphs (a) through (g) of this appendix supersede the corresponding civil penalty amounts listed in title 49, United States Code.

What are the types of violations and maximum monetary penalties?

(a) *Violations of the Federal Motor Carrier Safety Regulations (FMCSRs).*

(1) *Recordkeeping.* A person or entity that fails to prepare or maintain a record required by parts 385 and 390-399 of this subchapter, or prepares or maintains a required record that is incomplete, inaccurate, or false, is subject to a maximum civil penalty of $550 for each day the violation continues, up to $5,500.

(2) *Knowing falsification of records.* A person or entity that knowingly falsifies, destroys, mutilates or changes a report or record required by parts 385 and 390-399 of this subchapter, knowingly makes or causes to be made a false or incomplete record about an operation or business fact or transaction, or knowingly makes, prepares, or preserves a record in violation of a regulation or order of the Secretary is subject to a maximum civil penalty of $5,500 if such action misrepresents a fact that constitutes a violation other than a reporting or recordkeeping violation.

(3) *Non-recordkeeping violations.* A person or entity who violates parts 385 or 390-399 of this subchapter, except a recordkeeping requirement, is subject to a civil penalty not to exceed $11,000 for each violation.

(4) *Non-recordkeeping violations by drivers.* A driver who violates parts 385 and 390-399 of this subchapter, except a recordkeeping violation, is subject to a civil penalty not to exceed $2,750.

(5) *Violation of 49 CFR 392.5.* A driver placed out of service for 24 hours for violating the alcohol prohibitions of 49 CFR 392.5(a) or (b) who drives during that period is subject to a civil penalty not to exceed $3,750 for each violation.

(b) *Commercial driver's license (CDL) violations.* Any person who violates 49 CFR part 383, subparts B, C, E, F, G, or H is subject to a civil penalty of $3,750.

**EXHIBIT**
tabbies'

(c) *Special penalties pertaining to violations of out-of-service orders by CDL-holders.* A CDL-holder who is convicted of violating an out-of-service order shall be subject to a civil penalty of not less than $2,100 nor more than $3,750. An employer of a CDL-holder who knowingly allows, requires, permits, or authorizes that employee to operate a CMV during any period in which the CDL-holder is subject to an out-of-service order, is subject to a civil penalty of not less than $3,750 or more than $16,000.

(d) *Financial responsibility violations.* A motor carrier that fails to maintain the levels of financial responsibility prescribed by Part 387 of this subchapter is subject to a maximum penalty of $16,000 for each violation. Each day of a continuing violation constitutes a separate offense.

(e) *Violations of the Hazardous Materials Regulations (HMRs) and safety Permitting Regulations found in subpart E of part 385.* This paragraph applies to violations by motor carriers, drivers, shippers and other persons who transport hazardous materials on the highway in commercial motor vehicles or cause hazardous materials to be so transported.

(1) All knowing violations of 49 U.S.C. chapter 51 or orders or regulations issued under the authority of that chapter applicable to the transportation or shipment of hazardous materials by commercial motor vehicle on highways are subject to a civil penalty of not less than $275 and not more than $32,500 for each violation. Each day of a continuing violation constitutes a separate offense.

(2) All knowing violations of 49 U.S.C. chapter 51 or orders, regulations, or exemptions issued under the authority of that chapter applicable to the manufacture, fabrication, marking, maintenance, reconditioning, repair or testing of a packaging or container which is represented, marked, certified or sold as being qualified for use in the transportation or shipment of hazardous materials by commercial motor vehicle on highways, are subject to a civil penalty of not less than $275 and not more than $32,500 for each violation.

(3) Whenever regulations issued under the authority of 49 U.S.C. chapter 51 require compliance with the FMCSRs while transporting hazardous materials, any violations of the FMCSRs will be considered a violation of the HMRs and subject to a civil penalty of not less than $275 and not more than $32,500.

(f) *Operating after being declared unfit by assignment of a final unsatisfactory safety rating.* A motor carrier operating a commercial motor vehicle in interstate commerce after receiving a final unsatisfactory safety rating is subject to a civil penalty of not more than $11,000 (49 CFR 385.13). Each day the transportation continues constitutes a separate offense.

(g) *Violations of the commercial regulations (CRs).* Penalties for violations of the CRs are specified in 49 U.S.C. Chapter 149. These penalties relate to transportation subject to the Secretary's jurisdiction under 49 U.S.C. Chapter 135. Unless otherwise noted, a separate violation occurs for each day the violation continues.

(1) A person who fails to make a report, to specifically, completely, and truthfully answer a question, or to make, prepare, or preserve a record in the form and manner prescribed is liable for a minimum penalty of $550 per violation.

(2) A person who operates as a carrier or broker for the transportation of property in violation of the registration requirements of 49 U.S.C. 13901 is liable for a minimum penalty of $550 per violation.

(3) A person who operates as a motor carrier of passengers in violation of the registration requirements of 49 U.S.C. 13901 is liable for a minimum penalty of

$2,200 per violation.

(4) A person who operates as a foreign motor carrier or foreign motor private carrier in violation of the provisions of 49 U.S.C. 13902 (c) is liable for a minimum penalty of $550 per violation.

(5) A person who operates as a foreign motor carrier or foreign motor private carrier without authority, before the implementation of the land transportation provisions of the North American Free Trade Agreement, outside the boundaries of a commercial zone along the United States-Mexico border is liable for a maximum penalty of $11,000 for an intentional violation and a maximum penalty of $27,500 for a pattern of intentional violations.

(6) A person who operates as a motor carrier or broker for the transportation of hazardous wastes in violation of the registration provisions of 49 U.S.C. 13901 is liable for a maximum penalty of $22,000 per violation.

(7) A motor carrier or freight forwarder of household goods, or their receiver or trustee, that does not comply with any regulation relating to the protection of individual shippers is liable for a minimum penalty of $1,100 per violation.

(8) A person –

(i) Who falsifies, or authorizes an agent or other person to falsify, documents used in the transportation of household goods by motor carrier or freight forwarder to evidence the weight of a shipment or

(ii) Who charges for services which are not performed or are not reasonably necessary in the safe and adequate movement of the shipment is liable for a minimum penalty of $2,200 for the first violation and $5,500 for each subsequent violation.

(9) A person who knowingly accepts or receives from a carrier a rebate or offset against the rate specified in a tariff required under 49 U.S.C. 13702 for the transportation of property delivered to the carrier commits a violation for which the penalty is equal to three times the amount accepted as a rebate or offset and three times the value of other consideration accepted or received as a rebate or offset for the six-year period before the action is begun.

(10) A person who offers, gives, solicits, or receives transportation of property by a carrier at a different rate than the rate in effect under 49 U.S.C. 13702 is liable for a maximum penalty of $110,000 per violation. When acting in the scope of his/her employment, the acts or omissions of a person acting for or employed by a carrier or shipper are considered to be the acts and omissions of that carrier or shipper, as well as that person.

(11) Any person who offers, gives, solicits, or receives a rebate or concession related to motor carrier transportation subject to jurisdiction under subchapter I of 49 U.S.C. Chapter 135, or who assists or permits another person to get that transportation at less than the rate in effect under 49 U.S.C. 13702, commits a violation for which the penalty is $200 for the first violation and $275 for each subsequent violation.

(12) A freight forwarder, its officer, agent, or employee, that assists or willingly permits a person to get service under 49 U.S.C. 13531 at less than the rate in effect under 49 U.S.C. 13702 commits a violation for which the penalty is up to $550 for the first violation and up to $2,200 for each subsequent violation.

(13) A person who gets or attempts to get service from a freight forwarder under 49 U.S.C. 13531 at less than the rate in effect under 49 U.S.C. 13702 commits a violation for which the penalty is up to $550 for the first violation and

up to $2,200 for each subsequent violation.

(14) A person who knowingly authorizes, consents to, or permits a violation of 49 U.S.C. 14103 relating to loading and unloading motor vehicles or who knowingly violates subsection (a) of 49 U.S.C. 14103 is liable for a penalty of not more than $11,000 per violation.

(15) A person, or an officer, employee, or agent of that person, who tries to evade regulation under Part B of Subtitle IV, Title 49, U.S.C., for carriers or brokers is liable for a penalty of $220 for the first violation and at least $275 for a subsequent violation.

(16) A person required to make a report to the Secretary, answer a question, or make, prepare, or preserve a record under Part B of Subtitle IV, Title 49, U.S.C., or an officer, agent, or employee of that person, is liable for a maximum penalty of $5,500 per violation if it does not make the report, does not completely and truthfully answer the question within 30 days from the date the Secretary requires the answer, does not make or preserve the record in the form and manner prescribed, falsifies, destroys, or changes the report or record, files a false report or record, makes a false or incomplete entry in the record about a business related fact, or prepares or preserves a record in violation of a regulation or order of the Secretary.

(17) A motor carrier, water carrier, freight forwarder, or broker, or their officer, receiver, trustee, lessee, employee, or other person authorized to receive information from them, who discloses information identified in 49 U.S.C. 14908 without the permission of the shipper or consignee is liable for a maximum penalty of $2,200.

(18) A person who violates a provision of Part B, Subtitle IV, Title 49, U.S.C., or a regulation or order under Part B, or who violates a condition of registration related to transportation that is subject to jurisdiction under subchapter I or III or Chapter 135, or who violates a condition of registration of a foreign motor carrier or foreign motor private carrier under section 13902, is liable for a penalty of $550 for each violation if another penalty is not provided in 49 U.S.C. Chapter 149.

(19) A violation of Part B, Subtitle IV, Title 49, U.S.C., committed by a director, officer, receiver, trustee, lessee, agent, or employee of a carrier that is a corporation is also a violation by the corporation to which the penalties of Chapter 149 apply. Acts and omissions of individuals acting in the scope of their employment with a carrier are considered to be the actions and omissions of the carrier as well as the individual.

(20) In a proceeding begun under 49 U.S.C. 14902 or 14903, the rate that a carrier publishes, files, or participates in under section 13702 is conclusive proof against the carrier, its officers, and agents that it is the legal rate for the transportation or service. Departing, or offering to depart, from that published or filed rate is a violation of 49 U.S.C. 14902 and 14903.

[63 FR 12414, Mar. 13, 1998, as amended at 65 FR 7756, Feb. 16,, 2000; 67 FR 61821, Oct. 2, 2002; 68 FR 15383, Mar. 31, 2003]

Feedback | Privacy Policy | FirstGov.gov | Freedom of Information Act (FOIA) | A Web Policies and Important Links | Site Map

Federal Motor Carrier Safety Administration

http://www.fmcsa.dot.gov/rules-regulations/administration/fmcsr/386appnb.htm    6/28/2005