UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, <br><br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br><br> Defendant | CIVIL ACTION NO. 04-11836-RCL |

REQUEST FOR LEAVE TO FILE A REPLY MEMORANDUM WITH RESPECT
TO MOTION TO COMPEL DISCOVERY

The defendant Caterpillar Inc. requests leave to file the attached reply memorandum in support of its Motion to Compel Production of Documents.

In support of its request, Caterpillar states that it could not reasonably have foreseen that Trans-Spec in its Opposition would misstate the pertinent regulatory law. A brief reply is needed simply to correct the misstatement. The proposed reply also has attached to it the text of the pertinent regulations, so that the Court can more conveniently review them.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

1

CERTIFICATE OF SERVICE

    I, John A. K. Grunert, hereby certify that on June 30, 2005, I served the within request by causing a copy to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,  )<br>)<br>)<br>Plaintiff  )<br>)<br>vs.  )<br>)<br>CATERPILLAR INC.  )<br>)<br>Defendant  )<br>) | CIVIL ACTION NO. 04-11836-RCL |

### CATERPILLAR INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The only excuse Trans-Spec offers for refusing Caterpillar's request that it be permitted to have the several tens of thousands of pages of repair, servicing, and maintenance records now at issue copied (at Caterpillar's expense) at a professional copyhouse is that federal regulations supposedly require Trans-Spec to preserve the records on-site.

At pages 8 to 9 in its Memorandum in Support of Caterpillar Inc.'s Motion to Compel Production of Documents, Caterpillar cites the regulations pertaining to preservation of repair, servicing, and maintenance records, which are the only types of records now at issue. Those regulations are found in 49 C.F.R. Part 396, aptly entitled "Inspection, Repair, and Maintenance." Copies of them are attached to this Reply for the Court's convenience. They reveal that the applicable regulations do not require Trans-Spec to retain these documents *at all* anymore, much less to retain them on-site, because the specified retention periods have all

1

expired. The retention periods for records of the types at issue vary from 3 to 14 months from the date the records were created; all the records Caterpillar seeks are older than that.[1]

On page 4 of its Opposition Trans-Spec says, "Numerous provisions of the federal regulations govern how long Trans-Spec must retain its documents. Caterpillar fails to cite them all." Yet Trans-Spec fails to identify any uncited regulation whatsoever applicable to repair, servicing, or maintenance records. Instead, it directs the Court to 49 C.F.R. Part 379, which contains regulations pertaining to *accounting and financial* records. *See, e.g.* The Note to Section D of Exhibit K to the Opposition, which says "All accounts, records, and memoranda necessary for making a complete analysis *of the cost or value* of property" should be retained in accordance with the provisions of Appendix A to Part 379. The records now at issue are not accounting or financial records; they are inspection, repair, and maintenance records. Trans-Spec has directed the Court to regulations that have nothing to do with the motion.[2] The reason Trans-Spec directed the Court to those regulations is that there is no *relevant* regulation to support its position. Its position is and always has been insupportable.

Trans-Spec attaches as Exhibit M to its Opposition a letter from Mr. Bates of the Federal Motor Carrier Safety Administration. Notably absent from Mr. Bates's letter is reference to the regulations to which Trans-Spec misdirected the Court -- 49 C.F.R. Part 379 -- or any statement

---

[1] As noted in Caterpillar's principal memorandum, it has already copied (on-site) what Trans-Spec represents are its responsive records from 2004 and 2005. The tens of thousands of remaining records are, according to Trans-Spec, all from 1999, 2000, 2001, 2002, and perhaps 2003.

[2] If Part 379 were applicable, Trans-Spec could (if it wished to be cooperative) ask the responsible official for relief from its provisions so as to accommodate Caterpillar's request. 49 C.F.R. §379.11 ("A waiver from any provision of the regulations in this part may be made by the Secretary upon his/her own initiative or upon submission of a written request by the company. Each request for waiver shall demonstrate that unusual circumstances warrant a departure from prescribed retention periods, procedures, or techniques, or that compliance with such prescribed requirements would impose an unreasonable burden on the company.") One reason this motion was not brought earlier is that after defense counsel put Trans-Spec's counsel in contact with the responsible official, *see* Exhibit J to the Opposition, Trans-Spec's counsel reported he thought the official's response might resolve the dispute. Defense counsel naively understood this to mean Trans-Spec had made a request for authorization to let the records be copied off-site so as to alleviate the concern Trans-Spec assertedly felt; as it turns out, it was just another effort to delay proceedings and generate correspondence for attachment to court filings.

about the required retention period for the records at issue. It is not difficult to see why this is so: Trans-Spec's counsel's letter to Mr. Bates, Exhibit L to the Opposition, omitted to mention the types or dates of the documents involved, so Mr. Bates did not know what (if any) retention periods applied to them. There is no dispute that *during the applicable 3 to 14 month retention periods* documents of the types requested in Caterpillar's Request No. 15 must be "maintained or made available [to the government] upon request." *See* the last sentence of the penultimate paragraph of Mr. Bates's letter; *compare* ¶5 of the proposed order attached to Caterpillar's motion and Exhibit J to the Opposition (reporting that Mr. Bates saw no reason why documents of the types at issue could not be taken off-site for copying even if they did fall within a retention period). But the Court will search Trans-Spec's papers in vain for any indication that any record now at issue is less than 14 months old.

Trans-Spec has not claimed that removing the records from its premises for a few days would disrupt its business. *See* footnote 3 of the Opposition. It has not disputed the age of the records. It has not disputed the relevance of the records. Its alleged concern with regulatory requirements is groundless as a matter of law. Caterpillar asks the Court to bring to a prompt end Trans-Spec's nearly 6-month delay in disclosing these concededly relevant and discoverable documents by entering an order in the form attached to Caterpillar's motion.[3]

---

[3] Caterpillar will not respond in detail to the aspersions in Trans-Spec's Opposition. Suffice it to say: (a) Caterpillar has proceeded in good faith to satisfy its own discovery obligations and the statements in footnote 1 to the Opposition are unjustified as well as irrelevant to any issue presented by the present motion; (b) Caterpillar agrees there was protracted communication between its counsel and Trans-Spec's counsel as it tried, as it thinks the Court expects counsel to try, to resolve the issue presented by this motion without having to involve the Court; (c) the assertion at page 2 of the Opposition that Caterpillar's memorandum contains factual statements that are not properly supported is belied by the memorandum itself and is irrelevant absent identification of factual statements that are allegedly unsupported and inaccurate; (d) the Court should not accept as correct everything of a factual nature contained in Trans-Spec's counsel's letters attached to the Opposition, as he is sometimes mistaken or misinformed about matters he discusses in letters; and (e) the statement in ¶3 of Exhibit G to the Opposition reflects a misunderstanding by Trans-Spec's counsel or imperfect memory.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on June 30, 2005, I served the within reply by causing a copy to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA  02210.

_____
John A. K. Grunert

4

Westlaw.

49 CFR § 396.1 Page 1

49 C.F.R. § 396.1

c
CODE OF FEDERAL REGULATIONS
TITLE 49--TRANSPORTATION
SUBTITLE B--OTHER REGULATIONS
RELATING TO TRANSPORTATION
CHAPTER III--FEDERAL MOTOR CARRIER
SAFETY ADMINISTRATION, DEPARTMENT
OF
TRANSPORTATION
SUBCHAPTER B--FEDERAL MOTOR
CARRIER SAFETY REGULATIONS
PART 396--INSPECTION, REPAIR, AND
MAINTENANCE
Current through June 22, 2005; 70 FR 36315

§ 396.1 Scope.

General-- Every motor carrier, its officers, drivers, agents, representatives, and employees directly concerned with the inspection or maintenance of motor vehicles shall comply and be conversant with the rules of this part.

[53 FR 18058, May 19, 1988]

<General Materials (GM) - References, Annotations, or Tables>

49 C. F. R. § 396.1

**49 CFR § 396.1**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

49 CFR § 396.3                                           Page 1

49 C.F.R. § 396.3

C

**CODE OF FEDERAL REGULATIONS
TITLE 49--TRANSPORTATION
SUBTITLE B--OTHER REGULATIONS
RELATING TO TRANSPORTATION
CHAPTER III--FEDERAL MOTOR CARRIER
SAFETY ADMINISTRATION, DEPARTMENT
OF
TRANSPORTATION
SUBCHAPTER B--FEDERAL MOTOR
CARRIER SAFETY REGULATIONS
PART 396--INSPECTION, REPAIR, AND
MAINTENANCE**
Current through June 22, 2005; 70 FR 36315

§ 396.3 Inspection, repair, and maintenance.

(a) General-- Every motor carrier shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control.

(1) Parts and accessories shall be in safe and proper operating condition at all times. These include those specified in Part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems.

(2) Pushout windows, emergency doors, and emergency door marking lights in buses shall be inspected at least every 90 days.

(b) Required records--For vehicles controlled for 30 consecutive days or more, except for a private motor carrier of passengers (nonbusiness), the motor carriers shall maintain, or cause to be maintained, the following record for each vehicle:

(1) An identification of the vehicle including company number, if so marked, make, serial number, year, and tire size. In addition, if the motor vehicle is not owned by the motor carrier, the record shall identify the name of the person furnishing the vehicle;

(2) A means to indicate the nature and due date of the various inspection and maintenance operations to be performed;

(3) A record of inspection, repairs, and maintenance indicating their date and nature; and

(4) A record of tests conducted on pushout windows, emergency doors, and emergency door marking lights on buses.

(c) Record retention-- The records required by this section shall be retained where the vehicle is either housed or maintained for a period of 1 year and for 6 months after the motor vehicle leaves the motor carrier's control.

(Authority: 49 U.S.C. 304; 49 U.S.C. 1655; 49 CFR 1.48 and 301.60)

[48 FR 55868, Dec. 16, 1983; 53 FR 18058, May 19, 1988; 59 FR 8753, Feb. 23, 1994; 59 FR 60324, Nov. 23, 1994]

<General Materials (GM) - References, Annotations, or Tables>

49 C. F. R. § 396.3

**49 CFR § 396.3**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

49 CFR § 396.11                                                                Page 1

49 C.F.R. § 396.11

c

CODE OF FEDERAL REGULATIONS
TITLE 49--TRANSPORTATION
SUBTITLE B--OTHER REGULATIONS
RELATING TO TRANSPORTATION
CHAPTER III--FEDERAL MOTOR CARRIER
SAFETY ADMINISTRATION, DEPARTMENT
OF
TRANSPORTATION
SUBCHAPTER B--FEDERAL MOTOR
CARRIER SAFETY REGULATIONS
PART 396--INSPECTION, REPAIR, AND
MAINTENANCE
Current through June 22, 2005; 70 FR 36315

§ 396.11 Driver vehicle inspection report(s).

(a) Report required. Every motor carrier shall require its drivers to report, and every driver shall prepare a report in writing at the completion of each day's work on each vehicle operated and the report shall cover at least the following parts and accessories:

--Service brakes including trailer brake connections

--Parking (hand) brake

--Steering mechanism

--Lighting devices and reflectors

--Tires

--Horn

--Windshield wipers

--Rear vision mirrors

--Coupling devices

--Wheels and rims

--Emergency equipment

(b) Report content. The report shall identify the vehicle and list any defect or deficiency discovered by or reported to the driver which would affect the safety of operation of the vehicle or result in its mechanical breakdown. If no defect or deficiency is discovered by or reported to the driver, the report shall so indicate. In all instances, the driver shall sign the report. On two-driver operations, only one driver needs to sign the driver vehicle inspection report, provided both drivers agree as to the defects or deficiencies identified. If a driver operates more than one vehicle during the day, a report shall be prepared for each vehicle operated.

(c) Corrective action. Prior to requiring or permitting a driver to operate a vehicle, every motor carrier or its agent shall repair any defect or deficiency listed on the driver vehicle inspection report which would be likely to affect the safety of operation of the vehicle.

(1) Every motor carrier or its agent shall certify on the original driver vehicle inspection report which lists any defect or deficiency that the defect or deficiency has been repaired or that repair is unnecessary before the vehicle is operated again.

(2) Every motor carrier shall maintain the original driver vehicle inspection report, the certification of repairs, and the certification of the driver's review for three months from the date the written report was prepared.

(d) Exceptions. The rules in this section shall not apply to a private motor carrier of passengers (nonbusiness), a driveaway-towaway operation, or any motor carrier operating only one commercial motor vehicle.

[44 FR 38526, July 2, 1979; 45 FR 46425, July 10, 1980; 53 FR 18058, May 19, 1988; 59 FR 8753, Feb. 23, 1994; 63 FR 33279, June 18, 1998]

<General Materials (GM) - References, Annotations, or Tables>

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

49 CFR § 396.21 Page 1

49 C.F.R. § 396.21

C

CODE OF FEDERAL REGULATIONS
TITLE 49--TRANSPORTATION
SUBTITLE B--OTHER REGULATIONS
RELATING TO TRANSPORTATION
CHAPTER III--FEDERAL MOTOR CARRIER
SAFETY ADMINISTRATION, DEPARTMENT
OF
TRANSPORTATION
SUBCHAPTER B--FEDERAL MOTOR
CARRIER SAFETY REGULATIONS
PART 396--INSPECTION, REPAIR, AND
MAINTENANCE
Current through June 22, 2005; 70 FR 36315

§ 396.21 Periodic inspection recordkeeping requirements.

(a) The qualified inspector performing the inspection shall prepare a report which:

(1) Identifies the individual performing the inspection;

(2) Identifies the motor carrier operating the vehicle;

(3) Identifies the date of the inspection;

(4) Identifies the vehicle inspected;

(5) Identifies the vehicle components inspected and describes the results of the inspection, including the identification of those components not meeting the minimum standards set forth in appendix G to this subchapter; and

(6) Certifies the accuracy and completeness of the inspection as complying with all the requirements of this section.

(b)(1) The original or a copy of the inspection report shall be retained by the motor carrier or other entity who is responsible for the inspection for a period of fourteen months from the date of the inspection report. The original or a copy of the inspection report shall be retained where the vehicle is either housed or maintained.

(2) The original or a copy of the inspection report shall be available for inspection upon demand of an authorized Federal, State or local official.

(3) Exception. Where the motor carrier operating the commercial motor vehicles did not perform the commercial motor vehicle's last annual inspection, the motor carrier shall be responsible for obtaining the original or a copy of the last annual inspection report upon demand of an authorized Federal, State, or local official.

[53 FR 49410, Dec. 7, 1988; 53 FR 49968, Dec. 12, 1988; 54 FR 50725, Dec. 8, 1989]

<General Materials (GM) - References, Annotations, or Tables>

49 C. F. R. § 396.21

**49 CFR § 396.21**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.