UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

)
TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
    Plaintiff )
)
vs. )
)
CATERPILLAR INC. )
    Defendant )
)

**MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CATERPILLAR INC.'S MOTION TO DISMISS**

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby moves the Court for leave to file a *Supplemental Memorandum in Opposition to Caterpillar Inc.'s Motion to Dismiss Second Amended Complaint* ("Supplemental Memorandum"). Trans-Spec's proposed Supplemental Memorandum is attached to this Motion as Exhibit 1.

In support, on July 18, 2005, Caterpillar provided certain relevant documents and information directly bearing upon the Motion to Dismiss after Trans-Spec filed its Opposition on June 3, 2005. Trans-Spec submits that its succinct Supplemental Memorandum will assist the Court in deciding those issues presented in the Motion to Dismiss.

WHEREFORE, Trans-Spec respectfully requests that the Court grant its *Motion For Leave To File a Supplemental Memorandum in Opposition to Caterpillar Inc.'s Motion to Dismiss.*

Respectfully submitted,<br>
TRANS-SPEC TRUCK SERVICE, INC.<br>
d/b/a TRUCK SERVICE<br>
By its Attorneys,

*[signature]*

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 8, 2005

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

Counsel for Trans-Spec hereby certifies that on August 8, 2005, he conferred with defendant's counsel and attempted in good faith to resolve or narrow the issues presented in the foregoing *MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CATERPILLAR INC.'S MOTION TO DISMISS.*

*[signature]*
Christian G. Samito

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on its *MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CATERPILLAR INC.'S MOTION TO DISMISS.*

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 8th day of August, 2005, I served a copy of the foregoing, by mail, postage prepaid to:

John A. K. Grunert, Esq.
Kevin P. Guichon, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129

*[signature]*
Christian G. Samito, Esq.

00936854

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, <br>     Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br>     Defendant | ) ) ) ) ) ) ) ) ) ) ) |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO CATERPILLAR INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby submits this *Supplemental Memorandum in Opposition to Caterpillar Inc.'s Motion to Dismiss Second Amended Complaint* ("Supplemental Memorandum"). The Supplemental Memorandum brings to the Court's attention certain relevant documents and information produced by Caterpillar on July 18, 2005, after Trans-Spec filed its underlying Opposition on June 3, 2005.

    A.    **Documents and Information Produced by Caterpillar Further Support Trans-Spec's Claims That Caterpillar Refused to Honor its Warranties and Repair Repeatedly Failing Flywheel Housings and Flywheel Housing Bolts on Trans-Spec's Trucks**

On July 18, 2005, Caterpillar Inc. ("Caterpillar"), produced a substantial amount of additional documents after Tran-Spec filed its Opposition on June 3, 2005. (See Letter of Kevin P. Guichon to Christian G. Samito dated July 18, 2005, a true and accurate copy of which is attached as Exhibit A to the accompanying Affidavit of Christian G. Samito). Tran-Spec also took the depositions of Caterpillar's Engine District Manager, Stephen W. Schoening ("Mr. Schoening"), on June 29, 2005 and Caterpillar's Truck Engine District Manager, Troy N.



- 1 -

Guidotti ("Mr. Guidotti"), on August 4, 2005. During the course of this additional discovery, Trans-Spec learned:

(a) An email from Caterpillar employee Richard E. Bowes dated April 30, 2004 and produced by Caterpillar on July 18, 2005 admits that Trans-Spec was "replacing [failed] housings ON THEIR OWN as Cat has told him that we will not cover the failure under our warranty." (emphasis in original) (See Email of Richard E. Bowes dated April 30, 2004, a true and accurate copy of which is attached as Exhibit B to the accompanying Affidavit of Christian G. Samito).

(b) An email sent by Mr. Guidotti on September 9, 2004 and produced by Caterpillar on July 18, 2005 reveals that Caterpillar knew that Trans-Spec "has had a failure on just about all of the units" and "may have been fixing them at their own facility." (See Email of Troy N. Guidotti dated September 9, 2004, a true and accurate copy of which is attached as Exhibit C to the accompanying Affidavit of Christian G. Samito).

(c) An email from Al Cardoza ("Mr. Cardoza"), a manager at Caterpillar's local agent and distributor Southworth Milton Inc. ("SMI"), to Mr. Guidotti dated January 30, 2004, reiterated to Caterpillar that (1) Trans-Spec suffered numerous flywheel housing and flywheel housing bolt failures; (2) some of these were repeat failures; (3) some of the failures caused cylinder block damage; and, (4) Trans-Spec hauls tankers and dump trailers and designed the trucks for this specific purpose. (See Email of Al Cardoza to Troy N. Guidotti dated January 30, 2004, a true and accurate copy of which is attached as Exhibit D to the accompanying Affidavit of Christian G. Samito).

(d) An email from Mr. Guidotti dated February 2, 2004 forwarded Mr. Cardoza's January 30, 2004 email to a Stuart K. Nack at Caterpillar and informed that: (1) Trans-Spec was

"only one customer that is dealing with this flywheel housing issue"; (2) that Caterpillar knew of "several [other customers] with this issue"; and, (3) Trans-Spec was "the largest of the group" and the one "that has been most effected." (See Email of Troy N. Guidotti dated February 2, 2004, a true and accurate copy of which is attached as Exhibit D to the accompanying Affidavit of Christian G. Samito).[1]

    (e)    Notes provided by and authenticated by Mr. Schoening during his June 29, 2005 deposition show that Mr. Schoening learned that (1) some of Trans-Spec's trucks had multiple engine failures; (2) Trans-Spec suffered "$1m in downtime"; (3) Trans-Spec felt the flywheel housing issue would "continue to be an issue"; (4) as of August 9, 2005, Trans-Spec had to address the flywheel houses at least thirty-five times on a twenty-two truck fleet; and, (5) Trans-Spec was in serious financial trouble due to the impact these repeat flywheel housing and flywheel housing bolt failures had on its business operations. (See Exhibit 1 to the Deposition of Stephen W. Schoening, a true and accurate copy of which is attached as Exhibit E to the accompanying Affidavit of Christian G. Samito).

    **B.**    **Trans-Spec's Claim Regarding Caterpillar's Breaches Of Implied Warranties Is Not Barred By Caterpillar's Purported Disclaimer**

Caterpillar claims that so much of Trans-Spec's Count I as is based on Caterpillar's breaches of implied warranties is barred by Caterpillar's disclaimer on the applicable warranty documents. (Motion to Dismiss, p. 5). According to prior testimony cited in the Opposition, Caterpillar unilaterally decided that the warranty provided by the extended service contract, and which contain the purported disclaimer of implied warranties, did not apply to the flywheel house, flywheel house bolt, and other engine and truck difficulties which Trans-Spec suffered

---

[1] During his deposition, Mr. Guidotti was asked if he recalled either Mr. Cardoza's email of January 30, 2004 or his own email of February 2, 2004. Mr. Guidotti could not recall either, though he did not deny receiving Mr. Cardoza's email on January 30, 2004 or sending his own of February 2, 2004.

-3-

related to its C-12 engines. Mr. Schoening's additional testimony confirmed that fact. (See Stephen W. Schoening depo., 135.7-137.13, a true and accurate copy of which is attached as Exhibit F to the accompanying Affidavit of Christian G. Samito). Mr. Schoening's testimony also revealed that even after Caterpillar resumed reimbursing for Trans-Spec's flywheel housing and flywheel housing repairs in the late summer 2004, Caterpillar did so under a goodwill budget because it continued to believe that these repairs did not fall under warranty. (See Stephen W. Schoening depo., 135.7-137.13).

When Caterpillar disclaimed the warranties and coverage provided by the extended service contract, it also disclaimed all of its purported disclaimers. Accordingly, Caterpillar's purported disclaimer does not bar Trans-Spec's claim for breaches of any warranty, express or implied, as well as for any incidental or consequential damages.

WHEREFORE, Trans-Spec respectfully requests that this Court deny Caterpillar's Motion to Dismiss for the foregoing reasons.

Respectfully submitted,
TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE
By its Attorneys,

_____
Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 8, 2005

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 8th day of August, 2005, I served a copy of the foregoing, by mail, postage prepaid to:

John A. K. Grunert, Esq.
Kevin P. Guichon, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129

_____
Christian G. Samito, Esq.

00936713

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, <br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) |

**AFFIDAVIT OF CHRISTIAN G. SAMITO, ESQ.**

I, Christian G. Samito, state:

1       I am a member of the Bar of the District of Massachusetts, Of Counsel with the law firm of Donovan Hatem LLP, and represent Trans-Spec Truck Service, Inc. d/b/a Truck Service ("Trans-Spec"). I submit this affidavit in support of the *Supplemental Memorandum in Opposition of the Motion to Dismiss Second Amended Complaint*.

2.      Exhibits A through F are true and accurate copies of the following documents:

Exhibit A – Letter of Kevin P. Guichon to Christian G. Samito dated July 18, 2005;

Exhibit B – Email from Caterpillar employee Richard E. Bowes dated April 30, 2004

Exhibit C – Email of Troy N. Guidotti dated September 9, 2004

Exhibit D – Email of Al Cardoza to Troy N. Guidotti dated January 30, 2004; Email of Troy N. Guidotti dated February 2, 2004

Exhibit E – Exhibit 1 to the Deposition of Stephen W. Schoening

Exhibit F – Excerpts from the deposition of Stephen W. Schoening

SIGNED UNDER THE PENALTIES OF PERJURY THIS 8th DAY OF AUGUST, 2005.

_____
Christian G. Samito

00936841

- 1 -