UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, )<br>)<br>)<br>      Plaintiff )<br>)<br>vs. )<br>)<br>CATERPILLAR INC. )<br>)<br>      Defendant )<br>) | CIVIL ACTION NO. 04-11836-RCL |

CATERPILLAR INC.'S MOTION FOR A PROTECTIVE ORDER WITH RESPECT TO
UNAUTHORIZED THIRD SET OF DOCUMENT REQUESTS, AND CERTIFICATE
OF CONFERENCE

The defendant Caterpillar Inc. moves pursuant to Fed. R. Civ. P. 26(c)(1) for an Order, in the attached form, providing that it need not respond in any fashion to the document request contained in Schedule B appended to the Notice of Taking Deposition served by the plaintiff Trans-Spec Truck Service, Inc. ("Trans-Spec") on Caterpillar pursuant to Fed. R. Civ. P. 30(b)(6) on or about July 29, 2005. A copy of the offending notice and document request are attached to this motion.

In support of its motion, Caterpillar states (as more fully set forth in the accompanying memorandum) that the document request appended to Trans-Spec's notice is the third set of Rule 34 document requests Trans-Spec has served. Local Rule 26.1(C) permits civil litigants in this district to serve only two sets of document requests to an opposing party. Local Rule 26.2(B)(2) specifically prohibits a litigant from serving more than two sets of document requests unless the litigant first obtains, on motion supported by a showing of good cause, the Court's permission to do so. Trans-Spec did not seek the Court's permission to serve more document requests than

1

permitted by Local Rule 26.1(C). The scheduling order does not permit service of more than two sets of document requests, even though the subject of numerical limits on discovery was specifically addressed at the conference. There is no good cause for Trans-Spec's service of a third set of document requests and, in fact, many of the requests in the third set are redundant of earlier requests. In any event, Caterpillar will be subjected to unfair burden and expense if required to respond to the third request and proceedings in this case are likely to be unduly delayed if i is required to do so.

The document request appended to Trans-Spec's Rule 30(b)(6) notice of taking deposition is contrary to law and to the scheduling order and unfairly burdensome, expensive and oppressive to Caterpillar. There is good cause for an order protecting Caterpillar from it and directing that Caterpillar need not respond to it.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

### CERTIFICATE OF CONFERENCE OF COUNSEL

I, John A. K. Grunert, counsel for Caterpillar Inc., hereby certify pursuant to Local Rules 7.1 and 37.1 that on August 17, 2005, I conferred in good faith with Nancy M. Reimer, Esquire, one of the counsel of record for the plaintiff Trans-Spec Truck Service, Inc., in an effort to narrow or resolve the issues presented in the foregoing motion. We were, notwithstanding our efforts, unsuccessful in resolving or narrowing the dispute addressed by this motion.

John A. K. Grunert (BBO: 213820)

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on August 17, 2005, I served the within motion by causing a copy to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert