UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE INC., D/B/A TRUCK SERVICE | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 04-11836RCL |
| v. | ) ) | |
| CATERPILLAR INC. | ) ) | |
| Defendant. | ) ) ) | |

## TRANS-SPEC TRUCK SERVICE INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, CATERPILLAR INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff, Trans-Spec Truck Service Inc. ("Trans-Spec"), requests that the defendant, Caterpillar Inc. ("Caterpillar"), produce for inspection and copying the following documents at the offices of Donovan Hatem, LLP, Two Seaport Lane, Boston, MA, 02210, within thirty (30) days of service hereof.

### DEFINITIONS

The following terms used in these document requests have the following meanings:

1.    The term "communication" means all oral conversations, discussions, correspondence, letters, electronic communications, telegrams, telex, messages, memoranda, meetings, conferences, discussions, notes, internal memoranda, email, voicemail, facsimile, and any transmission of information in any form, both oral and written.

2.    The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

3.    The term "date" means the exact date, month and year if ascertainable, or if not, the best approximation thereof.

4.     The term "document" means, without limitation, all items printed, recorded, reproduced by any mechanical process, written or produced by hand, including, but not limited to: legal documents, daily reports, logs, photographs, tapes, agreements, drafts of agreements, business records, interoffice communications, correspondence, telegrams, internal or other memoranda, summaries or records of telephone conversation, telegrams, diaries, graphs, films, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, letters, invoices, and data stored electronically, including, but not limited to, email, voicemail, floppy disks, hard drives, CD-ROM, and deleted and erased computer records, which are in the possession or control of the answering party.

5.     The phrase "Trans-Spec's C-12 engines" refers to the twenty-two Caterpillar C-12 engines at issue in this lawsuit and which have the following Engine Numbers: 2KS27780; 2KS27897; 2KS27878; 2KS27936; 2KS27904; 2KS27955; 2KS28378; 2KS27844; 2KS27905; 2KS27999; 2KS27877; 2KS28368; 2KS27861; 2KS27956; 2KS27857; 2KS28276; 2KS27914; 2KS27953; 2KS27893; 2KS27931; 2KS27835; 2KS27791.

6.     The phrase "Trans-Spec's trucks" refers to the twenty-two trucks containing Caterpillar C-12 engines with the Engine Numbers given in the preceding paragraph.

## INSTRUCTIONS

The following instructions shall be used in these document requests:

1.     Caterpillar is requested to produce all documents and communications in its possession, custody or control, including all documents and communications that are in the

custody of its employees, officers, directors, servants, attorneys, consultants, accountants or agents or other persons acting on his behalf, regardless of the location of such documents.

2.    If Caterpillar objects to any of the document requests set forth below, or redacts any document produced pursuant to any of the document requests set forth below, please state the precise grounds for the objection(s) with particularity. If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

3.    With respect to each document withheld from the production or redacted on any basis whatsoever, please state or identify: (a) the date of the document; (b) the document's author(s) or originator(s) and any persons involved in creating the document; (c) the title and duties of the author(s) or originator(s) and all persons involved in creating the document; (e) the subject matter(s) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with regard to the document.

4.    If any document responsive to a Request was, but no longer is, in Caterpillar's possession, custody or control, please identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

## DOCUMENTS REQUESTED

### REQUEST NO. 1

All documents concerning the histories of Trans-Spec's C-12 engines, from the time of their fabrication to the present, including but not limited to any and all service claims, reports, or correspondence, whether internal or between Caterpillar and any other person or entity, including but not limited to Southworth-Milton, Inc. a/k/a Milton CAT, Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

**REQUEST NO. 2**

All documents concerning the specifications and histories of Trans-Spec's trucks from the time of their fabrication to the present, including but not limited to any and all service claims, reports, or correspondence, whether internal or between Caterpillar and any other person or entity, including but not limited to Southworth-Milton, Inc. a/k/a Milton CAT, Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

**REQUEST NO. 3**

All documents concerning the specifications, performance curves, engine retardation, performance data and records, and any notices regarding actual or potential service issues or defects sent out to dealers or distributors, concerning Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

**REQUEST NO. 4**

All documents concerning defects, service issues, and returns for service concerning flywheel housings, flywheel bolts, front structures, intake and exhaust valves, injectors, turbo chargers, or cylinder heads for Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

**REQUEST NO. 5**

All documents concerning Trans-Spec, Trans-Spec's trucks, Trans-Spec's C-12 engines, Trans-Spec's personnel, Trans-Spec's business operations, and Trans-Spec's claims, whether internal or between Caterpillar and any other person or entity, including but not limited to Southworth-Milton, Inc. a/k/a Milton CAT, Tri-State Truck Center, Inc., Sterling Truck Corporation, Colony Truck Sales, Inc., Ring Power Corporation, or Minuteman Trucks, Inc.

**REQUEST NO. 6**

All documents concerning Caterpillar's policies and procedures regarding claims pursuant to its service coverage for the C-12 engine.

**REQUEST NO. 7**

All documents concerning Caterpillar's handling of any and all claims regarding Trans-Spec's C-12 engines.

**REQUEST NO. 8**

All documents concerning Caterpillar's business relationship with Southworth-Milton, Inc. a/k/a Milton CAT, including but not limited to subsidies and money exchanges between the entities, contracts and agreements concerning Southworth-Milton, Inc. a/k/a Milton CAT's distribution of Caterpillar products, and policies regarding approval for warranty claims on Caterpillar engines.

**REQUEST NO. 9**

All marketing or other promotional literature concerning Caterpillar's 3126, 3176, C-10, C-12, and C-13 engines.

**REQUEST NO. 10**

All documents concerning the cost of flywheel housings for Caterpillar's C-12 engine from its inception to the present.

**REQUEST NO. 11**

All documents concerning any communication or negotiation between Caterpillar and Trans-Spec and/or Sterling Truck Corporation preceding Trans-Spec's purchase of Trans-Spec's trucks.

**REQUEST NO. 12**

All documents concerning any efforts Caterpillar made, or considered making, to provide rental assistance for temporary use in substitution for Trans-Spec's trucks that were out of service.

**REQUEST NO. 13**

All warranties concerning Trans-Spec's C-12 engines.

**REQUEST NO. 14**

All documents concerning Caterpillar's claim that trucks with specifications suitable for use in Trans-Spec's type of business can be rented for temporary use.

**REQUEST NO. 15**

All documents concerning Caterpillar's claim that Trans-Spec failed to provide timely notice of the breaches of warranty and that Caterpillar has been prejudiced by that failure.

**REQUEST NO. 16**

All documents concerning Caterpillar's claim that its breaches of implied warranties were part of a valid disclaimer by Caterpillar.

**REQUEST NO. 17**

All documents concerning Caterpillar's claim that Caterpillar disclaimed all warranties, express or implied.

**REQUEST NO. 18**

All documents concerning Caterpillar's claim that Trans-Spec's damages were due to misuse of Trans-Spec's C-12 engines.

**REQUEST NO. 19**

All documents concerning Caterpillar's claim that Trans-Spec's losses were caused by the intervening, superseding misconduct of persons or the acts or omissions of third persons over whom Caterpillar exercised no control and for whose conduct Caterpillar is not responsible.

**REQUEST NO. 20**

All documents concerning Caterpillar's claim that Trans-Spec is not the real party in interest.

**REQUEST NO. 21**

All documents concerning Caterpillar's claim that Trans-Spec was aware of the alleged defects in its C-12 engines but voluntarily and unreasonably chose to encounter the known dangers created by the alleged defect.

**REQUEST NO. 22**

All documents concerning Caterpillar's claim that Trans-Spec's conduct was the sole proximate cause of its damages.

**REQUEST NO. 23**

All documents concerning Caterpillar's claim that Trans-Spec failed to mitigate its injuries and damages.

**REQUEST NO. 24**

All documents concerning Caterpillar's claim that Trans-Spec committed spoliation of evidence and/or prevented Caterpillar from conducting an adequate pre-suit investigation of the facts of its claim.

**REQUEST NO. 25**

All documents concerning Caterpillar's claim that Trans-Spec's C-12 engines were modified, altered or changed after they left Caterpillar's possession, custody, and/or control.

**REQUEST NO. 26**

All documents concerning Caterpillar's claim that Trans-Spec's C-12 engines met or exceeded all applicable warranties.

**REQUEST NO. 27**

All documents concerning Caterpillar's claim that the problems with Trans-Spec's C-12 engines were caused by improper installation of the engines by Sterling Truck Corporation.

**REQUEST NO. 28**

All documents concerning Caterpillar's claim that Trans-Spec's C-12 engines were not suited for the characteristics of Trans-Spec's trucks or Trans-Spec's use of Trans-Spec's trucks.

**REQUEST NO. 29**

All documents concerning Caterpillar's business relations with Trans-Spec from 1990 to the present, including but not limited to those concerning any meetings or conversations between any officer, director, employee, representative or agent of Caterpillar and Trans-Spec, any prior purchases of any Caterpillar product by Trans-Spec, any visits by Jay Howard or any other Trans-Spec employee to the Caterpillar facilities in Peoria, Illinois, and attendance by Andrew Lind or any other Trans-Spec employee to the introduction of the C-12 engine in Orlando, Florida.

**REQUEST NO. 30**

All documents concerning Trans-Spec's purchase and use of the first FLD12 Freightliner truck that had a Caterpillar 3176 engine integrated into it, including but not limited to documents concerning performance and other testing conducted in or around 1990-1993 on this truck by Caterpillar as part of its research for future development and Al Cardoza's and Harry Calderbank's attendance at these tests.

Plaintiff,

TRANS-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE

By its attorneys

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: December 16, 2004
00878185

8

CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 16th day of December 2004, I caused a copy of the foregoing to be mailed, postage prepaid to all counsel of record.

Christopher R. Howe, Esq.
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza, 3rd Floor
Boston, MA 02129

_____
Christian G. Samito

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC.,<br>D/B/A TRUCK SERVICE<br><br>                              Plaintiff,<br>v.<br><br>CATERPILLAR INC.<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 04-11836RCL

## TRANS-SPEC TRUCK SERVICE INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, CATERPILLAR INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff, Trans-Spec Truck Service Inc. ("Trans-Spec"), requests that the defendant, Caterpillar Inc. ("Caterpillar"), produce for inspection and copying the following documents at the offices of Donovan Hatem, LLP, Two Seaport Lane, Boston, MA, 02210, within thirty (30) days of service hereof.

## DEFINITIONS

The following terms used in these document requests have the following meanings:

1.     The term "communication" means all oral conversations, discussions, correspondence, letters, electronic communications, telegrams, telex, messages, memoranda, meetings, conferences, discussions, notes, internal memoranda, email, voicemail, facsimile, and any transmission of information in any form, both oral and written.

2.     The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

3.     The term "date" means the exact date, month and year if ascertainable, or if not, the best approximation thereof.

4.     The term "document" means, without limitation, all items printed, recorded, reproduced by any mechanical process, written or produced by hand, including, but not limited to: legal documents, daily reports, logs, photographs, tapes, agreements, drafts of agreements, business records, interoffice communications, correspondence, telegrams, internal or other memoranda, summaries or records of telephone conversation, telegrams, diaries, graphs, films, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries of records of personal conversations, interviews, meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, letters, invoices, and data stored electronically, including, but not limited to, email, voicemail, floppy disks, hard drives, CD-

ROM, and deleted and erased computer records, which are in the possession or control of the answering party.

## INSTRUCTIONS

The following instructions shall be used in these document requests:

1.    Caterpillar is requested to produce all documents and communications in its possession, custody or control, including all documents and communications that are in the custody of its employees, officers, directors, servants, attorneys, consultants, accountants or agents or other persons acting on his behalf, regardless of the location of such documents.

2.    If Caterpillar objects to any of the document requests set forth below, or redacts any document produced pursuant to any of the document requests set forth below, please state the precise grounds for the objection(s) with particularity.  If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

3.    With respect to each document withheld from the production or redacted on any basis whatsoever, please state or identify: (a) the date of the document; (b) the document's author(s) or originator(s) and any persons involved in creating the document; (c) the title and duties of the author(s) or originator(s) and all persons involved in creating the document; (e) the subject matter(s) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with regard to the document.

4.    If any document responsive to a Request was, but no longer is, in Caterpillar's possession, custody or control, please identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

## DOCUMENTS REQUESTED

### REQUEST NO. 1

The complete warranty manual, in its entirety, to which Mr. Albert Cardoza referred in his deposition of May 31, 2005, referenced on pages 69-71 of that deposition, and from which Caterpillar produced the packet subsequently marked as Exhibit G in the deposition of Kevin G. Holmes on April 11, 2005.

### REQUEST NO. 2

All non-privileged documents concerning any and all modifications or proposed modifications to the design and/or composition of the flywheel houses and/or flywheel bolts used in Caterpillar C-12 engines since January 1, 2000.

2

## REQUEST NO. 3

All non-privileged documents concerning any and all differences in the design and/or composition of the flywheel housings and/or flywheel bolts as used in commercial and military versions of the Caterpillar C-12 engine used in onroad vocational applications.

## REQUEST NO. 4

All non-privileged documents not produced pursuant to Request Number 3 concerning any and all differences in the design and/or composition of the commercial and military versions of the Caterpillar C-12 engine used in onroad vocational applications.

Plaintiff,

TRANS-SPEC TRUCK SERVICE INC.,
D/B/A TRUCK SERVICE

By its attorneys

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: June 13, 2005
00924749

## <u>CERTIFICATE OF SERVICE</u>

I, Christian G. Samito, hereby certify that on June 13 , 2005, I served the within requests for production of documents by causing them to be mailed by first class mail, postage prepaid, to John A. K. Grunert, Esquire, Campbell Campbell Edwards & Conroy, P.C., One Constitution Plaza, Boston, MA 02129.

Christian G. Samito

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, Plaintiff | ) ) ) ) |
| vs. | ) ) ) |
| CATERPILLAR INC. Defendant | ) ) ) ) |

## NOTICE OF TAKING DEPOSITION

To:    John A. K. Grunert, Esq.
       Campbell Campbell Edwards & Conroy, P.C.
       One Constitution Plaza
       Boston, MA 02129

Please take notice that on *September 13, 2005, at 10:00 a.m.*, at the offices of Donovan Hatem LLP, Two Seaport Lane, Boston, Massachusetts 02210, the plaintiff, Trans-Spec Truck Service, Inc., in this action by its attorneys, will take the deposition upon oral examination of the defendant, Caterpillar, Inc., by one or more persons to be designated by the defendant pursuant to Fed. R. Civ. P. 30(b)(6). The deposition will be recorded stenographically and will continue from day to day until completed. The designee or designees should be prepared to testify on the topics listed in Schedule A, attached hereto. Pursuant to Fed. R. Civ. P. 30(b)(5), the defendant is also required to produce the documents listed in Schedule B, attached hereto, on or before August 29, 2005.

You are invited to attend the deposition and cross-examine the witness in accordance with applicable law.

190 FRD 284
163 FRD 170

MA R USDCT LR26.1

TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE

By its Attorneys,

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: July 29, 2005

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 29th day of July, 2005, I served a copy of the foregoing document by facsimile and first class mail, postage prepaid to:

John A.K. Grunert, Esq.
Kevin Guichon, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129

Christian G. Samito

00931443.DOC

## SCHEDULE A

The following terms used in this Schedule A have the following meanings:

1.     The term "communication" is defined pursuant to Local Rule 26.5(C)(1) as "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."

2.     The term "concerning" is defined pursuant to Local Rule 26.5(C)(7) as "referring to, describing, evidencing, or constituting."

3.     The term "document" is defined pursuant to Local Rule 26.5(C)(2) as "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form[.]"

4.     The phrase "Trans-Spec's C-12 Engines" refers to the twenty-two Caterpillar C-12 engines at issue in this lawsuit and which have the following Engine Numbers: 2KS27780; 2KS27897; 2KS27878; 2KS27936; 2KS27904; 2KS27955; 2KS28378; 2KS27844; 2KS27905; 2KS27999; 2KS27877; 2KS28368; 2KS27861; 2KS27956; 2KS27857; 2KS28276; 2KS27914; 2KS27953; 2KS27893; 2KS27931; 2KS27835; 2KS27791.

5.     The phrase "Trans-Spec's Trucks" refers to the twenty-two trucks containing Caterpillar C-12 engines with the Engine Numbers given in the preceding paragraph.

6.     The term "Trans-Spec" shall mean Trans-Spec Truck Service, Inc. d/b/a Truck Service and/or its agents, employees, officers and all other persons acting on its behalf.

7.     The term "Caterpillar" shall mean Caterpillar, Inc. and/or its agents, employees, officers and all other persons acting on its behalf.

8.     The term "SMI" shall mean Milton Cat f/k/a Southworth-Milton, Inc. and/or its agents, employees, officers and all other persons acting on its behalf.

9.    The term "Sterling" shall mean Sterling Truck Corporation and/or its agents, employees, officers and all other persons acting on its behalf.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

Examination is requested on the following matters:

1.    All communications between SMI and Caterpillar concerning Trans-Spec's Trucks and Trans-Spec's C-12 Engines.

2.    All communications between SMI and Caterpillar concerning flywheel house and/or flywheel house bolt failures on the Caterpillar C-12 model engine.

3.    All communications between Sterling and Caterpillar concerning Trans-Spec's Trucks and Trans-Spec's C-12 Engines.

4.    All communications between Sterling and Caterpillar concerning flywheel house and/or flywheel house bolt failures on the Caterpillar C-12 model engine.

5.    The manufacturing of Trans-Spec's C-12 Engines.

6.    The design of Trans-Spec's Trucks.

7.    The procedure for installing Trans-Spec's C-12 Engines in Trans-Spec's Trucks.

8.    The design, capabilities, appropriate applications, and performance specifications of Caterpillar's 3176, C-10, and C-12 engine models.

9.    The design of the flywheel houses and flywheel house bolts in Caterpillar's 3176, C-10, and C-12 engine models.

10.    The facts supporting any claim by Caterpillar that Trans-Spec failed to provide timely notice of the breaches of warranty and/or that Caterpillar has been prejudiced by such alleged failure.

11.    The facts supporting any claim by Caterpillar that its breaches of implied warranties were part of a valid disclaimer by Caterpillar.

12.    The facts supporting any claim by Caterpillar that it disclaimed all warranties, express or implied, in connection with Trans-Spec's trucks and/or Trans-Spec's C-12 Engines.

13.    The facts supporting any claim by Caterpillar that Trans-Spec's damages were due to misuse of Trans-Spec's C-12 Engines and/or Trans-Spec's Trucks.

14.     The facts supporting any claim by Caterpillar that Trans-Spec's losses were caused by the intervening, superseding misconduct of persons or the acts or omissions of third persons over whom Caterpillar exercised no control and for whose conduct Caterpillar is not responsible.

15.     The facts supporting any claim by Caterpillar that Trans-Spec's conduct was the sole proximate cause of its damages.

16.     The facts supporting any claim by Caterpillar that Trans-Spec failed to mitigate its injuries and damages.

17.     The facts supporting any claim by Caterpillar that Trans-Spec's C-12 Engines met or exceeded all applicable warranties.

18.     The facts supporting any claim by Caterpillar that Trans-Spec's C-12 Engines were not suited for the characteristics of Trans-Spec's trucks or Trans-Spec's use of Trans-Spec's trucks.

19.     The failures of Trans-Spec's C-12 Engines.

20.     The causes of the failures of the flywheel houses and flywheel house bolts installed in Trans-Spec's C-12 Engines.

21.     Any investigation by Caterpillar into the causes of the failures of the flywheel houses and flywheel house bolts installed in Trans-Spec's C-12 Engines.

22.     Any investigation by Caterpillar into the causes of failures of flywheel houses and flywheel house bolts in Caterpillar C-12 model engines.

23.     Any complaints received by Caterpillar from any person or entity concerning failures of flywheel houses and flywheel house bolts in C-12 model engines.

24.     Any differences between the design, composition, and/or manufacture of flywheel houses and/or flywheel house bolts installed in Caterpillar C-12 model engines installed in military vehicle applications and commercial vehicle applications.

25.     The bolted connections of flywheel houses in Caterpillar C-12 model engines.

26.     The bolt structure and placement on flywheel houses in Caterpillar C-12 model engines.

27.     The expected loads placed on flywheel houses in Caterpillar C-12 engines.

28.     The material used in the construction of flywheel houses and flywheel house bolts in the Caterpillar C-12 model engine.

29.    The circumstances in which the flywheel houses and flywheel house bolts on Caterpillar C-12 model engines are cast or fabricated of the same metal.

30.    Any modifications in the composition of the flywheel houses and flywheel house bolts installed in Caterpillar C-12 model engines since January 1, 1996.

31.    Any revisions, changes or modifications of any kind in the design of the flywheel houses or flywheel house bolts used in Caterpillar C-12 model engines since January 1, 1996.

32.    The impact or effect of transmissions and transmission mounts on the Caterpillar C-12 model engines, including but limited to the impact or effect on flywheel houses and flywheel house bolts.

33.    Caterpillar's rejection of warranty claims made by Trans-Spec and any entity performing repairs on Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

34.    Caterpillar's handling of all warranty claims made by Trans-Spec and any entity performing repairs on Trans-Spec's Trucks and Trans-Spec's C-12 Engines.

35.    Any decisions made by Caterpillar's Warranty Claims department concerning Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

36.    Any decisions made by Clarissa Colmer, Robert Smith, and Michael Powers concerning Trans-Spec's Trucks, Trans-Spec's C-12 Engines, and any request for warranty coverage or reimbursement for Trans-Spec's Trucks and Trans-Spec's C-12 Engines.

37.    Any tests performed on Trans-Spec's Trucks and Trans-Spec's C-12 Engines.

38.    The bolted connection between the flywheel houses and the engine block for the Caterpillar 3176, C-10 and C-12 engine models.

39.    The bolted connection between the flywheel houses and the transmission for the Caterpillar 3176, C-10 and C-12 engine models.

40.    The structural analysis of the flywheel houses, including but not limited to any finite element analyses, for the Caterpillar 3176, C-10 and C-12 engine models.

41.    The structural analysis of the flywheel house bolts, including but not limited to any finite element analyses, for the Caterpillar 3176, C-10 and C-12 engine models.

42.    The loads transferred to the engine block and flywheel houses for the Caterpillar 3176, C-10 and C-12 engine models.

43.   The supports between the flywheel houses and the frames for the Caterpillar 3176, C-10 and C-12 engine models.

44.   The engine block material and the flywheel house casting and material for the Caterpillar 3176, C-10 and C-12 engine models.

45.   The fasteners or bolts used to connect the flywheel houses to the engine blocks for Caterpillar 3176, C-10 and C-12 engine models.

46.   Ratings (including but not limited to horse-power, torque and RPM) for the Caterpillar 3176, C-10 and C-12 engine models for the years that they have been in service.

## SCHEDULE B

The following terms used in this Schedule B have the following meanings:

1.     The term "communication" is defined pursuant to Local Rule 26.5(C)(1) as "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."

2.     The term "concerning" is defined pursuant to Local Rule 26.5(C)(7) as "referring to, describing, evidencing, or constituting."

3.     The term "document" is defined pursuant to Local Rule 26.5(C)(2) as "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form[.]"

4.     The phrase "Trans-Spec's C-12 Engines" refers to the twenty-two Caterpillar C-12 engines at issue in this lawsuit and which have the following Engine Numbers: 2KS27780; 2KS27897; 2KS27878; 2KS27936; 2KS27904; 2KS27955; 2KS28378; 2KS27844; 2KS27905; 2KS27999; 2KS27877; 2KS28368; 2KS27861; 2KS27956; 2KS27857; 2KS28276; 2KS27914; 2KS27953; 2KS27893; 2KS27931; 2KS27835; 2KS27791.

5.     The phrase "Trans-Spec's Trucks" refers to the twenty-two trucks containing Caterpillar C-12 engines with the Engine Numbers given in the preceding paragraph.

6.     The term "Trans-Spec" shall mean Trans-Spec Truck Service, Inc. d/b/a Truck Service and/or its agents, employees, officers and all other persons acting on its behalf.

7.     The term "Caterpillar" shall mean Caterpillar, Inc. and/or its agents, employees, officers and all other persons acting on its behalf.

8.     The term "SMI" shall mean Milton Cat f/k/a Southworth-Milton, Inc. and/or its agents, employees, officers and all other persons acting on its behalf.

## DOCUMENTS TO BE PRODUCED

The following documents shall be produced at the offices of Donovan Hatem LLP, Two

Seaport Lane, Boston, Massachusetts 02210 on or before August 29, 2005:

1.  All documents concerning engineering calculations and/or reports concerning the bolted connection between the flywheel housing and the engine block for the Caterpillar engine models 3176, C-10, and C-12.

2.  All documents concerning engineering calculations and/or reports concerning the bolted connection between the flywheel housing and the transmission for the Caterpillar engine models 3176, C-10 and C-12.

3.  All documents concerning engineering calculations and/or reports concerning the structural analysis of the flywheel housing, including but not limited to any finite element analyses, for the Caterpillar engine models 3176, C-10 and C-12.

4.  All documents concerning engineering calculations and/or reports concerning the structural analysis of the flywheel house bolts, including but not limited to any finite elements analyses, for the Caterpillar engine models 3176, C-12, and C-12.

5.  All documents concerning engineering calculations and/or reports concerning the loads transferred to the engine block and flywheel houses for the Caterpillar engine models 3176, C-10 and C-12.

6.  All documents concerning engineering calculations and/or reports concerning the supports between the flywheel housing and the frame for the Caterpillar engine models 3176, C-10 and C-12.

7.  All documents concerning specifications for the engine block material and the flywheel housing casting and material for the Caterpillar engine models 3176, C-10 and C-12.

8.  All documents concerning specifications for the fasteners or bolts used to connect the flywheel housing to the engine block for Caterpillar engine models 3176, C-10 and C-12.

9.  All documents concerning ratings (including but not limited to horse-power, torque and RPM) for the Caterpillar engine models 3176, C-10 and C-12 for the years that they have been in service.

10. All documents concerning the bolt structure and placement on flywheel houses in Caterpillar engine models 3176, C-10, and C-12.

11.  All documents concerning technical and/or shop manuals, including but not limited to those containing information regarding the removal, installation, replacement and/or repair of the flywheel housings, for the Caterpillar engine models 3176, C-10 and C-12.

12.  All documents concerning parts lists, including identification numbers, for the flywheel housing and flywheel housing fasteners or bolts for the Caterpillar engine models 3176, C-10 and C-12 for the years that they have been in service.

13.  All documents authored by, received by, or carbon copied by anyone in Caterpillar's Warranty Claim department concerning Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

14.  All documents authored by, received by, or carbon copied to Clarissa Colmer, Robert Smith, and/or Michael Powers concerning Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

15.  All documents concerning Caterpillar's rejection of warranty claims made by Trans-Spec and/or any entity performing repairs on Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

16.  All documents concerning Caterpillar's handling of all warranty claims made by Trans-Spec and/or any entity performing repairs on Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

17.  All communications between SMI and Caterpillar concerning Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

18.  All communications between Sterling and Caterpillar concerning Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

19.  All documents concerning the failures of Trans-Spec's C-12 Engines.

20.  All documents concerning any investigation by Caterpillar into the causes of the failures of the flywheel houses and flywheel house bolts installed in Trans-Spec's C-12 Engines.

21.  All documents concerning any investigation by Caterpillar into the causes of failures of flywheel houses and flywheel house bolts in Caterpillar C-12 model engines.

22.  All documents concerning any complaints received by Caterpillar from any person or entity concerning failures of flywheel houses or flywheel house bolts in Caterpillar C-12 model engines.

23.  All documents concerning any differences between the design, composition, and/or manufacture of flywheel houses and/or flywheel house bolts installed in Caterpillar

C-12 model engines installed in military vehicle applications and commercial vehicle applications.

24.  All documents concerning the circumstances in which the flywheel houses and flywheel house bolts on Caterpillar C-12 model engines are cast or fabricated of the same metal.

25.  All documents concerning any modifications in the composition of the flywheel houses and flywheel houses bolts installed in Caterpillar C-12 model engines since January 1, 1996.

26.  All documents concerning revisions, changes, or modifications of any kind in the design of the flywheel houses or flywheel house bolts used in Caterpillar C-12 model engines since January 1, 1996.

27.  All documents concerning the impact or effect of transmissions and/or transmission mounts on the Caterpillar C-12 model engines, including but not limited to their impact or effect on flywheel houses or flywheel house bolts.

28.  All documents concerning any tests performed on Trans-Spec's Trucks and/or Trans-Spec's C-12 Engines.

00931332