AO 88 (Rev 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ Massachusetts _____

TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE,

        Plaintiff,

        V.

CATERPILLAR INC.

        Defendant.

## SUBPOENA IN A CIVIL CASE

**CASE NUMBER:** 04-11836-RCL

TO:   Mr. Thomas H. Service
       Altran Solutions
       451 D Street
       Boston, MA

☐ You ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition In the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA  02129 | December 27, 2005 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA  02129 | December 27, 2005 at 930 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Defendant | December 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John A.K. Grunert, Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA  02129, 617-241-3000

**EXHIBIT A**

## SCHEDULE A

1. The complete contents of all files, both paper and electronic, created by or for the witness in connection with his work on the Trans-Spec Truck Service, Inc. case (hereinafter called the "Trans-Spec case" or "this case").

2. All photographs (including *without limitation* photomicrographs) and videotapes taken by or for the witness in connection with his work on the Trans-Spec case.

3. All photographs (including *without limitation* photomicrographs) and videotapes reviewed by the witness in connection with his work on the Trans-Spec case.

4. All images created in connection with the witness's work on the Trans-Spec case through use of any x-ray or scanning technology, including *without limitation* SEM.

5. All images created through use of any x-ray or scanning technology, including *without limitation* SEM, which the witness reviewed in connection with his work on the Trans-Spec case.

6. All protocols, data, and reports relative to testing and analyses (including *without limitation* the "laboratory analysis" referenced in the second paragraph on page 2 of the witness's report to Ms. Nancy Reimer dated December 5, 2005) conducted by or for the witness in connection with the Trans-Spec case.

7. All protocols, data, and reports relative to testing or analysis (including *without limitation* the "laboratory analysis" referenced in the second paragraph on page 2 of the witness's report to Ms. Nancy Reimer dated December 5, 2005) that the witness reviewed in connection with the Trans-Spec case.

8. All notes, memoranda, calculations, summaries and reports relative to inspections conducted by or for the witness in connection with the Trans-Spec case.

9. All notes, memoranda, calculations, summaries and reports reviewed by the witness relative to inspections conducted in connection with the Trans-Spec case.

10. All witness statements and notes, summaries, reports, and memoranda of witness interviews reviewed by the witness in connection with the Trans-Spec case.

11. All reports prepared by the witness in connection with the Trans-Spec case.

12. All correspondence between the witness and attorneys or other employees at the firm of Donovan Hatem concerning the Trans-Spec case.

13. All reports, input data, and output data with respect to finite element analyses performed by or for the witness in connection with this case.

14. All reports, input data, and output data with respect to finite element analyses reviewed by the witness in connection with this case.

15. All reports, notes, and memoranda with generated in connection with failure mode and effects analyses performed by or for the witness in connection with this case.

16. All reports, notes, and memoranda generated in connection with failure mode and effects analyses reviewed by the witness in connection with this case.

17. All reports, input data, and output data with respect to computer simulations and computerized reconstructions performed by or for the witness in connection with this case.

18. All reports, input data, and output data with respect to computer simulations and computerized reconstructions reviewed by or for the witness in connection with this case.

19. All records of Trans-Spec Truck Service, Inc., of TS Truck Service, Inc., or of Flynn's Truck Stop reviewed by the witness in connection with this case.

20. All records of Caterpillar Inc., Southworth-Milton, Inc., Tri-State Truck Service, Inc., Minuteman Trucks, Inc., Colony Ford Truck Center, Inc., or Sterling Truck Corporation reviewed by the witness in connection with this case.

21. All handbooks, design manuals, reference manuals, safety codes, recommended practices, and professional codes, guidelines and standards, including *without limitation* the items identified in the fourth through fifteenth bullet points on page 14 of the witness's report to Ms. Nancy Reimer dated December 5, 2005, which the witness consulted in connection with his work on this case.

22. The "web site material" referenced on page 14 of the witness's report to Ms. Nancy Reimer dated December 5, 2005.

23. All notes, memoranda, and summaries prepared by the witness of conversations he had with employees of Trans-Spec Truck Service, Inc., TS Truck Service, Inc., Tri-State Truck Center, Inc., Minuteman Trucks, Inc., Colony Ford Truck Center, Inc. or Sterling Truck Corporation.

24. All summaries of deposition testimony prepared by or for, or reviewed by, the witness in connection with this case.

25. All deposition transcripts reviewed by the witness in connection with this case *except for* transcripts listed on page 14 of the witness's report to Ms. Nancy Reimer dated December 5, 2005, which have not been annotated.

26. All notes, memoranda and summaries prepared by the witness during or as a result of visits to Trans-Spec Truck Service, Inc.'s or TS Truck Service, Inc.'s facilities.

27. All records, except for records produced in this case by Caterpillar Inc., of flywheel housing or flywheel housing bolt failures occurring on Caterpillar engines.

28. All reports, notes, memoranda and summaries prepared or reviewed by the witness of interviews of persons who have reported flywheel housing or flywheel housing bolt failures occurring on Caterpillar engines.

29. All published reports of flywheel housing or flywheel housing bolt failures occurring on Caterpillar engines.

30. All communications from attorneys or other persons affiliated with the law firm of Donovan Hatem LLP which contain factual information utilized by the witness in connection with this case.

31. All earlier drafts of the report sent to Ms. Nancy Reimer on December 5, 2005.

32. All documents that identify or describe PTOs that were installed by Trans-Spec Truck Service, Inc. or by TS Truck Service, Inc. on the transmissions of the Sterling trucks involved in this case, and all photographs showing such PTOs.

33. All PTOs inspected by the witness in connection with his work on this case.

34. All documents that identify or describe product pumps installed on the Sterling trucks involved in this case, and all photographs showing such pumps.

35. All product pumps inspected by the witness in connection with his work on this case.

36. All specifications, engineering drawings, blueprints, test reports, test data, engineering change notices, and warranty records with respect to Meritor transmissions that the witness reviewed in connection with his work on this case.

37. All documents from which the witness has obtained information concerning the uses to which Trans-Spec Truck Service, Inc. and/or TS Truck Service, Inc. put the Sterling trucks involved in this case, including *without limitation* all documents recording materials and weights transported by those trucks when used in their end-dump application.

38. All statistics, data, reports, and analyses prepared by or for, or reviewed by, the witness in connection with his analysis of the frequency of failure of flywheel housings or flywheel housing bolts on C-12 engines *other than* those owned by Trans-Spec Truck Service, Inc.

39. All statistics, data, reports, and analyses prepared by or for, or reviewed by, the witness in connection with his analysis of the frequency of failure of aluminum flywheel housings

5

or of flywheel housing bolts utilized in flywheel housing assemblies that comprised aluminum flywheel housings.

40. The retention contract between the witness and Donovan Hatem, LLP and/or Trans-Spec Truck Service, Inc.

41. The witness's time records identifying dates he spent time on this case.

42. The witness's most current CV.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts _____

TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE,

        Plaintiff,

## SUBPOENA IN A CIVIL CASE

V.

**CASE NUMBER:** 04-11836-RCL

CATERPILLAR INC.

        Defendant.

**TO:**   Mr. Jack A. Ekchian
116 Watson Road
Belmont, MA 02478

☐ You ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition In the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA 02129 | December 29, 2005 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA 02129 | December 29, 2005 at 930 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]       Attorney for Defendant | December 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John A.K. Grunert, Campbell Campbell Edwards & Conroy, One Constitution Plaza, Boston, MA 02129, 617-241-3000



EXHIBIT B

## SCHEDULE A

1. The complete contents of all files, both paper and electronic, created by or for the witness in connection with his work on the Trans-Spec Truck Service, Inc. case (hereinafter called the "Trans-Spec case" or "this case").

2. All photographs (including *without limitation* photomicrographs) and videotapes taken by or for the witness in connection with his work on the Trans-Spec case.

3. All photographs (including *without limitation* photomicrographs) and videotapes reviewed by the witness in connection with his work on the Trans-Spec case.

4. All images created in connection with the witness's work on the Trans-Spec case through use of any x-ray or scanning technology, including *without limitation* SEM.

5. All images created through use of any x-ray or scanning technology, including *without limitation* SEM, which the witness reviewed in connection with his work on the Trans-Spec case.

6. All protocols, data, and reports relative to testing and analyses conducted by or for the witness in connection with the Trans-Spec case.

7. All protocols, data, and reports relative to testing or analysis that the witness reviewed in connection with the Trans-Spec case.

8. All notes, memoranda, calculations, summaries and reports relative to inspections conducted by or for the witness in connection with the Trans-Spec case.

9. All notes, memoranda, calculations, summaries and reports reviewed by the witness relative to inspections conducted in connection with the Trans-Spec case.

10. All witness statements and notes, summaries, reports, and memoranda of witness interviews reviewed by the witness in connection with the Trans-Spec case.

11. All reports prepared by the witness in connection with the Trans-Spec case.

12. All correspondence between the witness and attorneys or other employees at the firm of Donovan Hatem concerning the Trans-Spec case.

13. All reports, input data, and output data with respect to finite element analyses performed by or for the witness in connection with this case.

14. All reports, input data, and output data with respect to finite element analyses reviewed by the witness in connection with this case.

15. All reports, notes, and memoranda with generated in connection with failure mode and effects analyses performed by or for the witness in connection with this case.

16. All reports, notes, and memoranda generated in connection with failure mode and effects analyses reviewed by the witness in connection with this case.

17. All reports, input data, and output data with respect to computer simulations and computerized reconstructions performed by or for the witness in connection with this case.

18. All reports, input data, and output data with respect to computer simulations and computerized reconstructions reviewed by or for the witness in connection with this case.

19. All records of Trans-Spec Truck Service, Inc., of TS Truck Service, Inc., or of Flynn's Truck Stop reviewed by the witness in connection with this case.

20. All records of Caterpillar Inc., Southworth-Milton, Inc., Tri-State Truck Service, Inc., Minuteman Trucks, Inc., Colony Ford Truck Center, Inc., or Sterling Truck Corporation reviewed by the witness in connection with this case.

21. All handbooks, design manuals, reference manuals, safety codes, recommended practices, and professional codes, guidelines and standards which the witness consulted in connection with his work on this case.

22. All notes, memoranda, and summaries prepared by the witness of conversations he had with employees of Trans-Spec Truck Service, Inc., TS Truck Service, Inc., Tri-State Truck Center, Inc., Minuteman Trucks, Inc., Colony Ford Truck Center, Inc. or Sterling Truck Corporation.

23. All summaries of deposition testimony prepared by or for, or reviewed by, the witness in connection with this case.

24. All deposition transcripts reviewed by the witness in connection with this case *except for* unannotated transcripts of depositions taken in this case.

25. All notes, memoranda and summaries prepared by the witness during or as a result of visits to Trans-Spec Truck Service, Inc.'s or TS Truck Service, Inc.'s facilities.

26. All records, except for records produced in this case by Caterpillar Inc., of flywheel housing or flywheel housing bolt failures occurring on Caterpillar engines.

27. All reports, notes, memoranda and summaries prepared or reviewed by the witness of interviews of persons who have reported flywheel housing or flywheel housing bolt failures occurring on Caterpillar engines.

28. All published reports of flywheel housing or flywheel housing bolt failures occurring on Caterpillar engines.

29. All communications from attorneys or other persons affiliated with the law firm of Donovan Hatem LLP which contain factual information utilized by the witness in connection with this case.

30. All earlier drafts of the report sent to Ms. Nancy Reimer on December 7, 2005.

31. The retention contract between the witness and Donovan Hatem, LLP and/or Trans-Spec Truck Service, Inc.

32. The witness's time records identifying dates he spent time on this case.

33. The witness's most current CV.

34. All documents the form parts of the basis for the witness's "understanding that Caterpillar approved the overall design of the truck."

35. All documents that form part of the basis for the witness's opinion that "[t]he engines as designed, manufactured, and sold by Caterpillar were defective by reason of this design flaw."

36. All documents that form part of the basis for the witness's opinion that "normal usage would render the engines and trucks unusable."

37. All documents from which the witness has obtained information concerning the uses to which Trans-Spec Truck Service, Inc. and/or TS Truck Service, Inc. put the Sterling trucks involved in this case, including *without limitation* all documents recording materials and weights transported by those trucks when used in their end-dump application.

38. All documents that form part of the basis for the witness's "understanding that Trans-Spec never used an unpainted housing."

39. The records that "show the flywheel housing failed repeatedly on all of the vehicles."

40. All statistics, data, reports, and analyses prepared by or for, or reviewed by, the witness in connection with his analysis of the frequency of failure of flywheel housings or of flywheel housing bolts on C-12 engines *other than* those owned by Trans-Spec Truck Service, Inc.

41. All statistics, data, reports, and analyses prepared by or for, or reviewed by, the witness in connection with his analysis of the frequency of failure of aluminum flywheel housings or of flywheel housing bolts utilized in flywheel housing assemblies that comprised aluminum flywheel housings.

42. All documents that "indicate that Trans-Spec's C-12 engines were used within their specifications in the Sterling truck."

43. All documents that identify or describe PTOs that were installed by Trans-Spec Truck Service, Inc. or by TS Truck Service, Inc. on the transmissions of the Sterling trucks involved in this case, and all photographs showing such PTOs.

44. All PTOs inspected by the witness in connection with his work on this case.

45. All documents that identify or describe product pumps installed on the Sterling trucks involved in this case.

46. All product pumps inspected by the witness in connection with his work on this case.

47. All documents which form part of the basis for the witness's conclusion that "the use of the Meritor transmission was ... pre-approved by Caterpillar when the vehicles were ordered."

48. All documents which form part of the basis for the witness's conclusion that the Meritor transmissions installed in the Sterling trucks involved in this case "were within spec."

49. All specifications, engineering drawings, blueprints, test reports, test data, engineering change notices, and warranty records with respect to Meritor transmissions that the witness reviewed in connection with his work in this case.

50. The documents from which "[i]t is clear ... that certain individuals at Caterpillar agreed" that "failure of flywheel housings was caused by a design flaw and not because of any deficiencies in the way the C-12 engines were installed or used by Trans-Spec or others."

51. All documents that form part of the basis for the witness's "understanding that Caterpillar, at least initially, agreed with" the conclusion that "failure of flywheel housings was caused by a design flaw and not because of any deficiencies in the way the C-12 engines were installed or used by Trans-Spec or others."

52. All documents reviewed by the witness concerning engines supplied by Caterpillar "to the Department of Defense through Stewart & Stevenson," including *without limitation* all reports, data, and memoranda regarding the causes of flywheel housing failures experienced by some of those engines.





# DONOVAN HATEM LLP
*counselors at law*

Christian G. Samito
617 406 4592 direct
CSamito@donovanhatem.com

December 9, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129

Re:     <u>Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
        Civil Action No. 04-11836-RCL</u>

Dear Attorney Grunert:

I am in receipt of your December 9, 2005 letter and attached notices of taking depositions. I do not know why you threaten to subpoena Dr. Service and Dr. Ekchian but that is not relevant; both will be available for deposition. Neither are available on the dates you proposed but I have asked them to provide me with possible deposition dates in January. I will get back to you when I have those prospective dates.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Christian G. Samito

cc:     Nancy M. Reimer, Esq.
        Kevin Kenneally, Esq.
00964850



EXHIBIT C

World Trade Center East | 617 406 4500 main
Two Seaport Lane | 617 406 4501 fax
Boston, MA 02210 | www.donovanhatem.com