UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>    Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>    Defendant | CIVIL ACTION NO. 04-11836-RCL |

CATERPILLAR INC.'S OPPOSITION TO THE MOTION FOR PROTECTIVE
ORDER BY PLAINTIFF TRANS-SPEC TRUCK SERVICE, INC.
AND REQUEST FOR RELATED RELIEF

The defendant Caterpillar Inc. ("Caterpillar") opposes Trans-Spec's motion for a protective order with respect to the depositions of Trans-Spec's proposed trial experts and asks the Court to order Trans-Spec to produce its proposed trial experts for depositions on dates convenient to defense counsel during the first week of January, 2006. Trans-Spec has failed to present the Court with any factual or legal basis upon which the Court could find good cause for the protective order requested by Trans-Spec. Trans-Spec has, moreover, provided a materially inaccurate and misleading account of Caterpillar's clearly expressed, and facially reasonable, position with respect to scheduling these depositions. A proposed form of order is attached to this Opposition.

1

## APPLICABLE LAW[1]

Fed. R. Civ. P. 26(b)(4)(A) provides:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from an expert is required under subdivision (a)(2)(B) [of Rule 26], the deposition shall not be conducted until after the report is provided.

Except for the second sentence in Rule 26(b)(4)(A), no special rule governs when depositions of proposed trial experts may be taken. Fed. R. Civ. P. 30(b) generally leaves selection of the date for a deposition to the party who notices it, subject to the obligation to "take reasonable steps to avoid imposing undue burden or expense" on the witness. *See* Fed. R. Civ. P. 45(c)(1). The scheduling order in this case, as amended, provides that all discovery of proposed experts shall be complete by February 17, 2006, but does not otherwise address when depositions of proposed experts may be taken. Thus, nothing in the law or in the scheduling order says Caterpillar must schedule depositions only for dates when Trans-Spec, for its own purposes, would prefer they be taken. A party with good reason to select particular dates for a deposition -- as Caterpillar has for the dates it proposed -- is ordinarily entitled to take the deposition when it wants to take it.

Fed. R. Civ. P. 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, *and for good cause shown*, the court in which the action is pending ... may make any order which

---

[1] The "factual" account found at page 2 and the top of page 3 of Trans-Spec's motion is irrelevant to the issue presented by the motion and Caterpillar therefore will not devote time to correcting inaccuracies contained in it. Suffice it to say that Caterpillar sold, over the years, well over 100,000 C-12 engines and that there was no pervasive problem with flywheel housing failures on them. Caterpillar stopped paying to repair Trans-Spec's failures of that type because it determined that Trans-Spec's extraordinary failure rate was being caused by deficiencies in the custom-built Sterling trucks in which the non-party Sterling Truck Corporation had installed the engines, or by abuse of the trucks, or maybe some of both, but not by defects in the material or workmanship of the engines. Caterpillar's Rule 30(b)(6) witness did not testify otherwise. The witness whose testimony is contained in Exhibit D to Trans-Spec's motion had no personal knowledge concerning the decision to stop paying for Trans-Spec's failure and, as Trans-Spec's counsel knew, was not designated by Caterpillar to testify on its behalf concerning the reasons for the decision to stop paying or concerning the scope of Caterpillar's warranty. *See* the materials in Attachment 1 to this Opposition. Another person was designated by Caterpillar as its Rule 30(b)(6) witness on those subjects.

2

>justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place ...

(Emphasis supplied). A party seeking a protective order bears the burden of demonstrating that there is good cause for the requested protection, and that burden may not be sustained just by making conclusory assertions in a brief. *E.g.*, United Phosphorus, Ltd. v. Midland Fumigant, Inc., 164 F.R.D. 245, 247 (D. Kan. 1995) ("The burden of establishing good cause for entry of a protective order is unambiguously on the party seeking the order"); Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D. N.C. 1991) ("The burden of showing good cause rests with the party requesting the protective order. The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one.") Whether or not good cause exists is largely a factual matter and unless the relevant facts are undisputed they must be presented to the Court with specificity by means of affidavits or other evidential material filed at the same time as the motion is filed. Local Rule 7.1(B)(1) ("Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."); 6 Moore's Federal Practice, §26.102[1] at 26-247 (Matthew Bender 3rd ed.) Absent evidence of good cause, a protective order must be denied because the requirements of Rule 26(c) have not been met. Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030 (1989).

RELEVANT PROCEDURAL MATTERS

The nature of Trans-Spec's motion and its attempt to portray Caterpillar's counsel as acting unreasonably necessitate an accurate account of who said what to whom. Caterpillar understands courts do not relish reading such accounts, if only because they seem petty, but

Caterpillar has to deal with what it is confronted with and what it is confronted with is a prejudicial and misleading account of whom supposedly said what to whom. The facts stated in the following paragraphs are supported by the Affidavit of John Grunert which accompanies this Opposition.

The Court's October 26, 2005, order amending the scheduling order set Wednesday, December 7, as the deadline for Trans-Spec to deliver Rule 26(a)(2) expert reports, and it did deliver them at or about the close of business that day. On Thursday, December 8, Caterpillar's counsel sent an e-mail to Trans-Spec's counsel, Ms. Reimer, asking for proposed dates during the week of December 19 for depositions of the two witnesses. There was no response. So late in the day on Friday, December 9, Caterpillar mailed and faxed to Trans-Spec's counsel (Ms. Reimer) notices of taking the witnesses' depositions on December 27 and 29, telling her that subpoenas *duces tecum* would be duly served on the witnesses unless she reported that she was authorized to accept service of the subpoenas on their behalf. Caterpillar's counsel selected December 27 and 29, rather than dates during the week of December 19 as previously requested from Trans-Spec's counsel, because it seemed to him that if the appearance of these witnesses needed to be compelled, rather than arranged by agreement, it was reasonable to give them as much notice as feasible.[2]

Trans-Spec's counsel (Mr. Samito) responded to the December 9 fax by stating that neither witness was available on the specified dates but that at some unspecified future time he would provide proposed dates "in January." On December 13, Trans-Spec's counsel (Ms. Reimer) repeated that neither witness was available on the dates specified, said one of them (Mr.

---

[2] Trans-Spec's counsel never proposed dates during the week of December 19 on which the depositions might be taken by agreement in accordance with the December 8 fax. Trans-Spec's counsel never reported authorization to accept the subpoenas on behalf of the two witnesses, as requested in the December 9 fax, so they were served on December 13 and 14.

4

Service) planned to be in New York on the December 27 date selected for him, and said Mr. Service would be available for deposition after January 17. No reason was stated for the alleged unavailability of the second witness, Mr. Ekchian, on the December 29 date Caterpillar had selected for his deposition and no proposed date for him was provided. Caterpillar responded to this communication by offering to accommodate Mr. Service's travel plans by switching the dates it had selected so that he could be deposed on December 29 rather than December 27. Caterpillar also offered to consider other dates during the week of December 26 and during the first week in January. Caterpillar requested Trans-Spec's counsel's proposals for dates during that time frame. Instead, on December 14, Trans-Spec's counsel (Mr. Samito) send a fax stating that both witnesses would be traveling during the week of December 26 and offering to "discuss" dates for their depositions "in the second half of January." On December 15 Caterpillar again offered to reschedule the depositions for the first week of January if the witnesses, as stated by Mr. Samito, were completely unavailable during the last week of December. Thereafter a Local Rule 7.1 conference was held between Caterpillar's counsel and three of the attorneys representing Trans-Spec (Ms. Reimer, Mr. Samito, and Mr. Kenneally). Caterpillar's counsel explained that he needs to depose these two witnesses before Caterpillar's own expert reports fall due on January 13 so that their reports can be complete; that the reports supplied by Messrs. Service and Ekchian contain gaps and ambiguities that can best be clarified by deposing them; and that their depositions can be taken during the first week in January to accommodate them or even, if necessary, at the beginning of the second week in January. Trans-Spec's counsel adamantly rejected the proposed new dates. Trans-Spec's counsel insisted that neither witness would be produced for deposition until after Caterpillar's expert reports have been served.

The upshot of all this is that Caterpillar asked Trans-Spec's counsel for proposed dates before the year-end holidays for the depositions now at issue but was given none; Caterpillar thereupon duly noticed the witnesses' depositions for December 27 and 29 and duly subpoenaed them for those dates, all in conformity with the applicable rules of civil procedure; when Trans-Spec's counsel complained about the dates selected, Caterpillar offered to change them to accommodate the problems that were identified to it; but Trans-Spec has refused to consider any dates that satisfy Caterpillar's needs but only ones that its counsel deem tactically beneficial to Trans-Spec. Trans-Spec supplied the Court in connection with its motion *no* evidential material -- affidavits, for example -- demonstrating that all dates during the time frame Caterpillar offered to take these depositions would be "unduly burdensome or expensive" to the witnesses.[3] Caterpillar, by contrast, has a perfectly good reason for taking the depositions during that time frame: it needs to depose these witnesses before its own expert witnesses' reports are due so that its experts understand correctly what they need to address in the reports.

## ARGUMENT

Ordinarily, the *dates* when depositions will be taken are agreed among the witnesses and counsel and the Court never gets involved. Caterpillar's counsel does not recall, frankly, ever before having to litigate the issue, though in twenty-five years of practice it may have occurred once or twice. As this case demonstrates, however, deposition dates are not always just matters of convenience. Here, Caterpillar has a January 13 deadline for supplying expert reports which must address very serious assertions contained in reports supplied by Messrs. Service and Ekchian. Neither Caterpillar's counsel nor its experts fully understand those gentlemen's reports: Mr. Ekchian's is particularly poor, leaving entirely unclear how he purports to have arrived at the conclusions he expresses, but Mr. Service's also leaves unclear how and why he has utilized

---

[3] Both witnesses, it should be noted, are professional litigation consultants.

6

certain codes and numerical values that he references and why he characterizes certain physical evidence as he does. The only practical way to obtain clarification is by deposing the witnesses. That is a perfectly valid, substantive reason for deposing them. The Court established a five-week period between when Trans-Spec's expert reports were due and when Caterpillar's are due, which should be ample to permit such depositions to be taken on dates that are reasonably convenient to these professional litigation consultants but which also satisfy Caterpillar's substantive need.

Caterpillar understands the tactical value Trans-Spec's counsel sees in forcing Caterpillar's experts to provide reports based on incomplete and possibly incorrect understanding of exactly what they must address; but Trans-Spec's tactical interests are not "good cause" for rejecting deposition dates properly selected by Caterpillar.[4] Caterpillar's interests are just as important as Trans-Spec's and, what is more significant, the rules of civil procedure, not Trans-Spec's tactical interests, govern when Caterpillar may take depositions. Trans-Spec submitted with its motion, *see* Local Rule 7.1(B)(1), no affidavits or other evidential material establishing that Messrs. Service and Ekchian will be unduly burdened or subjected to unreasonable expense by being required to appear for deposition during the first week in January; nor did Trans-Spec submit any evidential material to establish that none of the several attorneys who represent it in this action, having been given three weeks' notice or more, can reasonably find time in their schedules for depositions during that week.[5] There is no good cause for the requested protective

---

[4] Caterpillar feels constrained to add that this is not the first time Trans-Spec has attempted to manipulate the timing of depositions to suit its tactical advantage. *See* the account of the deposition of Mr. Kevin Holmes at page 3 of Caterpillar Inc.'s Opposition to Trans-Spec's Motion for Leave to File a Reply to Caterpillar's Opposition to its Motion to Amend the Complaint, filed on or about April 21, 2005.

[5] It bears mention that both of Trans-Spec's proposed experts are local, as is Trans-Spec's counsel, and the depositions were noticed for Boston. Travel, in other words, is not an issue. In addition, as noted above, both witnesses appear from their reports to devote substantial amounts of their time to litigation consulting and are being well paid for time they devote to this case.

7

order and Trans-Spec's motion should be summarily denied.[6]

## REQUESTED RELIEF

Realistically, it is now too late for these depositions to be taken on December 27 and 29 as scheduled and, in any event, Caterpillar is willing to accept Ms. Reimer's representation that the witnesses have pre-existing plans to be out of town on those dates. Caterpillar has no wish to inconvenience Messrs. Service or Ekchian unnecessarily. Caterpillar therefore asks the Court to deny summarily Trans-Spec's motion but also to order Trans-Spec to produce Messrs. Service and Ekchian for deposition on January 4 and 5, 2006, unless other dates during the week of January 2 are more convenient to the witnesses and acceptable to Caterpillar. Caterpillar asks that the order state that the witnesses shall be deemed to be appearing on those dates pursuant to the subpoenas *duces tecum* that were served on them on December 13 and 14.

## CONCLUSION

Trans-Spec's motion for a protective order should be summarily denied and Trans-Spec should be ordered to produce Messrs. Service and Ekchian for deposition on dates convenient to Caterpillar during the week of January 2.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A. K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

---

[6] Caterpillar believes that, in light of the foregoing account of events, no specific response to Trans-Spec's motion for sanctions is needed. Obviously, Caterpillar opposes that request.

## CERTIFICATE OF SERVICE

    I, John A. K. Grunert, hereby certify that on December 23, 2005, I served the within Opposition by causing a copy to be faxed and mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. )<br>d/b/a TRUCK SERVICE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CATERPILLAR INC. )<br>)<br>Defendant )<br>) | CIVIL ACTION NO. 04-11836-RCL |

ORDER WITH RESPECT TO DEPOSITIONS OF MESSRS. SERVICE
AND EKCHIAN

The plaintiff Trans-Spec Trucks Service, Inc.'s motion for a protective order with respect to the depositions of its proposed expert witnesses, Mr. Thomas Service and Mr. Jack Ekchian, is denied. Trans-Spec's motion for sanctions is likewise denied.

Trans-Spec shall produce Mr. Service for deposition in accordance with the subpoena *duces tecum* attached as Exhibit A to its motion, except that he shall be produced on January 4, 2006, instead of the date specified in the subpoena. Trans-Spec shall produce Mr. Ekchian for deposition in accordance with the subpoena *duces tecum* attached as Exhibit B to its motion, except that he shall be produced on January 5, 2006, instead on the date specified in the subpoena. If different deposition dates during the first week of January, 2006, are more convenient for Mr. Service or Mr. Ekchian, and Caterpillar is willing to conduct their depositions

1

on the more convenient dates, then Caterpillar may do so without further order of the court.

BY THE COURT,

_____

DATED: