UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

AFFIDAVIT OF JOHN A. K. GRUNERT

I, John A. K. Grunert, of full age, on my oath depose and say as follows:

1. I am an attorney, a shareholder in the law firm of Campbell Campbell Edwards & Conroy, P.C., and a member in good standing of the bar of this Court and of every other jurisdiction where I have been admitted to practice law. I have represented the defendant Caterpillar Inc. in this litigation at all times material to the present motion.

2. On Wednesday, December 7, reports of Mr. Jack Ekchian and Mr. Thomas Service were delivered to my office at or shortly before the close of business. I first saw the reports after the close of business that day. On Thursday, December 8, after having briefly reviewed the reports to assess their quality and degree of completeness, I sent an e-mail to Nancy Reimer, one of the several attorneys at Donovan Hatem who represent Trans-Spec in this case. A copy of my e-mail is attached to this affidavit as Exhibit 1. In it, I asked Ms. Reimer for proposed dates during the week of December 19 for my depositions of Messrs. Ekchian and Service. I received no

response to that e-mail and never received from anyone any proposed dates for the depositions during the week of December 19.

3.     At around 3:30 PM on Friday, December 9, I therefore faxed to Ms. Reimer deposition notices scheduling Mr. Service's deposition for December 27 and Mr. Ekchian's deposition for December 29. I also mailed those notices to Ms. Reimer by first class mail. Copies of my letter to Ms. Reimer and the notices enclosed with it are attached as Exhibit 2. I specified dates during the last week in December, rather than during the week of December 19, because I thought that in fairness to Messrs. Service and Ekchian I should give them as much advance notice as I reasonably could if it turned out their appearances would have to be compelled rather than obtained by agreement. In my letter to Ms. Reimer I told her I would subpoena Messrs. Service and Ekchian unless she let me know that she was authorized by them to accept service of the subpoenas for them. Neither Ms. Reimer nor anyone else at Donovan Hatem has subsequently told me they are authorized to accept service of subpoenas for Mr. Service or Mr. Ekchian.

4.     Later in the day on December 9 I received a fax from Christian Samito, another of the attorneys at Donovan Hatem representing Trans-Spec. A copy is attached as Exhibit 3. Mr. Samito stated in his fax that neither Mr. Service nor Mr. Ekchian was available for deposition on the dates specified in my notices. He did not say when either *would* be available. He said in the fax that he would get back to me about "possible deposition dates in January." He did not say when he would get back to me on that subject, or when the January dates might be.

5.     On Tuesday, December 13, I received a fax from Ms. Reimer, attached as Exhibit 4, informing me that Mr. Service was unavailable for deposition on December 27 because he would be "in New York" and repeating generally that Mr. Ekchian was unavailable on the December 29 date specified for his deposition. Ms. Reimer added that Mr. Service would be available to be

deposed "from January 17, 2006, through February 2, 2006." She suggested no dates for Mr. Ekchian. I promptly replied, Exhibit 5, and told Ms. Reimer I need to depose both Mr. Service and Mr. Ekchian before the January 13 deadline for Caterpillar's expert reports. I offered to reverse the order of the two depositions to accommodate Mr. Service's unavailability on the 27th. I also offered to consider other dates during the last week of December and dates during the first week of January for the depositions, and asked for a proposal from Ms. Reimer.

6.      On December 14, I received a fax from Mr. Samito (Exhibit 6) stating that Messrs. Service and Ekchian would both be traveling on both December 27 and 29. Mr. Samito offered to discuss deposition dates "in the second half of January" if I withdrew the subpoenas I had served on Messrs. Service and Ekchian. He did not propose any specific dates and, most important to me, expressed no willingness even to discuss dates during the time frame I had proposed. On December 15 I again offered to reschedule the depositions for the first week of January to accommodate the witnesses' reported travel plans. Exhibit 7. On Friday, December 16, I participated in a telephone conference with three Donovan Hatem attorneys representing Trans-Spec, Ms. Reimer, Mr. Samito, and Mr. Kenneally. I explained to them that I need to depose Messrs. Service and Ekchian before Caterpillar's expert reports are due because those gentlemen's reports are inadequate to enable persons I am considering as trial experts to analyse how Messrs. Service and Ekchian have reached their conclusions and thus inadequate to enable them to address those conclusions in their reports. I reiterated my offer to depose Messrs. Service and Ekchian during the first week of January and added that, if necessary, I could depose one or both of them during the first part of the second week in January. Trans-Spec's attorneys

3

refused to consider any deposition dates before mid-January and did not propose any specific dates even after mid-January.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23rd DAY OF DECEMBER, 2005.

_____
John A. K. Grunert (BBO: 213820)
CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.
One Constitution Plaza
Boston, MA 02129
(617) 241-3000


On this 23rd day of December, 2005, before me, the undersigned notary public, personally appeared John A. K. Grunert, well-known to me personally to be the person whose name is signed on the foregoing affidavit, and who swore or affirmed to me that the contents of the affidavit are truthful and accurate to the best of his knowledge.

_____
Notary Public
My Commission Expires: 1/21/11

CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on December 23, 2005, I served the within affidavit by causing a copy to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert

4