UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, <br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**EMERGENCY MOTION OF THE PLAINTIFF TO COMPEL PRODUCTION OF DOCUMENTS AND TO EXTEND EXPERT DISCOVERY PERIOD**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, the plaintiff, Trans-Spec Truck Service, Inc. d/b/a Truck Service ("Trans-Spec"), hereby moves for an Order from the Court requiring that the defendant, Caterpillar, Inc. ("Caterpillar"), produce documents requested by Trans-Spec from the experts designated by Caterpillar for inspection and copying at least five days prior to the depositions of those designated experts. Trans-Spec also seeks an Order from the Court extending the period in which Trans-Spec may depose Caterpillar's designated experts, due to Caterpillar's refusal to produce its experts' documents prior to their depositions.

### I.   BACKGROUND

In general, this matter arises out of defects in certain trucks custom built for Trans-Spec by Caterpillar. Trans-Spec alleges, <u>inter alia</u>, that: (1) Caterpillar sold Trans-Spec engines it knew or should have known to be defective; (2) provided warranties on those engines, including warranties against defects in materials or workmanship for two years and for five years/500,000 miles; (3) authorized initial repairs that made it appear to Trans-Spec as if Caterpillar had honored its two year and five year/500,000 mile warranties as to Trans-Spec's flywheel housing

failures; and, (4) disclaimed the five year/500,000 mile warranty, which accordingly failed of its essential purpose, in 2003 after the flywheel housing defects continued to manifest themselves.

On October 26, 2005, this Court ordered that expert discovery in this matter shall be concluded by February 17, 2006. On or about January 13, 2006 counsel for Caterpillar served five expert reports upon counsel for Trans-Spec. Of the five reports, two were prepared by individuals who have doctorates in engineering. The reports contain complex graphs, equations, plots and mathematical calculations concerning testing and analysis preformed on some of the engines and flywheel housings at issue in the litigation. On January 31, 2006, the attorney for Trans-Spec served Notices of Deposition of the individuals designated by Caterpillar as experts. **Exhibits A-E.** Each Notice contains a Schedule A seeking the production of documents relied upon by each expert in forming his opinion. The Notices of Deposition requested that four of the individuals appear to testify in Peoria, Illinois during the week of February 13, 2006, and that the remaining individual appear to testify at a place in Colorado to be determined by agreement of the parties on February 24, 2006. The Notices of Deposition also requested that the individuals produce the requested documents to the attorney for Trans-Spec on or before February 9, 2006. By receiving the documents prior to the scheduled deposition date, the depositions would be more efficient in that the witnesses would not be required to wait while Trans-Spec attorneys review and analyze the documents.

During a February 8, 2006 telephone conversation, counsel for Caterpillar informed counsel for Trans-Spec that he would not produce any documents prior to the depositions in Illinois and Colorado. Counsel for Trans-Spec responded that it is more efficient and economical to produce the documents beforehand in order to conduct a meaningful deposition. **Moreover, production of the documents may obviate the need for the noticed depositions.**

See February 9, 2006 letter from Nancy M. Reimer to John A.K. Grunert attached as **Exhibit F**. On February 9, 2006, instead of producing the requested documents, counsel for Caterpillar served Objections to the Notices of Deposition served by counsel for Trans-Spec. The Objections contain improper objections including the attorney client privilege and the work product immunity, and reiterates Caterpillar's refusal to produce the documents requested prior to deposition. See Objections To Notice Of Taking Deposition attached as **Exhibit G**.

## II.    ARGUMENT

### A.    CATERPILLAR AND ITS EXPERTS SHOULD BE REQUIRED TO PRODUCE THE REQUESTED DOCUMENTS PRIOR TO THEIR DEPOSITIONS.

Pursuant to the Court's Order dated October 26, 2005, Trans-Spec has the right to conduct expert discovery, including depositions, up to February 17, 2006. As a result, Trans-Spec did not subpoena the individuals designated as experts by Caterpillar but, instead, arranged for mutually convenient dates and times with the attorney for Caterpillar. Trans-Spec also included a request in the Notices of Deposition that the individuals designated by Caterpillar produce certain documents on February 9, 2006, before their depositions. Again, Trans-Spec did not subpoena these individuals for production of these documents due to the Court's October 26, 2006 Order. Caterpillar's attorney refused to produce the requested documents before the depositions. Trans-Spec seeks an Order from the Court compelling Caterpillar to produce the requested documents at least five days before the depositions of the individuals that they designated as experts.

An Order compelling Caterpillar to produce the requested documents at least five days prior to the depositions of the individuals that they designated as experts is warranted. The subject matter of the testimony of the individuals designated by Caterpillar as expert witnesses, as well as the documents that they rely upon for their opinions, are complex. Many of the

documents requested are charts, graphs, plots, mathematical calculations and analysis that are difficult for a lay person to comprehend without an expert engineer's assistance. Caterpillar's refusal to produce the requested documents prior to the depositions, as required by the Notices, does not allow Trans-Spec's attorney time to review and analyze these complex documents prior to the depositions. Therefore, Trans-Spec's attorney may be unable to conduct a meaningful and thorough examination of the individuals designated as experts.

Moreover, the attorney for Trans-Spec informed the attorney for Caterpillar that production of the documents before the depositions would heighten efficiency and economy, especially because more likely than not, Trans-Spec will deem oral testimony unnecessary after it reviews the documents. Therefore, allowing the attorney for Trans-Spec to review the documents prior to the deposition dates will, potentially, save both Trans-Spec and Caterpillar the expense of having their attorneys travel to Illinois and Colorado to take depositions.

There is no basis for the attorney for Caterpillar to refuse to produce the requested documents prior to the depositions, other than in an attempt to place Trans-Spec at a disadvantage by depriving its attorneys of the opportunity to analyze the documents beforehand. Therefore, in the interest of economy, efficiency and fairness an Order is warranted compelling Caterpillar to produce the documents requested from the individuals it designated as expert witnesses at least five days before the depositions.

**B.    AN ORDER EXTENDING EXPERT DISCOVERY IS WARRANTED.**

Due to Caterpillar's refusal to produce the requested documents prior to the depositions, an Order extending the expert discovery for an additional four weeks, until March 17, 2006, is warranted.

### III. REQUEST FOR RELIEF

For the foregoing reasons, Trans-Spec respectfully requests that this Court issue an Order as follows:

1. Caterpillar shall produce the documents requested by Trans-Spec in its Notices of Deposition served on the individuals designated by Caterpillar as experts within five days of the Court's allowance of this Motion; and

2. The time in which the parties may conduct expert discovery is extended to March 17, 2006.

### LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

Counsel for Trans-Spec hereby certifies that she has conferred with defendant's counsel and attempted in good faith to resolve or narrow the issues presented in this motion.

/s/ Nancy M. Reimer
Nancy M. Reimer
Counsel for Trans-Spec Truck Service, Inc.

- 6 -

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument.

                                              Respectfully submitted,
                                              TRANS-SPEC TRUCK SERVICE, INC.
                                              d/b/a TRUCK SERVICE
                                              By its Attorneys,

                                              /s/ Nancy M. Reimer
                                              Nancy M. Reimer, Esq., BBO # 555373
                                              Christian G. Samito, Esq., BBO # 639825
                                              Donovan Hatem, LLP
                                              Two Seaport Lane
                                              Boston, MA 02210
Date: February 9, 2006                         (617) 406-4500

## CERTIFICATE OF SERVICE

I, Nancy M. Reimer, hereby certify that a copy of the foregoing documents was served on the attorney for the defendant by electronic means pursuant to Local Rule 5.2(b).

                                              /s/ Nancy M. Reimer
                                              Nancy M. Reimer

00978683.DOC