UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. )<br>d/b/a TRUCK SERVICE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CATERPILLAR INC. )<br>)<br>Defendant )<br>) | CIVIL ACTION NO. 04-11836-RCL |

**CATERPILLAR INC.'S RESPONSE TO EMERGENCY MOTION OF THE
PLAINTIFF TO COMPEL PRODUCTION OF DOCUMENTS AND TO EXTEND
EXPERT DISCOVERY PERIOD**

Comes now the Defendant, Caterpillar, Inc., by and through the undersigned attorney of record and files its response to the Plaintiff's Emergency Motion to Compel Production of Documents and to Extend Expert Discovery Period. The motion is due to be denied because: 1) The document request is unreasonable based upon the timing of the request and the number of requests contained in the Schedule A; 2) The document request goes against fundamental fairness because the Plaintiff did not supply expert documents prior to the depositions of the Plaintiff's designated experts; and 3) there is no legal basis for the Plaintiff's untimely motion.

**PROCEDURAL AND FACTUAL HISTORY**

The Defendant served the Plaintiff with its expert's reports on January 13, 2006 as required by the Amended Scheduling Order. Soon thereafter the parties agreed upon the schedule for experts' depositions. The Defendant agreed to produce four of its expert

witnesses for deposition in Peoria, IL beginning the week of February 13. At no time during any of these conversations did any of the parties agree to produce experts' documents prior to the time of the deposition.

On January 30, 2006, the Plaintiff served Deposition notices on the Defendant that demanded that documents be produced on February 9, 2006 at the offices of Plaintiff's counsel. Each of the four deposition notices contained at least 60 paragraphs of document requests. The Plaintiff demanded that the documents be copied and produced to Plaintiff's counsel's office within 10 days of the request. The request was unreasonable given the fact that there was no advance warning that the Plaintiff would like copies of the numerous categories of documents prior to the deposition. The Defendant objected to the requests within 10 days as set out by the Federal Rules.

On February 8, 2006, counsel for the Plaintiff informed counsel for the Defendant that they did not intend to go forward with the depositions as scheduled. The faxed letter confirming this conversation was sent at approximately 11:45 a.m. the next morning and only a short time before John Grunert was scheduled to fly to Peoria, IL to begin preparing the experts to give testimony. The counsel for the Plaintiff would not commit to unequivocally canceling the deposition and John Grunert was forced to fly to Peoria, IL in case Plaintiff's counsel decided to go forward.

## ARGUMENT

### THE PLAINTIFF'S DOCUMENT REQUEST IS UNREASONABLE

The Plaintiff's first request for the production of experts' documents came on January 30, 2006. Prior to this request the idea of early production of these documents was never discussed. There was never a telephone call, email, or written correspondence

where a request was made to counsel for the Defendant. A simple letter would have given the Defendant and experts advance warning that these documents were expected. The first request was in the form of a demand contained in the Notice of Deposition, giving ten days to comply. This unreasonable demand places a considerable burden on the Defendants.

The request by the Plaintiff is an extraordinary request that is not considered by the rules. The Plaintiffs never made an effort to request these documents prior to January 30, and the customary practice is to provide documents at the time of deposition. There was no reason for the Defendants to anticipate the request. Communication well ahead of the expected document production would have allowed the experts to plan ahead and could have possibly avoided this conflict. The manner in which the documents were demanded did not give the experts time to change their work schedules to begin the process of gathering these documents and printing them.

The Plaintiff's Deposition notices contain schedules requesting over 60 categories of documents per witness. The copying and production of these documents will require a substantial amount of time and effort. Per the schedule agreed upon by the parties for the taking of experts' depositions, the experts had scheduled to prepare the documents and have them printed the weekend prior to the depositions.

An example of the hardship that the Plaintiff's request creates can be seen in the production of Nathan Bjerk's documents. A majority of Bjerk's documents have to do with the engineering calculations and are stored electronically. These figures are run on computer models and producing them is not as simple as producing a legal note pad with handwritten formulas and graphs. In order to view or print the documents one is required

to use special engineering software. Therefore providing these documents in electronic form is pointless because the computer files would be useless to Plaintiff's counsel. The electronic files must be opened and printed on a computer with the specific software package on it. The files cannot be sent to an outside copy service because of the software required to read and print the files. This means that the expert or an assistant is required to sit and print these documents which number in the tens of thousands of pages. The schedule set out by the parties gave the experts until their deposition to get this printing finished and attempting to amend these schedules this late in the process is an unreasonable expectation.

The amount of money that an early production of these documents would require, a sum the Plaintiff would presumably be responsible for paying, is also substantial. A massive overnight shipment and rush copy jobs would create a significant cost. The documents would then be required to be shipped back to Peoria, IL for use in the deposition which would require even additional costs. The Plaintiff's argument that their demand promotes efficiency apparently does not take into account these considerations.

Furthermore, the Caterpillar experts are employees of Caterpillar and not professional witnesses. The experts have obligations at work and cannot take off unscheduled time to gather and copy documents at the last minute. Based upon the unreasonable request for 60 paragraphs of documents, from four different witnesses, with only ten days advance warning, the Defendant deemed the request unreasonable and filed the appropriate objections to the method of production requested by the Plaintiff.

## GRANTING THE PLAINTIFF'S REQUEST WOULD CREATE AN UNFAIR ADVANTAGE FOR THE PLAINTIFF

The Defendant deposed the Plaintiff's designated expert Tom Service on January 20, 2006 and deposed another designated expert, Jack Ekchian on January 24. The Plaintiff did not provide all the documents requested by the Defendant prior to either deposition (See Exhibit # 1- January 17, 2006 letter from Nancy Reimer to John Grunert, hereinafter "Exhibit 1"), and in the case of Jack Ekchian's deposition failed to produce categories of documents at the deposition altogether. (See Exhibit # 2- Excerpt of Deposition of Jack Ekchian, pgs 177- 180, hereinafter "Exhibit # 2").

To change the rules that the parties are operating under regarding the taking of the experts' depositions in the middle of expert discovery would create an unfair advantage for the Plaintiff. The Plaintiff should be required to proceed under the same set of circumstances by which the Defendant deposed the Plaintiff's witnesses. Further, the Plaintiff should be expected to be treated in a similar manner to the way they treated the Defendant in the case. It is clear from Exhibit # 1 that the expert "will bring the remaining documents requested with him to his deposition." This is the same course of action proposed by the Defendant to which the Plaintiff is so adamantly objecting.

## THERE IS NO LEGAL BASIS FOR GRANTING THE PLAINTIFF'S REQUESTS

The Plaintiff's motion is baseless. The Plaintiff does not identify one case or rule that states their requests should be granted as a matter of law. The motion to extend the expert discovery schedule goes against the specific instructions of this Honorable Court contained in its Amended Scheduling Order which stated emphatically that "The modification granted today is the third of such modifications in this case. The court will grant no further requests for amendments to the Scheduling Order." (See Exhibit # 3-

10/26/05 Order from Judge Reginald Lindsey, hereinafter Exhibit # 3). The scheduling order requires the Plaintiff to have completed expert discovery by February 17, 2006 and for dispositive motions to be filed by March 17.

>Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure provides:
>
>A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

There is no requirement that anything beyond the report be provided before the deposition. The Defendants have met the requirements of the rule and expect to go forward with the depositions as noticed and as planned. Caterpillar has complied with all rules of discovery and Trans-Spec's attorneys fail to point to any legal precedent that stands for the proposition that the expert is required to produce copies of documents five days prior to a deposition. Caterpillar will produce the experts' documents at the time of their depositions.

The Plaintiffs are attempting to argue that forcing the Defendant to produce these documents may save time and even eliminate the need for the depositions altogether. This argument is without merit. The Plaintiffs have had the very detailed experts' reports since January 13. If the Plaintiffs were so concerned with saving time and effort, they should have requested these documents immediately upon reviewing the experts' reports or at the time the parties were creating a schedule, especially considering the District Judge's stance on modification of the Scheduling Order and the approaching deadline to complete discovery.

John Grunert has already flown to Peoria, Illinois in order to begin preparing the experts for their depositions. The witnesses have cleared the calendars and will be

prepared to testify. Caterpillar has made special accommodations to provide these witnesses on consecutive days. Most importantly, discovery closes February 17, 2006. To modify the scheduling order and cause the parties to reschedule these depositions is unreasonable and unnecessary.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court to deny the Plaintiff's Emergency Motion and to order the expert depositions to go forward as noticed with the Defendant's experts providing their documents at the time of the deposition. The Defendant also respectfully requests a hearing and an order on this issue immediately given the Scheduling Order's very strict guidelines and the fact that expert discovery is due to close on February 17, 2006. The Defendant is available in person or by telephone at any time on Friday, February 10, 2006.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
Christopher B. Parkerson (BBO: 662952)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

    I, Christopher B. Parkerson, hereby certify that on February 10, 2006, I served the within objection by causing it to be mailed, by first class mail, postage prepaid, to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
Christopher B. Parkerson