# DONOVAN | HATEM LLP

*counselors at law*

Nancy M. Reimer
617 406 4521 direct
nreimer@donovanhatem.com

February 9, 2006

**VIA E-MAIL & FACSIMILE**
John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re:    **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.**
       **Civil Action No. 04-11836-RCL**
       **DH File No. 24634.0**

Dear John:

This is to confirm our February 8, 2006 telephone conference, held after the close of the business day, regarding expert discovery in the above-referenced action. My colleague, Christian Samito, also participated in the conversation.

On January 30, 2006 Trans-Spec served deposition notices for Richard E. Bowes, Jr., Matthew T. Kisser, Nathan R. Bjerk and William G. Angus for the week of February 13, 2006 and Gary Valbert for February 24, 2006. Each notice contained a "Schedule A" requesting the production of documents relied upon by Caterpillar's designated "experts" to form their opinions. The notices required the documents to be produced by February 9, 2006. During our telephone conversation, you informed me that you mailed an objection to the Notices (which I have yet to receive). You told me that despite the notices, you have no intention of producing the documents requested prior to the deposition.

I explained to you that the notice intentionally called for the production of the documents prior to the deposition in order for me to properly prepare for the deposition, as I expect the documents to contain technical charts, graphs and engineering documents generated to support Caterpillar's proffered opinions. Production prior to the depositions heightens economy and efficiency insofar as it eliminates the need to analyze the documents at the actual depositions, during the deponent's time. Additionally, as Mr. Samito explained, we may deem it unnecessary to take the depositions after we review the documents.

As you refused to produce the documents prior to the deposition, I informed you I would not proceed with the depositions as noticed and will seek an emergency court order requiring the production of the documents prior to the taking of the depositions.

World Trade Center East    617 406 4500 main
Two Seaport Lane    617 406 4501 fax
Boston, MA 02210    www.donovanhatem.com

John A.K. Grunert, Esq.
February 9, 2006
Page 2


Very truly yours,

Nancy M. Reimer

NMR/mm
cc:    Kevin G. Kenneally, Esq.
       Christian G. Samito, Esq.
00978667

## Grunert, John A.K.

| | |
|---|---|
| **From:** | Madeline Molina [mmolina@donovanhatem.com] on behalf of Nancy Reimer [nreimer@donovanhatem.com] |
| **Sent:** | Thursday, February 09, 2006 12:22 PM |
| **To:** | Grunert, John A.K. |
| **Cc:** | Nancy Reimer; Kevin Kenneally; Christian Samito |
| **Subject:** | DH File No. 24634.0 Trans-Spec v. Caterpillar |
| **Attachments:** | Ltr. to Grunert 02-09-06 (00978667).DOC |

Dear Mr. Grunert:

Attached is a correspondence relative to the above-captioned matter.

Thank you.

---

Madeline Molina
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
Tel (617) 406-4541
Fax(617) 406-4501
email:mmolina@donovanhatem.com



# DONOVAN | HATEM LLP

*counselors at law*

**Nancy M. Reimer**
617 406 4521 direct
nreimer@donovanhatem.com

February 9, 2006

**VIA E-MAIL & FACSIMILE**
John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re:     **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.**
        **Civil Action No. 04-11836-RCL**
        **DH File No. 24634.0**

Dear John:

This is to confirm our February 8, 2006 telephone conference, held after the close of the business day, regarding expert discovery in the above-referenced action. My colleague, Christian Samito, also participated in the conversation.

On January 30, 2006 Trans-Spec served deposition notices for Richard E. Bowes, Jr., Matthew T. Kisser, Nathan R. Bjerk and William G. Angus for the week of February 13, 2006 and Gary Valbert for February 24, 2006. Each notice contained a "Schedule A" requesting the production of documents relied upon by Caterpillar's designated "experts" to form their opinions. The notices required the documents to be produced by February 9, 2006. During our telephone conversation, you informed me that you mailed an objection to the Notices (which I have yet to receive). You told me that despite the notices, you have no intention of producing the documents requested prior to the deposition.

I explained to you that the notice intentionally called for the production of the documents prior to the deposition in order for me to properly prepare for the deposition, as I expect the documents to contain technical charts, graphs and engineering documents generated to support Caterpillar's proffered opinions. Production prior to the depositions heightens economy and efficiency insofar as it eliminates the need to analyze the documents at the actual depositions, during the deponent's time. Additionally, as Mr. Samito explained, we may deem it unnecessary to take the depositions after we review the documents.

As you refused to produce the documents prior to the deposition, I informed you I would not proceed with the depositions as noticed and will seek an emergency court order requiring the production of the documents prior to the taking of the depositions.

John A.K. Grunert, Esq.
February 9, 2006
Page 2


Very truly yours,


Nancy M. Reimer

NMR/mm
cc:    Kevin G. Kenneally, Esq.
       Christian G. Samito, Esq.

00978667