## Grunert, John A.K.

**From:** Grunert, John A.K.
**Sent:** Thursday, December 08, 2005 1:27 PM
**To:** 'Nancy Reimer'
**Subject:** Trans-Spec v. Caterpillar

Nancy:

Please give me dates during the week of December 19 for depositions of your two proposed experts. I will need a full day for each.

John Grunert

## Thomas Service

**From:** Nancy Reimer [nreimer@donovanhatem.com]
**Sent:** Thursday, December 08, 2005 4:53 PM
**To:** tservice@altransolutions.com
**Subject:** RE: Trans-spec

Tom, can you hold the 21st

---

**From:** Thomas Service [mailto:tservice@altransolutions.com]
**Sent:** Thursday, December 08, 2005 4:22 PM
**To:** Nancy Reimer
**Subject:** RE: Trans-spec

Nancy,

As of today I am available on Tues-Thur Dec 20-22 but that may may fill up soon due to some pending work.

Regards,

THS


-----Original Message-----
**From:** Nancy Reimer [mailto:nreimer@donovanhatem.com]
**Sent:** Thursday, December 08, 2005 1:44 PM
**To:** tservice@altransolutions.com; Jack
**Cc:** Kevin Kenneally; Christian Samito
**Subject:** Trans-spec

Hi Jack and Tom:
Cat's counsel wants to take your respective depositions during the week of December 19th. Can you tell me your availability, if any, that week?

Nancy

---

Nancy M. Reimer
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
617.406.4521 (direct)
617.406.4501 (fax)
www.donovanhatem.com



# DONOVAN | HATEM LLP
*counselors at law*

**Christian G. Samito**
617 406 4592 direct
CSamito@donovanhatem.com

December 9, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129

Re:   **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
      Civil Action No. 04-11836-RCL**

Dear Attorney Grunert:

I am in receipt of your December 9, 2005 letter and attached notices of taking depositions. I do not know why you threaten to subpoena Dr. Service and Dr. Ekchian but that is not relevant; both will be available for deposition. Neither are available on the dates you proposed but I have asked them to provide me with possible deposition dates in January. I will get back to you when I have those prospective dates.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Christian G. Samito

cc:   Nancy M. Reimer, Esq.
      Kevin Kenneally, Esq.
00964850

# DONOVAN | HATEM LLP
*counselors at law*

**Christian G. Samito**
617 406 4592 direct
CSamito@donovanhatem.com

December 14, 2005

**BY FACSIMILE AND FIRST CLASS MAIL**

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Third Floor
Boston, MA 02129

Re: Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
    Civil Action No. 04-11836-RCL

Dear Attorney Grunert:

I am writing to you pursuant to Local Rule 37.1 and in response to your December 13, 2005 letter. You did not receive any proposed deposition dates on December 9, 2005 because, as I indicated in my letter of that date, we needed to confer with Dr. Ekchian and Dr. Service regarding their availability. I see that Ms. Reimer provided you with dates for Dr. Service's deposition in a letter that she sent you yesterday. I will send you Dr. Ekchian's proposed dates as soon as I have them.

I understand that you subsequently served both Dr. Service and Dr. Ekchian with subpoenas. As I informed you in my December 9, 2005 letter, neither Dr. Service nor Dr. Ekchian are available on either December 27 or 29, 2005 because both are traveling that week.

On what basis do you demand deposing Dr. Ekchian and Dr. Service before Caterpillar's expert reports are due? Nowhere do the Federal Rules mandate that a plaintiff's expert must be deposed prior to the defendant's submission of expert reports. Moreover, Judge Lindsay's original Scheduling Order dated October 27, 2004 included an approximately two month window following Caterpillar's expert disclosure for the taking of expert depositions. The *Assented To Motion to Amend Scheduling Order* dated October 7, 2005 ("Motion to Amend"), included a two month window after the serving of Caterpillar's expert reports for the deposing of experts. Judge Lindsay's October 26, 2005 Order on the Motion to Amend included a period slightly longer than a month in which to depose experts. Neither the Court's Orders nor the Motion to Amend, to which you assented, afford Caterpillar the right to depose Trans-Spec's experts prior to serving its own expert reports.

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500 main
617 406 4501 fax
www.donovanhatem.com

Please let me know in writing by noon tomorrow whether you agree to withdraw your subpoenas of Dr. Service and Dr. Ekchian. We can then discuss appropriate dates for their depositions in the second half of January. If you refuse to withdraw both depositions, I will have no choice but to file a Motion for Protective Order. I look forward to hearing from you.

Very truly yours,

Christian G. Samito

cc:   Nancy M. Reimer, Esq.
      Kevin Kenneally, Esq.

00965767