UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. )<br>d/b/a TRUCK SERVICE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CATERPILLAR INC. )<br>)<br>Defendant ) | CIVIL ACTION NO. 04-11836-RCL |

CATERPILLAR INC.'S MOTION TO STRIKE EXHIBITS TO TRANS-SPEC'S
OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND TO STRIKE ALL REFERENCES TO THEM IN THE OBJECTION ITSELF

The defendant Caterpillar Inc. moves for an order striking from the record Exhibit A and Exhibits C, D, E, F, G, H and I attached to Plaintiff Trans-Spec Truck Service, Inc.'s Objection to the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Dismiss and Motion to Strike (hereinafter called "Trans-Spec's Objection") and striking so much of Trans-Spec's Objection as makes reference to those exhibits or their contents.[1]

In support of its motion, Caterpillar states, as more fully set forth in the accompanying memorandum, that the present proceeding concerns a motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Motions pursuant to Rule 12(b)(6) are to be

---

[1] Trans-Spec has also made reference in its Objection to materials outside the pleadings that, unlike these exhibits, were submitted to the Magistrate Judge. The Magistrate Judge recommended that Caterpillar's motion before her to strike those materials be granted, and expressly refused to consider references to them in Trans-Spec's briefs filed in the proceedings before her. Caterpillar believes it is procedurally correct to address *those* improperly submitted and referenced materials in its argument that the Magistrate Judge's recommendation that the motion to strike them be granted was not clearly erroneous or contrary to law and should therefore be adopted by this Court. 28 U.S.C. §636(b)(1)(A). That argument is contained in its principal memorandum in response to Trans-Spec's Objections. Omission from this motion of reference to those previously-submitted improper materials should not be taken as a waiver of Caterpillar's position that the Court may not properly consider them. It merely reflects the fact that the standard for deciding whether or not to accept them is different because, as to them, the Magistrate Judge has already made a recommendation.

evaluated on the face of the complaint alone; factual matter outside the four corners of the complaint may not properly be considered in deciding them. With the exception of Exhibit B to Trans-Spec's Objection, none of the exhibits proffered by Trans-Spec was attached to or incorporated into the second amended complaint. They are therefore not properly before the Court. While the Court has discretion, upon appropriate notice, to convert a Rule 12(b)(6) motion to one for summary judgment, that discretion is reserved for cases where materials extrinsic to the pleadings are incontrovertible and are clearly dispositive of a discrete issue. That is not the case here. Many of the materials Trans-Spec wishes the Court to accept would plainly be inadmissible even in the context of a summary judgment motion; others would be of highly dubious admissibility in that context; most would be of ambiguous significance even if admissible; some are outright irrelevant; most are extracted out of context; they are, generally, a mish-mash that Trans-Spec submits in hopes of clouding the dispositive legal issues, not of clarifying them.

     Moreover, with the exception of Exhibit B, none of the exhibits attached to Trans-Spec's Objection were presented to the Magistrate Judge, even though all of them were available to Trans-Spec long before the Magistrate Judge issued her report and recommendation. A District Judge has discretion, when reviewing a Magistrate Judge's report and recommendation, to consider matter that was not submitted to the Magistrate Judge; but that discretion is to be exercised only if there is a compelling reason to do so. Otherwise the whole purpose to be served by magistrate judges would be defeated. Even if rejection of the exhibits attached to Trans-Spec's Objection were not required for the reasons set forth in the preceding paragraph, therefore, their rejection would be required for this reason alone.

WHEREFORE, Caterpillar asks the Court to strike from the record Exhibits A, C, D, E, F, G, H., and I to Trans-Spec's Objection and to strike all references to those exhibits contained in the Objection itself.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 22, 2006, I served the within motion by causing a copy to be served electronically on Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA  02210.

_____
John A.K. Grunert

3