UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

)
TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
    Plaintiff )
)
vs. )
)
CATERPILLAR INC. )
    Defendant )
)

## AFFIDAVIT OF CHRISTIAN G. SAMITO

Christian G. Samito hereby deposes and says:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am Of Counsel at the law firm of Donovan Hatem LLP. I am counsel to plaintiff Trans-Spec Truck Service, Inc. d/b/a Truck Service ("Trans-Spec"), and I submit this affidavit in support of Trans-Spec's *Opposition of the Plaintiff to Caterpillar Inc.'s Motion for Sanctions*.

2. Exhibits A through F attached are true and accurate copies of the following documents:

    Exhibit A – Notices of Deposition of Caterpillar's five designated experts

    Exhibit B – Letters from Nancy M. Reimer to John A. K. Grunert dated January 17, 2006 and January 23, 2006

    Exhibit C – Letter from Nancy M. Reimer to John A. K. Grunert dated February 9, 2006

    Exhibit D – Emails between Christopher B. Parkerson and Christian G. Samito dated February 9, 2006

    Exhibit E – Emails between Christian G. Samito and John A.K. Grunert dated February 13, 2006

    Exhibit F – Caterpillar's Objections to Notices of Deposition

3. Trans-Spec heard nothing about the Notices of Deposition or the depositions at issue until its counsel called Caterpillar's counsel after 5:00 p.m. on February 8, 2006 to discuss unrelated matters.

4. During this February 8, 2006 telephone conversation, which involved Trans-Spec's counsel, Attorney Nancy M. Reimer ("Attorney Reimer") and Attorney Christian G. Samito ("Attorney Samito"), and Caterpillar's counsel, Attorney John A.K. Grunert ("Attorney Grunert"), counsel for Caterpillar first informed counsel for Trans-Spec that Caterpillar would not produce any documents prior to the depositions in Illinois and Colorado.

5. Counsel for Trans-Spec responded during this February 8, 2006 telephone conference that it would improve efficiency and economy for both parties if Caterpillar produced the documents beforehand and that production of the documents would likely obviate the need for the noticed depositions altogether, thus saving both parties related time and costs.

6. Trans-Spec's counsel informed Caterpillar's counsel during this February 8, 2006 telephone conference that Trans-Spec would not go forward with the depositions unless it received the documents beforehand or the Court denied an Emergency Motion it would draft and file regarding this issue.

7. Counsel for Caterpillar, Christopher B. Parkerson ("Attorney Parkerson"), called me on the morning of February 9, 2006.

8. I reiterated that a February 9, 2006 Letter from Attorney Reimer to Attorney Grunert, attached as Exhibit C to this Affidavit, was clear on its face and that the depositions in Peoria, Illinois would not go forward as scheduled pending the Court's ruling on an Emergency Motion to be filed that afternoon.

9.   Counsel for Trans-Spec reiterated the positions articulated in the email correspondence attached as Exhibit D to this Affidavit during a telephone call which they placed in a final effort to resolve this discovery dispute; this telephone call involved Attorney Reimer, Attorney Samito, and Attorney Parkerson and occurred just prior to the filing of the Emergency Motion that afternoon.

10.   At no time during this telephone conference on the afternoon of February 9, 2006 did Attorney Parkerson state that Attorney Grunert had boarded the airplane to Peoria, Illinois.

11.   Immediately after this telephone conference on the afternoon of February 9, 2006, Trans-Spec filed its Emergency Motion.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23rd DAY OF FEBRUARY, 2006.

_____
Christian G. Samito
DONOVAN HATEM LLP
Two Seaport Lane
Boston, Massachusetts 02210
(617) 406-4500


On this 23rd day of February, 2006, Christian G. Samito appeared before me, well known to me to be the person whose name is signed on this affidavit, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of his knowledge.

_____
Notary Public
My Commission Expires: 08/22/08



## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 23rd day of February, 2006, I served a copy of the foregoing, by electronically filing and by mail, postage prepaid, to:

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02120

/s/ Christian G. Samito
Christian G. Samito
Counsel for Trans-Spec Truck Service, Inc.

00981739