

**EXHIBIT**

*Exhibit F*

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE, INC.<br>d/b/a TRUCK SERVICE, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-11836-RCL |
| | ) | |
| CATERPILLAR INC. | ) | |
| | ) | |
| **Defendant** | ) | |

## OBJECTION TO NOTICE OF TAKING DEPOSITION OF WILLIAM ANGUS

The defendant Caterpillar Inc. and the non-party witness William Angus hereby object in the following respects to the plaintiff Trans-Spec's notice of taking Mr. Angus's deposition in this matter and to the request for production of documents and tangible things attached to it.

1.    Caterpillar and Mr. Angus object to so much of the notice as asks Mr. Angus to produce the documents and tangible things described in Schedule A to the notice at the Boston offices of Trans-Spec's counsel on February 9, 2006.    There is no authority in the applicable rules supporting such a request and neither Caterpillar nor Mr. Angus agreed to produce such materials in Boston or in advance of his appearance for deposition.    Such production would entail gross and undue burden and expense because Mr. Angus and his file materials are in Peoria, Illinois, where he is scheduled to be deposed on February 16, 2006.    Mr. Angus's production of his file materials will occur in Peoria at the time he is deposed.

2.    Caterpillar and Mr. Angus object to ¶12 of Schedule A to the notice because it includes within its scope documents protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.    To the extent he may have

been contacted by Caterpillar's counsel in connection with matters other than his work as a litigation expert, any record of such communications is protected from disclosure. Correspondence between Mr. Angus and Caterpillar's attorneys will not be produced except to the extent, if any, that such correspondence may contained information utilized by Mr. Angus in formulating his expert opinions.

3.     Caterpillar and Mr. Angus object to ¶22 of Schedule A to the notice because it is overbroad, unduly burdensome, contravenes the amended scheduling order entered in this case, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition. Mr. Angus is a Caterpillar employee and in the course of his employment has generated thousands of "notes, memoranda, and summaries" of conversations with other Caterpillar employees, and may also from time to time have generated "notes, memoranda, and summaries" of conversations with employees of other entities named in this paragraph. Caterpillar and Mr. Angus further object to ¶22 because, as drafted, it includes within its scope documents protected by one or more of the attorney/client privilege, the work product immunity, and Fed. R. Civ. P. 26(b)(3).

4.     Caterpillar and Mr. Angus object to ¶29 of Schedule A to the notice as unduly burdensome, as contravening the amended scheduling order, and as beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of expert witnesses for deposition except to the extent, if any, that Mr. Angus may have reviewed reports of the described type in connection with his work on this case.

5.     Caterpillar and Mr. Angus object to ¶42 of Schedule A to the notice as seeking irrelevant information, as unduly burdensome, as contravening the amended scheduling order, and as beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary

02/09/2006 THU 12:56   [TX/RX NO 9107]   ☒003

02/03/2006 13:58 FAX  617 241 5115          CAMPBELL CAMPBELL EDWARD                    ☒004/013

production of expert witnesses for deposition except to the extent, if any, that Mr. Angus may have reviewed documents of the described type in connection with his work on this case.

6.      Caterpillar and Mr. Angus object to ¶62 of Schedule A to the notice because it does not describe with adequate particularity any category of documents for Mr. Angus to bring to his deposition and is overbroad and unduly burdensome.

7.      Caterpillar and Mr. Angus object to ¶63 of Schedule A to the notice insofar as it seeks materials protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  To the extent he may have been contacted by Caterpillar's counsel in connection with matters other than his work as a litigation expert, any record of such communications is protected from disclosure.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

WILLIAM ANGUS,

By his attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

3

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 8, 2006, I served the within objection by causing it to be mailed, by first class mail, postage prepaid, to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

John A.K. Grunert

02/09/2006 THU 12:56   [TX/RX NO 9107]   Ø005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC.<br>d/b/a TRUCK SERVICE, | )<br>)<br>) |
| **Plaintiff** | )<br>)<br>) |
| vs. | )<br>)      CIVIL ACTION NO. 04-11836-RCL<br>) |
| CATERPILLAR INC. | )<br>)<br>) |
| **Defendant** | )<br>) |

<u>OBJECTION TO NOTICE OF TAKING DEPOSITION OF NATHAN BJERK</u>

The defendant Caterpillar Inc. and the non-party witness Nathan Bjerk hereby object in the following respects to the plaintiff Trans-Spec's notice of taking Mr. Bjerk's deposition in this matter and to the request for production of documents and tangible things attached to it.

1.    Caterpillar and Mr. Bjerk object to so much of the notice as asks Mr. Bjerk to produce the documents and tangible things described in Schedule A to the notice at the Boston offices of Trans-Spec's counsel on February 9, 2006.   There is no authority in the applicable rules supporting such a request and neither Caterpillar nor Mr. Bjerk agreed to produce such materials in Boston or in advance of his appearance for deposition.   Such production would entail gross and undue burden and expense because Mr. Bjerk and his file materials are in Peoria, Illinois, where he is scheduled to be deposed on February 15, 2006.   Mr. Bjerk's production of his file materials will occur in Peoria at the time he is deposed.

2.    Caterpillar and Mr. Bjerk object to ¶12 of Schedule A to the notice because it includes within its scope documents protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.   To the extent he may have

1

been contacted by Caterpillar's counsel in connection with matters other than his work as a litigation expert, any record of such communications is protected from disclosure. Correspondence between Mr. Bjerk and Caterpillar's attorneys will not be produced except to the extent, if any, that such correspondence may contained information utilized by Mr. Bjerk in formulating his expert opinions.

3.     Caterpillar and Mr. Bjerk object to ¶22 of Schedule A to the notice because it is overbroad, unduly burdensome, contravenes the amended scheduling order entered in this case, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition.   Mr. Bjerk is a Caterpillar employee and in the course of his employment has generated thousands of "notes, memoranda, and summaries" of conversations with other Caterpillar employees, and may also from time to time have generated "notes, memoranda, and summaries" of conversations with employees of other entities named in this paragraph.  Caterpillar and Mr. Bjerk further object to ¶22 because, as drafted, it includes within its scope documents protected by one or more of the attorney/client privilege, the work product immunity, and Fed. R. Civ. P. 26(b)(3).

4.     Caterpillar and Mr. Bjerk object to ¶29 of Schedule A to the notice as unduly burdensome, as contravening the amended scheduling order, and as beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of expert witnesses for deposition except to the extent, if any, that Mr. Bjerk may have reviewed reports of the described type in connection with his work on this case.

5.     Caterpillar and Mr. Bjerk object to ¶42 of Schedule A to the notice as seeking irrelevant information, as unduly burdensome, as contravening the amended scheduling order, and as beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary

2

production of expert witnesses for deposition except to the extent, if any, that Mr. Bjerk may have reviewed documents of the described type in connection with his work on this case.

6.      Caterpillar and Mr. Bjerk object to ¶66 of Schedule A to the notice because it does not describe with adequate particularity any category of documents for Mr. Bjerk to bring to his deposition and is overbroad and unduly burdensome.

7.      Caterpillar and Mr. Bjerk object to ¶67 of Schedule A to the notice insofar as it seeks materials protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  To the extent he may have been contacted by Caterpillar's counsel in connection with matters other than his work as a litigation expert, any record of such communications is protected from disclosure.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A. K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

NATHAN BJERK,

By his attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

3

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 8, 2006, I served the within objection by causing it to be mailed, by first class mail, postage prepaid, to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA, 02210.

John A.K. Grunert

4

☑010/019

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| CATERPILLAR INC. | ) ) ) |
| Defendant | ) ) |

CIVIL ACTION NO. 04-11836-RCL

## OBJECTION TO NOTICE OF TAKING DEPOSITION OF MATTHEW KISER

The defendant Caterpillar Inc. and the non-party witness Matthew Kiser hereby object in the following respects to the plaintiff Trans-Spec's notice of taking Mr. Kiser's deposition in this matter and to the request for production of documents and tangible things attached to it.

1.    Caterpillar and Mr. Kiser object to so much of the notice as asks Mr. Kiser to produce the documents and tangible things described in Schedule A to the notice at the Boston offices of Trans-Spec's counsel on February 9, 2006.  There is no authority in the applicable rules supporting such a request and neither Caterpillar nor Mr. Kiser agreed to produce such materials in Boston or in advance of his appearance for deposition.  Such production would entail gross and undue burden and expense because Mr. Kiser and his file materials are in Peoria, Illinois, where he is scheduled to be deposed on February 14, 2006.  Mr. Kiser's production of his file materials will occur in Peoria at the time he is deposed.

2.    Caterpillar and Mr. Kiser object to ¶12 of Schedule A to the notice because it includes within its scope documents protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  To the extent he may have

1

been contacted by Caterpillar's counsel in connection with matters other than his work as a litigation expert, any record of such communications is protected from disclosure. Correspondence between Mr. Kiser and Caterpillar's attorneys will not be produced except to the extent, if any, that such correspondence may contained information utilized by Mr. Kiser in formulating his expert opinions.

3.      Caterpillar and Mr. Kiser object to ¶22 of Schedule A to the notice because it is overbroad, unduly burdensome, contravenes the amended scheduling order entered in this case, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition. Mr. Kiser is a Caterpillar employee and in the course of his employment has generated thousands of "notes, memoranda, and summaries" of conversations with other Caterpillar employees, and may also from time to time have generated "notes, memoranda, and summaries" of conversations with employees of other entities named in this paragraph.  Caterpillar and Mr. Kiser further object to ¶22 because, as drafted, it includes within its scope documents protected by one or more of the attorney/client privilege, the work product immunity, and Fed. R. Civ. P. 26(b)(3).

4.      Caterpillar and Mr. Kiser object to ¶29 of Schedule A to the notice as unduly burdensome, as contravening the amended scheduling order, and as beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of expert witnesses for deposition except to the extent, if any, that Mr. Kiser may have reviewed reports of the described type in connection with his work on this case.

5.      Caterpillar and Mr. Kiser object to ¶42 of Schedule A to the notice as seeking irrelevant information, as unduly burdensome, as contravening the amended scheduling order, and as beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary

2

production of expert witnesses for deposition except to the extent, if any, that Mr. Kiser may have reviewed documents of the described type in connection with his work on this case.

6.     Caterpillar and Mr. Kiser object to ¶58 of Schedule A to the notice because it does not describe with adequate particularity any category of documents for Mr. Kiser to bring to his deposition and is overbroad and unduly burdensome.

7.     Caterpillar and Mr. Kiser object to ¶59 of Schedule A to the notice insofar as it seeks materials protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  To the extent he may have been contacted by Caterpillar's counsel in connection with matters other than his work as a litigation expert, any record of such communications is protected from disclosure.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

MATTHEW KISER,

By his attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 8, 2006, I served the within objection by causing it to be mailed, by first class mail, postage prepaid, to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

John A.K. Grunert

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC.<br>d/b/a TRUCK SERVICE,<br><br>                    Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>                    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 04-11836-RCL

## OBJECTION TO NOTICE OF TAKING DEPOSITION OF RICHARD BOWES

The defendant Caterpillar Inc. and the non-party witness Richard Bowes hereby object in the following respects to the plaintiff Trans-Spec's notice of taking Mr. Bowes's deposition in this matter and to the request for production of documents and tangible things attached to it.

1.     Caterpillar and Mr. Bowes object to so much of the notice as asks Mr. Bowes to produce the documents and tangible things described in Schedule A to the notice at the Boston offices of Trans-Spec's counsel on February 9, 2006.  There is no authority in the applicable rules supporting such a request and neither Caterpillar nor Mr. Bowes agreed to produce such materials in Boston or in advance of Mr. Bowes's appearance for deposition.  Such production would entail gross and undue burden and expense because Mr. Bowes and his file materials are in Peoria, Illinois, where he is scheduled to be deposed on February 13, 2006.  Mr. Bowes's production of his file materials will occur in Peoria at the time he is deposed.

1

2.      Caterpillar and Mr. Bowes object to ¶1 of Schedule A to the notice insofar as it seeks materials protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R. Civ. P. 30(b)(6).  In preparation for that appearance, and in fulfillment of Caterpillar's obligations under Rule 30(b)(6), Mr. Bowes conferred with Caterpillar's in-house and outside attorneys and with several other Caterpillar employees.  He also reviewed, prepared, and assembled materials for use in preparing for the deposition.  Insofar as Mr. Bowes's files contain communications between him and Caterpillar's attorneys or persons acting for them that relate to his appearance and testimony as a Rule 30(b)(6) designee or notes and memoranda prepared by or for him on that subject, they are protected from disclosure and will not be produced.  Similarly, to the extent Mr. Bowes may have documents created by or for him or reviewed, considered, or used by him in connection with his non-expert involvement with this case, such documents will not be produced.  Insofar as ¶1 requests their production, it is unduly burdensome, contravenes the amended scheduling order, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition.

3.      Caterpillar and Mr. Bowes object to ¶12 of Schedule A to the notice because it includes within its scope documents protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R. Civ. P. 30(b)(6).  In preparation for that appearance, and in fulfillment of Caterpillar's obligations under Rule 30(b)(6), Mr. Bowes corresponded in confidence with attorneys at Campbell Campbell Edwards & Conroy, P.C., Caterpillar's counsel of record in this case.  No

2

correspondence between Mr. Bowes and Caterpillar's attorneys will be produced except to the extent, if any, that such correspondence may have contained factual information utilized by Mr. Bowes in formulating his expert opinions.

4.    Caterpillar and Mr. Bowes object to ¶19 of Schedule A to the notice because it is unduly burdensome, contravenes the amended scheduling order, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R. Civ. P. 30(b)(6).  In preparation for that appearance, and in fulfillment of Caterpillar's obligations under Rule 30(b)(6), Mr. Bowes reviewed a variety of documents.  Such documents are not properly discoverable at this time except insofar as he may have made use of them in connection with his work as an expert in the case.

5.    Caterpillar and Mr. Bowes object to ¶21 of Schedule A to the notice because it is unduly burdensome, contravenes the amended scheduling order, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R. Civ. P. 30(b)(6).  In preparation for that appearance, and in fulfillment of Caterpillar's obligations under Rule 30(b)(6), Mr. Bowes reviewed a variety of documents.  Such documents are not properly discoverable at this time except insofar as he may have made use of them in connection with his work as an expert in the case.

6.    Caterpillar and Mr. Bowes object to ¶22 of Schedule A to the notice because it includes within its scope documents protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R.

Civ. P. 30(b)(6).   In preparation for that appearance, and in fulfillment of Caterpillar's obligations under Rule 30(b)(6), Mr. Bowes communicated with members of Caterpillar's Legal Services Division.   Notes, memoranda, and summaries of such communications are protected from disclosure.   Caterpillar and Mr. Bowes further object to ¶22 because it is overbroad, unduly burdensome, contravenes the amended scheduling order entered in this case, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition. Mr. Bowes is a Caterpillar employee and in the course of his employment has generated thousands of "notes, memoranda, and summaries" of conversations with other Caterpillar employees, and may also from time to time have generated "notes, memoranda, and summaries" of conversations with employees of other entities named in this paragraph.

7.    Caterpillar and Mr. Bowes object to ¶29 of Schedule A to the notice as unduly burdensome, in contravention of the amended scheduling order, and as beyond the scope of the parties' agreement with respect to voluntary production of experts for deposition except insofar as Mr. Bowes may have reviewed any documents of the described type in connection with his work as an expert witness in this case.

8.    Caterpillar and Mr. Bowes object to ¶30 of Schedule A to the notice insofar as it seeks materials protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R. Civ. P. 30(b)(6).   Mr. Bowes communicated with Caterpillar's outside attorneys in connection with that deposition. Insofar as Mr. Bowes's files contain communications between him and Caterpillar's attorneys

4

that relate to his appearance and testimony as a Rule 30(b)(6) designee, they are protected from disclosure and will not be produced.

9.    Caterpillar and Mr. Bowes object to ¶61 of the Schedule A to the notice because it does not describe with adequate particularity any category of documents for Mr. Bowes to bring to his deposition and is overbroad and unduly burdensome.

10.    Caterpillar and Mr. Bowes object to ¶62 of Schedule A to the notice insofar as it seeks materials protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.  Mr. Bowes appeared for deposition earlier in this case as one of Caterpillar's designated witnesses pursuant to Fed. R. Civ. P. 30(b)(6).  In preparation for that appearance, and in fulfillment of Caterpillar's obligations under Rule 30(b)(6), Mr. Bowes conferred with Caterpillar's in-house and outside attorneys and with several other Caterpillar employees.  He also reviewed, prepared, and assembled materials for use in preparing for the deposition.  Insofar as Mr. Bowes's files contain communications between him and Caterpillar's attorneys or persons acting for them that relate to his appearance and testimony as a Rule 30(b)(6) designee or notes and memoranda prepared by or for him on that subject, they are protected from disclosure and will not be produced.  Caterpillar and Mr. Bowes further object to ¶22 because it is overbroad, unduly burdensome, contravenes the amended scheduling order entered in this case, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

RICHARD BOWES,

By his attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 8, 2006, I served the within objection by causing it to be mailed, by first class mail, postage prepaid, to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA  02210.

John A.K. Grunert

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, )<br><br>Plaintiff )<br><br>vs. )<br><br>CATERPILLAR INC. )<br><br>Defendant ) | CIVIL ACTION NO. 04-11836-RCL |

## OBJECTION TO NOTICE OF TAKING DEPOSITION OF GARY VALBERT

The defendant Caterpillar Inc. and the non-party witness Gary Valbert hereby object in the following respects to the plaintiff Trans-Spec's notice of taking Mr. Valbert's deposition in this matter and to the request for production of documents and tangible things attached to it.

1.      Caterpillar and Mr. Kiser object to so much of the notice as asks Mr. Valbert to produce the documents and tangible things described in Schedule A to the notice at the Boston offices of Trans-Spec's counsel on February 9, 2006.  There is no authority in the applicable rules supporting such a request and neither Caterpillar nor Mr. Valbert agreed to produce such materials in Boston or in advance of his appearance for deposition.  Such production would entail gross and undue burden and expense because Mr. Valbert and his file materials are in Denver, Colorado, where he is scheduled to be deposed on February 24, 2006.  Mr. Valbert's production of his file materials will occur in Denver at the time he is deposed.

1

2.       Caterpillar and Mr. Valbert object to ¶22 of Schedule A to the notice because it is overbroad, unduly burdensome, contravenes the amended scheduling order entered in this case, and is beyond the scope of Fed. R. Civ. P. 26 and the parties' agreement with respect to voluntary production of their expert witnesses for deposition. Mr. Valbert was at one time a Caterpillar employee and has from time to time since retiring from Caterpillar served Caterpillar as a consultant. In the course of his employment or work as a consultant, Mr. Valbert generated many "notes, memoranda, and summaries" of conversations with other Caterpillar employees, and may also from time to time have generated "notes, memoranda, and summaries" of conversations with employees of other entities named in this paragraph. Caterpillar and Mr. Valbert further object to ¶22 because, as drafted, it includes within its scope documents protected by one or more of the attorney/client privilege, the work product immunity, and Fed. R. Civ. P. 26(b)(3).

3.       Caterpillar and Mr. Valbert object to ¶73 of Schedule A to the notice because it does not describe with adequate particularity any category of documents for Mr. Valbert to bring to his deposition and is overbroad and unduly burdensome.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

GARY VALBERT,

By his attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 9, 2006, I served the within objection by causing it to be mailed, by first class mail, postage prepaid, to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

John A.K. Grunert