UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICE, <br><br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC., <br><br> Defendant | CIVIL ACTION NO. 04-11836-RCL |

### CATERPILLAR INC.'S ANSWER TO COUNT III OF THE SECOND AMENDED COMPLAINT, AND JURY DEMAND

The defendant Caterpillar Inc. ("Caterpillar") hereby responds pursuant to Fed. R. Civ. P. 8 and 12 to Count III of the plaintiff Trans-Spec Truck Service Inc.'s ("Trans-Spec's") second amended complaint, Counts I and II of that second amended complaint having already been dismissed.

1. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶1 of the second amended complaint.

2. Admitted.

3. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶3 of the second amended complaint.

4. Admitted, except that Caterpillar makes no response to the averment that it is "engaged in trade or commerce as defined by Mass. Gen. L. ch. 93A" because Count II of the second amended complaint has been dismissed.

5. Caterpillar denies the case presents a federal question and that the court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. Caterpillar admits there is diversity of citizenship between the parties and that the court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

6. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶6 of the second amended complaint.

7. Admitted.

8. Denied on information and belief.

9. Denied.

10. Denied.

11. Caterpillar admits it shipped C-12 engines, among other engines, to Sterling Truck Corporation ("Sterling) pursuant to purchase orders it received for them and that such C-12 engines were installed by Sterling into trucks designed and assembled by Sterling. Caterpillar admits Trans-Spec later acquired some such trucks. Caterpillar otherwise denies the averments in ¶11 of the second amended complaint.

12. Caterpillar admits, on information and belief, that Trans-Spec accepted delivery from Minuteman Trucks, Inc. of certain Sterling trucks equipped with Caterpillar C-12 engines in December 1999 and early January 2000. Caterpillar otherwise does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶12 of the second amended complaint.

13. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶13 of the second amended complaint.

2

14. Caterpillar admits, on information and belief, that by 2001 (and, indeed, earlier) serious problems of many kinds had manifested themselves in the Sterling trucks Trans-Spec had acquired. Caterpillar denies flywheel housings had begun loosening on C-12 engines in any of those trucks "by" 2001, but admits flywheel housings were found loosened and/or cracked on two of the twenty-two Sterling trucks in November, 2001, and that the flywheel housing on one of them was found loosened and/or cracked in December, 2001. Caterpillar admits it paid warranty claims for repair of the three flywheel housing failures that occurred in 2001 and that it also paid warranty claims for repair of two flywheel housing failures that reportedly occurred or recurred in 2002 on one or two of the Sterling trucks in Trans-Spec's fleet. Caterpillar denies, on information and belief, that Trans-Spec's Sterling trucks experienced six flywheel housing failures in 2001 and 2002 but admits it paid for repair of all flywheel housing failures on C-12 engines in Trans-Spec's Sterling trucks during those years of which it was notified.

15. Denied.

16. Denied.

17. Caterpillar denies there is any design defect in the C-12 engine and denies the remaining averments contained in ¶17 of the second amended complaint.

18. Caterpillar admits, on information and belief, that Sterling agreed to supply certain transmission supports in an effort to remedy flywheel housing failures that were occurring with unusual frequency in the trucks Sterling had designed and manufactured and which Trans-Spec had acquired, but Caterpillar denies Sterling did so "upon Caterpillar's demand" and otherwise does not have enough knowledge or information to

3

form a belief as to the truth of the averments contained in ¶18 of the second amended complaint.

19. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶19 of the second amended complaint.

20. Denied.

21. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments in ¶21 of the second amended complaint.

22. Denied.

23. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶23 of the second amended complaint.

24. Caterpillar does not have enough knowledge or information to form a belief as to the truth of the averments contained in ¶24 of the second amended complaint, but denies any suggestion in that paragraph that the C-12 engines installed in the Sterling trucks Trans-Spec acquired were "faulty" when Caterpillar sold the engines.

25. Caterpillar does not have enough information to form a belief as to the truth of the averments contained in ¶25 of the second amended complaint, except that Caterpillar denies any suggestion in that paragraph that there was any defect in Caterpillar's C-12 engines when it sold them which caused Trans-Spec to employ more mechanics than it otherwise would have done.

26. Caterpillar admits there was a meeting on June 9, 2004, among Joseph Howard and Robert Barton representing Trans-Spec, Troy N. Guidotti from Caterpillar, Al Cardoza from Southworth-Milton, Inc., Edward Blake and Michael Bumpus representing Sterling, and William Witcher from Minuteman Trucks Inc. Caterpillar further admits

that Minuteman Trucks Inc. was the dealer from which Trans-Spec acquired its twenty-two Sterling trucks. Caterpillar admits the June 9, 2004, meeting was held for the purpose of discussing the problem Trans-Spec was having with unusually frequent flywheel housing failures on its Sterling trucks but denies it was held "as to Trans-Spec's difficulties with the Caterpillar engines." Caterpillar denies Al Cardoza represented Caterpillar at that meeting. Caterpillar does not have enough knowledge or information to form a belief as to whether or not Trans-Spec purchased the Sterling trucks in 1999, but believes Trans-Spec leased them that year.

27. Denied.

28. Caterpillar admits that in August, 2004, Joseph Howard and Robert Barton met with Steven W. Schoening, who was its Northeast Region Manager, as well as with other persons. Caterpillar otherwise denies the averments contained in ¶28 of the second amended complaint.

29. Denied.

30. Denied.

31. Denied.

32 – 50. Caterpillar makes no response to ¶¶32 to 50 of the second amended complaint because the Counts containing those paragraphs have been dismissed. Caterpillar denies, however, any implication in any of those paragraphs that the C-12 engines in the Sterling trucks Trans-Spec acquired were defective in any respect when it sold the engines, that it breached any warranties with respect to any of those engines, or that it otherwise breached any legal duty it owed to Trans-Spec.

51. Caterpillar repeats and incorporates by reference its responses to ¶¶1 to 50 of the second amended complaint.

52. Denied.

53. Denied.

54. Caterpillar denies Trans-Spec is entitled to recover anything.

### FIRST AFFIRMATIVE DEFENSE

Count III of the second amended complaint and Trans-Spec's demand for punitive damages fail to state a claims on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Count III of the second amended complaint fails because Caterpillar conspicuously excluded liability for negligence in the written limited express warranties it gave with the C-12 engines involved in this case and because those engines were not consumer goods.

### THIRD AFFIRMATIVE DEFENSE

Count III of the second amended complaint fails, in whole or in part, because Trans-Spec's alleged losses were proximately caused by Trans-Spec's own failures to exercise reasonable care.

### FOURTH AFFIRMATIVE DEFENSE

Trans-Spec released any negligence claim it might otherwise have had against Caterpillar.

### FIFTH AFFIRMATIVE DEFENSE

Trans-Spec waived any negligence claim it might otherwise have had against Caterpillar.

### SIXTH AFFIRMATIVE DEFENSE

Trans-Spec is estopped by its own conduct from recovering on Count III of the second amended complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim is barred by an accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Trans-Spec's claim fails by virtue of the so-called economic loss doctrine with respect to each alleged flywheel housing failure which did not cause damage to property belonging to Trans-Spec other than the allegedly defective engine itself or the truck of which it was a part.

### NINTH AFFIRMATIVE DEFENSE

Trans-Spec's claim for alleged incidental and consequential damages fails by virtue of the so-called economic loss doctrine with respect to any such damages that were not the proximate result of damage caused by failed flywheel housings to property belonging to Trans-Spec other than the allegedly defective engine itself or the truck of which it was a part.

### TENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim to recover alleged incidental and consequential damages fails because Caterpillar conspicuously disclaimed and excluded liability for such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim to recover alleged incidental and consequential damages fails because Trans-Spec released any claim for such damages.

## TWELFTH AFFIRMATIVE DEFENSE

Trans-Spec's claim to recover alleged incidental and consequential damages fails because Trans-Spec waived any claim for such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim fail because its losses, if any, were caused by improper use or installation of the C-12 engines by Sterling.

## FOURTEENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim fails because its losses, if any, were caused by attachments, accessory items, and parts not sold or approved by Caterpillar.

## FIFTEENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim fails because its losses, if any, were caused by abuse, misuse, neglect, or improper repair of the C-12 engines or of the trucks in which they were installed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim is barred because its losses, if any, were caused by intervening, superseding misconduct of persons for whose acts and omissions Caterpillar bears no responsibility.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Trans-Spec's claim is barred, in whole or in part, by the applicable three-year statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Trans-Spec failed to take reasonable steps to mitigate its damages.

## JURY DEMAND

Caterpillar demands trial by jury.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
Richard P. Campbell (BBO: 071600)
John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on February 24, 2006, I served the within Answer and Jury Demand by causing a copy to be transmitted electronically to Nancy Reimer, Esquire, Donovan Hatem, L.L.P., Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert