UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. <br> d/b/a TRUCK SERVICE, <br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SECOND SET OF SUPPLEMENTAL ANSWERS OF THE PLAINTIFF, TRANS-SPEC TRUCK SERVICE, INC., d/b/a TRUCK SERVICE, TO THE THIRD SET OF INTERROGATORIES OF THE DEFENDANT, CATERPILLAR, INC.**

The plaintiff, Trans-Spec Truck Service, Inc. ("Trans-Spec") responds to the third set of interrogatories of the defendant, Caterpillar, Inc. ("Caterpillar") as follows:

**GENERAL OBJECTIONS**

The following objections are asserted in response to each and every interrogatory propounded to Trans-Spec by Caterpillar:

1. These answers to interrogatories are qualified by the objections specifically asserted herein and the answers do not constitute a waiver of any objection asserted.

2. Trans-Spec objects to these interrogatories to the extent that they request information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

## ANSWERS

### INTERROGATORY NO. 3

Describe in specific and complete detail each instance in which defects in the engines caused by Caterpillar's negligence have damaged property of Trans-Spec Truck Services Inc. *other than* the engines themselves, including in your description (a) each specific date on which such damage was caused, (b) as to each such date, the serial number of the engine that caused such damage on that date, (c) as to each such date, the vehicle identification number of the truck in which the engine was installed on that date, (d) as to each such date, the nature of the engine failure that caused the damage, (e) as to each such date, identification of the specific property that was damaged and the nature of the damage to it, (f) as to each such instance of such property damage, the identity of the person or persons who repaired the damage, (g) as to each instance of such property damage, the identities of all persons who observed the damage before it was repaired, and (h) as to each instance of such damage, the dollar amount that Trans-Spec Truck Services Inc. paid as a result of the damage.

### OBJECTION

Trans-Spec objects to this interrogatory on the grounds that it the term "engine" is vague, ambiguous and undefined. Without waiving and subject to the foregoing general and specific objections, Trans-Spec states as follows:

### ANSWER NO 3

Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be derived or ascertained from the business records of Trans-Spec produced pursuant to Trans-Spec's Local Rule 26.2 and Fed. R Civ. P. 26(a)(1) Automatic Disclosures, and responses, pursuant to Fed. R. Civ. P. 34, to Caterpillar's requests for production of documents. Additional information responsive to this interrogatory may be derived from documents in the possession, custody, or control of Caterpillar and/or Caterpillar's agent, representative, and distributor, Southworth-Milton, Inc. Trans-Spec will provide supplemental documentation responsive to this interrogatory.

### SUPPLEMENTAL ANSWER NO. 3

In answering this interrogatory, Trans-Spec refers Caterpillar to Ex. 6 from the Rule 30(b)(6) deposition of Trans-Spec taken on August 9, 2005. Trans-Spec also states that as a result of each flywheel house failure, in addition to damage to the flywheel house and flywheel house bolts, Trans-Spec's Trucks suffered damage to the: 1) clutch (for each flywheel house or flywheel house bolt repair, Trans-Spec had to provide a new solo clutch at a cost of $ 790 per clutch; these do not appear on any of Caterpillar's warranty claim sheets because these clutches were non-covered components that had to be provided by Trans-Spec whether Trans-Spec undertook the repair on its own or had the repair performed by Minuteman Trucks, Southworth-Milton, Inc., or Tri-State Truck Center, Inc.); 2) clutch brake ($30/clutch brake); 3) input shaft ($199/shaft) ; 4) input shaft bearing ($68/bearing); 5) motor mounts ($42/pair); 6) starter

($174/starter) and 7) transmission ($3,600/transmission). Flywheel house failures caused several of Trans-Spec's Trucks to require towing and these Trucks suffered damage caused by tow trucks. In addition, flywheel house failures caused numerous oil leaks on Trans-Spec's property which needed to be cleaned up pursuant to environmental and hazardous materials regulations. These damages were observed by personnel at Trans-Spec, Southworth-Milton, Inc., Minuteman Trucks, and Tri-State Truck Center, Inc. as well as by Caterpillar pursuant to a visit by Troy Guidotti in early 2004 (see pp. 45-51 of the deposition of Troy D. Guidotti taken on August 4, 2005). As of August 2, 2004, Caterpillar knew that Trans-Spec had suffered "$1 Million in downtime" alone as a result of the flywheel house failures, as indicated in Exhibit 1 to the deposition of Stephen Schoening taken on June 29, 2005.

## SECOND SUPPLEMENTAL ANSWER NO. 3

Trans-Spec has no further supplemental answer to this interrogatory.

## INTERROGATORY NO. 4

State as completely as you are able the factual basis for your contention that Caterpillar failed to exercised reasonable care in its design, development, assembly, manufacture, inspection, testing, marketing, advertising, and distribution of the engines, including in your answer a description of the specific acts or omissions that were careless, when each such act or omission occurred, and a description of every document which identifies the act or omission.

## OBJECTION

Trans-Spec objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or work product doctrine and that it seeks expert opinions which are properly the subject of expert reports which will be disclosed when appropriate pursuant to the Federal Rules.

## SECOND SUPPLEMENTAL INTERROGATORY NO. 4

Trans-Spec will produce all information responsive to this interrogatory on December 7, 2005 as part of its Rule 26(a)(2) disclosure and incorporates that Rule 26(a)(2) disclosure herein.

## INTERROGATORY NO. 6

Identify each customer for fuel delivery service or for dump trailer services which Trans-Spec Truck Service, Inc. has lost since January 1, 2000 and each new customer Trans-Spec Truck Service, Inc. has gained since that date, stating as to each whether it is or was a customer for fuel delivery service, dump trailer service, or both.

Edward Flynn
Flynn's Truck Stop
307 Hartford Pike
Shrewsbury, Massachusetts 01545

William Grant
Continental Fuel
104 Blue Ridge Road
North Andover, Massachusetts 01845

SIGNED UNDER THE PENALTIES OF PERJURY THIS ___ DAY OF NOVEMBER, 2005.

                        Joseph M. Howard, Jr.,
                        President, Trans-Spec Truck Service, Inc.

As to objections:

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: December 2, 2005

5