UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC.<br>d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

## NOTICE OF TAKING RESUMED DEPOSITION

TO:  Nancy Reimer, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

PLEASE TAKE NOTICE that the defendant Caterpillar Inc. will resume the deposition of the plaintiff Trans-Spec Truck Service Inc. pursuant to Fed. R. Civ. P. 30(b)(6) by one or more of its designated officers, directors, managing agents, or other persons who consent to testify on its behalf, with respect to the subject matters described in the attached Schedule A. The deposition will be taken at the offices of Campbell Campbell Edwards & Conroy, P.C., One Constitution Plaza, Boston, Massachusetts, before an officer authorized by law to administer oaths commencing at 9:00 AM on Wednesday, September 28, 2005, and continuing day to day thereafter until completed. The deposition will be recorded stenographically and also by audiovisual means.

You are invited to attend the deposition and cross-examine the witness or witnesses as permitted by applicable law.

1

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A. K. Grunert (BBO#213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on September 13, 2005, I served the within notice by causing it to be mailed, by first class mail, postage prepaid, to Nancy Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A. K. Grunert

## SCHEDULE A

Definitions:

A. The "Sterling trucks" means the trucks bearing the following vehicle identification numbers:

2FWYEWEB4YAF57160
2FWTEWEB6YAF57161
2FWYEWEB8YAF57162
2FWYEWEBXYAF57163
2FWYEWEB1YAF57164
2FWYEWEB3YAF57165
2FWYEWEB5YAF57166
2FWYEWEB7YAF57167
2FWYEWEB9YAF57168
2FWYEWEB0YAF57169
2FWYEWEB7YAF57170
2FWYEWEB9YAF57171
2FWYEWEB0YAF57172
2FWYEWEB2YAF57173
2FWYEWEB4YAF57174
2FWYEWEB6YAF57175
2FWYEWEB8YAF57176
2FWYEWEBXYAF57177
2FWYEWEB1YAF57178
2FWYEWEB3YAF57179
2FWYEWEBXYAF57180
2FWYEWEB1YAF57181

B. The "subject engines" means the Caterpillar C-12 engines bearing serial numbers 2KS27780, 2KS27897, 2KS27878, 2KS27936, 2KS27904, 2KS27955, 2KS28378, 2KS27844, 2KS27905, 2KS27999, 2KS27877, 2KS28368, 2KS27861, 2KS27956, 2KS27857, 2KS28276, 2KS27914, 2KS27953, 2KS27893, 2KS27931, 2KS27835, and 2KS27791.

## SUBJECT MATTERS OF TESTIMONY

1. The specific dates on which each of the Sterling trucks was out of service between the date Trans-Spec acquired it and the date of the deposition, and the reasons why each such truck was out of service on each such date.

2. The specific dates on which each of the Sterling trucks was out of service as a result of defects in its engine, and as to each such date the nature of the defect that caused the truck to be out of service.

3

3. The number of flywheel housing failures and flywheel housing bolt failures experienced by each of the subject engines, and the dates between which each Sterling truck was out of service as a result of each such failure.

4. Identification of each and every flywheel housing failure and each and every flywheel housing bolt failure experienced by the subject engines which was repaired at Trans-Spec's unreimbursed expense, and as to each the amount of expense incurred by Trans-Spec for labor and materials.

5. The number of instances in which front covers on the subject engines cracked or leaked, and the dates between which each Sterling truck was out of service as a result of such cracking or leaks.

6. The repair, servicing, and maintenance history of each of the Sterling trucks and of each of the subject engines.

7. Identification of all trucks owned or leased by Trans-Spec, *other than* the Sterling trucks, which have been equipped with Caterpillar model C-12 engines, and as to each such Caterpillar C-12 engine the number of flywheel housing failures and/or flywheel housing bolt failures experienced by that engine and the date(s) of all such failures.

8. Trans-Spec's financial performance from 1998 through the date of the deposition, including its gross and net income, cost of goods sold, expenses, and cash flow.

9. The respective contributions to Trans-Spec's income and expenses, from 1998 to the date of the deposition, of the fuel delivery part of its business, the end-dump services part of its business, and the retail truck repair part of its business.

10. The identities of Trans-Spec's customers for fuel delivery services and end-dump services since 1998, and the provisions of the contracts which Trans-Spec had with each.

11. The business relationship since 1998 between Trans-Spec, T.S. Truck Service Inc., and other business entities owned by Joseph Howard, Jr. or his wife, Donna Howard, including among other things financial transactions and transfers of assets among such entities and goods or services provided each to the other.

12. Payments made and perquisites provided during each year since 1998 by Trans-Spec and by T.S. Truck Service Inc. to Joseph Howard, Jr. and to his wife, Donna Howard.

13. The identities of the drivers assigned to each of the Sterling trucks since their acquisition.

4

14. The histories of specific applications for which each of the Sterling trucks has been used since its acquisition, including the dates between which each truck was used respectively for fuel delivery and for end-dump service.

15. All traffic accidents in which the Sterling trucks have been involved.

16. All communications between Trans-Spec and Sterling Truck Corporation and/or Minuteman Trucks, Inc. with respect to the Sterling trucks, including *without limitation* all efforts by Trans-Spec to obtain compensation or other relief from Sterling or Minuteman.

17. The terms and provisions of all express warranties Trans-Spec received with respect to (a) the trucks, (b) the transmissions in the trucks, and (c) the subject engines, and the dates on which such express warranties were received by Trans-Spec.

18. Identification of each specific instance in which failure of the flywheel housing or flywheel housing bolts on a subject engine caused actual damage to non-engine components of the truck, and identification of the non-engine components which were actually damaged on each occasion.

19. Identification of each specific instance in which failure of the flywheel housing or flywheel housing bolts on a subject engine caused damage to property of Trans-Spec, and identification of the property that was damaged on each occasion and the expense Trans-Spec occurred as a result of the property damage.

20. The details of Trans-Spec's purchase and financing of the Sterling trucks, including without limitation the dates and amounts of payments made by Trans-Spec under financing agreements and leases related to the Sterling trucks.

21. The details of Trans-Spec's agreement to sell the Sterling trucks, and the details of all efforts Trans-Spec made to sell the trucks earlier.

22. The nature and meaning of the documents produced by Trans-Spec in its automatic disclosure or in response to written discovery requests served in this case, the manner in which such documents were created, and the manner in which such documents were maintained by Trans-Spec.

23. All communications concerning the trucks or engines between Trans-Spec representatives and employees of Minuteman Trucks, Inc., Sterling Truck Corporation, Southworth-Milton, Inc., or Caterpillar Inc.

24. The warranties Trans-Spec alleges Caterpillar breached.

25. The details of all improper warranty work performed on the engines by Southworth-Milton, Inc., Tri-State Truck Center, or Minuteman Trucks, Inc.

26.  The details of all work improperly performed under the Extended Service Coverage contract by Southworth-Milton, Inc., Tri-State Truck Center, or Minuteman Trucks, Inc.

27.  The facts supporting Trans-Spec's contention that Caterpillar is estopped from asserting the statute of limitations as a defense, including without limitation the dates prior to August 23, 2004, on which Trans-Spec consulted attorneys with respect to its rights against Caterpillar and the advice those attorneys rendered to it during that time frame.