UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

```
_____
                                      )
TRANS-SPEC TRUCK SERVICE, INC.        )
d/b/a TRUCK SERVICE,                  )
       Plaintiff                      )
                                      )
vs.                                   )
                                      )
CATERPILLAR INC.                      )
       Defendant                      )
_____)
```

**PLAINTIFF, TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICES, SECOND AMENDED ANSWERS TO CATERPILLAR INC.'S <u>FIRST SET OF INTERROGATORIES</u>**

The plaintiff, Trans-Spec Truck Service, Inc. ("Trans-Spec") amends its answers to the below interrogatories as follows:

<u>GENERAL OBJECTIONS OF SPECIFIC APPLICABLITY</u>

1. These answers to interrogatories are qualified by the objections specifically asserted herein and the answers do not constitute a waiver of any objection asserted.

2. Trans-Spec reserves the right to supplement these responses in a timely manner.

<u>INTERROGATORIES</u>

**INTERROGATORY NO. 10**

Describe comprehensively and in detail the basis for your contention that Trans-Spec's purported claim to recover incidental and consequential damages, damages for loss of use, and costs of additional service employees [as to which see ¶42 of the amended complaint] is not barred by the exclusion of incidental and consequential damages contained in the written warranties Caterpillar gave with respect to the engines and in the extended service contract of which a copy is attached as Exhibit C to the amended complaint.



- 1 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, Plaintiff vs. CATERPILLAR INC. Defendant | ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF, TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICES, SECOND AMENDED ANSWERS TO CATERPILLAR INC.'S FIRST SET OF INTERROGATORIES**

The plaintiff, Trans-Spec Truck Service, Inc. ("Trans-Spec") amends its answers to the below interrogatories as follows:

**GENERAL OBJECTIONS OF SPECIFIC APPLICABLITY**

1. These answers to interrogatories are qualified by the objections specifically asserted herein and the answers do not constitute a waiver of any objection asserted.

2. Trans-Spec reserves the right to supplement these responses in a timely manner.

**INTERROGATORIES**

**INTERROGATORY NO. 10**

Describe comprehensively and in detail the basis for your contention that Trans-Spec's purported claim to recover incidental and consequential damages, damages for loss of use, and costs of additional service employees [as to which see ¶42 of the amended complaint] is not barred by the exclusion of incidental and consequential damages contained in the written warranties Caterpillar gave with respect to the engines and in the extended service contract of which a copy is attached as Exhibit C to the amended complaint.



## ANSWER NO. 10

Trans-Spec objects to this interrogatory as it poses a question of law. Without waiving and subject to this objection, Trans-Spec states that, according to the deposition testimony of both Al Cardoza and Stephen Schoening, Caterpillar unilaterally decided that the warranties provided by the extended service contract attached as Exhibit C did not apply to the flywheel house, flywheel house bolt, and other engine and truck difficulties which Trans-Spec suffered related to its C-12 engines. When Caterpillar disclaimed the warranties and coverage provided by the extended service contract, it also disclaimed its purported disclaimers of incidental and consequential damages.

Furthermore, on multiple occasions, Caterpillar orally waived any such exclusion, including during meetings with Trans-Spec on June 9, 2004 and August 9, 2004 during which Caterpillar representatives Troy Guidotti and Stephen Schoening respectively promised that Caterpillar would make Trans-Spec whole. On August 13, 2004, at Caterpillar's direction and with Caterpillar's authority, Al Cardoza orally offered an extension of Caterpillar's warranty and coverage for Trans-Spec's engine difficulties until June 1, 2005. In addition, Harry Calderbank and Al Cardoza have made numerous "off the record" representations to Trans-Spec that Trans-Spec would be made whole for the damage it has suffered as a result of the defective C-12 engines.

## INTERROGATORY NO. 11

Describe comprehensively and in detail the basis for your contention that Trans-Spec's purported claim for alleged breaches of implied warranties are not barred by the disclaimers of all implied warranties contained in the written warranties Caterpillar gave with respect to the engines and in the extended service contract of which a copy is attached as Exhibit C to the amended complaint.

## ANSWER NO. 11

Trans-Spec objects to this interrogatory as it poses a question of law. Without waiving and subject to this objection, Trans-Spec states that, according to the deposition testimony of both Al Cardoza and Stephen Schoening, Caterpillar unilaterally decided that the warranties provided by the extended service contract attached as Exhibit C did not apply to the flywheel house, flywheel house bolt, and other engine and truck difficulties which Trans-Spec suffered related to its C-12 engines. When Caterpillar disclaimed the warranties and coverage provided by the extended service contract, it also disclaimed its purported disclaimers of implied warranties.

Furthermore, on multiple occasions, Caterpillar orally waived any such exclusion, including during meetings with Trans-Spec on June 9, 2004 and August 9, 2004 during which Caterpillar representatives Troy Guidotti and Stephen Schoening respectively promised that Caterpillar would make Trans-Spec whole. On August 13, 2004, at Caterpillar's direction and with Caterpillar's authority, Al Cardoza orally offered an extension of Caterpillar's warranty and coverage for Trans-Spec's engine difficulties until June 1, 2005. In addition, Harry Calderbank and Al Cardoza have made numerous "off the record" representations to Trans-Spec that Trans-

Spec would be made whole for the damage it has suffered as a result of the defective C-12 engines.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd DAY OF AUGUST, 2005

Joseph M. Howard, Jr.,
President, Trans-Spec Truck Service, Inc.

As to objections:

Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 3, 2005

- 3 -

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 4th day of August, 2005, I served a copy of the foregoing PLAINTIFF, TRANS-SPEC TRUCK SERVICE INC., d/b/a TRUCK SERVICES, SECOND AMENDED ANSWERS TO CATERPILLAR INC.'S FIRST SET OF INTERROGATORIES, to be mailed, postage prepaid to:

John A. K. Grunert, Esq.
Kevin Guichon, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129

_____
Christian G. Samito, Esq.

00933571