UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 04-11836-RCL |
| CATERPILLAR INC. | ) ) | |
| Defendant | ) ) ) | |

CATERPILLAR INC.'S MOTION TO STRIKE CERTAIN EXHIBITS TO
TRANS-SPEC'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT,
AND CERTIFICATE OF CONFERENCE

The defendant Caterpillar Inc. hereby moves to strike from the summary judgment record
Exhibits L and N (unsworn expert reports), Exhibits B and R (Trans-Spec's answers and
supplemental answers to certain interrogatories), and ¶¶10 and 11 of Exhibit Q (Joseph
Howard's affidavit) to Trans-Spec's opposition to Caterpillar's motion for summary judgment.
Caterpillar further moves to strike all statements contained in Trans-Spec's response to
Caterpillar's statement of undisputed facts and all statements in Trans-Spec's opposing
memorandum that are purportedly based on the foregoing materials.  These materials do not
comply with Fed. R. Civ. P. 56(c) and (e), which provide in pertinent part:

> (c)    ... The judgment sought shall be rendered forthwith if *the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if
> any,* show that there is no genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of law.

*****

1

> (e)     Supporting and opposing *affidavits shall be made on personal knowledge*, shall set forth such facts as would be admissible in evidence, *and shall show affirmatively that the affiant is competent to testify to the matters stated therein.*

(Emphasis supplied).

1.     Exhibits L and N: Unsworn Expert Reports

Trans-Spec attached to its opposition letters written by its ostensible trial experts, Messrs. Ekchian and Service, to its counsel. Neither letter is sworn or otherwise in a form cognizable under Fed. R. Civ. P. 56(e). The law is well-settled that unsworn expert reports do not comply with Fed. R. Civ. P. 56(e) and that a plaintiff may not defeat a summary judgment motion through their use. Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 191 (5th Cir. 1991); Fowle v. ITT Continental Baking Co., 868 F.2d 59, 67 (3rd Cir. 1989) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970)). *See also* Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) (interrogatory answer setting forth proposed expert's expected testimony, but not sworn to by the expert himself, inadmissible to defeat summary judgment) (citing Fowle). As a matter of law the Court is required to disregard Exhibits L and N and they should be stricken from the record.[1]

2.     Exhibits B and R:  Interrogatory Answers

Exhibits B and R are answers and supplemental answers served by Trans-Spec to interrogatories served by Caterpillar. "In summary judgment proceedings, answers to interrogatories are subject to exactly the same infirmities as affidavits." Garside, 895 F.2d at 49. They may be used only if they are based on the personal knowledge of the person who signs them, show affirmatively that the person who signed them is competent to testify to their

---

[1] Mr. Ekchian's report in particular, Exhibit L, is also inadmissible for other reasons as well, such as the grossly conclusory nature of most of what it contains and its failure to set forth facts sufficient to show that he is competent to express the opinions contained in it. As the reports must be stricken simply because they are not sworn, however, the other inadequacies in them need not detain the Court.

contents, and set forth such facts as would be admissible in evidence. *Id.*, 50. Exhibits B and R do not affirmatively show that the person who signed them – Joseph Howard – has first hand knowledge of the "information" contained in them.[2] Exhibit B, moreover, consists almost entirely of legal assertions and conclusions of the type that have no place in a summary judgment affidavit, especially one submitted by a non-lawyer. It is fine for Trans-Spec's lawyers, in drafting answers to "contention" interrogatories for Mr. Howard to sign, to include that kind of verbiage; but Trans-Spec's lawyers cannot convert their legalisms into admissible evidence just by having someone else subjoin his signature to them.

3.    <u>Exhibit Q: Mr. Howard's Affidavit</u>

Paragraphs 10 and 11 to Mr. Howard's affidavit, Exhibit Q, must be stricken because the affidavit does not affirmatively show that Mr. Howard is competent to offer testimony as set forth in those paragraphs. <u>Garside</u>, 895 F.2d at 49-50; <u>Murphy</u> v. <u>Ford Motor Co.</u>, 170 F.R.D. 82, 84-85 (D. Mass. 1997). The fact is, as demonstrated in materials submitted by Caterpillar in support of its summary judgment motion, Mr. Howard does *not* have personal knowledge that would enable him to testify to the stated "facts"; but it is not up to Caterpillar to demonstrate Mr. Howard's incompetence. Rule 56(e) squarely places on the affiant the affirmative obligation of setting forth facts demonstrating that he is competent to testify in court to the sale thing he is willing to put in an affidavit.

---

[2] His deposition testimony makes clear he does not. Moreover, Mr. Howard testified that parts of the supplemental answers contained in Exhibit R are factually false. Striking Exhibit R will relieve the Court of the necessity of considering what steps should be taken when a party and its attorneys knowingly submit factually false information in opposition to a motion for summary judgment.

CONCLUSION

Exhibits B, L, N, R and Q (¶¶10 and 11 only) should be stricken from the summary judgment record and all references to them in Trans-Spec's opposing materials should be disregarded.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A. K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

CERTIFICATE OF CONFERENCE OF COUNSEL

I, John A. K. Grunert, hereby certify pursuant to Local Rule 7.1 that on May 15, 2006, I conferred by telephone with Christian Samito, one of the counsel of record for the plaintiff Trans-Spec, regarding the subject matter of the within motion, but that no agreement could be reached with respect to its subject matter.

John A. K. Grunert

CERTIFICATE OF SERVICE

I, John A. K. Grunert, hereby certify that on May 15, 2006, I served the within motion by causing a copy to be transmitted electronically to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA  02210.

John A. K. Grunert