UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL<br><br>**MOTION FOR SPECIAL ACTION** |

CATERPILLAR INC.'S EMERGENCY MOTION FOR AN ORDER REQUIRING
PRODUCTION OF CERTAIN EVIDENCE AT MOTION HEARING, AND
CERTIFICATE OF CONFERENCE

The defendant Caterpillar Inc. requests the Court to order (**prior to May 31, 2006**) counsel of record for the plaintiff Trans-Spec, to wit Nancy Reimer, Esquire, Christian Samito, Esquire, and Kevin Kenneally, Esquire, of the law firm of Donovan Hatem LLP, to produce in Court at the motion hearing scheduled for May 31, 2006, at 2:00 PM all records of the firm of Donovan Hatem LLP of the following types:

- All paper and electronic records of airline reservations that were made for Donovan Hatem attorneys' travel to and from Peoria, Illinois, for the depositions of Caterpillar expert witnesses that were noticed for February 13, 14, 15 and 16, 2006, and all paper and electronic records of cancellation of any such reservations;

- All paper and electronic records of hotel reservations that were made for Donovan Hatem attorneys' stay in the Peoria, Illinois, area in connection with depositions of Caterpillar expert witnesses that were noticed for February 13, 14, 15 and 16, 2006, and all paper and electronic records of cancellation of any such reservations;

- All paper and electronic records of Donovan Hatem's reservation of a conference room in Peoria, Illinois, for the depositions of Caterpillar expert witnesses that

1

were noticed for February 13, 14, 15 and 16, 2006, and all paper and electronic records of cancellation of any such reservation; and

- All paper and electronic records of Donovan Hatem's retention of a stenographer to transcribe the depositions of Caterpillar expert witnesses that were noticed for February 13, 14, 15 and 16, 2006, and all paper and electronic records of cancellation of any such retention.

In support of this motion, Caterpillar states that among the motions currently set for hearing on May 31, 2006, at 2:00 PM are (a) Caterpillar Inc.'s Motion for Sanctions, and (b) Emergency Motion of the Plaintiff to Compel Production of Documents and Extend Discovery Period. These two motions both arise out of depositions of Caterpillar expert witnesses that Trans-Spec noticed to take place at a Radisson hotel in Peoria, Illinois, on February 13, 14, 15 and 16, but at which Trans-Spec's counsel did not appear. One factual issue that is relevant to both motions is *why* Trans-Spec's counsel did not appear and, in particular, whether Trans-Spec's counsel's non-appearance was or was not the result of a dispute that first arose in the late afternoon on Wednesday, February 8, 2006. When Caterpillar's counsel appeared on Monday, February 13, at the Peoria hotel for which Trans-Spec had noticed the depositions he was informed by hotel employees that no conference room had ever been reserved for a deposition that day. This information – the reliability of which Caterpillar cannot, it freely admits, confidently assess – raises at least a non-trivial likelihood that Trans-Spec's attorneys never really intended to take the depositions they said in their notices they would take and for which they caused Caterpillar's counsel and witness, at great expense, to appear.

Caterpillar asked in footnote 6 to its Memorandum in Support of Caterpillar Inc.'s Motion for Sanctions that the Court require Trans-Spec's counsel, if they assert they really intended to take the depositions as noticed, to produce at the hearing the documents now requested by this motion. Trans-Spec made no reference in its opposing papers to that footnote

or to the argument to which it was appended. Caterpillar's counsel thereafter twice asked Trans-Spec's counsel via e-mail whether or not they would produce the requested documents at the hearing, but for some reason Trans-Spec's counsel did not respond to those e-mails at all.. On the morning of May 16, 2006, Caterpillar's counsel spoke by telephone with Trans-Spec's counsel Christian Samito to ask if Trans-Spec's attorneys would produce the requested documents at the hearing, but Mr. Samito refused to say what Trans-Spec's counsel would or would not bring. So what seemed to Caterpillar's counsel a simple matter to be handled informally has proven impossible to handle that way.[1]

If Trans-Spec's counsel *did* make the practical arrangements to take these depositions that any lawyer really intending to take them would have made, Caterpillar does not wish to waste the Court's time (or, at a time-limited hearing, his own time) arguing about what Trans-Spec's counsel's intent was when they initially served the notices. Caterpillar's motion for sanctions and its position with respect to Trans-Spec's motion related to production of files and enlargement of the discovery period are not grounded on what Trans-Spec's original intent was; they are grounded on the law, this Court's prior orders, and what Trans-Spec's counsel communicated to Caterpillar's counsel, all as set forth in great detail in Caterpillar's motion papers. But if Trans-Spec's counsel *did not* make such arrangements, it will cast very, very serious doubt on the factual accuracy of representations they have made to this Court that the only reason they did not appear for depositions in Peoria, Illinois, beginning at 10:00 AM on Monday, February 13, is a dispute that first arose late in the day on Thursday, February 8; and if those representations are untrue, Caterpillar believes the correct rulings on the motion for sanctions and the motion to enlarge discovery are self-evident.

---

[1] An alternative to this motion would be for Caterpillar to serve subpoenas on Donovan Hatem and the attorneys at that firm who represent Trans-Spec. Caterpillar's counsel is loath to do that and believes a simple order from the Court would be preferable.

3

It is unfortunate that the forthrightness of Trans-Spec's counsel must be made an issue, but an issue it is. It will not advance matters to pretend it is not. The documents which this motion asks the Court to require Trans-Spec's counsel to produce at the May 31 hearing may provide the Court with objective evidence bearing on that issue, and Trans-Spec's counsel has been unwilling to agree to produce that evidence at the hearing voluntarily. The Court should therefore order its production.

WHEREFORE, Caterpillar requests the Court to issue its order, in advance of the May 31, 2006, hearing, requiring Trans-Spec's attorneys to produce at that hearing, for review by Caterpillar's counsel and by the Court, all documents described at pages 1 and 2 of this motion.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

### CERTIFICATE OF CONFERENCE

I, John A.K. Grunert, hereby certify that on the morning of May 16, 2006, I conferred by telephone with Christian Samito, one of the plaintiff Trans-Spec's several counsel of record, in a good faith attempt to resolve the issue raised by this motion. The conference lasted less than five minutes. My attempt to resolve the issue was unsuccessful.

_____
John A.K. Grunert

4

## CERTIFICATE OF SERVICE

    I, John A.K. Grunert, hereby certify that on May 16, 2006, I served the within emergency motion by causing it to be transmitted electronically to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
John A.K. Grunert