UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
    Plaintiff )
 )
vs. )
 )
CATERPILLAR INC. )
    Defendant )

**OPPOSITION TO CATERPILLAR INC.'S
*EMERGENCY MOTION FOR AN ORDER REQUIRING PRODUCTION OF CERTAIN
EVIDENCE AT MOTION HEARING, AND CERTIFICATE OF CONFERENCE*,
AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby opposes Defendant Caterpillar Inc.'s ("Caterpillar"), *Emergency Motion For An Order Requiring Production Of Certain Evidence At Motion Hearing, and Certificate of Conference* ("Emergency Motion").

In an effort to curtail frivolous or improper pleadings, Fed. R. Civ. P. 11(b) mandates, in relevant part, that "[b]y presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" **Trans-Spec's counsel, Christian G. Samito ("Attorney Samito"), informed Caterpillar's counsel during the Local Rule 7.1 Conference prior to the filing of the Emergency Motion that no documents of the type contemplated by the Emergency Motion exist.** Affidavit of Christian G. Samito ("Samito Aff."), ¶ 2, attached as Exhibit A. Nonetheless, Caterpillar filed this frivolous and harassing Emergency Motion in an

effort to create the whiff of scandal and unethical behavior where he knows none exists, and in an effort to distract the Court's attention from Caterpillar's lack of a viable legal argument.[1]

Whether this Court grants the Emergency Motion or whether Caterpillar subpoenas Trans-Spec's counsel as threatened in footnote three of the Emergency Motion does not change the fact that Trans-Spec's counsel cannot produce documents that do not exist. Attorney Samito explained this to Caterpillar's counsel on May 16, 2006, during the Local Rule 7.1 Conference. Samito Aff., ¶ 2, Ex. A. Nonetheless, Caterpillar's counsel took the opportunity by filing this frivolous and harassing Emergency Motion to attempt to make "the forthrightness of Trans-Spec's counsel . . . an issue," see Emergency Motion, p. 4, and force Trans-Spec to incur additional costs in opposing it.

It is disingenuous for Caterpillar's counsel to misrepresent, on page 3 of the Emergency Motion, that "Mr. Samito refused to say what Trans-Spec's counsel would or would not bring." Attorney Samito informed Caterpillar's counsel that Trans-Spec's *Opposition Of The Plaintiff To Caterpillar Inc.'s Motion For Sanctions* and *Emergency Motion Of The Plaintiff To Compel Production Of Documents And To Extend Expert Discovery Period* ("Motion to Compel"), incorporated herein by reference, set forth Trans-Spec's position and furthermore, **that no further documents as contemplated by the Emergency Motion exist**. During the Local Rule

---

[1] Despite Magistrate Judge Alexander's admonition in footnote 3 of her May 20, 2005 Order, "[t]he Court also cautions all counsel to cease using papers filed with this Court as vehicles for criticizing opposing counsels' work. Such activities do a disservice to both counsel and their clients," Caterpillar continues to impugn the integrity of both Trans-Spec and its counsel. Trans-Spec's counsel agrees with the Court's admonition and has, from the beginning of this lawsuit, attempted only to parry the worst of the blows and insults issued by Caterpillar's counsel. Moreover, Trans-Spec's counsel, as a rule, tries not to make mention of Caterpillar's counsel's missteps. Suffice it to say, from the beginning of this litigation, Caterpillar's counsel has conducted himself inappropriately. For example, perceiving the devastating effect it would have on Caterpillar's defense, Caterpillar's counsel initially denied the existence of Caterpillar's warranty claim database. Following the deposition testimony of a Caterpillar dealer and Trans-Spec's filing of a motion to compel, however, Caterpillar changed its position and produced hundreds of pages of records printed from the database that purportedly did not exist a short time earlier. Just as troubling is Caterpillar's failure to disclose, as part of its automatic disclosure, that it had caused to be preserved over half a dozen of Trans-Spec's failed flywheel housings at issue in this lawsuit. Caterpillar remained silent on the existence of the flywheel housings until October 27, 2005 – over a year after Trans-Spec filed suit – at which time Caterpillar's counsel disclosed their existence. See Letter of Christian G. Samito to John A. K. Grunert, October 31, 2005, attached as Exhibit B. Caterpillar refused to produce these flywheel housings to Trans-Spec for inspection in Boston and instead, forced Trans-Spec's expert fly to Illinois to inspect the undisclosed flywheel housings. Trans-Spec did not, as a courtesy, seek sanctions on this matter, just as it does not seek Rule 11 sanctions here.

7.1 Conference on May 16, 2006, Attorney Samito further recounted to Caterpillar's counsel the substance of the *Affidavit of Nancy M. Reimer, Esq.*, attached at Exhibit C, which details Trans-Spec's counsel's travel plans for the respective depositions at issue. Samito Aff, ¶ 3, Ex. A.

WHEREFORE, Trans-Spec respectfully requests that this Court deny Caterpillar's Emergency Motion for the foregoing reasons, deny Caterpillar's underlying Motion for Sanctions, and grant Trans-Spec's Motion to Compel.

Respectfully submitted,
TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE
By its Attorneys,

/s/ Christian G. Samito
Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: May 18, 2006

### REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on its *OPPOSITION TO CATERPILLAR INC.'S EMERGENCY MOTION FOR AN ORDER REQUIRING PRODUCTION OF CERTAIN EVIDENCE AT MOTION HEARING, AND CERTIFICATE OF CONFERENCE.*

### CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 18th day of May, 2006, I served a copy of the foregoing by causing a copy to be transmitted electronically to:

John A. K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129

/s/ Christian G. Samito
Christian G. Samito, Esq.

01003004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. <br> d/b/a TRUCK SERVICE, <br> Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF CHRISTIAN G. SAMITO, ESQ.

I, Christian G. Samito, Esq., hereby depose and say:

1. I am counsel for Trans-Spec Truck Service, Inc. ("Trans-Spec"), in the above-captioned matter. The statements contained in this Affidavit are based upon my personal knowledge.

2. During the Local Rule 7.1. Conference on May 16, 2006 prior to the filing of *Caterpillar Inc.'s Emergency Motion For An Order Requiring Production of Certain Evidence at Motion Hearing, and Certificate of Conference* ("Emergency Motion"), I informed Caterpillar's counsel that no documents of the type contemplated by the Emergency Motion exist.

3. During the Local Rule 7.1 Conference on May 16, 2006, I further recounted to Caterpillar's counsel the substance of the *Affidavit of Nancy M. Reimer, Esq.* dated May 18, 2006 and filed herein, which details Trans-Spec's counsel's travel plans for the respective depositions at issue.

Signed under the Pains and Penalties of Perjury on this 18th day of May, 2006.

_____
Christian G. Samito, Esq.

01003053


EXHIBIT A



DONOVAN | HATEM LLP
*counselors at law*

**Christian G. Samito**
617 406 4592 direct
CSamito@donovanhatem.com

October 31, 2005

**By Facsimile and First Class Mail**
John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129

Re:  Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
     <u>Civil Action No. 04-11836-RCL</u>

Dear Attorney Grunert:

I am in receipt of your letter of October 28, 2005. Pursuant to the Federal Rules of Civil Procedure, Caterpillar had a duty to inform Trans-Spec about the five or six flywheel houses in its possession within fourteen days of the Rule 26(f) conference with the Court. Fed. R. of Civ. P. 26(a)(1) mandates that "a party must, without awaiting a discovery request, provide to other parties . . . a copy of, or a description by category and location of, all documents, data compilations, and **tangible things** that are in the possession, custody, or control of the part and that the disclosing party may use to support its claims or defenses" (emphasis added). Trans-Spec did not have to ask about the existence of any flywheel houses because Caterpillar had an obligation (which it breached) to disclose their existence.

Nowhere in *Defendant Caterpillar Inc.'s Automatic Disclosures* is there any mention of the five or six flywheel houses in Caterpillar's possession. Moreover, Caterpillar did not disclose their existence until you revealed it during a phone call with Ms. Reimer and I on October 27, 2005. In light of Caterpillar's breach of Fed. R. Civ. P. 26(a)(1), my letter of October 27, 2005 was appropriate and the only thing that is "characteristically offensive" is Caterpillar's sanctionable breach of its discovery obligations (and, as an aside, I would ask that you not revert back to the earlier days in this case, when your correspondence and pleadings routinely contained insults and lack of professional courtesy).

Rather than go to the Court to demand sanctions, however, I would like to know by the end of business on Thursday, November 3, 2005, when Caterpillar plans to make available for inspection in Boston *all* of the flywheel houses and other parts taken from Trans-Spec's trucks. The inspection must take place no later than November 11, 2005. I look forward to your response.

Very truly yours,

Christian G. Samito

cc:  Nancy M. Reimer, Esq.
00955381 (24634.0)

**EXHIBIT B**

World Trade Center East | 617 406 4500 main

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. <br> d/b/a TRUCK SERVICE, <br>     Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF NANCY M. REIMER, ESQ.

I, Nancy M. Reimer, Esq., hereby depose and say:

1. I am counsel for Trans-Spec Truck Service, Inc. ("Trans-Spec"), in the above-captioned matter. The statements contained in this Affidavit are based upon my personal knowledge.

2. On January 31, 2006, Trans-Spec's counsel served Notices of Deposition of the individuals designated by Caterpillar Inc. ("Caterpillar"), as experts. The Notices of Deposition requested that four of the individuals appear to testify in Peoria, Illinois during the week of February 13, 2006, and that the remaining individual appear to testify at a place in Colorado to be determined by agreement of the parties on February 24, 2006.

3. The Notices of Deposition also requested that the individuals produce documents to Trans-Spec's counsel on or before February 9, 2006. By receiving the documents prior to the scheduled deposition date, the depositions would be more efficient in that the witnesses would not be required to wait while Trans-Spec's attorneys reviewed and analyzed the documents. Moreover, Trans-Spec's counsel anticipated the possibility that, after receipt of the documents, some or all of the depositions need not go forward, saving all parties time and expense.

4. During the first week of February, my office called the Radisson Hotel in Peoria, Illinois to make sure that hotel rooms and a conference room were available for the week of February 13, 2006. The Radisson Hotel in Peoria confirmed that rooms were available. My office did not reserve the rooms pending receipt of the documents requested in the Notices of Deposition.

EXHIBIT C

5. It is easy, if lengthy, to travel to Peoria, Illinois. Flights from Boston to Chicago's O'Hare or Midway Airports are common and Peoria is approximately a two hour drive from Chicago. One can accordingly arrange travel to Peoria on short notice.

6. Additionally I knew that I would have no problem obtaining rooms at the Radisson Hotel in Peoria, Illinois because my cousin is an Executive Vice President with the Radisson Group. He has repeatedly informed me that he can, due to his position, arrange for me on short notice hotel rooms, conferences rooms, and banquet facilities at Radisson Hotels. In fact, he has done so for depositions I have taken in Minneopolis, Minnesota. There, I had no reason to believe he could not do the same in Peoria, Illinois.

7. During a February 8, 2006 telephone conversation, counsel for Caterpillar unequivocally informed me that he would not produce any documents prior to the depositions in Illinois and Colorado.

8. In light of Caterpillar's refusal to produce the documents as requested, I informed Caterpillar's counsel that the depositions would not go forward as scheduled. Accordingly, there was no need to arrange for travel to or hotel accommodations in Peoria, Illinois. Paragraphs 4 through 11 of my February 23, 2006 Affidavit filed in support of Trans-Spec's Opposition to Caterpillar, Inc.'s Motion for Sanctions is hereby incorporated.

Signed under the Pains and Penalties of Perjury on this 18th day of May, 2006.

*/s/ Nancy M. Reimer*
Nancy M. Reimer, Esq.

01003009