UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, <br>     Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br>     Defendant | ) ) ) ) ) ) ) ) ) ) ) |

**OPPOSITION TO CATERPILLAR INC.'S MOTION TO STRIKE CERTAIN EXHIBITS TO TRANS-SPEC'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby opposes Defendant Caterpillar Inc.'s ("Caterpillar") *Motion To Strike Certain Exhibits to Trans-Spec's Opposition to Motion for Summary Judgment, and Certificate of Conference* ("Motion to Strike").

Caterpillar here attempts to cast aspersion on exhibits to Trans-Spec's underlying Opposition and attack the quality of the deposition testimony in this matter thus far, offered under oath, because the attachments and testimony have been predominantly unfavorable to Caterpillar's defense. Moreover, despite Magistrate Judge Alexander's admonition in footnote 3 of her May 20, 2005 Order, "[t]he Court also cautions all counsel to cease using papers filed with this Court as vehicles for criticizing opposing counsels' work. Such activities do a disservice to both counsel and their clients," Caterpillar continues to impugn the integrity of both Trans-Spec and its counsel. Trans-Spec's counsel agrees with the Court's admonition and has, from the beginning of this lawsuit, attempted only to parry the worst of the blows and insults issued by

Caterpillar's counsel. Unfortunately, in the Motion to Strike, footnote 2, Caterpillar's counsel again attempts to create the whiff of scandal and unethical behavior where he knows none exists in an effort to distract the Court's attention from Caterpillar's lack of a viable legal argument. Apparently, from the perspective of Caterpillar's counsel, any party that engages in a good-faith dispute with Caterpillar is duplicitous and any counsel that submits affidavits or answers to interrogatories from a plaintiff is unethical.[1]

As to Exhibits L and N to Trans-Spec's underlying Opposition to Caterpillar's Motion for Summary Judgment, Trans-Spec hereby submits affidavits from its trial experts, Jack A. Ekchian, Ph.D. ("Dr. Ekchian") and Thomas H. Service, Ph.D. ("Dr. Service"), at Exhibits A and B respectively. The Affidavits of Drs. Ekchian and Service affirm under the pains and penalties of perjury that their expert reports, attached as Exhibits L and N to Trans-Spec's underlying Opposition, contain a true and accurate summation of their findings and opinions based upon their personal knowledge and personal review of documents, materials, and tests as specified in their expert reports. Ex. A, ¶ 2; Ex. B, ¶2. Accordingly, Trans-Spec has cured any purported deficiency as to Exhibits L and N to its underlying Opposition. Moreover, Caterpillar deposed Dr. Ekchian under oath on the contents of his expert report on January 24, 2006. Ex. A, ¶ 3.

---

[1] Caterpillar's inability to control its personal invective is particularly troubling considering its own counsel's behavior in this case. Trans-Spec's counsel, as a rule, tries not to make mention of Caterpillar's counsel's missteps. Suffice it to say, from the beginning of this litigation, Caterpillar's counsel has conducted himself inappropriately. For example, perceiving the devastating effect it would have on Caterpillar's defense, Caterpillar's counsel initially denied the existence of Caterpillar's warranty claim database. Following the deposition testimony of a Caterpillar dealer and Trans-Spec's filing of a motion to compel, however, Caterpillar changed its position and produced hundreds of pages of records printed from the database that purportedly did not exist a short time earlier. Just as troubling is Caterpillar's failure to disclose, as part of its automatic disclosures, that it had caused to be preserved over half a dozen of Trans-Spec's failed flywheel housings at issue in this lawsuit. Caterpillar remained silent on the existence of the flywheel housings until October 27, 2005 – over a year after Trans-Spec filed suit – at which time Caterpillar's counsel disclosed their existence. See Letter of Christian G. Samito to John A. K. Grunert, October 31, 2005, attached as Exhibit C. Caterpillar refused to produce these flywheel housings to Trans-Spec for inspection in Boston and instead, forced Trans-Spec's expert fly to Illinois to inspect the undisclosed flywheel housings. Trans-Spec did not, as a courtesy, seek sanctions on this matter.

Caterpillar deposed Dr. Service under oath on the contents of his expert report on January 20, 2006. Ex. B, ¶ 3.

Caterpillar's objection to Exhibits B, Q and R to Trans-Spec's underlying Opposition is without merit and brought only to distract this Court. Exhibits B and R comprise Trans-Spec's Interrogatory Answers and Exhibit Q is an Affidavit from Trans-Spec's owner and president, Joseph M. Howard, Jr. ("Mr. Howard"). As Caterpillar notes in its Motion to Strike, p.1, Trans-Spec is permitted to submit, among other things, depositions, answers to interrogatories, and affidavits to the Court in opposing a motion for summary judgment. Trans-Spec has done so here. Caterpillar now purports that Exhibits B, Q, and R are deficient because they are not based on the personal knowledge of the person who signed all three, Trans-Spec's owner and president, Mr. Howard. Despite Caterpillar's vague arguments, it has not shown and cannot show that Mr. Howard is not competent to testify as to the facts given in Exhibits B, Q, and R. Caterpillar's lack of specificity here is fatal. In interpreting the admissibility of affidavits under Fed. R. Civ. P. 56(e), the First Circuit held that "[t]he rule requires a scalpel, not a butcher knife. The nisi prius court ordinarily must apply it to each segment of an affidavit, not to the affidavit as a whole." *Perez v. Volvo Car Corporation*, 247 F.3d 303, 315 (1st Cir. 2001). Nowhere does Caterpillar offer any evidence to contradict Mr. Howard's testimony in Exhibits B, Q, and R. Mr. Howard signed Exhibits B, Q and R under the pains and penalties of perjury and based on his own knowledge obtained in his role as Trans-Spec's owner and president.[2]

---

[2] Contrary to Caterpillar's contention, Mr. Howard never testified that parts of the answers contained in Exhibit R are false and it is telling that Caterpillar's counsel makes this claim but fails to provide a pin cite to any deposition testimony in support of this misrepresentation. Caterpillar also inaccurately describes Exhibit B as an affidavit containing legal assertions and conclusions; in fact, Exhibit B is Trans-Spec's *Second Amended Answers to Caterpillar Inc.'s First Set of Interrogatories* and it specifies admissible facts.

Additionally, Caterpillar's objection as to Exhibits B, Q and R is moot because all are supported by deposition testimony to which Caterpillar makes no motion to strike. Exhibit B is supported by Mr. Howard's deposition testimony at Exhibit C to the underlying Opposition; Exhibits Q and R are supported by the Resumed Trans-Spec Rule 30(b)(6) deposition testimony and the deposition testimony of Kevin Holmes at Exhibits P and S respectively to the underlying Opposition.

Moreover, the Court should note that by its own choice, Caterpillar has yet to conclude Trans-Spec's Rule 30(b)(6) deposition. Resumed Trans-Spec Rule 30(b)(6) Deposition, September 28, 2005, page 143, attached as Exhibit D. Therefore, Trans-Spec's testimony on damages, oil spillage on various properties, and other material matters is incomplete on the record. The Court should also note that Caterpillar has already taken two days of Rule 30(b)(6) testimony of Trans-Spec, despite the one-day limitation of Fed. R. Civ. P. 30(d)(2), and still did not conclude its questioning. Moreover, Caterpillar did not depose several individuals who have knowledge that the defective engines caused property damage to the trucks beyond the engines as well as that oil leaks caused damage to Trans-Spec's property as well as the property of its customers. Caterpillar also declined to question fully other deponents on these and other issues. Accordingly, it is disingenuous for Caterpillar to now seek to strike Trans-Spec's affidavits and answers to interrogatories, submitted to fill gaps Caterpillar caused to exist in the oral record.

The only possible viable argument Caterpillar made in its Motion to Strike was to require Drs. Ekchian and Service to swear to their expert reports and they have done so, see Exhibits A and B. Thus, that part of the Motion to Strike that deals with Exhibits L and N is moot; the remainder lacks merit.

WHEREFORE, Trans-Spec respectfully requests that this Court deny Caterpillar's Motion to Strike for the foregoing reasons and deny Caterpillar's underlying Motion for Summary Judgment.

                        Respectfully submitted,
                        TRANS-SPEC TRUCK SERVICE, INC.
                        d/b/a TRUCK SERVICE
                        By its Attorneys,


                        /s/ Christian G. Samito
                        Nancy M. Reimer, Esq., BBO#555373
                        Christian G. Samito, Esq., BBO#639825
                        Donovan Hatem, LLP
                        Two Seaport Lane
                        Boston, MA 02210
                        (617) 406-4500

Date: May 19, 2006

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on its *Opposition To Caterpillar Inc.'s Motion To Strike Certain Exhibits to Trans-Spec's Opposition to Motion for Summary Judgment, and Certificate of Conference.*

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 19th day of May, 2006, I served a copy of the foregoing by causing a copy to be transmitted electronically to:

John A. K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129


                        /s/ Christian G. Samito
                        Christian G. Samito, Esq.

01002443

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, Plaintiff | ) ) ) ) ) |
| vs. | ) ) ) |
| CATERPILLAR INC. Defendant | ) ) ) ) |

### AFFIDAVIT OF JACK A. EKCHIAN, PH.D.

I, Jack A. Ekchian, Ph.D., hereby depose and say:

1. I serve as an expert for Trans-Spec Truck Service, Inc. in the above-captioned matter. The statements contained in this Affidavit are based upon my personal knowledge.

2. My Expert Report dated December 7, 2005 ("Expert Report"), contains a true and accurate summation of my findings and opinions as of that date based upon my personal knowledge and personal review of documents, materials, and tests as specified in the Expert Report.

3. Counsel for Caterpillar Inc. deposed me under oath on January 24, 2006 about the contents of my Expert Report.

Signed under the Pains and Penalties of Perjury on this 17 day of May, 2006.

_____
Jack A. Ekchian, Ph.D

01002439



EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
    Plaintiff )
)
vs. )
)
CATERPILLAR INC. )
    Defendant )

## AFFIDAVIT OF THOMAS H. SERVICE, PH.D.

I, Thomas H. Service, Ph.D., hereby depose and say:

1. I serve as an expert for Trans-Spec Truck Service, Inc. in the above-captioned matter. The statements contained in this Affidavit are based upon my personal knowledge.

2. My Expert Report dated December 5, 2005 ("Expert Report"), contains a true and accurate summation of my findings and opinions as of that date based upon my personal knowledge and personal review of documents, materials, and tests as specified in the Expert Report.

3. Counsel for Caterpillar Inc. deposed me under oath on January 20, 2006 about the contents of my Expert Report.

Signed under the Pains and Penalties of Perjury on this _19_ day of May, 2006.

                                      /s/ Thomas H. Service
                                      Thomas H. Service, Ph.D

01002439



EXHIBIT B


**DONOVAN | HATEM** LLP
*counselors at law*

**Christian G. Samito**
617 406 4592 direct
CSamito@donovanhatem.com

October 31, 2005

**By Facsimile and First Class Mail**
John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129

Re:   **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
      Civil Action No. 04-11836-RCL**

Dear Attorney Grunert:

I am in receipt of your letter of October 28, 2005. Pursuant to the Federal Rules of Civil Procedure, Caterpillar had a duty to inform Trans-Spec about the five or six flywheel houses in its possession within fourteen days of the Rule 26(f) conference with the Court. Fed. R. of Civ. P. 26(a)(1) mandates that "a party must, without awaiting a discovery request, provide to other parties . . . a copy of, or a description by category and location of, all documents, data compilations, and **tangible things** that are in the possession, custody, or control of the part and that the disclosing party may use to support its claims or defenses" (emphasis added). Trans-Spec did not have to ask about the existence of any flywheel houses because Caterpillar had an obligation (which it breached) to disclose their existence.

Nowhere in *Defendant Caterpillar Inc.'s Automatic Disclosures* is there any mention of the five or six flywheel houses in Caterpillar's possession. Moreover, Caterpillar did not disclose their existence until you revealed it during a phone call with Ms. Reimer and I on October 27, 2005. In light of Caterpillar's breach of Fed. R. Civ. P. 26(a)(1), my letter of October 27, 2005 was appropriate and the only thing that is "characteristically offensive" is Caterpillar's sanctionable breach of its discovery obligations (and, as an aside, I would ask that you not revert back to the earlier days in this case, when your correspondence and pleadings routinely contained insults and lack of professional courtesy).

Rather than go to the Court to demand sanctions, however, I would like to know by the end of business on Thursday, November 3, 2005, when Caterpillar plans to make available for inspection in Boston *all* of the flywheel houses and other parts taken from Trans-Spec's trucks. The inspection must take place no later than November 11, 2005. I look forward to your response.

Very truly yours,

Christian G. Samito

cc:   Nancy M. Reimer, Esq.
00955381 (24634.0)

World Trade Center East | 617 406 4500 main
Two Seaport Lane | 617 406 4501 fax
Boston, MA 02210 | www.donovanhatem.com

**EXHIBIT C**

1  Q.  What I want to know is not that it could be one of
2  three reasons.  What I want to know, and it is germane to
3  this case, I need to know when the failures occurred and
4  on what trucks?
5  A.  You've already proven two out of three of the
6  reasons.  You already have all of the warranty items,
7  which I don't think you do, because 8300 you don't.  And
8  you have all of the accident reports.  I saw them.
9     MR. GRUNERT:  I'm going to suspend at this point.
10 I'm suspending the deposition.  The principal purpose of
11 this deposition was to learn the specifics of the
12 supposed flywheel failures, and here we are September 28
13 and I still don't have them.  So I'm going to suspend the
14 deposition at this time.  We will visit about what to do
15 about it later.
16     THE VIDEOGRAPHER:  This completes Tape 4.  We are
17 off the record.
18     (Whereupon the deposition suspended at 4:27 p.m.)

EXHIBIT D