UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. <br> d/b/a TRUCK SERVICE, <br>     Plaintiff <br><br> vs. <br><br> CATERPILLAR INC. <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPPOSITION TO *CATERPILLAR INC.'S REQUEST FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING CLAIMS* AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby opposes Defendant Caterpillar Inc.'s ("Caterpillar"), *Request For Leave To File Reply Memorandum In Support Of Its Motion For Summary Judgment On All Remaining Claims* ("Request for Leave"). Trans-Spec does not intend to "overpaper" this matter further (Caterpillar has already done that) and will necessarily keep this Opposition short. Normally, Trans-Spec would not even oppose a request for leave to file a reply memorandum, but Caterpillar's proposed Reply Memorandum is based on misstatements of fact and law and is filed only to distract the Court from its lack of a viable legal argument:

- Pages 2-3 of Caterpillar's Reply Memorandum relies on an argument that Trans-Spec's warranty claims are time-barred. Caterpillar inappropriately ignores Trans-Spec's showing, however, on pages 6-14 of its pending *Motion To Amend Complaint* that this is not so and that Trans-Spec's claims fall within the appropriate statute of limitations.
- In contrast to Caterpillar's representation otherwise, pages 3-6, 12-13, 15-16 of Caterpillar's Reply Memorandum confirm for the Court that material issues of fact remain for determination by a jury.
- Besides the deficiency of the legal arguments on pages 6-9 of the proposed Reply Memorandum, already addressed in Trans-Spec's underlying Opposition, Caterpillar here relies on facts it knows to be false. As shown by Caterpillar's Rule 30(b)(6) deposition and Caterpillar's admission in open court on August 10, 2005 in response to Magistrate Judge Alexander's direct questioning, Caterpillar *did not* follow the terms of its two-year

and five-year warranties. The remedies contained on those pieces of paper fell hollow after Caterpillar informed Trans-Spec that it no longer intended to honor them.

- As to pages 9-12, Caterpillar's correct argument that Wisconsin law on economic loss doctrine is similar to Massachusetts' means that the Court should give even more weight to the *Daanan & Jansen, Incorporated v. Cedarapids, Incorporated*, 216 Wis.2d 395 (1998) case. Caterpillar inexplicably relies on Wisconsin cases decided before *Daanan* in its effort to misinterpret the clear language of that case.[1]

Trans-Spec addresses the reminder of Caterpillar's proposed Reply Memorandum in other pleadings before this Court and so, it does not do so now. The Court understands that Trans-Spec objects to, but will not dignify with a reply, the personal invective and sarcastic scorn for its counsel that pervades Caterpillar's proposed Reply Memorandum. Unfortunately for the dignity of the law and the decorum of this Court, Caterpillar's counsel includes inappropriate insult in his arsenal of advocacy.

WHEREFORE, Trans-Spec respectfully requests that this Court deny *Caterpillar Inc.'s Request For Leave To File Reply Memorandum In Support Of Its Motion For Summary Judgment On All Remaining Claims* and deny its underlying Motion for Summary Judgment for the foregoing reasons.

Respectfully submitted,
TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE
By its Attorneys,

/s/ Christian G. Samito
Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: May 22, 2006

---

[1] Due to a typographical error on Lexis, Trans-Spec initially believed that the Court ruled on *Daanen* in 1997; the decision came down in 1998.

- 3 -

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on its *Opposition To Caterpillar Inc.'s Request For Leave To File Reply Memorandum In Support Of Its Motion For Summary Judgment On All Remaining Claims*.

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 22nd day of May, 2006, I served a copy of the foregoing by causing a copy to be transmitted electronically to:

John A. K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129

/s/ Christian G. Samito
Christian G. Samito, Esq.

01003422