**DONOVAN | HATEM LLP**
*counselors at law*

**Christian G. Samito**
617 406 4592 direct dial
csamito@donovanhatem.com

June 1, 2006

Jarrett Lovett
Clerk to the Honorable Joyce London Alexander
United States District Court District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*
      Civil Action No. 04-11836-RCL

Dear Mr. Lovett:

I write to clarify a point made during oral argument yesterday regarding Trans-Spec's Motion to Amend. I would appreciate your bringing this letter to the Court's attention.

The timing of when Trans-Spec learned information sought to be added to the Complaint does not bear on this Court's inquiry on the pending Motion to Amend. The Supreme Court and First Circuit cases (as well as those from the Second, Fifth, and Ninth Circuits as well as the Southern District of New York) cited by Trans-Spec do not apply Fed. R. Civ. P. 16 in dealing with motions to amend following dismissal **nor do they examine whether the information sought to be added could have been added prior to dismissal**. Instead, as discussed more fully on pages 4-6 of the Motion to Amend, the standard set by the Supreme Court, First Circuit, and other jurisdictions **simply mandates that after dismissal, "amendment to correct a deficiency in pleading should be 'freely given when justice so requires[.]' Where the amended complaint would state a valid cause of action, a motion to amend should normally be granted."** *Gaffney v. Silk*, 488 F.2d 1248, 1251 (1st Cir. 1973) (citations omitted, emphasis added). This statement defines the standard applicable here, not the standard and cases Caterpillar cites which do not address amendments following dismissal in order to cure deficiencies. The standard and cases Caterpillar cites deal with other types of amendments, i.e. to add parties and additional claims after the scheduling order deadline or, in the *O'Connell* case Caterpillar cited to the Court yesterday, where a Court *denied* a motion to dismiss.[1]

---

[1] Trans-Spec learned critical information added to the proposed Amended Complaint after oral argument on Caterpillar's Motion to Dismiss: Caterpillar continued to produce documents following that hearing, Caterpillar's Rule 30(b)(6) deposition took place in September 2005, and notably, Caterpillar did not produce certain documents and items that should have been produced as a part of Caterpillar's automatic disclosures and discovery responses, i.e. a July 1998 patent never disclosed by Caterpillar (and obtained by Trans-Spec by other means), several flywheel housings Caterpillar caused to be preserved and which it did not disclose to Trans-Spec until late 2005, etc.

Thank you for your attention to this matter.

Very truly yours,

Christian G. Samito

cc:   Nancy M. Reimer, Esq.
      John A.K. Grunert, Esq.

01006751