UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. )<br>d/b/a TRUCK SERVICE, )<br> )<br>Plaintiff )<br> )<br>vs. )<br> )<br>CATERPILLAR INC. )<br> )<br>Defendant ) | CIVIL ACTION NO. 04-11836-RCL |

## MEMORANDUM IN SUPPORT OF CATERPILLAR INC.'S MOTION TO STAY MAGISTRATE'S ORDER REQUIRING THE PRODUCTION OF EXPERT DOCUMENTS AND THE TAKING OF EXPERT DEPOSITIONS

The party requesting a stay of a Magistrate Judge's order has the burden of setting forth at least a *de minimis* showing that there is some reason to believe that the order which is sought to be stayed will be set aside. *United States v. Gioia*, 853 F.Supp. 21 (D. Mass. 1994). In this case, a stay should be allowed if Caterpillar can make some minimal demonstration that there are grounds upon which the order might be set aside. Caterpillar has met this burden as set out more fully in its Request for Reconsideration By District Court Judge of Magistrate-Judge's Ruling on Plaintiff's Emergency (Sic) Motion to Extend the Discovery Deadline and to Require Production of Documents (See Exhibit # 1-hereinafter "Request for Reconsideration") and as outlined below.

The District Court was clear in its Amended Scheduling Order (October 26, 2005 Amended Scheduling Order, hereinafter "Amended Scheduling Order") that expert

discovery would conclude on February 17, 2006.[1] Caterpillar met the deadlines set out in the Amended Scheduling Order and has filed its Motion for Summary Judgment. Trans-Spec did not meet the deadline requirements, but instead filed an Emergency (Sic) Motion to Extend the Scheduling Order (hereinafter "Motion to Extend the Scheduling Order"). Even though Trans-Spec did not follow local procedure for getting the motion addressed on an emergency basis and the deadline was less than a week away, Trans-Spec refused to go forward with the expert depositions that had been scheduled by the parties within the time frame set out by the Court. Instead of making an effort to take the testimony of Caterpillar's experts as scheduled and then simply suspending the deposition to await a ruling by the Court the Motion to Extend the Scheduling Order, Trans-Spec unilaterally decided to disregard the deadlines in the Amended Scheduling Order. (See pgs 2-7 of Exhibit 1 and attached Exhibits to Request for Reconsideration). This conduct does not meet the test for good faith and diligence required under the Federal Rules of Civil Procedure for an extension of deadlines.

A party may be granted an extension if under Fed. R. Civ. P. 16 (b) good cause has been shown. Advisory Committee Note to the 1983 Amendment to Subdivision (b) states that an order may be modified "on a showing of good cause, if it cannot reasonably be met despite the diligence of the party seeking the extension." The Court of Appeals for the First Circuit recently instructed, "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir.2004). The record is clear that Trans-Spec did not make

---

[1] The District Court stated that "The Court will grant no further requests for amendments to the scheduling order."

2

flight arrangements, hotel arrangements and did not obtain a court reporter. A total lack of effort does not meet the test of diligence.

Not only did Trans-Spec fail to be diligent in the taking of the depositions of Caterpillar's experts, but Trans-Spec failed to show good cause on the record in the May 31 hearing (See Exhibit # 2-Hearing Transcript), and specifically made no showing of diligence to get the discovery complete by the date referenced by the District Judge. (See Request for Reconsideration, Relevant Facts pgs 2-7 and Attached Exhibits to Request for Reconsideration). The June 1, 2006, order of Magistrate-Judge Alexander granting the motion entitled Emergency Motion of the Plaintiff to Compel Production of Documents and to Extend Expert Discovery Period (hereinafter "June 1 order") cited no evidence and the record contains no evidence to support the finding.

When there is no evidence to support a finding, it constitutes error of law, and must be set aside by the District Court Judge. A Magistrate-Judge's rulings of law are subject to de novo review. Any order based upon an error of law, or on failure to apply the governing law, must be set aside. *E.g., Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 59 (D.R.I. 1981).

The failure to cite any support or evidence that good cause was shown by the Plaintiffs and that diligent efforts were made to meet the deadlines established in the Amended Scheduling Order casts enough doubt on the June 1 order to allow Caterpillar to meet its burden of showing a *de minimus* case that the Request for Reconsideration will be successful. When the magistrate judge has made no specific findings and has not explained her reasoning, her order is "divested of its usual force, and the district judge [is] entitled to discount it to some degree." *Quaker State Oil Refinancing Corp. v.*

*Garrity Oil Co., Inc.*, 844 F.2d 1510, 1517 n.5 (1st cir. 1989); *Accord, e.g., Holland v. Island Creek Corp.*, 885 F.Supp. 4, 6 (D.D.C. 1995) (where the magistrate judge offers no reasoned explanation for the decision, the district judge must check the findings on the record with "painstaking care.").

Furthermore, staying the Magistrate Judge's June 1 order will prevent an unfair and unreasonable burden that has been placed on Caterpillar. The Plaintiffs have made no showing that they need these documents and depositions immediately or that they need them under the strict schedule imposed by the Magistrate Judge. Caterpillar will be required to spend significant time in order to prepare and print thousands of documents which must be reviewed by counsel, then copy and produce these documents in Boston, MA. Additional time will also be required to prepare the witnesses and attend the depositions. Also, Caterpillar's counsel has prior scheduled professional commitments that require him to conduct or defend depositions in another case which will require him to be out of the state for many of the days leading up to the deadline the documents are to be produced.

The Plaintiffs will not be harmed by staying the order to produce the documents and deponents until after the District Court has had an opportunity to review the Request for Reconsideration. This will allow a full review of the Magistrate-Judge's findings and order and will prevent any unnecessary waste or unneeded work.

WHEREFORE Caterpillar respectfully requests the Magistrate-Judge to stay her June 1 order until the District Court has had an opportunity to review and rule on the Request for Reconsideration.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
Christopher B. Parkerson (BBO: 662952)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Christopher Parkerson, hereby certify that on June 9, 2006, I served the within request by causing a copy to be transmitted electronically to Christian Samito, Esquire, Donovan Hatem LLP, 2 Seaport Lane, Boston, MA 02210.

_____
Christopher Parkerson

5