UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
 )
              Plaintiff )
 )
vs. )   CIVIL ACTION NO. 04-11836-RCL
 )
CATERPILLAR INC. )
 )
              Defendant )

**CATERPILLAR INC.'S REQUEST FOR RECONSIDERATION BY DISTRICT COURT JUDGE OF MAGISTRATE-JUDGE'S RULING ON PLAINTIFF'S EMERGENCY [SIC] MOTION TO EXTEND THE DISOVERY DEADLINE AND TO REQUIRE PRODUCTION OF DOCUMENTS**

The defendant Caterpillar Inc. hereby requests reconsideration pursuant to 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72(a) of the June 1, 2006, order of Magistrate-Judge Alexander granting the motion entitled Emergency Motion of the Plaintiff to Compel Production of Documents and to Extend Expert Discovery Period (the "June 1 order"). A copy of the June 1 order is attached hereto. It reads in its entirety:

> It is hereby ordered that the depositions noticed by Trans-Spec be taken on or before June 30, 2006, notwithstanding the objection of Caterpillar's counsel, who it must be noted, requested sanctions for preparing for the depositions. The documents requested by Trans-Spec, must be produced by June 14, 2006.

Neither the June 1 order nor the Magistrate-Judge's remarks at the hearing (as to which *see* the transcript of the hearing attached as Exhibit A to the accompanying memorandum) identify the basis for her order.

If the Magistrate-Judge granted the motion without first finding that Trans-Spec could not, by exercising reasonable diligence, have met the scheduling order deadline, then she

1

committed error of law. If the Magistrate-Judge did make such a finding, the finding is clearly erroneous because there was no evidentiary basis or other basis in the record to support such a finding. Caterpillar refers the Court to the accompanying memorandum and exhibits in further support of this request.

WHEREFORE, Caterpillar asks the Court to reverse the Magistrate-Judge's June 1 order and enter its own order denying Trans-Spec's motion in its entirety.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Christopher Parkerson, hereby certify that on June 9, 2006, I served the within request by causing a copy to be transmitted electronically to Christian Samito, Esquire, Donovan Hatem LLP, 2 Seaport Lane, Boston, MA 02210.

_____
Christopher Parkerson

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

MEMORANDUM IN SUPPORT OF CATERPILLAR INC.'S REQUEST FOR RECONSIDERATION BY DISTRICT COURT JUDGE OF MAGISTRATE-JUDGE'S RULING ON PLAINTIFF'S EMERGENCY [SIC] MOTION TO EXTEND THE DISOVERY DEADLINE AND TO REQUIRE PRODUCTION OF DOCUMENTS

After hearing, the Magistrate-Judge ordered (hereinafter the "June 1 order"):

It is hereby ordered that the depositions noticed by Trans-Spec be taken on or before June 30, 2006, notwithstanding the objection of Caterpillar's counsel, who it must be noted, requested sanctions for preparing for the depositions. The documents requested by Trans-Spec, must be produced by June 14, 2006.

No findings or memorandum of decision were issued[1]. The transcript of the entire May 31, 2006, hearing (several motions in addition to the one now before the Court having been argued at that hearing) is attached as Exhibit A to this memorandum.

---

[1] The significance of the Magistrate-Judge's allusion in her order to the motion for sanctions filed by Caterpillar after Trans-Spec's counsel failed to appear for the referenced depositions on the dates for which they had been noticed is unclear. It seems to indicate failure to distinguish the legal and factual issues determinative of a motion to amend the scheduling order (the motion to which this Objection pertains) from the legal and factual issues determinative of a motion for sanctions Fed. R. Civ. P. 30(g)(1) for failure of the party who noticed a deposition to appear at it (an issue on which no actual order has yet been issued, notwithstanding the Magistrate-Judge's statement that she plans to deny Caterpillar's motion for sanctions). If it is relevant, which Caterpillar does not believe it is, review of Caterpillar's Motion for Sanctions and the supporting memorandum and evidential materials will disclose to the Court that the June 1 order does not accurately describe the sanctions Caterpillar sought or the basis on which it sought them and that there is no evidence that all of the witnesses who should have been deposed on the dates for which Trans-Spec noticed their depositions have been prepared to testify. Caterpillar's counsel did not prepare three of the five witnesses and ceased the incipient preparation of a fourth once Trans-Spec told him unequivocally it would not go forward with the depositions.

The standard of review of a Magistrate-Judge's order on a non-dispositive motion is well settled.

Factual findings are reviewed for clear error. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a). "A magistrate judge's factual finding is considered clearly erroneous when it is contrary to the clear weight of the evidence, or when the court has a definite and firm conviction that a mistake has been committed." Young v. Conductron Corp., 899 F. Supp. 39, 40 (D. N.H. 1995) (internal quotation marks omitted). When the magistrate judge has made no specific findings and has not explained her reasoning, however, her order is "divested of its usual force, and the district judge [is] entitled to discount it to some degree." Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 844 F.2d 1510, 1517 n.5 (1st Cir. 1989). *Accord, e.g.,* Holland v. Island Creek Corp., 885 F. Supp. 4, 6 (D. D.C. 1995) (where the magistrate judge offers no reasoned explanation for the decision, the district judge must check the findings against the record with "painstaking care.") If there is *no* record evidence to support the finding, of course, it constitutes not just clear error but error of law, and must be set aside by the District Court Judge for that reason.

A Magistrate-Judge's rulings of law are subject to de novo review. Any order based upon an error of law, or on failure to apply the governing law, must be set aside. *E.g.,* Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992); Pascale v. G.D. Searle & Co., 90 F.R.D. 55, 59 (D. R.I. 1981).

PERTINENT PROCEDURAL BACKGROUND

There is no dispute about any of the following facts.

This action was commenced on August 23, 2004. A scheduling conference was convened pursuant to Fed. R. Civ. P. 16(b) on October 27, 2004 and the Court thereafter issued

2

its scheduling order. The order, as relevant here, established a July 27, 2005, deadline for Trans-Spec's submission of expert reports, an August 24, 2005, deadline for Caterpillar's submission of expert reports, and an October 26, 2005, deadline for completing depositions of experts.

On May 20, 2005, the parties jointly moved to amend the scheduling order. The motion, as relevant here, asked the Court to enlarge the deadline for Trans-Spec's expert reports to September 27, 2005, for Caterpillar's expert reports to October 24, 2005, and for completion of depositions of experts to December 23, 2005. The Court granted the motion on June 1, 2005.

On August 12, 2005, Trans-Spec moved (with Caterpillar's assent) to amend the scheduling order a second time. The motion, as relevant here, asked the Court to enlarge the deadline for Trans-Spec's expert reports to October 27, 2005, for Caterpillar's expert reports to November 23, 2005, and for completion of depositions of experts to January 23, 2006. The Court granted the motion on August 16, 2005.

On October 7, 2005, Trans-Spec again moved (with Caterpillar's assent) to amend the scheduling order. The motion, as relevant here, asked the Court to enlarge the deadline for Trans-Spec's expert reports to December 27, 2005, for Caterpillar's expert reports to January 23, 2006, and for completion of depositions of experts to March 23, 2006. This time, the Court did not grant the motion in its entirety. On October 26, 2005, the Court issued its order stating:

> The motion is granted to the extent that it seeks a change to the scheduling order. However, the scheduling order will be changed only to this extent: the deadline for expert reports from the plaintiff shall be December 7, 2005; the deadline for expert reports from the defendant shall be January 13, 2005; expert discovery shall be concluded by February 17, 2006; dispositive motions shall be filed not later than March 17, 2006. The modification granted today is the third of such modifications in this case. The court will grant no further requests for amendments to the scheduling order.

Caterpillar supplied expert reports to Trans-Spec on January 13, 2006, as required by the thrice-amended scheduling order. *See* Emergency Motion of the Plaintiff to Compel Production

of Documents and to Extend Expert Discovery Period (hereinafter "Plaintiff's Motion") at 2. On January 30, 2006, Trans-Spec first served notices of taking depositions of Caterpillar's experts. Trans-Spec noticed depositions in Peoria, Illinois, for February 13, 14, 15 and 16, all agreed dates[2]. Affidavit of John Grunert, ¶2. (This affidavit, a copy of which is attached to this memorandum as Exhibit B, was exhibit 2 to Caterpillar's motion for sanctions that was heard at the same time as Plaintiff's Motion and, as suggested by the language of the June 1 order itself, treated by the Magistrate-Judge together with Plaintiff's Motion.) Trans-Spec noticed the deposition of a fifth expert for February 24, 2006, in Denver, Colorado. Caterpillar did not object to the minimally-late date specified for the fifth deposition in light of Trans-Spec's counsel's stated unavailability to depose the fifth expert when he was available prior to the deadline. The witnesses were at all times available for their depositions on the scheduled dates, as were defense counsel. Affidavit of John Grunert, ¶¶13 and 14, and the e-mail attached as Exhibit C hereto.

The deposition notices had appended to them schedules of documents which the witnesses were asked to produce. The schedules varied in length from 61 to 76 separate requests. *See* Exhibits A through E to Plaintiff's Motion. Each notice stated that the requested documents were to be produced by the witness in Boston, Massachusetts, on February 9, 2006, rather than at the time and place of the deposition. *Id.* Trans-Spec's counsel had not previously raised with

---

[2] The Magistrate-Judge at one point during the hearing stated, "It seems as though a deposition was, and I don't even know if I'm using the correct words, but tentatively scheduled and there was some – well the tentativeness seems to be because of the discussion between Caterpillar and Trans-Spec." Hearing Transcript at 8 (lines 10-14). Nothing in the record indicates the deposition scheduling was "tentative" and Trans-Spec made no such assertion in its motion. *See* Plaintiff's Motion at 3 ("Trans-Spec did not subpoena the individuals designated as experts by Caterpillar but, instead, arranged for mutually convenient dates and times with the attorney for Caterpillar.") The only evidence is that the dates were chosen by agreement of the parties, they were embodied in formal notices of taking deposition, and the witnesses and defense counsel were at all times ready to proceed on the dates scheduled. *See* Exhibits B to E to Plaintiff's Motion (the notices); Affidavit of John Grunert, ¶¶2 and 14 ; e-mail of February 13, 2006 (this e-mail, Exhibit C to this Objection, was Exhibit 6 to the motion for sanctions heard at the same time as Plaintiff's Motion). Any belief the Magistrate-Judge may have held to the contrary was plainly wrong.

4

defense counsel the idea of Caterpillar's experts producing documents in advance of their depositions or anywhere other than at the place of the deposition, and defense counsel had not agreed that such production would be made. Affidavit of John Grunert, ¶5. On February 8, 2006, each witness served a timely response pursuant to Fed. R. Civ. P. 45(c)(2)(B) in which, *inter alia*, he objected to the time and place specified for production of the requested documents and stated that (subject to a few objections) they would be produced at the deposition. *See* Exhibit G to Plaintiff's Motion.

Late in the day on February 8, before they received the Rule 45(c)(2)(B) objections, Trans-Spec's counsel called defense counsel and raised the subject of the desired document production. Defense counsel reported that timely objections had been served to the specified date and place for production but that each expert would produce the requested documents at his deposition in accordance with law and customary practice. Trans-Spec's counsel said they wanted the documents in advance, would file an "emergency" motion to require production of the documents in advance and in Boston, and would not go forward with the depositions as scheduled unless their emergency motion was denied or the documents were produced in advance in Boston. Affidavit of John Grunert, ¶6; Affidavit of Nancy M. Reimer, ¶6 ("I also informed Attorney Grunert during this February 8, 2006 telephone conference that Trans-Spec would not go forward with the depositions unless it received the documents beforehand or the Court denied an Emergency Motion I would draft and file regarding this issue.") (this affidavit, of which a copy is Exhibit D to this memorandum, was attached to Trans-Spec's opposition to Caterpillar's motion for sanctions)

No motion was filed that day or the following morning. Defense counsel, therefore believing the depositions would go forward as scheduled, left for Peoria to begin preparing the

first witness for his deposition, as he had told Trans-Spec's counsel he would do.[3] <u>Affidavit of John Grunert</u>, ¶7. At 3:18 PM on February 9 the motion to which the present Objection pertains was filed. Though entitled an "emergency" motion, it was not captioned in accordance with LR 5.1(c) (pertaining to requests for action outside the ordinary course). The record contains no evidence of what, if any, effort Trans-Spec made to cause the Court to address the motion on an emergency basis and Caterpillar has no information on that subject. Caterpillar served and filed Caterpillar Inc.'s Response to Emergency Motion of the Plaintiff to Compel Production of Documents and to Extend Expert Discovery Period (hereinafter "Caterpillar's Opposition") at 10:18 AM on February 10, including in it a request for immediate hearing and indicating its counsel's availability for hearing any time that day by telephone. Caterpillar's Opposition specifically told Trans-Spec's counsel, if they did not already know, that Caterpillar's counsel was in Peoria anticipating that the depositions would go forward as scheduled. Caterpillar's Opposition at 6-7. There was no action on the motion.

On February 13, 2006, that day's scheduled witness (Mr. Richard Bowes) appeared at the time and place specified for his deposition, but Trans-Spec's counsel did not appear. <u>Affidavit of John Grunert</u>, ¶14. Caterpillar's counsel communicated with Trans-Spec's counsel confirming the availability of the February 14, 15, and 16 witnesses as well, but Trans-Spec's counsel stated the depositions would not be taken as scheduled. Exhibit C hereto.

Hearing on Trans-Spec's motion was held before the Magistrate-Judge on May 31, 2006. No evidence was presented to indicate the depositions could not readily have been taken as scheduled. The only "evidence" was that Trans-Spec's counsel, for tactical reasons, *did not wish* to take them as scheduled: she felt she would take them more effectively if she had an

---

[3] February 8 was a Wednesday. Defense counsel had to fly to Peoria on Thursday, February 9, in order to be available on Friday morning, February 10, to prepare the witness scheduled to be deposed beginning at 10:00 AM the following Monday, February 13. <u>Affidavit of John Grunert</u>, ¶4.

6

opportunity to spend a few days reviewing the experts' documents before deposing them. But no explanation was offered for why Trans-Spec's counsel had not timely raised those alleged concerns with defense counsel – why, for example, the subject was not raised when counsel for the parties were discussing dates for the depositions – so that they could have been addressed consistent with the scheduling order. Affidavit of John Grunert, ¶¶2 and 5. Nor was an explanation offered for why Trans-Spec's counsel never raised the issue with the Court, for example in the multiple requests for amendments to the scheduling order they filed. The Magistrate-Judge, however, did not inquire on those subjects. *See* Hearing Transcript, especially pages 7 to 14 and 29 to 37.

## ARGUMENT

Fed. R. Civ. P. 16(b) directs that a scheduling order "shall not be modified except upon a showing of good cause." The Advisory Committee's Note to Rule 16(b) says, in pertinent part, that the order may be modified "on a showing of good cause, if it cannot reasonably be met despite the diligence of the party seeking the extension." Advisory Committee Note to the 1983 Amendment to Subdivision (b). The Court of Appeals for the First Circuit recently instructed, "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004). The Court of Appeals for the Ninth Circuit has explained:

> The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence and degree of prejudice to the party opposing the modification might supply additional reasons for denying a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

7

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (most citations omitted). LR 16.1(G) provides that the "showing" of good cause is to be supported by affidavits, other evidentiary materials, or references to pertinent portions of the record. Rule 16(b) and the cases discussing it supply the legal standard the Court must apply in deciding Trans-Spec's motion. Failure to apply the correct legal standard is reversible error of law.

Trans-Spec presented the Court with no affidavits or other evidentiary material on which the Magistrate-Judge could have found that Trans-Spec exercised diligence in attempting to take the depositions of Caterpillar's experts within the time allowed by the thrice-amended scheduling order; nor did Trans-Spec direct the Magistrate-Judge to matter already in the record upon which such a finding could have been based. In fact there is no such evidence. The evidence is that Trans-Spec *chose*, for tactical reasons, not to take these depositions within the time allowed; Trans-Spec found the constraints imposed by the October 26 order inconvenient so it disregarded them, notwithstanding the unequivocal warning with which the Court concluded that order.

There were seven exhibits attached to Plaintiff's Motion, the first five of which consist solely of copies of the deposition notices themselves, the sixth of which consists of Trans-Spec's counsel's February 9 letter explaining her alleged tactical reasons for wanting to see the experts' documents in advance, and the last of which consists of copies of the experts' Rule 45(c)(2)(B) objections[4]. In the motion itself Trans-Spec directed the Court's attention to the October 26 order but otherwise to nothing in the record bearing on the issue of Trans-Spec's diligence. No further evidence and no further references to the record were made at the hearing. *See* Hearing Transcript[5]. In particular, Trans-Spec offered no explanation (and the Court requested none) for

---

[4] Trans-Spec's counsel repeatedly referred to the aborted depositions as Rule 30(b)(6) depositions. The Court can see from the notices themselves that as a matter of law they were not Rule 30(b)(6) depositions.
[5] There was a variety of evidential material before the Court in connection with other motions heard at the same time as this one. None of that material, except for items attached as exhibits to this memorandum, bore upon Trans-

8

why its counsel waited until January 30, 2006, to notify Caterpillar's counsel *for the first time ever* that they would want defense experts' documents produced in Boston a mere ten days later[6]; and it offered no explanation (and the Court requested none) for why it waited more than two weeks after receiving Caterpillar's experts' reports in mid-January before issuing notices of taking their depositions on dates just about as late within the discovery period as possible.

The Magistrate-Judge's order granting Trans-Spec's motion does not refer to the governing legal standard established by Rule 16(b) and O'Connell and does not contain any reference, explicit or implicit, to Trans-Spec's diligence or lack thereof. The hearing transcript is likewise devoid of such references.[7] *Compare* Quaker State Oil Refining, 884 F.2d at 1517 n. 5 ("The magistrate's order was cryptic. She made no findings and offered no hint as to her reasons for believing the late amendment to be justified. Under such circumstances, the order was divested of its usual force, and the district judge was entitled to discount it to some degree.") It is therefore wholly unclear whether the Magistrate-Judge applied an incorrect legal standard, made a factual finding (to wit, that Trans-Spec could not with reasonable diligence have met the amended deadline) that is unsupported by evidence, or both. What is unmistakably clear,

---

(cont'd.) Spec's diligence or lack of diligence in trying to take these depositions, and (as the Hearing Transcript demonstrates) Trans-Spec did not direct the Court's attention to any such evidence for that purpose. If the Court wishes to satisfy itself on this score, however, it may review the evidential materials filed in connection with the other motions heard that day, which were Caterpillar Inc.'s Motion for Sanctions, Caterpillar Inc.'s Motion for Summary Judgment on all Remaining Claims, Caterpillar Inc.'s Motion to Strike Certain Exhibits to Trans-Spec's Opposition to Motion for Summary Judgment, and the plaintiff's Motion to Amend the Complaint and to Alter or Amend this Court's Order Dated February 26, 2006.

[6] The rules of civil procedure contemplate that, ordinarily, a deponent who is asked to produce documents as well as provide testimony will produce the documents at the deposition itself. *See* Fed. R. Civ. P. 30(b)(5); Fed. R. Civ. P. 45(a)(2) and (c)(2)A).

[7] The closest thing to such a reference is at pages 8 to 9 of the hearing transcript, where the Magistrate-Judge stated that she did not need to know, and did not deem pertinent, the reasons for Trans-Spec's counsel's wish to have the documents in advance. Caterpillar agrees the reasons were not pertinent – what was pertinent was why Trans-Spec had not raised its wish in reasonably timely fashion with Caterpillar's counsel or with the Court, not whether its position if timely raised would have had any merit. The Magistrate-Judge's immediately ensuing remarks, however, make clear she was not thinking in terms of Trans-Spec's diligence *vel non* when she declined to hear about the reasons why Trans-Spec's counsel supposedly wanted the documents in advance. Those remarks instead suggest the Magistrate-Judge had confused issues related to Caterpillar's motion for sanctions with the issued dispositive of the Plaintiff's Motion to amend the scheduling order again.

9

however, is that she committed at least one of those two errors and that the June 1 order must therefore be reversed.

Scheduling orders become worse than meaningless if a party is permitted, as Trans-Spec has been, to disregard them unilaterally just to achieve its own tactical objectives. Caterpillar says "worse than meaningless" because when that occurs the scheduling order not only fails to serve its intended purpose – to assure orderly progress of the litigation – but parties who have in good faith relied on the integrity of the order are effectively penalized for that reliance. The expert witnesses whose depositions were scheduled for February 13, 14, 15 and 16 are all regular Caterpillar employees who were specially assigned because of their expertise to provide technical assistance in this case: they are not professional litigation consultants who earn a living testifying. They substantially inconvenienced themselves to assure that they could appear, adequately prepared, to testify on dates they had every reason to believe were firm dates. Caterpillar itself incurred very substantial expense in assuring that its witnesses and counsel would comply with the October 26 order. Notwithstanding the fact that Caterpillar and its experts did all that was necessary to fulfill *their* obligations to comply with the scheduling order and under the rules of civil procedure, the Magistrate-Judge has now entered an order that will impose on them – the ones who *complied* with the scheduling order, not the ones who violated it -- substantial new expense and inconvenience that is indistinguishable from a penalty.

If there were a substantial basis in evidence for concluding that Trans-Spec *reasonably could not have taken* these depositions as scheduled, then it might well be within the Court's discretion to deem the expense and inconvenience imposed on Caterpillar and its witnesses outweighed by Trans-Spec's need to conduct the discovery it failed to conduct earlier. But there is no basis in evidence for concluding that. Trans-Spec chose not to take these depositions

within the scheduling order deadline because it suited Trans-Spec's purpose not to take them within the deadline, and Trans-Spec was willing to bet this Court would let it off the hook again despite the unambiguous language with which the Court concluded its October 26, 2006, order. Granting Trans-Spec's motion on that record is error of law and clearly erroneous.

## CONCLUSION

The Court should reconsider the Magistrate-Judge's order of June 1, 2006, reverse it, and deny in its entirety the Emergency Motion of the Plaintiff to Compel Production of Documents and to Extend Expert Discovery Period.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Christopher Parkerson, hereby certify that on June 9, 2006, I served the within memorandum by causing a copy to be transmitted electronically to Christian Samito, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210.

_____
Christopher Parkerson

11