

Click Here & Upgrade
Expanded Features
Unlimited Pages

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

| | |
|---|---|
| | ) |
| TRANS-SPEC TRUCK SERVICE, INC. | ) |
| d/b/a TRUCK SERVICE, | ) |
|      Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| CATERPILLAR INC. | ) |
|      Defendant | ) |
| | ) |

**OPPOSITION TO CATERPILLAR INC.'S MOTION TO STAY MAGISTRATE'S ORDER REQUIRING THE PRODUCTION OF EXPERT DOCUMENTS AND THE TAKING OF EXPERT DEPOSITIONS, CATERPILLAR INC.'S REQUEST FOR RECONSIDERATION [SIC] BY DISTRICT COURT JUDGE OF MAGISTRATE JUDGE'S RULING ON PLAINTIFF'S EMERGENCY MOTION TO EXTEND THE DISCOVERY DEADLINE AND TO REQUIRE PRODUCTION OF DOCUMENTS, AND <u>SUPPORTING MEMORANDA</u>**

Plaintiff Trans-Spec Truck Service, Inc., d/b/a Truck Service ("Trans-Spec"), hereby opposes Defendant Caterpillar Inc.'s ("Caterpillar") *Motion To Stay Magistrate's Order Requiring The Production Of Expert Documents And The Taking Of Expert Depositions* ("Motion to Stay")*, Request For Reconsideration [Sic] By District Court Judge Of Magistrate Judge's Ruling On Plaintiff's Emergency Motion To Extend The Discovery Deadline And To Require Production Of Documents* ("Motion for Reconsideration")*,* and supporting memoranda.

On June 1, 2006, Magistrate Judge Joyce London Alexander entered the following Electronic Order to memorialize her bench ruling of May 31, 2006:

> It is hereby ordered that the depositions noticed by Trans-Spec be taken on or before June 30, 2006, notwithstanding the objection of Caterpillar's counsel, who it must be noted, requested sanctions for preparing for the depositions. The documents requested by Trans-Spec, must be produced by June 14, 2006.

As an initial matter, Caterpillar's Motion for Stay of the June 1, 2006 Order is improperly filed. According to Rule 2(c) of the Rules for United States Magistrates Judges in the United



States District Court for the District of Massachusetts, Caterpillar's filing of objections to the June 1, 2006 Order "does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or a district judge[.]" Rule 2(c) further mandates that, "**[a]ny party desiring a stay of a magistrate judge's ruling or order, or any part thereof, pending ruling on objections filed under subsection (b) hereof, must first apply therefore to the magistrate judge from whose ruling the objection is taken. If the magistrate judge denies a stay, written application therefore may then be made to the district judge to whom the case is assigned.**" (emphasis added). Certification of counsel that application for the stay has first been sought from the magistrate judge, **as well as a copy of the magistrate judge's denial**, must be appended pursuant to Rule 2(c) to any application to the district judge for a stay of the magistrate judge's ruling. Caterpillar's total failure to follow the procedure of a Federal Rule that it cites in its Motion to Stay mandates immediate denial of that Motion to Stay by this Court.

Secondly, Caterpillar's Motion for Reconsideration is completely without merit, though Trans-Spec does not intend to overpaper this matter as Caterpillar has done. Briefly, pursuant to Fed. R. Civ. P. 26(b)(4) and 34(a), Trans-Spec is entitled to the documents on which Caterpillar's designated experts relied as well as to depose those designated experts. Trans-Spec sought an extension of the discovery deadline **because Caterpillar refused to produce documents so that the discovery deadline could be met**. Trans-Spec incorporates by reference its *Emergency Motion Of The Plaintiff To Compel Production Of Documents And To Extend Expert Discovery Period*, granted by the Magistrate Judge pursuant to the June 1, 2006 Order and attached hereto as Exhibit A, its *Opposition Of The Plaintiff To Caterpillar Inc.'s Motion For Sanctions*, attached as Exhibit B and favored by the Magistrate Judge pursuant to the June 1, 2006 Order, and invites the Court to review pages 7-14 and 29-37 of the transcript of the March 31, 2006 hearing on both matters ("Transcript"), attached as Exhibit A to Caterpillar's Motion for Reconsideration.

Moreover, Caterpillar has already begun copying the documents requested and informed Trans-Spec's counsel as such by email, see Exhibit C.[1]  Accordingly, Trans-Spec is at a loss as to why Caterpillar is filing this Motion for Reconsideration and wasting its money, Trans-Spec's money, and this Court's time instead of simply copying and producing **all** of the documents on which all five of its designated experts relied, as per the June 1, 2006 Order and the Federal Rules.

Caterpillar's meritless Motion for Reconsideration comports with its larger pattern of dilatory discovery tactics in this case, an unlawful strategy which has greatly impeded Trans-Spec's prosecution of its claims.  For example, perceiving the devastating effect it would have on Caterpillar's defense, Caterpillar's counsel initially denied the existence of Caterpillar's warranty claim database.  Following the deposition testimony of a Caterpillar dealer and Trans-Spec's filing of a motion to compel, however, Caterpillar changed its position and produced hundreds of pages of records printed from the database that purportedly did not exist a short time earlier.  Just as troubling is Caterpillar's failure to disclose, as part of its automatic disclosure, that it had caused to be preserved over half a dozen of Trans-Spec's failed flywheel housings at issue in this lawsuit.  Caterpillar remained silent on the existence of the flywheel housings until October 27, 2005 – over a year after Trans-Spec filed suit – at which time Caterpillar's counsel disclosed their existence.  See Letter of Christian G. Samito to John A. K. Grunert, October 31, 2005, attached as Exhibit D.  Caterpillar refused to produce these flywheel housings to Trans-Spec for inspection in Boston and instead, forced Trans-Spec's expert to fly to Illinois to inspect the undisclosed flywheel housings.  Trans-Spec did not, as a courtesy, seek sanctions on this matter.  Similarly, Caterpillar failed to produce other documents and items that should have been produced as a part of its automatic disclosures and responses to discovery requests duly served by Trans-Spec, i.e. a July 1998 patent never disclosed by Caterpillar and obtained by Trans-Spec by other means.  Again, Trans-Spec did not, as a courtesy, seek sanctions on this matter.

---

[1] Caterpillar deposed both of Trans-Spec's experts and received a full production of the documents upon which they relied in January 2006.

Here, Caterpillar unwarrantedly delayed its required production of expert documents for months and now blames Trans-Spec for the impact Caterpillar's behavior has had on the Scheduling Order.  Moreover, after designating four Caterpillar employees and one ex-employee as its "experts," Caterpillar now improperly seeks to withhold its expert documents by fabricating a "privilege" to prevent the disclosure of discoverable documents.  The Magistrate Judge explicitly rejected this position, going so far as to warn during oral argument on May 31, 2006, "**if defense counsel comes back into this Court and brings up an attorney/client privilege issue where there is no basis in fact, he knows he will be held in contempt[.]**"  See Transcript, page 36, lines 15-17 (emphasis added).

WHEREFORE, Trans-Spec respectfully requests that this Court deny Caterpillar's Motion to Stay and Motion for Reconsideration for the foregoing reasons and award Trans-Spec its costs in having to prepare this opposition to such frivolous and bad faith motions.

Respectfully submitted,
TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE
By its Attorneys,

/s/ Christian G. Samito
Nancy M. Reimer, Esq., BBO#555373
Christian G. Samito, Esq., BBO#639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: June 9, 2006

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on its *OPPOSITION TO CATERPILLAR INC.'S MOTION TO STAY MAGISTRATE'S ORDER REQUIRING THE PRODUCTION OF EXPERT DOCUMENTS AND THE TAKING OF EXPERT DEPOSITIONS, CATERPILLAR INC.'S REQUEST FOR RECONSIDERATION [SIC] BY DISTRICT COURT JUDGE OF MAGISTRATE JUDGE'S RULING ON PLAINTIFF'S EMERGENCY MOTION TO EXTEND THE DISCOVERY DEADLINE AND TO REQUIRE PRODUCTION OF DOCUMENTS, AND SUPPORTING MEMORANDA.*

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 9th day of June 2006, I served a copy of the foregoing by causing a copy to be transmitted electronically to:

John A. K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA  02129

/s/ Christian G. Samito
Christian G. Samito, Esq.

01008924