UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-CV-11836-RCL


TRANS-SPEC TRUCK SERVICE, INC.,
d/b/a TRUCK SERVICE,
Plaintiff

v.

CATERPILLAR, INC.,
Defendant

**MEMORANDUM AND ORDER ON**

**EMERGENCY MOTION OF THE PLAINTIFF
TO COMPEL PRODUCTION OF DOCUMENTS
AND TO EXTEND EXPERT DISCOVERY PERIOD
(Docket # 87)**

and

**CATERPILLAR INC.'S MOTION FOR
SANCTIONS, AND CERTIFICATE OF CONFERENCE
(Docket # 90)**

and

**MOTION TO AMEND COMPLAINT AND TO ALTER
OR AMEND THIS COURT'S ORDER DATED
FEBRUARY 26, 2006 AND LOCAL RULE 7.1
CERTIFICATE AND REQUEST FOR ORAL ARGUMENT
(Docket # 100)**

ALEXANDER, M.J.

On May 31, 2006, plaintiff Trans-Spec Truck Service, Inc., ("Trans-Spec") and defendant Caterpillar, Inc., appeared before this Court for a hearing ("the May 31 hearing") on a variety of motions: Trans-Spec's motions to amend its complaint and to compel the production of certain documents; and Caterpillar's motions for sanctions and for summary judgment. Trans-Spec's motion to compel and Caterpillar's motion for sanctions both relate to expert depositions that were originally scheduled to take place in February 2006. Following the May 31 hearing, this Court issued a brief electronic order that directed Caterpillar to produce the requested documents by June 14, 2006, and that the depositions in question should take place by June 30, 2006. This Order details the bases for the Court's ruling and also addresses Trans-Spec's motion to amend its complaint. A separate Report and Recommendation will issue on the motion for summary judgment.

The motions currently before the Court make up but one more chapter in the long story of Trans-Spec versus Caterpillar. This Court has previously iterated the background facts that led Trans-Spec to commence this action in its January 31, 2006, Report and Recommendation on Caterpillar's motion to dismiss and, briefly, in its May 20, 2005, order allowing Trans-Spec's first motion to amend its

complaint. The facts will not, therefore, be restated here. Where necessary, however, in discussing each of the pending motions, the relevant facts will be set forth.

**Trans-Spec's Motion to Amend Its Complaint**

On May 20, 2005, this Court allowed Trans-Spec's first motion to amend its complaint ("the May 20 Order"). As noted therein, Trans-Spec sought to add a claim of negligence to its original claims of breach of warranty and violation of Mass. Gen. Laws c. 93A. Following the allowance of Trans-Spec's motion, Caterpillar filed a motion to dismiss. That motion was referred to this Court for a Report and Recommendation, which this Court issued on January 31, 2006, recommending allowing in part and denying in part the motion to dismiss ("the Report and Recommendation"). More specifically, the Report and Recommendation recommended dismissing the breach of warranty and c. 93A claims but not the negligence claim.

Trans-Spec objected to the Report and Recommendation and in its objection also sought leave to amend its complaint again. The District Judge adopted the Report and Recommendation, on February 23, 2006, but did not specifically address the motion to amend, leading Trans-Spec to file yet another motion to amend. Trans-Spec this time seeks leave not only to amend its complaint, but also

to "alter or amend" the District Judge's order adopting the Report and Recommendation.

As they do with so many aspects of this case, the parties disagree as to the standard that this Court should apply in deciding Trans-Spec's motion. Trans-Spec avers that Fed. R. Civ. P. 15(a), which governs motions to amend pleadings and states that "leave shall be freely given when justice so requires," dictates that the Court should allow Trans-Spec to amend its complaint. Caterpillar, on the other hand, contends that Fed. R. Civ. P. 16 applies in circumstances such as this where a motion to amend a complaint is filed after the scheduling order deadlines to do so have expired. Caterpillar is correct, as Trans-Spec should know, given that this Court addressed the very same issue in the May 20 Order. There, the Court stated that

> [i]f a motion to amend a pleading is filed after a deadline for such motions, however, Rule 15, and its "freely given" standard, gives way to Fed. R. Civ. P. 16(b). O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) (Rule 16(b), rather than Rule 15, governs motions to amend filed after scheduling order deadline). Rule 16(b) requires the District Court to set a scheduling order for certain events in a civil proceeding, and states, as well, that "[a] schedule shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b).

4

May 20 Order at 3-4. Rule 16, and its "good cause" standard, govern the extant motion.

Trans-Spec's previous motion to amend was filed, like its current motion, after the scheduling order deadline had expired. The previous motion, however, was filed only eight days late, and, as stated in the May 20 Order, although the Court "does not generally condone filing documents out of time . . . the Court can not say that Trans-Spec has not been assiduously pursuing its claims. The Court will not deny the motion to amend on the basis that it was filed too late." Id. at 5. The current motion, on the other hand, was filed eleven (11) months after the March 23, 2005, deadline.[1] Although the Court recognizes that Trans-Spec filed the motion in response to the District Court's adoption, on February 23, 2006, of the Report and Recommendation ("the February 23 Order"), Trans-Spec cannot expect to be allowed to amend a complaint every time a motion to dismiss disposes of some or all of its claims.

Trans-Spec asseverates that it should be allowed to amend its complaint because it learned certain information during the course of discovery that bears on

---

[1] To the extent that the District Court amended the scheduling order on October 26, 2005, it did so only as to expert discovery and the filing of dispositive motions.

its claims and remedies the problems that led to the motion to dismiss. The Court is not convinced. Trans-Spec, simply put, has failed to demonstrate "good cause." The cases that Trans-Spec cites in support of its contention that courts often allow motions to amend complaints after motions to dismiss have been allowed are inapposite. None of those cases appear to involve circumstances such as those Trans-Spec faces here – that is, none of them discuss the problem of how to treat a motion to amend under Fed. R. Civ. P. 16(a). Gaffney v. Silk, 488 F.2d 1248 (1st Cir. 1973), for example, involved a motion to amend a complaint after dismissal where the motion to dismiss was filed at the same time as the answer. Id. at 1249-50. Similarly, Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999), also appears to involve amending a complaint after a motion to dismiss where the motion to dismiss was filed early-on in the life of the case. Id. at 31. The cases simply do not provide support for Trans-Spec in the current posture of this case.

Finally, to the extent that Trans-Spec's motion also seeks to "alter or amend" the District Court's February 23 Order, such a request is not properly before this Court. As Caterpillar notes, Fed. R. Civ. P. 59(e) – the rule under which Trans-Spec purports to brings its motion – applies to altering or amending a "judgment." A motion to dismiss certain claims within a complaint does not so qualify – no judgment has been entered in this case. Trans-Spec's motion to

amend its complaint or to alter or amend the District Court's February 23 Order is therefore DENIED.

**Trans-Spec's Emergency Motion to Compel**

As noted *supra*, this Court issued an Order on May 31, 2006, directing Caterpillar to produce certain documents, requested by Trans-Spec in anticipation of deposing Caterpillar's expert witnesses, by June 14, 2006. The Order also stated that the depositions themselves must take place by June 30, 2006. The Court now details the bases for that Order.

On January 13, 2006, Caterpillar served five expert reports on Trans-Spec. Trans-Spec then, on January 31, 2006, noticed the depositions of four of the experts to take place, by agreement of the parties, in Peoria, IL, the week of February 13, 2006, and one to take place in Colorado on February 24, 2006. Trans-Spec avers that because the reports contained complex information, Trans-Spec also sought the production of documents on or before February 9, 2006, so that it could review the documents prior to the depositions and conduct the depositions more efficiently. Additionally, Trans-Spec has also asserted, both in the motion and at the May 31 hearing, that it was possible that its review of the documents would obviate the need to conduct the depositions.

On February 8, counsel for Caterpillar indicated that they would not be producing documents prior to the depositions. That same day, counsel for Trans-Spec verbally notified counsel for Caterpillar that Trans-Spec did not intend to go forward with the depositions as scheduled. A faxed letter confirming Trans-Spec's position was received in Caterpillar's counsel's office the morning of Thursday, February 9, shortly before counsel was scheduled to fly to Illinois (counsel was in fact already at the airport) to begin preparing the experts for the following week's depositions. Memorandum in Support of Caterpillar Inc.'s Motion for Sanctions ("Caterpillar's Memo) Ex. 4 (Letter from Nancy M. Reimer to John A.K. Grunert dated February 9, 2006). Despite the fax, Caterpillar asserts that Trans-Spec would not commit unequivocally to cancelling the deposition and that Caterpillar's counsel was therefore forced to fly to Illinois in case the depositions did go forward.

Trans-Spec's position at the time was that it would not go forward with the depositions unless the documents were produced ahead of time. Although Trans-Spec had not yet filed its emergency motion at the time counsel for Caterpillar was preparing to fly to Illinois, Trans-Spec had indicated its intent to do so that day. When asked by Caterpillar if it was "cancelling" the depositions regardless of the outcome of the emergency motion, Trans-Spec responded "No, we are not

8

cancelling the depositions regardless of the outcome of the emergency motion." Caterpillar's Memorandum Ex. 5 (Email from Christian Samito to John A.K. Grunert dated February 9, 2006). Trans-Spec also stated, via email and fax, that Trans-Spec "would not proceed with the depositions as noticed and [would] seek an emergency court order requiring the production of the documents prior to the taking of the depositions." Caterpillar's Memo Ex. 4. Thereafter, on Thursday, February 9, 2006, Trans-Spec filed the its emergency motion to compel. After filing its objections to the motion, Caterpillar filed a motion for sanctions, seeking $14,119.85 in attorneys fees and travel expenses incurred traveling to Illinois and preparing witnesses for depositions that did not occur.

 Caterpillar objects to producing the documents requested by Trans-Spec in part on the basis that Trans-Spec's demand that the documents be produced prior to the depositions was unreasonable. According to Caterpillar, Trans-Spec did not provide any warning, prior to the service of the deposition notices on January 30, that it would like copies of the documents prior to the depositions. Caterpillar also avers that the request is not considered by the rules, and that the customary practice is to provide documents at the time of the depositions. It seems, from Caterpillar's asseverations, that if Caterpillar had been given more advanced notice that Trans-Spec wanted the documents prior to the depositions, Caterpillar

might have been willing and able to comply. Indeed, at the May 31 hearing Caterpillar indicated that it had produced many of the documents already.

Caterpillar asseverates that the Federal Rules of Civil Procedure do not contemplate or require it to produce the requested documents prior to the depositions. This Court, however, has broad discretion to manage discovery. E.g., Fusco v. Gen'l Motors Corp., 11 F.3d 259, 267 (1st Cir. 1993). The parties' squabbling over discovery matters has gone on long enough. To the extent that Trans-Spec seeks the production of documents prior to the depositions of Caterpillar's expert witnesses, the Court ALLOWS Trans-Spec's emergency motion to compel. As previously ordered, and as the Court stated from the bench at the May 31 hearing, the documents are to be produced by June 14, 2006, and the depositions are to take place by June 30, 2006. The Court also ALLOWS that part of Trans-Spec's motion that seeks to extend the discovery deadline, but only to the extent necessary to comply with this Order – that is, the parties have until June 30, 2006, to conduct the expert depositions. Finally, the Court DENIES Trans-Spec's motion to the extent that the deadlines suggested therein are no longer valid.

**Caterpillar's Motion for Sanctions**

Opposing counsel in this case have a deep-seated mistrust of each other. At the May 31 hearing, counsel for Caterpillar emphasized that at the time he

departed for Illinois, Trans-Spec had not yet filed its emergency motion to compel and that because he did not know what the Court's response to the motion would be, he had to travel to Illinois to prepare the witnesses for their depositions. It is beyond peradventure that this should never have happened. Caterpillar's counsel knew that Trans-Spec's counsel was going to file an emergency motion, and while it is true that neither side knew how, and how quickly, the Court might respond, reasonable counsel should have been able to come to some kind of consensus on the status of the depositions prior to Caterpillar's counsel's departure.

Why there was no agreement between the parties that they would await a ruling on the motion and act accordingly thereafter is beyond this Court's ken. An emergency motion that could potentially postpone the depositions should have been sufficient motive for Caterpillar's counsel to cancel his travel plans to Illinois. And Trans-Spec's counsel could have perhaps done more to assure Caterpillar's counsel that it would not expect Caterpillar and its witnesses to be prepared for the depositions on the dates scheduled, given the fact that it was seeking Court intervention to remedy a related dispute. The Court realizes that the parties were facing a discovery deadline, but does not find this to be a basis for the actions that ensued. Caterpillar's motion for sanctions is DENIED.

**CONCLUSION**

For the foregoing reasons, this Court DENIES Trans-Spec's motion to amend its complaint; ALLOWS IN PART and DENIES IN PART Trans-Spec's emergency motion to compel; and DENIES Caterpillar's motion for sanctions. SO ORDERED.


| 6/9/06 | /s/ Joyce London Alexander |
|---|---|
| Date | United States Magistrate Judge |