UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE INC., d/b/a Truck Service, ) ) ) ) Plaintiff ) ) vs. ) ) CATERPILLAR INC., ) ) Defendant ) ) | CIVIL ACTION NO. 04-11836RCL |

## CATERPILLAR INC.'S RESPONSE TO TRANS-SPEC TRUCK SERVICE INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant Caterpillar Inc. ("Caterpillar") hereby responds pursuant to Fed. R. Civ. P. 34(b) to Trans-Spec Truck Service Inc.'s First Request for Production of Documents to the Defendant, Caterpillar Inc.

### GENERAL OBJECTIONS

Caterpillar objects to the time specified by Trans-Spec for production of documents because it is contrary to Fed. R. Civ. P. 6 and 34 and applicable law. Caterpillar will produce documents tendered in this response on a date reasonably soon after the date on which this written response was due under the governing rules and stipulations.

Caterpillar objects to the place specified by Trans-Spec for production of documents. Caterpillar will produce documents tendered in this response at one or more reasonably convenient locations, including if appropriate locations at or near the usual place of keeping of the documents.

1

with respect to trucks or engines other than the ones involved in this case or concerning matters unrelated to this case.

Caterpillar objects to this request as unduly burdensome insofar as it includes within its scope documents served upon Trans-Spec's counsel in the course of this litigation.

REQUEST NO. 12

All documents concerning any efforts Caterpillar made, or considered making, to provide rental assistance for temporary use in substitution for Trans-Spec's trucks that were out of service.

RESPONSE

Caterpillar objects to this request as beyond the scope of Fed. R. Civ. P. 26 and 34 because the consideration Caterpillar gave to providing rental assistance to Trans-Spec was part of the effort Caterpillar made to settle Trans-Spec's claims amicably. Trans-Spec is not entitled to discover the documentation of Caterpillar's settlement efforts which were rejected by Trans-Spec.

Caterpillar further objects to this request because as drafted it includes within its scope (a) confidential communications concerning the described subject matters between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the described subject matters between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the described subject matters and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, and (d) confidential file memoranda concerning the described subject matters and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.

REQUEST NO. 13

All warranties concerning Trans-Spec's C-12 engines.

RESPONSE

Caterpillar does not have possession, custody, or control of the actual warranty statements that were delivered with Trans-Spec's engines. Caterpillar has, however, already produced (Bates numbers 000226 to 000227 and 000230 to 000231) copies of the Caterpillar warranties that were delivered with them. Caterpillar will re-produce copies of those warranties only if specifically asked to do so. Additionally, the Operation & Maintenance Manual (O&MM) contains a section labeled Warranty Section, which contains the emissions related warranties. The O&MM (Form No. SEBU7186-02) has

already been produced (Bates number 000238 to 000508). Caterpillar will re-produce copies of the O&MM if specifically asked to do so. Caterpillar does not know what, if any, warranties by Sterling Truck Corporation or other entities may have applied to the engines.

REQUEST NO. 14

All documents concerning Caterpillar's claim that trucks with specifications suitable for use in Trans-Spec's type of business can be rented for temporary use.

RESPONSE

Caterpillar objects to this request as failing to specify with adequate particularity any category of documents to be produced.

Caterpillar further objects to this request because it seeks (a) confidential communications concerning the described subject matter between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the described subject matter between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the described subject matter and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, and (d) confidential file memoranda concerning the described subject matters and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.

Caterpillar objects to this request as unduly burdensome insofar as it includes within its scope documents served upon Trans-Spec's counsel in the course of this litigation.

Notwithstanding its objections, but subject to them, Caterpillar states that it has not assembled publicly available documents responsive to this request, which are in any event at least as readily available (if not more readily available) to Trans-Spec and its attorneys as to Caterpillar and its attorneys.

REQUEST NO. 15

All documents concerning Caterpillar's claim that Trans-Spec failed to provide timely notice of the breaches of warranty and that Caterpillar has been prejudiced by that failure.

RESPONSE

Caterpillar objects to this request as failing to specify with adequate particularity any category of documents to be produced.

13

Caterpillar further objects to this request because it seeks (a) confidential communications concerning the described subject matter between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the described subject matter between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the described subject matter and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, and (d) confidential file memoranda concerning the described subject matters and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity.

Caterpillar objects to this request as unduly burdensome insofar as it includes within its scope documents served upon Trans-Spec's counsel in the course of this litigation.

Notwithstanding its objections, but subject to them, Caterpillar states that documents produced by Trans-Spec in connection with its automatic disclosure, insofar as they purport to identify warrantable engine failures which are not identified in the documents Bates stamped 000018 through 000225 which Caterpillar produced in connection with its automatic disclosure, appear to be responsive to this request. The warranties themselves, of which copies were produced by Caterpillar as Bates numbers 000226 to 000227 and 000230 to 000231, also appear to be responsive to this request. Otherwise, because Trans-Spec has not identified with specificity the alleged breaches of warranty with which it charges Caterpillar, Caterpillar cannot respond further to this request.

REQUEST NO. 16

All documents concerning Caterpillar's claim that its breaches of implied warranties were part of a valid disclaimer by Caterpillar.

RESPONSE

Caterpillar objects to this request as improper and misleading in form. Caterpillar does not claim, and never has claimed, that it breached any implied warranties with respect to the engines and, consequently, does not claim that any breaches of implied warranties with respect to them "were part of a valid disclaimer." One of Caterpillar's defenses is that it gave no implied warranties with respect to the engines because it conspicuously disclaimed all implied warranties with respect to them and, in a non-consumer transaction, such a disclaimer is legally valid and enforceable.

Caterpillar further objects to this request as failing to specify with adequate particularity any category of documents to be produced. Caterpillar further objects to it as overbroad and unduly burdensome. It includes within its scope, for example, all documents

indicating that Trans-Spec acquired the trucks for business rather than personal or family use, a fact that is undisputed.

Caterpillar further objects to it because it includes within its scope (a) confidential communications concerning the described subject matter between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the described subject matter between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the described subject matter and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, and (d) confidential file memoranda concerning the described subject matters and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity. Caterpillar further objects to it as unduly burdensome insofar as it seeks documents served on Trans-Spec's counsel in this litigation.

Notwithstanding its objections, but subject to them, Caterpillar states that the express warranties it gave with the engines, copies of which have already been produced by Caterpillar as Bates numbers 000226 to 000227 and 000230 to 000231, conspicuously disclaim all implied warranties with respect to the engines. Caterpillar will re-produce copies of those documents if specifically requested. Caterpillar states further that the On-Highway Vehicle Extended Service Coverage contract between it and Trans-Spec, of which a copy has already been produced by Caterpillar as Bates numbers 000235 to 000237, similarly contained a conspicuous disclaimer of all implied warranties, and Caterpillar will re-produce a copy of that document if specifically requested.

REQUEST NO. 17

All documents concerning Caterpillar's claim that Caterpillar disclaimed all warranties, express or implied.

RESPONSE

Caterpillar does not contend that it disclaimed all express warranties with respect to the engines. Caterpillar gave an express warranty with respect to each of the engines, copies of which have already been produced by Caterpillar as Bates numbers 000226 to 000227 and 000230 to 000231. Those warranties conspicuously disclaim all other express warranties and conspicuously disclaim all implied warranties with respect to the engines. They therefore may be responsive to this request as well. Similarly, Caterpillar conspicuously disclaimed in the On-Highway Vehicle Extended Service Coverage contract between it and Trans-Spec all express warranties other than those of which Bates numbers 000226 to 000227 and 000230 to 000231 are copies and all implied warranties. That document, a copy of which has already been produced as Bates number 000235 to 000237, may therefore also be responsive to this request.

Caterpillar further objects to this request as failing to specify with adequate particularity any category of documents to be produced. Caterpillar further objects to it as overbroad and unduly burdensome. It includes within its scope, for example, all documents indicating that Trans-Spec acquired the trucks for business rather than personal or family use, a fact that is undisputed.

Caterpillar further objects to it because it includes within its scope (a) confidential communications concerning the described subject matter between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the described subject matter between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the described subject matter and other documents of that type generated by Caterpillar's counsel of record in this case and by their employees assisting them in preparation of Caterpillar's defense, and (d) confidential file memoranda concerning the described subject matters and other documents of that type generated by Caterpillar's in-house attorneys and by Caterpillar employees assisting them in Caterpillar's defense. All such documents are protected from discovery by one or more of the attorney/client privilege, Fed. R. Civ. P. 26(b)(3), and the work product immunity. Caterpillar further objects to it as unduly burdensome insofar as it seeks documents served on Trans-Spec's counsel in this litigation.

## REQUEST NO. 18

All documents concerning Caterpillar's claim that Trans-Spec's damages were due to misuse of Trans-Spec's C-12 engines.

## RESPONSE

Notwithstanding the following objections, but subject to them, Caterpillar states that the documents it has already produced as Bates numbers 000226 through 000237 appear to be responsive to this request, as may be the documents it produced as Bates numbers 000238 through 000535. As Trans-Spec has not yet specified any particular breaches of warranty with which it charges Caterpillar, however, and as Caterpillar has not yet had adequate opportunity to conduct its investigation and discovery with respect to the causes of any particular failures with respect to which Trans-Spec alleges it breached its warranty, Caterpillar is unable at this time to respond further to this request.

Caterpillar objects to this request as failing to specify with adequate particularity any category of documents to be produced.

Caterpillar further objects to this request because it seeks (a) confidential communications concerning the described subject matter between Caterpillar and its counsel of record in this case, (b) confidential communications concerning the described subject matter between Caterpillar's in-house attorneys and other Caterpillar employees, (c) confidential file memoranda concerning the described subject matter and other documents of that type generated by Caterpillar's counsel of record in this case and by

## REQUEST NO. 30

All documents concerning Trans-Spec's purchase and use of the first FLD12 Freightliner truck that had a Caterpillar 3176 engine integrated into it, including but not limited to documents concerning performance and testing conducted in or around 1990-1993 on this truck by Caterpillar as part of its research for future development and Al Cardoza's and Harry Calderbank's attendance at these tests.

## RESPONSE

Caterpillar objects to this request as failing to specify with adequate particularity any category of documents to be produced and, seemingly, as seeking irrelevant documents and as unduly burdensome. The subjects engines were neither 3176 truck engines or installed in Freightliner chassis. It may also seek documents protected by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on January 2½, 2005, I served the within response by causing it to be mailed, by first class mail, postage prepaid, to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA  02210.

# VERIFICATION

STATE OF ILLINOIS             §

                              § ss.

COUNTY OF PEORIA              §


David B. Anderson, being duly sworn, deposes and says:

1.      I am Manager of Technical Support for Caterpillar Inc.

2.      I am authorized to verify the foregoing Responses to Plaintiff's First Request for
Production of Documents for and on behalf of the Defendant, Caterpillar Inc.

3.      I have directed others to assist me in searching corporate records and assembling
the facts needed in preparing the foregoing responses.

4.      I have read the foregoing responses, and to the best of my knowledge and belief,
these responses are true, accurate and complete as of this date.



_David B. Anderson_
David B. Anderson



Subscribed and sworn to before me on _January 28th_, 2005.



_Shauntel R. Damron_
Notary Public

