UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

CATERPILLAR INC.'S MOTION FOR RECONSIDERATION OF MAGISTRATE
JUDGE'S ORDER ON CATERPILLAR INC.'S MOTION FOR SANCTIONS
AND RULE 7.1 CERTIFICATE

The defendant Caterpillar Inc. moves pursuant to 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72(a) for reconsideration of so much of the Magistrate Judge's June 9, 2006, Memorandum and Order on Emergency Motion of the Plaintiff To Compel Production of Documents and to Extend Expert Discovery Period and Caterpillar Inc.'s Motion for Sanctions, and Certificate of Conference, and Motion to Amend Complaint and to Alter or Amend this Court's Order Dated February 26, 2006 and Local Rule 7.1 Certificate and Request for Oral Argument (hereinafter "the June 9 order") (a copy of which is attached hereto as Tab 1) as denied Caterpillar Inc.'s Motion for Sanctions filed February 17, 2006.

STANDARD OF REVIEW

Caterpillar's Motion for Sanctions was a non-dispositive motion. The Magistrate Judge's findings of fact are therefore reviewed only for clear error. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a). "A magistrate judge's factual finding is considered clearly erroneous when it is contrary to the clear weight of the evidence, or when the court has a definite and firm conviction

1

that a mistake has been committed." Young v. Conductron Corp., 899 F. Supp. 39, 40 (D. N.H. 1995) (internal quotation marks omitted). The Magistrate Judge's rulings of law are subject to *de novo* review. Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992); Pascale v. G.D. Searle & Co., 90 F.R.D. 55, 59 (D. R.I. 1981).

## ARGUMENT

Fed. R. Civ. P. 30(g)(1) provides:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Many of the facts relevant to Caterpillar's Motion for Sanctions are undisputed.

On October 26, 2005, this Court entered an order on Trans-Spec's assented-to motion to amend the scheduling order. The Court granted the motion only in part, abbreviating the extensions of time for various events that Trans-Spec had requested. The order directed, among other things, that Caterpillar was to serve its Rule 26(a) expert reports by January 13, 2006, and that depositions of experts were to be completed by February 17, 2006. The order concluded with the words:

> The modification granted today is the third of such modifications in this case. The court will grant no further requests for amendments to the scheduling order.

Caterpillar served its five experts' reports as directed on January 13, 2006. June 9 order at 7. Two-and-a-half weeks later, on January 30 or 31, 2006, Trans-Spec served notices of taking the experts' depositions. *Id.*[1] *See also* the copies of the notices collected under Tab 2. No corresponding subpoenas were served on the witnesses. Four of the depositions (of in-house

---

[1] The Magistrate Judge stated the depositions were noticed on January 31. The notices bear certificates of service stating they were served January 30, which Caterpillar does not dispute, though its counsel did not actually see them until January 31 or February 1. The discrepancy is of no consequence to this motion. Trans-Spec offered no explanation before the Magistrate Judge for its delay in noticing the depositions.

2

Caterpillar engineers) were noticed for Monday, February 13 through Thursday, February 16 in Peoria, Illinois. Caterpillar had agreed to the proposed dates and sites for the depositions. <u>Affidavit of John Grunert</u>, ¶2 (a copy of this affidavit, the original of which is attached to the underlying Motion for Sanctions, is in Tab 3); <u>June 9 order</u> at 7. These are the depositions giving rise to the sanctions motion.

Each deposition notice served by Trans-Spec contained a lengthy request for production of documents by the witness. *See* Tab 2. Each specified that the requested documents were to be produced by the witness at Trans-Spec's counsel's Boston office on February 9, 2006, rather than at the time and place of the deposition. *Id.* On February 8 the witnesses served timely objections to the document requests pursuant to Fed. R. Civ. P. 45(c)(2)(B). <u>Affidavit of John Grunert</u>, ¶5. Each witness specifically objected to the place and time specified for his document production and said he would instead produce the documents at the time and place of his deposition. *Id.* It is undisputed that there had been no agreement or even discussion, prior to February 8, on the subject of where the witnesses' documents would be produced and that (except for the notices themselves) Trans-Spec's counsel had never even raised the subject with Caterpillar or the witnesses. *Id.*

Caterpillar's counsel John Grunert traveled to Peoria, Illinois, on Thursday, February 9, in order to spend Friday, February 10, preparing the witness scheduled to be deposed beginning at 10:00 AM on Monday, February 13. *Id.*, ¶¶3, 7, 8. Caterpillar's counsel Christopher Parkerson traveled to Peoria, Illinois, on Saturday, February 11, so as to be available bright and early Monday morning to appear at the deposition on behalf of Caterpillar and the witness[2]. <u>Affidavit of Christopher B. Parkerson</u>, ¶¶3, 9 and 10 (a copy of this affidavit, of which the original is attached to the Motion for Sanctions, is in Tab 4). Participation by two attorneys for

---

[2] He traveled on Saturday because a blizzard was predicted for Boston that Sunday.

3

Caterpillar was necessary because, the depositions having been noticed for four consecutive days and each being likely to last all day, Caterpillar needed one attorney to appear at each day's deposition while a second attorney prepared the following day's witness. <u>Affidavit of John Grunert</u>, ¶4.

Mr. Parkerson and the February 13 witness, Mr. Bowes, appeared that morning at the time and place specified for the deposition. No one representing Trans-Spec appeared. <i>Id.</i>, ¶14; <u>Deposition of Christopher B. Parkerson</u>, ¶10. Trans-Spec's counsel later informed Caterpillar's counsel by e-mail that none of the week's depositions would be taken as noticed. <u>Affidavit of John Grunert</u>, ¶14. All told, Caterpillar incurred more than $14,000 in legal and travel expense because of the aborted depositions. <i>Id.</i>, ¶¶10 to 17; <u>Affidavit of Christopher B. Parkerson</u>, ¶¶3 and 4. No challenge was raised before the Magistrate Judge to the reasonableness of the amount of fees and expenses incurred. The only challenge was to whether Caterpillar's attorneys should have appeared for the depositions as noticed at all.

On this subject too, many facts are undisputed.

Late in the day on February 8, Caterpillar's counsel Grunert and Trans-Spec's counsel Nancy Reimer and Christian G. Samito conferred by telephone concerning the requested production of experts' documents. As stated by Trans-Spec itself:

> Trans-Spec's counsel informed Caterpillar's counsel during this February 8, 2006 telephone conference that Trans-Spec would not go forward with the depositions unless it received the documents beforehand <i>or the Court denied an Emergency Motion it would draft and file regarding this issue.</i>

<u>Opposition of the Plaintiff to Caterpillar Inc.'s Motion for Sanctions</u> at 3 (emphasis supplied). <i>See also</i> <u>Affidavit of Nancy Reimer</u>, ¶6 (a copy is attached hereto under Tab 5):

> I also informed Attorney Grunert during this February 8, 2006 telephone conference that Trans-Spec would not go forward with the depositions unless it received the documents

4

>   beforehand *or the Court denied an Emergency Motion I would draft and file regarding this issue.*

(Emphasis supplied). Caterpillar's counsel Grunert told Reimer and Samito that he was due to board an airplane for Peoria not long after 11 AM the next day so that, after that time, no one familiar with the case would be available to appear in opposition to the promised motion. Affidavit of John Grunert, ¶6. Thus, at the end of the day on February 8, Trans-Spec (a) knew Caterpillar's counsel was planning to board a flight to Peoria the next day around noontime so as to be ready for the depositions but (b) Trans-Spec had not cancelled any of the depositions. Whether the depositions would go forward or not, according to Trans-Spec, would depend on what the Court did with an Emergency Motion that Trans-Spec had represented would be filed.

No emergency motion was filed later on February 8 or on the morning of February 9. Caterpillar's counsel, believing Trans-Spec's counsel had thought better of their position, left for the airport as he said he would do. *Id.,* ¶7. Thereafter, a letter arrived stating that the depositions would not go forward. Grunert was told of the letter as he sat at the gate waiting to board his flight. Grunert, knowing of the position that had been articulated the day before by Trans-Spec's counsel, *see supra,* directed Parkerson to contact Trans-Spec's counsel immediately to learn unequivocally what their real position was: were the depositions cancelled *regardless* of the Court's action on their promised emergency motion, or might they still go forward as scheduled depending on what the Court did or did not do in response to that promised motion? *Id.,* ¶8. The Court must bear in mind, at this juncture, that it had *explicitly stated* in its October 26 order that no further amendment of the scheduling order would be granted. Caterpillar's counsel Grunert believed that order meant what it said and had no reason to think Trans-Spec's counsel would not also view it that way. Grunert believed Trans-Spec, in the face of that order, would proceed with the depositions as scheduled if it did not obtain a favorable

5

ruling on its promised emergency motion. *Id.*, ¶¶8 and 9. Grunert believed that because that is what Trans-Spec's lawyers had said to him, *see supra*, and because any other course would have been reckless in light of the clear language in the October 26 order. If Grunert did not go to Peoria as scheduled, and Trans-Spec's counsel then showed up for the depositions in accordance with their notices, Caterpillar's witnesses either would not appear at all for the depositions or would be unprepared for them[3]. It would then have been *Caterpillar* who was subject to a sanctions motion. So Grunert directed Parkerson to get an unequivocal statement of what Trans-Spec intended to do. *Id.*, ¶8. Trans-Spec's lawyers first refused to give an unequivocal statement. When pressed, they finally gave it: what they said was that *they were not cancelling the depositions regardless of the outcome of their motion.* Affidavit of Christopher B. Parkerson, ¶¶6 and 7; e-mails of February 9, 2006 (Tab 6). Grunert flew to Peoria.

Trans-Spec waited until the afternoon on the 9th to file their "emergency" motion and Parkerson, albeit almost wholly unfamiliar with the case, managed to get an Opposition filed on the morning of February 10 along with a request for a prompt telephone hearing. When there was neither action on the motion nor further communication from Trans-Spec, Parkerson flew to Peoria for the depositions. Affidavit of Christopher B. Parkerson, ¶9.

The Magistrate Judge opined that "reasonable counsel should have been able to come to some kind of consensus on the status of the depositions prior to Caterpillar's counsel's departure." A consensus cannot be reached with attorneys who will not give a straightforward answer to a straightforward question. The record before the Magistrate Judge and before this Court demonstrates indisputably that Caterpillar sought exactly the "consensus" the Magistrate Judge thought should have been reached but was frustrated in those efforts by their opponents'

---

[3] None of the Caterpillar witnesses have ever before served as litigation experts and most have never been deposed in any capacity.

6

evasion. It was an abuse of discretion to impose on Caterpillar the cost of its opponent's evasion.

The Magistrate Judge opined that "an emergency motion that could potentially postpone the depositions should have been sufficient motive for Caterpillar's counsel to cancel his travel plans to Illinois," and that the Court's October 27, 2005, admonition that it would "grant no further amendments to the scheduling order" was no basis for Caterpillar's counsel's preparation to appear for these depositions as they were scheduled, by Trans-Spec's choice, for dates immediately before expiration of the deadline for taking them. There *was* no emergency motion when Grunert boarded his flight to Peoria; Caterpillar had no way of knowing when the late-filed "emergency" motion would be heard or how the Court would decide it; Caterpillar had every right to rely on the October 27 order and to assume that the Court would order the depositions to proceed as scheduled or not at all. It was an abuse of discretion for the Magistrate Judge to rule that Caterpillar should not have relied on that order to mean what it said.

Obtaining reversal of a Magistrate Judge's ruling on a non-dispositive discovery matter is, Caterpillar knows, tough to do. The Magistrate Judge's ruling on this matter, however, is clearly wrong. The Magistrate Judge has penalized Caterpillar for relying on this Court's orders and for complying with its obligation to appear at duly noticed depositions; she has, conversely, rewarded Trans-Spec for its counsel's duplicity, evasion, and orchestration of events as a ploy for circumventing this Court's orders. The Court should reverse the June 9 order and award Caterpillar money sanctions as requested in its motion.

## CONCLUSION

The June 9 order denying Caterpillar's Motion for Sanctions should be reversed and the requested sanctions should be granted.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## RULE 7.1 CERTIFICATE

I, John A.K. Grunert, hereby certify that on Monday, June 19, 2006, I attempted in good faith to confer by telephone with opposing counsel with respect to the accompanying motion for reconsideration. I telephoned Trans-Spec's counsel of record Nancy Reimer and its counsel of record Christian Samito but neither was available to speak with me. As the statutory deadline for filing the motion was June 19, I have therefore been constrained to file it without actually conferring on the subject. I attempted in good faith to comply with LR 7.1. I am, moreover, certain that Trans-Spec's counsel would have agreed to none of the relief requested by the motion, as they have previously rejected out of hand any negotiation on the subject.

_____
John A.K. Grunert

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on June 19, 2006, I served the within motion by causing it to be transmitted electronically to Nancy Reimer, Esquire, Donovan Hatem LLP, 2 Seaport Lane, Boston, MA 02210.

_____
John A.K. Grunert