UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11836-RCL

TRANS-SPEC TRUCK SERVICE, INC. )
d/b/a TRUCK SERVICE, )
    Plaintiff )
)
)
vs. )
)
)
CATERPILLAR INC. )
    Defendant )
)

## AFFIDAVIT OF NANCY M. REIMER

Nancy M. Reimer hereby deposes and says:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am Partner at the law firm of Donovan Hatem LLP. I am counsel to plaintiff Trans-Spec Truck Service, Inc. d/b/a Truck Service ("Trans-Spec"), and I submit this affidavit in support of Trans-Spec's *Opposition of the Plaintiff to Caterpillar Inc.'s Motion for Sanctions*.

2. Trans-Spec produced the documents requested of its experts prior to their depositions, except for transcripts of depositions reviewed by those experts and excerpts from bulky engineering reference books which it produced at the depositions as per agreement with Caterpillar's counsel.

3. Trans-Spec heard nothing about the Notices of Deposition or the depositions at issue until I called Caterpillar's counsel after 5:00 p.m. on February 8, 2006 to discuss unrelated matters.

4. During this February 8, 2006 telephone conversation, which also involved my colleague Attorney Christian G. Samito ("Attorney Samito"), and Caterpillar's counsel, Attorney John

A.K. Grunert ("Attorney Grunert"), Attorney Grunert first informed me that Caterpillar would not produce any documents prior to the depositions in Illinois and Colorado.

5. I responded during this February 8, 2006 telephone conference that it would improve efficiency and economy for both parties if Caterpillar produced the documents beforehand and that production of the documents would likely obviate the need for the noticed depositions altogether, thus saving both parties related time and costs.

6. I also informed Attorney Grunert during this February 8, 2006 telephone conference that Trans-Spec would not go forward with the depositions unless it received the documents beforehand or the Court denied an Emergency Motion I would draft and file regarding this issue.

7. I reiterated the positions articulated in the email correspondence attached as Exhibit D to the Affidavit of Christian G. Samito during a telephone call which I placed in a final effort to resolve this discovery dispute; this telephone call involved Attorney Samito, Attorney Christopher B. Parkerson ("Attorney Parkerson"), and myself and occurred just prior to the filing of the Emergency Motion that afternoon.

8. At no time during this telephone conference on the afternoon of February 9, 2006 did Attorney Parkerson state that Attorney Grunert had boarded the airplane to Peoria, Illinois.

9. Immediately after this telephone conference on the afternoon of February 9, 2006, Trans-Spec filed its Emergency Motion.

10. Attorney Parkerson called me on the morning of February 13, 2006 to inform me that despite the oral and written communications described above or in the Affidavit of Christian G. Samito and accompanying attachments, not only had Attorney Grunert traveled to Peoria, Illinois but Attorney Parkerson flew there as well.

Samito and accompanying attachments, not only had Attorney Grunert traveled to Peoria, Illinois but Attorney Parkerson flew there as well.

11.  As Caterpillar's counsel knew from the February 8, 2006 telephone conference, Trans-Spec's counsel could not fly to Peoria on February 11, 2006 due to a memorial service. A blizzard prevented travel on February 12, 2006.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23rd DAY OF FEBRUARY, 2006.

_____
Nancy M. Reimer
DONOVAN HATEM LLP
Two Seaport Lane
Boston, Massachusetts 02210
(617) 406-4500

On this 23rd day of February, 2006, Nancy M. Reimer appeared before me, well known to me to be the person whose name is signed on this affidavit, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of his knowledge.

_____
Notary Public
My Commission Expires: 08/22/08



## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 23rd day of February, 2006, I served a copy of the foregoing, by electronically filing and by mail, postage prepaid, to:

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02120

/s/ Christian G. Samito
Christian G. Samito
Counsel for Trans-Spec Truck Service, Inc.

00981739