**EXHIBIT C**

## Christian Samito

| | |
|---|---|
| From: | Christian Samito |
| Sent: | Thursday, June 08, 2006 5:29 PM |
| To: | 'Grunert, John A.K.' |
| Cc: | Nancy Reimer |
| Subject: | RE: Trans-Spec v. Caterpillar |

Also, as requested, please provide me with the year of publication, edition, and ISBN number for the book entitled Machinery Health Management.

-----Original Message-----
From: Christian Samito
Sent: Thursday, June 08, 2006 5:11 PM
To: 'Grunert, John A.K.'
Cc: Nancy Reimer
Subject: RE: Trans-Spec v. Caterpillar

That's fine; I look forward to receiving and reviewing them.

-----Original Message-----
From: Grunert, John A.K. [mailto:jgrunert@Campbell-trial-lawyers.com]
Sent: Thursday, June 08, 2006 5:08 PM
To: Christian Samito
Subject: Re: Trans-Spec v. Caterpillar

In accordance with my e-mail of two days ago, Valbert's documents, including the lengthy manuals, were sent for copying yesterday.



----- Original Message -----
From: Christian Samito <csamito@donovanhatem.com>
To: Grunert, John A.K.
Cc: Nancy Reimer <nreimer@donovanhatem.com>
Sent: Thu Jun 08 17:00:04 2006
Subject: RE: Trans-Spec v. Caterpillar

John:

We'd like all of Valbert's documents copied and turned over as soon as possible in complaince with the Magistrate Judge's Order. As to the manuals, please tell me the exact title and edition of each manual and I will let you know if we need them copied. As to the book entitled Machinery Health Management, please tell me the year of publication, the edition, and the ISBN number.

Chris

---

From: Grunert, John A.K. [mailto:jgrunert@Campbell-trial-lawyers.com]
Sent: Tuesday, June 06, 2006 5:51 PM
To: Christian Samito
Subject: Trans-Spec v. Caterpillar

Chris:

I am about to send for copying Mr. Valbert's file, which fills three IKON boxes. You will, of course, be billed for the copying and I will expect prompt payment. I want to give you an opportunity to avoid wasted expense by telling me unequivocally and in writing that you do not want me to have copied for you the Caterpillar Service Manual, Parts Manual, and Operation and Maintenance Manual that are in his file. If I do not hear from

you by 10:00 AM tomorrow I will have these items copied for you at your expense.

Mr. Valbert's file contains a book entitled Machinery Health Management, Model 2117A Series, published by Computational Systems, Incorporated. This is a copyrighted document which I cannot legally cause to be copied foryou. You may, however, come to view it at my office tomorrow.

John A.K. Grunert
Campbell Campbell Edwards & Conroy
   Professional Corporation


One Constitution Plaza
Boston, MA   02129
Tel:     (617) 241-3032
Fax:     (617) 241-5115
Email:   jgrunert@campbell-trial-lawyers.com

Note : This e-mail contains information from the law firm of Campbell Campbell Edwards & Conroy Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call 617-241-3000.



**DONOVAN | HATEM LLP**
*counselors at law*



EXHIBIT
D

Christian G. Samito
617 406 4592 direct
CSamito@donovanhatem.com

October 31, 2005

**By Facsimile and First Class Mail**
John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA 02129

Re:   **Trans-Spec Truck Service, Inc. d/b/a/ Truck Service v. Caterpillar Inc.
      Civil Action No. 04-11836-RCL**

Dear Attorney Grunert:

I am in receipt of your letter of October 28, 2005. Pursuant to the Federal Rules of Civil Procedure, Caterpillar had a duty to inform Trans-Spec about the five or six flywheel houses in its possession within fourteen days of the Rule 26(f) conference with the Court. Fed. R. of Civ. P. 26(a)(1) mandates that "a party must, without awaiting a discovery request, provide to other parties . . . a copy of, or a description by category and location of, all documents, data compilations, and **tangible things** that are in the possession, custody, or control of the part and that the disclosing party may use to support its claims or defenses" (emphasis added). Trans-Spec did not have to ask about the existence of any flywheel houses because Caterpillar had an obligation (which it breached) to disclose their existence.

Nowhere in *Defendant Caterpillar Inc.'s Automatic Disclosures* is there any mention of the five or six flywheel houses in Caterpillar's possession. Moreover, Caterpillar did not disclose their existence until you revealed it during a phone call with Ms. Reimer and I on October 27, 2005. In light of Caterpillar's breach of Fed. R. Civ. P. 26(a)(1), my letter of October 27, 2005 was appropriate and the only thing that is "characteristically offensive" is Caterpillar's sanctionable breach of its discovery obligations (and, as an aside, I would ask that you not revert back to the earlier days in this case, when your correspondence and pleadings routinely contained insults and lack of professional courtesy).

Rather than go to the Court to demand sanctions, however, I would like to know by the end of business on Thursday, November 3, 2005, when Caterpillar plans to make available for inspection in Boston *all* of the flywheel houses and other parts taken from Trans-Spec's trucks. The inspection must take place no later than November 11, 2005. I look forward to your response.

Very truly yours,

Christian G. Samito

cc:   Nancy M. Reimer, Esq.
00955381 (24634.0)

ld Trade Center East   617 406 4500 main
Two Seaport Lane      617 406 4501 fax
Boston, MA 02210      www.donovanhatem.com