UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE, | ) ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 04-11836-RCL |
| CATERPILLAR INC. | ) ) | |
| Defendant | ) ) ) | |

## CATERPILLAR INC.'S APPLICATION FOR AN AWARD OF COSTS

The defendant Caterpillar Inc. hereby applies pursuant to 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d) for an award of the costs itemized herein and substantiated by the accompanying Affidavit of John A. K. Grunert. Caterpillar is the prevailing party in this action. *See* the order entered February 13, 2007, granting Caterpillar's motion for summary judgment and dismissing the action and the judgment entered February 14, 2007.

1.  Expense of Deposition Transcripts Used in Connection with Summary Judgment Motion

The following charges are for transcripts of depositions that were actually utilized by Caterpillar in support of its motion for summary judgment:

| | | |
|---|---|---|
| - | Deposition of Joseph Howard individually (taken 5/3/05) | $974.00 |
| - | Deposition of Joseph Howard as Trans-Spec's Rule 30(b)(6) designee: Day 1 (taken 8/9/05) | $629.00 |
| - | Deposition of Joseph Howard as Trans-Spec's Rule 30(b)(6) designee: Day 2 (taken 9/28/05) | $488.00 |
| - | Deposition of Clarissa Kolmer (taken 9/22/05) | $281.60 |
| - | Deposition of Sam Pappas (taken 9/13/05) | $344.00 |

| | | |
|---|---|---|
| - | Deposition of Richard Bowes (taken 9/21/05) | $730.40 |
| - | Deposition of Harry Calderbank (taken 9/14/05) | $282.00 |
| - | Deposition of Robert Parks (taken 9//8/05) | $239.00 |
| | **SUBTOTAL:** | **$3686.00** |

The following charges are for additional deposition transcripts that were actually utilized by Trans-Spec in its opposition to Caterpillar's motion for summary judgment and of which, for that reason alone, it was reasonably necessary for Caterpillar to have copies[1].

| | | |
|---|---|---|
| - | Deposition of Al Cardoza (taken 5/31/05) | $609.50 |
| - | Deposition of Ralph Lind (taken 5/10/05) | $518.00 |
| - | Deposition of Donald Medbery (taken 5/12/05) | $392.00 |
| - | Deposition of Kevin Holmes (taken 4/11/05) | $399.60 |
| - | Deposition of Kevin Holmes (taken 5/25/05) | $431.00 |
| | **SUBTOTAL** | **$2350.10** |

**TOTAL FOR DEPOSITION TRANSCRIPTS ACTUALLY CITED IN THE SUMMARY JUDGMENT PAPERS**     **$6036.10**

2.     Expense of Other Deposition Transcripts

Caterpillar believes its depositions of Trans-Spec's two proposed trial experts, Thomas Service and Jack Ekchian, were "reasonably necessary" as that phrase is used in 28 U.S.C. §1920 and Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.), *cert. denied* 474 U.S. 1021 (1985).   Caterpillar used the Rule 26(a)(2) reports of those two witnesses in its summary judgment papers for the purpose of demonstrating that they would provide no testimony to raise any genuine issue of material fact.   Each witness, however, had characterized his report as

---

[1]  Trans-Spec also cited in its opposition some of the same transcripts, listed above, that Caterpillar used in support of its motion for summary judgment.

subject to later supplementation, and so Caterpillar could not safely rely on the reports in support of its summary judgment motion until it had deposed the witnesses to confirm that no "supplementation" encompassing factual matter that was material to the motion would be forthcoming[2].

| | | |
|---|---|---|
| - | Deposition of Thomas Service (taken 1/20/06) | $1275.36 |
| - | Deposition of Jack Ekchian (taken 1/24/06) | $1079.00 |
| | **TOTAL OTHER DEPOSITION TRANSCRIPTS** | **$2354.36** |

3.     Expense for Hearing Transcript

Caterpillar needed a transcript of the May 31, 2006, summary judgment hearing before Magistrate-Judge Alexander to demonstrate to the Court, in its opposition to Trans-Spec's objection to her recommendation that summary judgment be granted, that certain arguments asserted in the objection had not been raised before the Magistrate-Judge.  The transcript was attached to Caterpillar's opposition to the objection.  That transcript was therefore reasonably necessary.

| | | |
|---|---|---|
| - | Transcript of May 31, 2006 hearing | **$177.70** |

4.     Travel Expense for Harry Calderbank

One of the witnesses whose deposition testimony was cited in the parties' summary judgment papers was Harry Calderbank, who worked and resided in Florida.  At the request of Trans-Spec's attorneys, Caterpillar's attorney spoke with Mr. Calderbank and obtained his

---

[2] The Service and Ekchian depositions were also reasonably necessary in this products liability action because their testimony went to the heart of the technical merits of Trans-Spec's claim, the scheduling order that was entered meant their depositions could not be deferred until after the Court had ruled on Caterpillar's summary judgment motion, and Caterpillar therefore had no practical choice but to take them.  Caterpillar believes other depositions (Messrs. Barton and LaFlash) it took in this matter, the costs of which it is not seeking to recover, were also reasonably necessary for proper preparation of its defense; Caterpillar also believes it was "reasonably necessary" for it to obtain transcripts of the depositions taken by Trans-Spec of Caterpillar employees Steven Schoening and Troy Guidotti; but having in mind the restrictive sense in which the §1920 language has been construed in this Circuit, Caterpillar has not included the costs of these depositions in its application for costs because they did not play a direct role in connection with the summary judgment motion.

agreement to travel to Massachusetts for the deposition rather than requiring the parties' counsel to travel to Florida.[3]  Caterpillar paid half of Mr. Calderbank's travel expenses for attendance at the deposition, including round-trip coach airfare, two nights' lodging, meals, tolls, and cab fare. This expense is recoverable under 28 U.S.C. §1821.

-      Travel expense of Harry Calderbank         **$ 425.15**

5.   <u>Copying of Deposition Exhibits</u>

Caterpillar was charged by Trans-Spec's attorneys for copies of exhibits to the depositions of Al Cardoza and Kevin Holmes, both of whose testimony was cited in connection with the summary judgment motion.  The cost of those exhibits is recoverable under §1920(4).

-      Exhibits to Cardoza deposition       $27.00
-      Exhibits to Holmes deposition       <u>$31.00</u>

**TOTAL PAID TRANS-SPEC FOR DEPOSITION EXHIBITS**   .     **$58.00**

6.   <u>Copying of Exhibits Related to Summary Judgment Motion</u>

The exhibits to Caterpillar's motion for summary judgment and its opposition to Trans-Spec's objection to the Magistrate-Judge's recommendation that the motion be granted totaled 214 pages.  It was necessary to make at least two copies of each page: one for electronic filing with the Court and service on Trans-Spec, and one for my own use.  The cost for in-house copying of this kind is $0.10 per page and is recoverable under §1920(4).

-      428 copies @ $0.10 per copy        **$42.80**

---

[3] Mr. Calderbank was an employee of a Caterpillar dealer and therefore, counsel thought, likely to be more receptive to a request for this unusual level of cooperation coming from Caterpillar's counsel than to such a request from Trans-Spec's counsel.

7.    <u>Copying of Trans-Spec Documents</u>

The nub of Trans-Spec's claim was that flywheel housings on Caterpillar engines installed in 22 Sterling trucks it acquired in late 1999 and early 2000 failed as a result of alleged design defects and that, because of downtime resulting from the failures, it incurred lots of expense and lost lots of business. Caterpillar believed the flywheel housing failures were a result of a combination of improper design of the *trucks* by Sterling (such that abnormal vibratory loads were imposed on the engines as well as other components) and abusive treatment of them by Trans-Spec; and it believed the trucks therefore were likely experiencing lots of downtime for problems unrelated to the flywheel housing failures. Servicing and maintenance records related to the trucks were therefore of central relevance both to liability and damages issues. Caterpillar therefore requested copies of the complete servicing records maintained by Trans-Spec of the 22 trucks. Trans-Spec resisted production of the documents but was eventually ordered to produce them to Caterpillar for copying at a copyhouse. The documents were stored in numerous cardboard boxes in disorganized fashion, many had foreign matter (grease and oil) on them, and they were generally difficult to copy. In addition, Trans-Spec insisted they be copied very quickly because of an alleged need to have them on-site at all times. The cost of copying these documents (which, as it turned out, did support Caterpillar's theories described above) is recoverable under §1920(4).

-    36,494 copies of Trans-Spec records                                    **$8,393.62**

8.    <u>Total Recoverable Costs</u>

Caterpillar is therefore entitled to recover a total of  in costs, comprised of the following items:

-    Deposition transcripts actually used in connection with
     summary judgment proceedings                                    $6036.10

| | | |
|---|---|---:|
| - | Other deposition transcripts | $2354.36 |
| - | Hearing transcript used in connection with summary judgment proceedings | $177.70 |
| - | Harry Calderbank travel expenses | $425.15 |
| - | Copies of deposition exhibits | $58.00 |
| - | Copies of papers related to summary judgment proceedings | $42.80 |
| - | Copies of Trans-Spec servicing and maintenance records | $8,393.62 |
| | Total | $17,062.58 |

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 23, 2007, I served the within application electronically on Nancy Reimer, Esquire, Donovan Hatem LLP, Two Seaport Lane, Boston, MA  02210.

John A.K. Grunert