UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

### CATERPILLAR INC.'S OPPOSITION TO THE MOTION OF THE PLAINTIFF, TRANS-SPEC TRUCK SERVICE, INC., TO STAY ACTION ON CATERPILLAR INC.'S APPLICATION FOR AN AWARD OF COSTS

Caterpillar Inc. opposes Trans-Spec's novel motion to stay proceedings on its application for an award of costs pending an appeal Trans-Spec says it plans to file. Such a stay is not authorized by law, would place at risk Caterpillar's ability to recover its costs, and would create a risk of protracting even longer this already unduly-protracted and terribly expensive litigation.

Trans-Spec says the Court has discretion "in setting a schedule for requesting fees"; but Caterpillar has not requested "fees." An award of "fees" is governed by Fed. R. Civ. P. 54(d)(2). Caterpillar has requested only *taxable costs* under 28 U.S.C. §1920, and its request is governed by Fed. R. Civ. P. 54(d)(1). Such costs are to be awarded as a matter of course to the prevailing party unless the Court orders otherwise for some special reason, which the Court did not and which Trans-Spec has not even suggested exists. Once the application for costs has been filed (as it now has been) the clerk is to assess them summarily and the party against whom they are assessed then has five days to contest the award if it wishes to do so. Fed. R. Civ. P. 54(d)(1). As the very case cited by Trans-Spec demonstrates, Davet v. Maccarone, 973 F.2d 22, 26 (1st

Cir. 1992), any dispute about the award of costs is then decided as part of any appeal taken from the underlying judgment[1]. Whether *collection* of the costs awarded should be stayed is another matter altogether, is governed by Fed. R. Civ. P. 62, and does not even arise as an issue until after the costs have been *assessed*.

As recognized by Rule 62(d), a stay on collection of a money judgment may be conditioned upon posting a bond. Caterpillar does not know that it would ask for a bond as a condition of postponing collection of its costs until after any appeal has been decided – customarily it would not when the amount at issue is modest – but in light of Trans-Spec's (or its counsel's) assertions during this litigation about Trans-Spec's allegedly precarious financial condition and in light of information that came out during the litigation about Trans-Spec's principal's shifting of assets among affiliated corporations to avoid liability, this might be the rare case in which a bond is appropriate. But until the amount at issue has been determined, whether or not a bond is needed cannot be known and, if one is, the size of the bond cannot be known. So staying the *assessment* of costs would potentially place at risk Caterpillar's ability to collect its judgment for costs and would effectively defeat the governing provisions of Rule 62.

Finally, if costs are not assessed now, any dispute about them cannot be made part of the appeal Trans-Spec says it is going to file. If such an appeal is filed, Caterpillar will probably win it. If any dispute about costs has not been made part of the appeal, the case would then have to be remanded to this Court where the costs would be assessed. Trans-Spec would then probably dispute them – it has disputed pretty much everything over the course of the litigation -- and then there would have to be *another* appeal. That is just ridiculous.

---

[1] The other case cited by Trans-Spec, DaimlerChrysler Corp. v. Comm'r., Mass. Dept. of Environmental Protection, 2001 WL 1772353 (D. Mass. 2001), has nothing to do with assessment of costs, says nothing relevant to Trans-Spec's motion, and has no bearing on the issue.

## CONCLUSION

Trans-Spec's motion to stay should be summarily denied and costs should be assessed as mandated by Rule 54(d)(1). Caterpillar does not at this time ask for an award of attorney's fees for having had to oppose this frivolous motion.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

John A.K. Grunert (BBO: 213820)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on February 23, 2007, I served the within Opposition by causing a copy to be transmitted electonically to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA 02210.

John A.K. Grunert