UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. )<br>d/b/a TRUCK SERVICE, )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>CATERPILLAR INC. )<br>    Defendant )<br>) | CIVIL ACTION NO. 04-11836-RCL |

## PLAINTIFF TRANS-SPEC TRUCK SERVICE, INC.'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DATED MARCH 6, 2007

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff Trans-Spec Truck Service, Inc. ("Trans-Spec") hereby moves the Court to reconsider its Order dated March 6, 2007 approving the *Application for an Award of Costs* filed by Caterpillar Inc. ("Caterpillar").[1] As grounds, Trans-Spec states the following:

1. Trans-Spec filed on February 23, 2007 *Motion of the Plaintiff, Trans-Spec Truck Service, Inc., To Stay Action on Caterpillar Inc.'s Application for an Award of Costs* ("Motion to Stay"). As grounds for the Motion to Stay, Trans-Spec stated that it planned to appeal this Court's Judgment in Caterpillar's favor on all counts (Trans-Spec has since timely filed its Notice of Appeal on March 5, 2007). Caterpillar will not be entitled to the taxable costs it presently seeks

---

[1] Trans-Spec could simply ask the Court to reconsider its prior decision without reference to the Federal Rules. *Platten v. HG Berm. Exempted Ltd.*, 437 F.3d 118, 126 (1st Cir. 2006) (defendants successfully requested district court to reconsider its denial of a motion to dismiss); *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (1st Cir. 2000) (holding that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"); *Piper v. United States Department of Justice*, 312 F. Supp. 2d 17 (D.D.C. 2004) (because the Federal Rules of Civil Procedure do not explicitly provide for motions to reconsider, Justice Department's motion for reconsideration of court order that it release various documents to plaintiff under the Freedom of Information Act treated as a motion under Fed. R. Civ. P. 59(e)); *Perlmutter v. Shatzer*, 102 F.R.D. 245, 246 (D.Mass. 1984) (plaintiff successfully asked the Court to reconsider its allowance of defendants' motion for leave to amend their answer without reference to any Federal Rule; Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1810.1 at 122 (2nd ed. 1995) ("Rule 59(e) does . . . include motions for reconsideration.").

if this Court's Judgment in Caterpillar's favor on Count Three of Trans-Spec's Complaint is reversed. Trans-Spec also argued that Caterpillar would not be prejudiced by having its claim for $17,062.58 in costs stayed until resolution of the appeal.

2. In Paragraph 5 of its Motion to Stay, Trans-Spec reserved "its right to challenge the amount, reasonability, and propriety of the costs Caterpillar seeks. Trans-Spec also reserves its right to seek adversary submissions in accord with Fed. R. Civ. P. 43(e). See Fed. R. Civ. P. 54(d)(2)(C)."

3. This Court's March 6, 2007 Order eliminated Trans-Spec's right to challenge the amount, reasonability, and propriety of the costs Caterpillar seeks as well as Trans-Spec's right to seek adversary submissions. Trans-Spec **does not contest this Court's denial of the Motion to Stay,** but seeks the right to challenge the amount, reasonability, and propriety of the costs Caterpillar seeks.

4. Caterpillar seeks costs not appropriately taxed pursuant to 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d).[2] For example, Caterpillar seeks $8,393.62 for 36,494 copies of Trans-Spec records. Rather than review Trans-Spec's documents and photocopy only those that had relevance, Caterpillar chose to copy Trans-Spec's records wholesale. Caterpillar did not make use of the 36,494 copies of Trans-Spec records in moving for summary judgment on Count Three, as a cursory review of its Appendix of Exhibits reveals. Trans-Spec should not now be taxed $8,393.62 for Caterpillar's unnecessary and unused photocopies.

WHEREFORE, Trans-Spec respectfully requests that this Court modify its Order dated March 6, 2007 so as to deny Trans-Spec's Motion to Stay but allow Trans-Spec the right to challenge the amount, reasonability, and propriety of the costs Caterpillar seeks.

---

[2] Caterpillar initially moved for costs pursuant to both 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d) but subsequently stated, in its Opposition to the Motion to Stay, that it moved only under 28 U.S.C. §1920.

Respectfully submitted,
TRANS-SPEC TRUCK SERVICE, INC.
d/b/a TRUCK SERVICE
By its Attorneys,

/s/ Christian G. Samito
Nancy M. Reimer, Esq., BBO # 555373
Christian G. Samito, Esq., BBO # 639825
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210
Date: March 6, 2007                                (617) 406-4500

## REQUEST FOR ORAL ARGUMENT

If the Court deems it necessary, Trans-Spec requests oral argument on this Motion.

## CERTIFICATE OF SERVICE

I, Christian G. Samito, hereby certify that on this 6th day of March, 2007, I served a copy of the foregoing, by electronic filing and by first class mail, postage prepaid, to:

John A.K. Grunert, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02120

/s/ Christian G. Samito

01073679