UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRANS-SPEC TRUCK SERVICE, INC. d/b/a TRUCK SERVICE,<br><br>Plaintiff<br><br>vs.<br><br>CATERPILLAR INC.<br><br>Defendant | CIVIL ACTION NO. 04-11836-RCL |

### CATERPILLAR INC.'S RESPONSE TO THE MOTION OF THE PLAINTIFF, TRANS-SPEC TRUCK SERVICE, INC., FOR RECONSIDERATION OF THE MARCH 6, 2007, ORDER APPROVING APPLICATION FOR COSTS

Caterpillar does not oppose the Court's treating Plaintiff Trans-Spec Truck Service, Inc.'s Motion for Reconsideration of this Court's Order Dated March 6, 2007, as the functional equivalent of the request for review referenced in the last sentence of Fed. R. Civ. P. 54(d)[1]. While it is hard to understand why Trans-Spec did not just file its present complaint about the substance of the bill of costs after the bill was served and filed, rather than wasting the Court's time and Caterpillar's money with a legally frivolous motion "to stay action on" the bill, Caterpillar has no objection to the Court's reviewing Trans-Spec's current filing and rejecting *on the merits* the complaint contained in it.

Trans-Spec's only complaint about the substance of Caterpillar's bill of costs is its inclusion of the $8,393.62 Caterpillar had to pay a copyhouse to obtain copies of Trans-Spec's repair, servicing, and maintenance records related to the 22 trucks involved in the case. 28 U.S.C. §1920 entitles Caterpillar to recover as costs the expense of making copies of papers

---

[1] Caterpillar also does not object to Trans-Spec's counsel's failure to confer as required by Local Rule 7.1(A)(2) before filing the motion.

necessarily obtained for use in the case. Why it was necessary to obtain copies of these records is set forth summarily in ¶9 of the Affidavit of John A. K. Grunert filed with the bill of costs; but if the Court wishes to see a more extended discussion of their importance, as well as an account of why Trans-Spec's suggestion that Caterpillar's lawyers should have just reviewed the documents and copied the "relevant" ones is meritless, the Court should refer to the Memorandum in Support of Caterpillar Inc.'s Motion to Compel Production of Documents (Docket Entry 60) and the exhibits attached to it.

Moreover, Trans-Spec's statement that Caterpillar made no use in support of its motion for summary judgment of the records to which this item of costs pertains is not entirely accurate. Caterpillar did not submit to the Court in support of its motion 36,494 pages of repair, servicing, and maintenance records. Caterpillar did, however, submit to the Court extensive excerpts from Trans-Spec's Rule 30(b)(6) deposition testimony in response to lines of questioning that Caterpillar's counsel was able to put together based in part on his knowledge of what Trans-Spec's repair, servicing, and maintenance records actually did (and, at least as important, did not) show about Trans-Spec's 22 Sterling trucks. *See* <u>Appendix of Exhibits to Caterpillar Inc.'s Motion for Summary Judgment</u> (Docket Entry 104), Tab C, at pages 15 to 26, 29 to 32, 53 to 54, 79 to 143. The fact that Trans-Spec's attorneys have never, right up until today, considered it important to have an accurate understanding of the real histories of the trucks they keep saying were disabled by engine problems does not mean having such an understanding was not necessary to bringing the case to a just disposition in accordance with governing law[2].

---

[2] It is typical of how this case has gone that Trans-Spec explicitly bases its motion on only "cursory" of the relevant parts of the record. *See* page 2, ¶4, of its motion.

## CONCLUSION

Trans-Spec's motion for reconsideration should be denied on its merits.

CATERPILLAR INC.,

By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

_____
John A.K. Grunert  (BBO: 213820)
One Constitution Plaza
Boston, MA  02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, John A.K. Grunert, hereby certify that on March 7, 2007, I served the within Response by causing a copy to be transmitted electronically to Nancy M. Reimer, Esquire, Donovan Hatem, LLP, Two Seaport Lane, Boston, MA  02210.

_____
John A.K. Grunert